UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES-GENERAL

✓ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

Case No.  CR02-220(A)-NM                              Date 6/25/03

## PRESENT:  HON. NORA M. MANELLA, JUDGE

| Judith Hurley | N/A | N/A | N/A |
|---|---|---|---|
| Deputy Clerk | Court Reporter | Interpreter | Assistant U.S. Attorney |

| U.S.A. v (Defendants listed below) | Attorney for Defendants |
|---|---|
| (1) Jurlius Kadamovas | (1)  Marcia Brewer/Richard Lasting |
| Not   present x custody   bond   OR | Not   present   x   appointed   retained |
| (2) _____ | (2) _____ |
| present   custody   bond   OR | present   appointed   retained |

PROCEEDINGS: IN CHAMBERS

On May 13, 2003, Defendant Iouri Mikhel filed a motion to suppress evidence derived from allegedly illegal wiretaps. On May 30, 2003, Defendant Kadamovas joined Defendant Mikhel's motion. To bring a motion to suppress evidence derived from the interception of a wire or oral communication, a defendant must establish that he or she was an "aggrieved person." See 18 U.S.C. § 2818(10)(a). An "aggrieved person" is defined as a person who was a party to the illegally intercepted conversation or had a proprietary interest in the wiretapped phone. See United States v. King, 478 F.2d 494, 506 (9th Cir. 1973). To establish that he was an "aggrieved person," Defendant Kadamovas filed a declaration asserting generally that "it is my belief that my private conversations were intercepted on the telephone lines which are the subject of the Motion to Suppress[.]" Kadamovas Decl. ¶ 4. This vague statement is insufficient to establish standing. Accordingly, no later than Monday, June 30, 2003, Defendant Kadamovas shall provide the court with a specific statement of the conversations to which he was a party.

? 6 2003

MINUTES FORM 6                       ___ Initials of Deputy Clerk
Crim-Gen

346