UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES-GENERAL

_____ Priority
__✓__ Send
_____ Clsd
_____ Enter
_____ JS-5/JS-6
_____ JS-2/JS-3

Case No.  CR  02-220(B)-NM                    Date   9/30/04

PRESENT:  HON. NORA  M. MANELLA, JUDGE

| Judith Hurley | N/A | N/A | N/A |
|---|---|---|---|
| Deputy Clerk | Court Reporter | Interpreter | Assistant U.S. Attorney |

| U.S.A. v (Defendants listed below) | Attorney for Defendants |
|---|---|
| (1)  Iouri Mikhel | (1) Richard Callahan, Dale Rubin |
| Not    present x  custody    bond    OR | Not    present x  appointed  retained |
| (2) | (2) |
| present    custody    bond    OR | present    appointed    retained |

ENTER ON ICMS

SEP 30 2004

PROCEEDINGS: IN CHAMBERS, DENYING MOTION FOR LEGAL VISITATION BY VICTOR SHERMAN

On September 1, 2004, Victor Sherman ("Sherman") on behalf of Defendant Iouri Mikhel ("Defendant") filed a motion for legal visitation. Sherman asserts that Defendant has retained him to address estate planning, family and civil law issues. Mot. for Legal Visitation ("Mot.") at 2. The motion is based on Defendant's constitutional right of access to the courts.

In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court held that the Constitution guarantees prisoners meaningful access to the courts. 430 U.S. at 821. Historically, this right "require[d] prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. The Ninth Circuit has held that the right of access to the courts also includes contact attorney visitation. Ching v. Lewis, 895 F.2d 608, 610 (9th Cir. 1990).

In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court revisited its opinion in Bounds and explained that the right of access to the courts applies only to a prisoner's claims concerning conviction or the conditions of his confinement:

584

USA -v- Iouri Mikhel
CR02-220(B)-NM
Minute Order, 9/30/04
Page 2

In other words, <u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

518 U.S. at 355 (emphasis in original). Here, Sherman argues that Defendant has been denied access to the courts with respect to "family and civil law concerns." Mot. at 2. Because these matters pertain neither to Defendant's pending criminal case nor the conditions of his confinement, the denial of contact visitation with Sherman does not violate Defendant's constitutional right of access to the courts. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1160 (9th Cir. 2003) (sheriff's failure to transport pretrial detainee to court for civil trial falls squarely within the "incidental (and perfectly constitutional) consequences of . . . incarceration").

Accordingly, Sherman's motion for legal visitation filed on behalf of Defendant is **DENIED**.

MINUTES FORM 6                    Initals of Deputy Clerk
Crim-Gen