UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES-GENERAL

___ ✓ Priority
___ ✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

Case No.   CR  02-220(B)-NM                    Date  10/4/04

PRESENT:  HON. NORA  M. MANELLA, JUDGE

| Judith Hurley | N/A | N/A | N/A |
|---|---|---|---|
| Deputy Clerk | Court Reporter | Interpreter | Assistant U.S. Attorney |

| U.S.A. v (Defendants listed below) | Attorney for Defendants |
|---|---|
| (1) Iouri Mikhel | (1) Richard Callahan, Dale Rubin |
| Not  present x  custody   bond   OR | Not  present  x  appointed   retained |
| (2) Jurlius Kadanovas | (2) Marcia Brewer, Richard Lasting |
| Not  present x  custody   bond   OR | Not  present x  appointed   retained |
| (3) Petro Krylov | (3) George Buehler |
| Not  present  x  custody   bond   OR | Not  present x  appointed   retained |
| (4) Natalya Solovyeva | (4) Terry Amdur, Michael Crain |
| Not  present  x  custody   bond   OR | Not  present x  appointed   retained |
| (5) Aleksejus Markovskis | (5) Terrence Bennett |
| Not  present  x  custody   bond   OR | Not  present  x  appointed   retained |

ENTER ON ICMS

OCT - 5 2004

PROCEEDINGS:  IN CHAMBERS

On September 1, 2004, the government filed a motion to take the deposition of Sagifa Safiev pursuant to Federal Rule of Criminal Procedure 15(a).  On September 10, 2004, Defendant Jurijus Kadamovas ("Kadamovas") filed an opposition to the government's motion.  Defendants Petro Krylov ("Krylov") and Iouri Mikhel ("Mikhel") joined Defendant Kadamovas's opposition on September 13, 2004 and September 17, 2004, respectively.

The government seeks to take the deposition of Sagifa Safiev, the mother of George Safiev, one of the murder victims in this case.  Ms. Safiev, who lives in Russia, has been diagnosed with cancer and may be too ill to travel to the United States next year to attend the trial.  Perez Decl. ¶¶ 3, 4.  The government therefore seeks to take her deposition as soon as possible to preserve her testimony for possible use at trial.  Specifically, the government intends to take testimony from Ms.



USA -v- Iouri Mikhel, et al
CR02-220(B)-NM
Minute Order 10/4/04
Page 2

Safiev regarding the authentication of documents and her provision of a blood sample to the FBI, for use in the guilt phase of the trial. Gov't Mot. to Take Dep. of Witness at 7-8. The government also intends to elicit victim impact evidence from Ms. Safiev, regarding George Safiev's personal characteristics as a human being and the impact of his death on his family, for use in the penalty phase of the trial. Id. at 8.[1]

Defendant Kadamovas does not oppose the government's request to depose Ms. Safiev concerning issues relevant to the guilt phase of the trial. Def. Kadamovas Opp'n at 1. He does, however, oppose the taking of victim impact evidence from Ms. Safiev for use by the government in the penalty phase of the case. Id. at 2. Defendant Kadamovas argues that he has had an insufficient opportunity to conduct an investigation into the background and personal qualities of George Safiev, and that he therefore would be denied effective assistance of counsel in conducting a meaningful cross-examination of Ms. Safiev. Id.

Federal Rule of Criminal Procedure 15(a) provides in relevant part:

A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. Crim. P. 15(a). "Whether to grant or deny a motion to depose a proposed witness in a criminal trial is discretionary." Furlow v. United States, 644 F.2d 764, 767 (9th Cir. 1981). "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998) (quoting United States v. Farfan-Carreon, 935 F.2d 678, 679 (5th Cir. 1991)).

In the instant case, Ms. Safiev was diagnosed with cancer in 1999 and her condition has worsened since her diagnosis. Perez Decl. ¶¶ 3, 4. While she is currently able to travel to the United States, her deteriorating health may prevent her from doing so next year to attend the trial. Id. ¶ 4. Indeed, Ms. Safiev believes that she may not live to see the trial in this case. Id. Such physical illness qualifies as "exceptional circumstances" sufficient to grant a Rule 15(a) motion. Furlow, 644 F.2d at 767; United States v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984). The fact that Defendant Kadamovas would prefer to have more time to conduct an investigation into the personal background of George Safiev is not enough to deny the government's request to take the deposition

---

[1] On August 2, 2004, the government filed notices of intent to seek the death penalty against Defendants Kadamovas, Mikhel, and Krylov.

USA -v- Iouri Mikhel, et al
CR02-220(B)-NM
Minute Order 10/4/04
Page 3

of Ms. Safiev.  Because Ms. Safiev is gravely ill, it is in the interest of justice that her testimony be taken and preserved for possible use at trial.  Defendant Kadamovas does not propose any better method for preserving her testimony.

Accordingly, the government's motion to take the deposition of Sagifa Safiev is **GRANTED**. The parties are directed to the accompanying ORDER REGARDING THE PROCEDURES FOR CONDUCTING RULE 15 DEPOSITION OF WITNESS SAGIFA SAFIEV.

MINUTES FORM 6                              INITIALS OF DEPUTY CLERK
CRIM-GEN                          D-M