UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES-GENERAL

___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

Case No.  CR  02-220(B)-NM          Date  2/24/06

### PRESENT:  HON. NORA  M. MANELLA, JUDGE

| Judith Hurley | N/A | N/A | Robert Dugdale |
|---|---|---|---|
| Deputy Clerk | Court Reporter | Interpreter | Assistant U.S. Attorney |

| U.S.A. v (Defendants listed below) | Attorney for Defendants |
|---|---|
| (1) Iouri Mikhel | (1) Richard Callahan, Dale Rubin |
| Not   present x  custody    bond    OR | Not  present  x  appointed    retained |

PROCEEDINGS:  IN CHAMBERS

On February 3, 2006, Defendant Iouri Mikhel filed an *ex parte* application, seeking disclosure of documents in support of Defendant's motion to modify conditions of confinement. Specifically, Defendant requests that the court order the Government to provide Defendant with unredacted copies of the original Special Administrative Measures ("SAM's Order") and extension of the SAM's Order presently authorized by the Bureau of Prisons for Defendant Mikhel and the basis for the SAM's restrictions.  On February 10, 2006, the Government filed its opposition.  On February 15, 2006, the Government filed an unredacted copy of the SAM's Order under seal to be viewed by the court *in camera*.  On February 21, 2006, Defendant filed his reply.

Unredacted SAM's Order

Defendant argues that the Government is required by 28 C.F.R. 501.3(b) to turn over unredacted copies of the SAM's Orders.  Reply 1-2.  The Government argues that the redacted paragraphs are privileged, citing U.S. v. Fernandez, 231 F.3d 1240 (9th Cir. 2000) (Government's predecisional memoranda are protected by deliberative process privilege and work product privilege).  Defendant counters that reliance on Fernandez is misplaced.  Reply 2-4.  Specifically, in Fernandez, Defendant argues, there was no statute that required the disclosure of the documents the defendants sought.[1]  In this case, there is a regulation that requires disclosure of the documents

---

[1] The Fernandez defendants sought predecisional memoranda written by government employees regarding whether to seek the death penalty in certain cases.

ENTER ON ICMS

FEB 27 2006

U.S.A. -v- Iouri Mikhel
CR02-220(B)-NM
Minute Order, 2/24/06
Page 2

at issue. Id.

28 C.F.R. 501.3(b) provides:

Designated staff shall provide to the affected inmate, as soon as practicable, written notification of the restrictions imposed and the basis for these restrictions. The notice's statement as to the basis may be limited in the interest of prison security or safety or to protect against acts of violence or terrorism. The inmate shall sign for and receive a copy of the notification.

While 501.3(b) does not provide a deliberative process or work product privilege exception to the disclosure requirement, the regulation requires disclosure only of the basis of the SAM's Order. The regulation does not require the Government to disclose internal deliberations or recommendations. Because the redacted paragraphs represent part of the Government's internal deliberations, they are protected by the deliberative process privilege and work product privilege. See Fernandez, 231 F.3d at 1248. Therefore, Defendant's application requesting the unredacted SAM's Orders is DENIED.

Written Notification

Defendant argues that the Government has failed to provide written notification of the basis for imposing the SAM's restrictions. App. 2. The Government argues that Defendant and his counsel know the basis for the implementation of the SAM's Order and that the Government has set forth detailed reasons for the need for such orders in prior filings. Opp. 1-2. The Government also indicates that it will comply with 501.3(b)'s disclosure requirement on a going-forward basis. Id. at 2. Defendant counters that Defendant's or his counsel's knowledge of the reasons for the SAM's restrictions is irrelevant, because 501.3(b) provides no such exception. Additionally, Defendant requests a court order requiring disclosure regardless of the Government's assurances of future compliance. Reply 4.

While the Government has provided a declaration that Defendant Mikhel has received written notification of the restrictions imposed and the "2005 extension of the directive," it has provided no evidence that Defendant Mikhel has received written notification of the basis for such restrictions. See Trotter Decl. in support of Government's opposition to Defendant's motion to modify conditions of confinement, ¶ 3. While notification of the basis for the restrictions "may be limited in the interest of prison security or safety or to protect against acts of violence or terrorism," such written notification must nevertheless be given. 28 C.F.R. 501.3(b). The Government appears to acknowledge as much. See Opp. at 2 (representing Government will "follow-up" to ensure Defendant Mikhel receives written notification of the "basis" for the restrictions.)

U.S.A. -v- Iouri Mikhel
CR02-220(B)-NM
Minute Order, 2/24/06
Page 3

No later than March 3, 2006, the Government shall provide Defendant's counsel with written notification of the basis for imposing the SAM's restrictions, and will ensure such notification is provided Defendant.