RICHARD P. LASTING, SBN 53950
1717 Fourth Street 3rd Floor
Santa Monica, California 9040-3319
Telephone:    (310) 576-6242
Facsimile:    (310) 576-6247
e-mail:    rplasting@aol.com

SONIA E. CHAHIN, SBN 136604
2222 Foothill Boulevard, #E-278
La Canada, California 91011
Telephone:  (818) 549-0149
Facsimile:    (818) 549-0990
e-mail:    sechahin@aol.com

Attorneys for Defendant
JURIJUS KADAMOVAS

FILED
CLERK U.S. DISTRICT COURT

JAN 3 2007

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. No. 02-220(B)-NM |
| Plaintiff, | DEFENDANT JURIJUS KADAMOVAS' RENEWAL OF HIS REQUEST FOR SEVERANCE FROM CODEFENDANT IOURI MIKHEL |
| v. | |
| JURIJUS KADAMOVAS, | |
| Defendant. | |

Defendant JURIJUS KADAMOVAS, by and through his counsel of record, Richard P. Lasting and Sonia E. Chahin, hereby renews his previous request for a severance from co-defendant IOURI MIKHEL.  JURIJUS KADAMOVAS hereby requests that this Honorable Court enter an order severing his trial from that of his co-defendant IOURI MIKHEL because of prejudicial joinder pursuant to Fed.R.Crim.Pro. 14.   JURIJUS KADAMOVAS' prior for motion for severance was filed on May 31, 2005, and was denied by the Honorable Nora M.  Manella, on July 15, 2005.

This renewed request is based upon the attached memorandum of points and authorities, Federal Rule of Criminal Procedure 14, all files and records in this case, and such evidence and argument as may be presented to the court at the hearing on this motion. The request is renewed at this time based on the Court's tentative ruling that it would permit the Government to cross-examine co-defendant IOURI MIKHEL regarding unadjudicated murders that were alleged to have been committed in Cyprus and Turkey, and which the Court had previously excluded based on a motion of the defendants.

DATED: January 2, 2007

Respectfully submitted,

RICHARD P. LASTING
Attorney for Defendant
JURIJUS KADAMOVAS

SONIA E. CHAHIN
Attorney for Defendant
JURIJUS KADAMOVAS

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

In the Notice of Intent to Seek the Death Penalty, the government identified two unadjudicated foreign abductions and murders as non-statutory aggravating factors under 18 U.S.C. § 3593 (a) (2), which it intended to introduce in a penalty trial against Jurijus Kadamovas.  Specifically these two unadjudicated foreign abductions and murders are (1) the abduction and murder in Turkey of Anton Popsuy-Shapko, and (2)  the abduction and murder in Cyprus of Valery Papov.

On March 20, 2006, JURIJUS KADAMOVAS filed a Motion to Strike Uncharged Acts of Violence Set Forth As Non-Statutory Aggravators From the Notice of Intent to Seek Death, and defendant IOURI MIKHEL filed a Motion to Strike Unadjudicated Allegations of Violence Set Forth as Non-statutory Factors in Aggravation in the Government's Notice of Intent to Seek Death.   In his motion, defendant KADAMOVAS argued that the attempted use of these unadjudicated foreign murders to obtain a sentence of death constituted a violation of defendant's right to Due Process under the Fifth Amendment, the Eighth Amendment ban on cruel and unusual punishment and the Federal Death Penalty Act.   Defendant MIKHEL argued that use of these unadjudicated foreign murders violated the Federal Death Penalty Act, as well as the Fifth, Sixth, and Eighth Amendments to the Constitution.

On May 22, 2006, this Court held a hearing on these motions, and after considering the parties respective moving papers, oppositions, and replies, and after hearing argument on the motions, this Court granted the defendants motions

and ruled that all evidence of these unadjudicated foreign abductions and murders would be excluded in both the guilt and penalty phases of the trial. In reliance on the Court's ruling, defendant KADAMOVAS ceased all preparation of a defense of the two foreign unadjudicated abductions and murders, and has conducted his trial strategy, including voir dire and jury selection, in reliance on this previous ruling.

