GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Section
ROBERT E. DUGDALE (California State Bar No. 167258)
Deputy Chief – Organized Crime and Terrorism Section
SUSAN J. DE WITT (California State Bar No. 132462)
KAREN I. MEYER (California State Bar No. 220554)
Assistant United States Attorneys
Organized Crime and Terrorism Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone:  (213) 894-4685/4496/8559
        Facsimile:  (213) 894-3713
        e-mail:    robert.dugdale@usdoj.gov
                   susan.dewitt@usdoj.gov
                   kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 02-220(B)-DT |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S PROPOSED JURY |
| | ) | INSTRUCTIONS (PENALTY PHASE) |
| v. | ) | |
| | ) | [ANNOTATED SET] |
| IOURI MIKHEL and | ) | |
| JURIJUS KADAMOVAS, | ) | Hearing Date:  1/24/07 |
| | ) | Time:          9:30 a.m. |
| Defendants. | ) | |
| | ) | Courtroom of the Honorable |
| | ) | Dickran Tevrizian |
| | ) | |

        The government hereby files its proposed jury instructions regarding the penalty phase.  The support for each instruction is set forth in a footnote at the bottom of the instruction.  In addition, the government is filing today, under separate cover,

Special Verdict Forms for defendants Iouri Mikhel and Jurijus Kadamovas.

As the Court and parties consider these proposed instructions, the following background may be helpful.  There are no Ninth Circuit pattern jury instructions regarding the death penalty phase.  However, there are such pattern instructions from the Eighth and Tenth Circuits, and there are such instructions from several district courts (Southern District of Georgia, Western District of North Carolina, Eastern District of Michigan, District of Connecticut, and Northern District of Iowa).

In this case, the government based its proposed instructions on the Eighth Circuit's pattern instructions.  Consistent with those instructions, the government recommends that a set of short preliminary instructions be given at the beginning of the death penalty phase.  Using the Eighth Circuit's phraseology, the instructions are referred to as "Preliminary Instructions" or "Final Instructions."  The government has thus attached three "Proposed Preliminary Instructions" and 13 "Proposed Final Instructions."

Lastly, because neither defendant has provided the government nor the Court with a list of the mitigating factors he intends to prove to the jury, at least one of these instructions

//

//

("Proposed Final Instruction No. 7") will have to be amended before it is submitted to the jury.

Dated: January 22, 2007          Respectfully submitted,

                                 GEORGE S. CARDONA
                                 Acting United States Attorney

                                 THOMAS P. O'BRIEN
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____
                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Deputy Chief, Organized Crime and
                                 Terrorism Section


                                     Attorneys for Plaintiff
                                     United States of America

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. ___1___

COURT'S INSTRUCTION NO. _____

Members of the jury, you have unanimously found the defendants guilty of the hostage-taking offenses alleged in Counts One, Two, Three, and Four of the Second Superseding Indictment and unanimously concluded that the deaths of victims Meyer Muscatel, Rita Pekler, Alexander Umansky, George Safiev, and Nick Kharabadze resulted from the defendants' criminal activity alleged in Counts One, Two, Three, and Four. You must now consider whether imposition of a sentence of death is justified, or whether the defendants should be sentenced to life imprisonment, for commission of these crimes.

This decision is left exclusively to you, the jury. If you determine that a defendant should be sentenced to death, or to life imprisonment without the possibility of release, the Court is required to impose that sentence.

As to each defendant, before you consider whether to impose a sentence of death, you must make each of the following three findings unanimously and beyond a reasonable doubt:

1. First, you must find unanimously and beyond a reasonable doubt that the defendant was at least 18 years of age at the time of the offenses.

2. Second, you must find unanimously and beyond a reasonable doubt that the defendant either:

a. Intentionally killed Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and/or George Safiev.

b. Intentionally inflicted serious bodily injury that resulted in the death of Meyer Muscatel, Rita Pekler, Alexander

4

Umansky, Nick Kharabadze, and/or George Safiev.

        c.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and/or George Safiev died as a direct result of the act; and/or

        d.    Intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and/or George Safiev died as a direct result of the act.