Defendant KADAMOVAS' trial on this matter is virtually complete, with only the Government's rebuttal case and argument remaining. At this late date, and after Mr. KADAMOVAS has completed the presentation of all of his evidence, the Court tentatively indicated that defendant IOURI MIKHEL may now open the door to this prejudicial and heretofore excluded evidence.

The prejudice to Mr. KADAMOVAS, by the introduction of this evidence at this time, is substantial, and would render these preceding against him fundamentally unfair. Initially and most importantly, this is evidence that would not be admitted against Mr. KADAMOVAS if he were tried alone. Further, although Mr. KADAMOVAS has done nothing to warrant the introduction of this evidence at his trial, he stands to suffer substantial prejudice merely because he has been joined for trial with co-defendant IOURI MIKHEL. Under these circumstances, the Court should order Mr. KADAMOVAS' trial severed from Mr. MIKHEL, or alternatively, should fashion some other remedy to cure the prejudice to defendant KADAMOVAS.

If the Court denies the request for severance, Mr. KADAMOVAS submits that the evidence of the two foreign unadjudicated abductions and murders should be admissible solely as to defendant MIKHEL.

- 4 -

**II.**

ARGUMENT

A.      JURIJUS KADAMOVAS TRIAL SHOULD BE SEVERED FROM THAT OF HIS CO-DEFENDANT PURSUANT TO RULE 14 OF THE FEDERAL RULE OF CRIMINAL PROCEDURE BECAUSE OF PREJUDICIAL JOINDER.

Rule 14 of the Federal Rule of Criminal Procedure provides in pertinent part, "If it appears that a defendant . . . is prejudiced by a joinder . . .of defendants in an indictment or information or by such joinder for trial together, the court may . . . grant a severance of defendants, or provide whatever relief justice requires. . ." Federal Rule of Criminal Procedure 14

The trial judge has broad discretion to grant or deny severance of joined defendants after balancing the interest of judicial economy against the risk of prejudice to the defendant or the government. United States v. Zafiro, 506 U.S. 534 (1993). Rule 14 recognizes that even when defendants are properly joined pursuant to Fed.R.Crim.Pro. 8(b), severance may be appropriate to avoid prejudice to a defendant.

1.      Prejudice to JURIJUS KADAMOVAS

Under the circumstances of this case, if the Court permits introduction of the two unadjudicated murders, defendant KADAMOVAS' joinder to defendant MIKHEL is manifestly prejudicial for several reasons. Initially, prejudice results from the fact that the jury will now be allowed to hear evidence against Mr. KADAMOVAS of two additional abductions and murders that would not have

-5-

been admitted had he been tried alone. <u>See</u> <u>Zafiro v. United States</u>, 506 U.S. 534, 539, 113 S. C.t.933 (1993)(noting that severance might be appropriate "when evidence that the jury should not consider against the defendant and that would not be admissible if the defendant were tried alone is admitted against a co-defendant"). As noted above, this evidence was ordered excluded and Mr. KADAMOVAS has done nothing that would justify its introduction.

Mr. KADAMOVAS is also prejudiced due to his reliance on the Court's ruling which caused him to cease all preparation of a defense of the two foreign unadjudicated abductions and murders, and which also dictated his trial strategy. Counsel for Mr. KADAMOVAS conducted their voir dire, jury selection, and trial strategy in reliance on the exclusion of this evidence. Mr. KADAMOVAS' trial is over. He has already closed the presentation of all his evidence and is not prepared at this late date to present a defense to these foreign murder charges. Had Mr. KADAMOVAS anticipated that evidence of these charges would have been presented to the jury, he would have tried this case differently, and would have ordered further investigation. He would have obtained any necessary trial witnesses and/or depositions, and would have formulated his trial strategy with a view to the introduction of this evidence. The prejudice identified above is manifest and substantial and cannot be cured. A severance should be ordered, or alternatively, the evidence of the unadjudicated foreign murders should be admitted solely to defendant MIKHEL.