    3.  Third, you must find unanimously and beyond a reasonable doubt that the government has proved the existence of at least one statutory aggravating factor.  I will define the term "aggravating factor" for you shortly.

    If, after fair and impartial consideration of all the evidence in this case, any one of you does not make the three required findings beyond a reasonable doubt, your deliberations will be over.  If you do unanimously make these three findings beyond a reasonable doubt, you will then proceed to determine whether you unanimously find that the government has proved the existence of any non-statutory aggravating factors beyond a reasonable doubt, and whether you find that the defendants have proved any mitigating factors by a preponderance of the evidence. You must then engage in a weighing process.  If you unanimously

5

find that the aggravating factor or factors, which you all found to exist, sufficiently outweigh any mitigating factors, which any of you found to exist, to justify imposition of a sentence of death, or if, in the absence of any mitigating factors, you find that the aggravating factor or factors alone are sufficient to justify imposition of a sentence of death, and therefore that death is the appropriate sentence in this case, the law provides that the defendant must be sentenced to death.

Again, whether or not the circumstances in this case justify a sentence of death is a decision that is <u>entirely</u> yours.  You must not take anything I may say or do during this phase of the trial as indicating what I think of the evidence or what I think your verdict should be.

Two terms that you have already heard and will hear throughout this phase of the case are "aggravating factors" and "mitigating factors."  These factors concern the circumstances of the crimes or the personal traits, character, or background of the defendant.

The word "aggravate" means "to make worse or more offensive" or "to intensify."  The word "mitigate" means "to make less severe" or "to moderate."  An aggravating factor, then, is a fact or circumstance which would tend to support imposition of the death penalty.  A mitigating factor is any aspect of a defendant's character or background, any circumstance of the offenses, or any other relevant fact or circumstance which might indicate that the defendants should not be sentenced to death.

In the death penalty statute, a number of aggravating factors are listed.  These are called "statutory aggravating

factors."  As I instructed you earlier, before you can consider imposition of the death penalty, you must find that the government proved at least one of these aggravating factors specifically listed in the death penalty statute, and your finding must be unanimous and beyond a reasonable doubt.  In addition, there also may be aggravating factors not specifically set out in the death penalty statute.  Again, your finding that any non-statutory aggravating factor exists must be unanimous and beyond a reasonable doubt.

The defendant has the burden of proving any mitigating factors.  However, there is a different standard of proof as to mitigating factors.  You need not be convinced beyond a reasonable doubt about the existence of a mitigating factor; you need only be convinced that it is more likely true than not true in order to find that it exists.  A unanimous finding is not required.  Any one of you may find the existence of a mitigating factor, regardless of the number of other jurors who may agree.

If you have unanimously found that at least one statutory aggravating factor exists, you then must weigh the aggravating factors you have found to exist against any mitigating factors you have individually found to exist, to determine the appropriate sentence.  Any juror may also weigh a mitigating factor found by another juror, even if he or she did not also find that factor to be mitigating.  I will give you detailed instructions regarding the weighing of aggravating and mitigating factors before you begin your deliberations.  However, I instruct you now that you must not simply count the number of aggravating and mitigating factors and reach a decision based on which number

is greater; you must consider the weight and value of each factor.[1]

---

[1] Eighth Circuit Model Jury Jury Instruction No. 12.01 [Introduction to Preliminary Instructions].

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO.  ___2___

COURT'S INSTRUCTION NO.  _____

Earlier, during the trial of defendants' guilt, I instructed you on the definition of the phrase "proof beyond a reasonable doubt."  That same definition applies in this penalty phase of the case.  Let me repeat that definition as it applies to the government's burden of proving the existence of any aggravating factors beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that an aggravating factor exists.  It is not required that the government prove the existence of an aggravating factor beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from a lack of evidence.[2]

---

[2] Ninth Circuit Model Jury Instruction No. 3.5  [Reasonable Doubt – Defined] (Modified to apply to the government's burden of proving aggravating factors).