2. <u>Compromise of JURIJUS KADAMOVAS' Trial Rights</u>

In <u>Zafiro</u>, the Supreme Court established that the District Court should grant a severance under Federal Rule of Criminal Procedure 14 if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants,

-6-

or prevent the jury from making a reliable judgement about guilt or innocence. 506 U.S. at 539. Mr. KADAMOVAS submits that permitting the introduction of this evidence against him would compromise his trial right to not have the jury consider constitutionally and statutorily deficient evidence which the Court has ordered excluded from the guilt and penalty phase of the trial. Mr. KADAMOVAS' motion to exclude this evidence was based on constitutional and statutory grounds, specifically that allowing such evidence would violate the Due Process Clause of the Fifth Amendment, the Eight Amendment prohibition against cruel and unusual punishment, and Section 3593(c) of the Federal Death Penalty Act . After considering Mr. KADAMOVAS' various arguments, the Court ordered this evidence excluded. The constitutional and statutory grounds for excluding this evidence remain intact despite defendant MIKHEL's stated intention to testify in his own defense. Mr. KADAMOVAS' right to proceed to trial without this evidence being considered should not be compromised or invalidated because he is joined at trial with defendant MIKHEL.

This Court should order defendant KADAMOVAS severed or alternatively permit the evidence of the two unadjudicated foreign murders to be introduced solely as to defendant MIKHEL.

/

/

/

/

/

/

/

/

/

/

/

CERTIFICATE OF SERVICE

I, Sonia E. Chahin hereby state and declare:

That I am employed in the County of Los Angeles, State of California; that my business address is 2222 Foothill Blvd., #E-278, La Canada, California 91011; that I am over the age of eighteen and not a party to the within entitled action; that I am a member of the bar of this Court.

On January 3 , 2007, I served a copy of:

DEFENDANT JURIJUS KADAMOVAS' RENEWAL OF HIS REQUEST FOR SEVERANCE FROM CO-DEFENDANT IOURI MIKHEL

Service was:
[ ]   Placed in a sealed envelope and mailed via United States Mail, addressed as follows:
[x]   By hand delivery addressed as follows:
[ ]   By facsimile as follows:
[ ]   By messenger as follows:

AUSA Robert E. Dugdale        (SERVED IN COURT)
AUSA Susan Dewitt
1500 United States Courthouse
312 North Soring Street
Los Angeles, CA 90012

Service was:
[ ]   Placed in a sealed envelope and mailed via United States Mail, addressed as follows:
[x]   By hand delivery addressed as follows:
[ ]   By facsimile as follows:
[ ]   By e-mail as follows

Richard Callahan, Esq.                    (SERVED IN COURT)
230 E. Colorado Blvd., Suite 1200
Pasadena, CA  91101
(626) 202-4060 Office
(626) 794-4676 FAX
rmcallahanjr@earthlink.com

SEE ATTACHED SERVICE LIST

This Certificate is executed on January 3 , 2007,  at Glendale, California.  I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

SONIA E. CHAHIN

<u>United States v. Iouri Mikhel et al.</u>
CR No. 02-220(B)-DT

Richard Lasting (Capital Counsel)                (SERVED IN COURT)
1717 4th Street, Suite 300
Santa Monica, CA 90401
(310) 576-6242 Office
(310) 576-6247 FAX
richardplasting@sbcglobal.net

Dale M. Rubin, Esq. (Capital Counsel)            (SERVED IN COURT)
Law Offices
2275 Huntington Drive, Suite 902
San Marino, CA 91108
(800) 695-3717 Office
(413) 228-0521 FAX
drubin@socal.rr.com