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. ___3___

COURT'S INSTRUCTION NO. _____

In making all the determinations you are required to make during this sentencing phase of the trial, you may consider any evidence that was presented during the guilt phase of the trial, as well as any evidence that is presented at this sentencing phase of the trial.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to see or hear the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of a witness while testifying, whether the witness said something different at any earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence which you believe.[3]

---

[3] Eighth Circuit Model Jury Instruction No. 12.03 [Evidence].

10

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___1___

COURT'S INSTRUCTION NO. _____

Regardless of any opinion you may have as to what the law may be -- or should be -- it would be a violation of your oaths as jurors to base your verdict upon any view of the law other than that given to you in these instructions.

Some of the legal principles that you must apply to this sentencing decision duplicate those you followed in reaching your verdict as to guilt or innocence.  Others are different.  The instructions I am giving you now are a complete set of instructions on the law applicable to the sentencing decision.  I have prepared them to ensure that you are clear in your duties at this extremely serious stage of the case.  I have also prepared a Special Verdict Form that you must complete.  The form details special findings you must make in this case and will help you perform you duties properly.[4]

---

[4] Eighth Circuit Model Jury Instruction No. 12.04 [Introduction to Final Instructions].

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___2___

COURT'S INSTRUCTION NO. _____

Before you may consider the imposition of the death penalty, you must first unanimously agree beyond a reasonable doubt that the defendant was eighteen years of age or older at the time of the offenses charged in Counts One, Two, Three, and Four of the Second Superseding Indictment.

If you unanimously make that finding, you should so indicate on the appropriate page of Section I of the Special Verdict Form and continue your deliberations.  If you do not unanimously make that finding, you should so indicate on the appropriate page of the Special Verdict Form and follow the instructions on the remainder of the form.  No further deliberations will be necessary.[5]

---

[5] Eighth Circuit Model Jury Instruction No. 12.05 [Findings as to Defendant's Age (18 U.S.C. Section 3591) (Homicide)].

12

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___3___

COURT'S INSTRUCTION NO. _____

Before you may consider the imposition of the death penalty, you must also unanimously find beyond a reasonable doubt that the defendant intentionally killed or committed acts resulting in the deaths of Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and/or George Safiev in one of the manners described below.  If you unanimously make that finding as to the murder of a particular victim, you should so indicate on the appropriate page of Section II of the Special Verdict Form and continue your deliberations.  If you do not unanimously make that finding as to the murder of a particular victim, you should so indicate on the appropriate page of the Special Verdict Form, and follow the directions that follow.  No further deliberations will be necessary as to that murder.

As to each defendant, the government alleges that the murders of Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev were committed in the following manner:

1.    The defendant intentionally killed the victims, Meyer Muscatel, Rita Pekler, Alexander Umansky, George Safiev, and Nick Kharabadze by suffocating them or, in the case of Nick Kharabadze, by strangling him.  To establish that the defendant intentionally killed a victim, the government must prove that the defendant killed the victim with a conscious desire to cause the victim's death.

2.    The defendant intentionally inflicted serious bodily injury that resulted in the deaths of the victims, Meyer

13

Muscatel, Rita Pekler, Alexander Umansky, George Safiev, and Nick Kharabadze, by suffocating them or, in the case of Nick Kharabadze, by strangling him.  The government must prove that the defendant deliberately caused serious injury to the victim's body which in turn caused the victim's death.  "Serious bodily injury" means a significant or considerable amount of injury which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of a body member, organ or mental faculty.

3.    The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than the participants in the offenses, and the victims died as a direct result of the act, by directing and ordering others, including Ainar Altmanis and/or Petro Krylov, to assist them in killing the victims.  The government must prove that the defendant deliberately gave those directions and orders with a conscious desire that a person be killed or that lethal force be employed against a person.  The phrase "lethal force" means an act or acts of violence capable of causing death.

4.    The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offenses, such that participation in the act constituted a reckless disregard for human life, and the victims died as a direct result of that act, by directing and ordering others, including Ainar Altmanis and/or Petro Krylov to assist them in

14

killing the victims.

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendants, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.[6]

---

[6] Eighth Circuit Model Jury Instruction No. 12.06 [Findings of Requisite Mental State (18 U.S.C. Section 3591) (Homicide)].

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___4___

COURT'S INSTRUCTION NO. _____

As to each defendant, if you unanimously find beyond a reasonable doubt that the defendant intentionally committed the murder of Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and/or George Safiev, or committed acts resulting in the deaths of Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and/or George Safiev in the manner described in Jury Instruction Number 3, you must then proceed to determine whether the government has proved beyond a reasonable doubt the existence of any of the following alleged statutory aggravating factors with respect to these same murders.  If you unanimously make that finding in the affirmative as to the murder of a particular victim, you should so indicate on the appropriate page of Section III of the Special Verdict Form and continue your deliberations.  If you do not unanimously make that finding in the affirmative as to the murder of a particular victim, you should so indicate on the appropriate page of the Special Verdict Form and follow the directions that follow.  No further deliberations will be necessary as to that murder.[7]

As to both defendants Mikhel and Kadamovas, the government has alleged the following statutory aggravating factors:

**1.   Death During the Commission of Another Crime**

The deaths of Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev occurred during the commission of another crime, in this case violations of 18 U.S.C.

---

[7] Eighth Circuit Instruction No. 12.07 [Statutory Aggravating Factors (18 U.S.C. Section 3592) (Homicide)].

16

§ 1203, conspiracy to commit hostage takings resulting in death and hostage takings resulting in death, as you have previously determined in finding the defendants guilty of Counts One, Two, Three, and Four of the Second Superseding Indictment.[8]

### 2. Procurement of the Offense by Payment

The defendants procured the commission of the offenses charged in Counts One, Two, Three, and Four by payment, and/or the promise of payment, of anything of pecuniary value, in this case by enlisting the assistance of others, including Ainar Altmanis, Petro Krylov, and/or Alexsejus Markovskis in the hostage-takings and killings of victims Meyer Muscatel, Rita Pekler, Alexander Umansky, George Safiev, and Nick Kharabadze in return for the payment and the promise of payment of money collected as a result of the abductions of their victims. To establish that the defendant procured the commission of the offense by payment or the promise of payment of anything of pecuniary value, the government must prove, in essence, that the defendant arranged to have someone else commit the offense or assist in committing it. There is no requirement that the government prove that something of pecuniary value actually changed hands. To "procure commission of the offense" means to obtain it or bring it about. The words "payment or promise of payment" should be given their ordinary, everyday meaning which includes giving or offering compensation in return for services. "Anything of pecuniary value" means anything in the form of money, property, or anything else having some economic value,

---

[8] Eighth Circuit Model Jury Instruction No. 12.07A [Death or Injury Resulting in Death During the Commission of an Offense Listed Under 18 U.S.C. Section 3592(c)(1)].

benefit, or advantage.[9]

**3.   Substantial Planning and Premeditation**

The defendant committed the offenses charged in Counts One, Two, Three, and Four of the Second Superseding Indictment, for which you have found them guilty, after substantial planning and premeditation to cause the deaths of Meyer Muscatel, Rita Pekler, Alexander Umansky, George Safiev, and Nick Kharabadze. "Planning" means mentally formulating a method for doing something or achieving some end.  "Premeditation" means thinking or deliberating about something and deciding to do it beforehand. "Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation.[10]

**4.   Multiple Killings**

The defendant intentionally killed more than one person in a single criminal episode.  "More than one person" means one or more other people in addition to killing any single victim named in Count One of the Second Superseding Indictment.  In this case, the government alleges that the defendant intentionally killed five individuals, victims Meyer Muscatel, Rita Pekler, Alexander Umansky, George Safiev, and Nick Kharabadze.  "Intentionally killing" a person means killing a person on purpose, that is: willfully, deliberately, or with a conscious desire to cause a person's death (and not just accidentally or involuntarily).  "A

[9] Eighth Circuit Model Jury Instruction No. 12.07G [Procurement of Commission of the Offense by Payment of Something of Pecuniary Value (18 U.S.C. Section 3592(c)(7))].

[10] Eighth Circuit Model Jury Instruction No. 12.07I [Commission of the Offense After Substantial Planning and Premeditation (18 U.S.C. Section 3592(c)(9))].

single criminal episode" is an act or series of related criminal acts which occur within a relatively limited time and place, or are directed at the same persons, or are part of a continuous course of conduct related in time, place, or purpose.  A person of sound mind and discretion may be presumed to have intended the ordinary, natural, and probable consequences of his knowing and voluntary acts.  However, this presumption is not required. Thus, you may infer from the defendant's conduct that the defendant intended to kill a person if you find: (1) that the defendant was a person of sound mind and discretion; (2) that person's death was an ordinary, natural, and probable consequence of the defendant's acts; and (3) that the defendant committed these acts knowingly and voluntarily.  But once again, you are not required to make such an inference.[11]

---

[11]  Eighth Circuit Model Jury Instruction No. 12.07P [Multiple Killings or Attempted Killings (18 U.S.C. Section 3592(c)(16)] (modified to reflect facts of charged offenses).

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___5___

COURT'S INSTRUCTION NO. _____

If you have found the existence of one or more statutory aggravating factors unanimously and beyond a reasonable doubt, you must then consider whether the government has proved any non-statutory aggravating factors.  As in the case of statutory aggravating factors, you must unanimously agree that the government has proved beyond a reasonable doubt the existence of any of the non-statutory aggravating factors before you may consider such factors in your deliberations on the appropriate punishment for the defendants in this case.

In addition to any statutory aggravating factors you have found, you are permitted to consider and discuss only the non-statutory aggravating factors specifically claimed by the government and listed below.  You must not consider any other facts in aggravation which you think of on your own.

**For defendant Mikhel:**

The following are the non-statutory aggravating factors alleged by the government as to defendant Mikhel:

**1.   Future Dangerousness of the Defendant**

Defendant Mikhel is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one or more of the following:

a.   Continuing Pattern of Violence

Defendant Mikhel has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crimes alleged against him in the Second

20

Superseding Indictment.

   b. <u>Escape Risk and Institutional Misconduct</u>

Defendant Mikhel poses a future danger to the lives and safety of other persons, as demonstrated by his escape risk and institutional misconduct, including, at least:  (1) defendant Mikhel's participation in a conspiracy to escape from the Metropolitan Detention Center -- Los Angeles, California, which was detected by the government on or about March 7, 2003, and charged as Count Six in the Second Superseding Indictment; and (2) defendant Mikhel's attempt to escape from the San Bernardino County Jail, which was detected by the government on or about January 19, 2004.

   c. <u>Lack of Remorse</u>

Defendant Mikhel has demonstrated a lack of remorse for the capital offenses committed in this case, as indicated by his statements and actions during the course of and following the offenses alleged in the Second Superseding Indictment.

  **2. Contemporaneous Convictions**

Defendant Mikhel faces contemporaneous convictions for multiple murders and other serious acts of violence.

  **3. Witness Elimination**

Defendant Mikhel killed the victims of his crimes, including Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev, in order to eliminate these victims as possible witnesses to his crimes.

  **4. Emotional Suffering of the Victims**

Defendant Mikhel displayed an indifference to the emotional suffering of the victims of his crimes, including Meyer Muscatel,

Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev, as demonstrated by the extended period of time between the time he initially seized his victims and the time he ultimately killed them.

**5.     Victim Impact Evidence**

a.    Defendant Mikhel caused injury, harm, and loss to the family, friends, and co-workers of Meyer Muscatel as evidenced by his personal characteristics as a human being and the impact of his death on his family, his friends, and his co-workers.

b.    Defendant Mikhel caused injury, harm, and loss to the family, friends, and co-workers of Rita Pekler as evidenced by her personal characteristics as a human being and the impact of her death on her family, her friends, and her co-workers.

c.    Defendant Mikhel caused injury, harm, and loss to the family, friends, and co-workers of Alexander Umansky as evidenced by his personal characteristics as a human being and the impact of his death on his family, his friends, and his co-workers.

d.    Defendant Mikhel caused injury, harm, and loss to the family, friends, and co-workers of Nick Kharabadze as evidenced by his personal characteristics as a human being and the impact of his death on his family, his friends, and his co-workers.

e.    Defendant Mikhel caused injury, harm, and loss to the family, friends, and co-workers of George Safiev as evidenced by his personal characteristics as a human being and the impact of his death on his family, his friends, and his co-workers.

22

**For defendant Kadamovas:**

The following are the non-statutory aggravating factors alleged by the government as to defendant Kadamovas:

### 1.    Future Dangerousness of the Defendant

Defendant Kadamovas is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one or more of the following:

a.    <u>Continuing Pattern of Violence</u>

Defendant Kadamovas has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crimes alleged against him in the Second Superseding Indictment.

b.    <u>Escape Risk and Institutional Misconduct</u>

Defendant Kadamovas poses a future danger to the lives and safety of other persons, as demonstrated by his escape risk and institutional misconduct, including, at least, his participation in a conspiracy to escape from the Metropolitan Detention Center -- Los Angeles, California, which was detected by the government on or about March 7, 2003, and charged as Count Six in the Second Superseding Indictment.

c.    <u>Lack of Remorse</u>

Defendant Kadamovas has demonstrated a lack of remorse for the capital offenses committed in this case, as indicated by his statements and actions during the course of and following the offenses alleged in the Second Superseding Indictment.

### 2.    Contemporaneous Convictions

Defendant Kadamovas faces contemporaneous convictions for

multiple murders and other serious acts of violence.

### 3.    Witness Elimination

Defendant Kadamovas killed the victims of his crimes, including Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev, in order to eliminate these victims as possible witnesses to his crimes.

### 4.    Emotional Suffering of the Victims

Defendant Kadamovas displayed an indifference to the emotional suffering of the victims of his crimes, including Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev, as demonstrated by the extended period of time between the time he initially seized his victims and the time he ultimately killed them.

### 5.    Victim Impact Evidence

a.    Defendant Kadamovas caused injury, harm, and loss to the family, friends, and co-workers of Meyer Muscatel as evidenced by his personal characteristics as a human being and the impact of his death on his family, his friends, and his co-workers.

b.    Defendant Kadamovas caused injury, harm, and loss to the family, friends, and co-workers of Rita Pekler as evidenced by her personal characteristics as a human being and the impact of her death on her family, her friends, and her co-workers.

c.    Defendant Kadamovas caused injury, harm, and loss to the family, friends, and co-workers of Alexander Umansky as evidenced by his personal characteristics as a human being and the impact of his death on his family, his friends, and his co-

workers.

       d.   Defendant Kadamovas caused injury, harm, and loss to the family, friends, and co-workers of Nick Kharabadze as evidenced by his personal characteristics as a human being and the impact of his death on his family, his friends, and his co-workers.

       e.   Defendant Kadamovas caused injury, harm, and loss to the family, friends, and co-workers of George Safiev as evidenced by his personal characteristics as a human being and the impact of his death on his family, his friends, and his co-workers.

At this point you must record your findings regarding whether you unanimously find that the government has proven beyond a reasonable doubt the existence of any of these non-statutory aggravating factors.  Please enter your findings on the appropriate page of Section III of the Special Verdict Form, and continue your deliberations.[12]

---

[12] Eighth Circuit Model Jury Instruction No. 12.08 [Non-Statutory Aggravating Factors].

25

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___6___

COURT'S INSTRUCTION NO. _____

Before you may consider the appropriate punishment, you must consider whether the defendant has established the existence of any mitigating factors.  A mitigating factor is a fact about the defendant's life or character, or about the circumstances surrounding the offenses that would suggest, in fairness, that a sentence of death is not the most appropriate punishment, or that a lesser sentence is the most appropriate punishment.

Unlike aggravating factors, which you must unanimously find proved beyond a reasonable doubt in order to consider them in your deliberations, the law does not require unanimous agreement with regard to mitigating factors.  <u>Any</u> juror persuaded of the existence of a mitigating factor <u>must</u> consider it in this case.  Further, <u>any</u> juror <u>may</u> consider a mitigating factor found by another juror, even if he or she did not find that factor to be mitigating.

It is the defendant's burden to establish any mitigating factors, but only by a preponderance of the evidence.  This is a lesser standard of proof under the law than proof beyond a reasonable doubt.  A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so.  In other words, a preponderance of evidence means such evidence as, when considered and compared with what opposed it, produces in your mind the belief that what is sought to be established is, more likely than not, true.

In the Special Verdict Form relating to mitigating factors, you are asked but not required to report the total number of

26

jurors that find a particular mitigating factor established by a preponderance of the evidence.[13]

_____

[13] Eighth Circuit Model Jury Instruction No. 12.09 [Mitigating Factors].

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___7___

COURT'S INSTRUCTION NO. _____

The mitigating factors which defendant Mikhel asserts he has proved by a preponderance of the evidence are:[14]

[Factors cannot be specified until provided by defendant Mikhel]

The mitigating factors which defendant Kadamovas asserts he has proved by a preponderance of the evidence are:[15]

[Factors cannot be specified until provided by defendant Kadamovas]

---

[14] Eighth Circuit Model Jury Instruction No. 12.10 [Mitigating Factors Enumerated (18 U.S.C. Section 3592(a))].

[15] Eighth Circuit Model Jury Instruction No. 12.10 [Mitigating Factors Enumerated (18 U.S.C. Section 3592(a))].

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ____8____

COURT'S INSTRUCTION NO. _____

If you find unanimously and beyond a reasonable doubt that the defendant was 18 years of age or older when he committed the offenses charged in Counts One, Two, Three, and Four; that he acted with the requisite intent; and that the government proved the existence of at least one statutory aggravating factor; and after you then determine whether the government proved the existence of the non-statutory aggravating factors submitted to you, and whether the defendant proved the existence of any mitigating factors, you will then engage in a weighing process.

In determining the appropriate sentence, all of you must weigh the aggravating factor or factors that you unanimously found to exist -- whether statutory or non-statutory -- and each of you must weigh any mitigating factors that you individually found to exist, and may weigh any mitigating factors that another of your fellow jurors found to exist.  In engaging in this weighing process, you must avoid any influence of passion, prejudice, or undue sympathy.  Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you.

Again, whether or not the circumstances in this case justify a sentence of death is a decision that the law leaves entirely to you.

The process of weighing aggravating and mitigation factors against each other in order to determine the proper punishment is not a mechanical process.  In other words, you should not simply count the number of aggravating and mitigating factors and reach

a decision based on which number is greater; you should consider the weight and value of each factor.

The law contemplates that different factors may be given different values and different weights by different jurors. Thus, you may find that one mitigating factor outweighs all aggravating factors combined, or that the aggravating factors proved do not, standing alone, justify imposition of a sentence of death.  If one or more of you so find, you must return a sentence of life in prison without the possibility of release. Similarly, you may find that a particular aggravating factor sufficiently outweighs all mitigating factors combined to justify a sentence of death.  You are to decide what weight or value is to be given to a particular aggravating or mitigating factor in your decision-making process.

If you unanimously conclude that the aggravating factor or factors found to exist sufficiently outweigh any mitigating factors which any of you found to exist to justify a sentence of death, or in the absence of any mitigating factors, that the aggravating factor or factors alone are sufficient to justify a sentence of death, and that therefore death is the appropriate sentence in this case, you must record on Section VI of the Special Verdict Form your determination that a sentence of death shall be imposed.

If you determine that death is not justified, you must record on Section VI of the Special Verdict Form your determination that the defendant be sentenced to life

imprisonment without the possibility of release.[16]

---

[16] Eighth Circuit Model Jury Instruction No. 12.11 [Weighing Aggravation and Mitigation].

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___9___

COURT'S INSTRUCTION NO. _____

At the end of your deliberations, if you unanimously determine that the defendant should be sentenced to death, or to life imprisonment without the possibility of release, the Court is required to impose that sentence.

If you cannot unanimously agree whether the defendant should be sentenced to death or life imprisonment without the possibility of release, the Court will sentence the defendant to a minimum of life without the possibility of release.  There is no parole in the federal system.[17]

---

[17] Eighth Circuit Model Jury Instruction No. 12.12 [Consequences of Deliberations (18 U.S.C. Section 3594)].

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___10___

COURT'S INSTRUCTION NO. _____

In your consideration of whether the death penalty is justified, you must not consider the race, color, religious beliefs, national origin, or sex of either the defendants or the victims. You are not to return a sentence of death unless you would return a sentence of death for the crimes in question without regard to race, color, religious beliefs, national origin, or sex of either the defendants or the victims.

To emphasize the importance of this consideration, the Special Verdict Form contains a certification statement. Each juror should carefully read the statement, and sign in the appropriate place if the statement accurately reflects the manner in which you reached your decision.[18]

---

[18] Eighth Circuit Model Jury Instruction No. 12.13 [Justice without Discrimination 18 U.S.C. Section 3593(f)].

33

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___11___

COURT'S INSTRUCTION NO. _____

The defendants did not testify. There is no burden upon a defendant to prove that he or she should not be sentenced to death. The burden is entirely on the prosecution to prove that a sentence of death is justified. Accordingly, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your decision.[19]

**[To be given if the defendants do not testify]**

---

[19] Eighth Circuit Model Jury Instruction No. 12.14 [Defendant's Right Not to Testify].

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ___12___

COURT'S INSTRUCTION NO. _____

I have a prepared a form entitled Special Verdict Form to assist you during your deliberations.  You are required to record your decisions on this form.

Section I of the Special Verdict Form contains space to record your findings on the defendant's age.  Section II contains space to recording your findings on the requisite mental state. Section III contains space to record your findings on statutory aggravating factors.  Section IV contains space to record your findings on non-statutory aggravating factors.  Section V contains space to record you findings on mitigating factors. Section VI contains space to record your determination of each defendant's sentence.  Section VII is the jurors' certification of the manner in which they reached their decision.

You are each required to sign the Special Verdict Form.[20]

_____

[20] Eighth Circuit Model Jury Instruction No. 12.20 [Special Verdict (18 U.S.C. 3593(d))].

35

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. ____13____

COURT'S INSTRUCTION NO. _____

If you want to communicate with me at any time during your deliberations, please write down your message or question and pass the note to the marshal, who will bring it to my attention.

I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.

I caution you, however, with any message or question you might send, that you should not tell me the details of your deliberations or how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your decision should be.  The decision is your exclusive responsibility.[21]

---

[21] Eighth Circuit Model Jury Instruction No. 12.21 [Concluding Instruction].

36