GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Section
ROBERT E. DUGDALE (California State Bar No. 167258)
Deputy Chief – Organized Crime and Terrorism Section
SUSAN J. DE WITT (California State Bar No. 132462)
KAREN I. MEYER (California State Bar No. 220554)
Assistant United States Attorneys
Organized Crime and Terrorism Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4685/4496/8559
     Facsimile:  (213) 894-3713
     e-mail:  robert.dugdale@usdoj.gov
             susan.dewitt@usdoj.gov
             kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>IOURI MIKHEL and<br>JURIJUS KADAMOVAS,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CR 02-220(B)-DT<br><br>GOVERNMENT'S FILING OF PROPOSED SPECIAL VERDICT FORMS FOR THE PENALTY PHASE FOR DEFENDANTS IOURI MIKHEL AND JURIJUS KADAMOVAS<br><br>Hearing Date:  1/24/07<br>Time:        9:30 a.m.<br><br>Courtroom of the Honorable Dickran Tevrizian |

    Attached hereto are separate proposed Special Verdict Forms

for the penalty phase for defendants Iouri Mikhel (Exhibit A) and

Jurijus Kadamovas (Exhibit B).  The language in these special

erdict forms tracks the language in the government's proposed penalty phase jury instructions, which are being filed under separate cover today.  Because neither defendant has provided the government nor the Court with a list of the mitigating factors he intends to prove to the jury, to date, these special verdict forms will have to be amended when defendants share this information with the government and the Court.

Dated: January 22, 2007          Respectfully submitted,

                                 GEORGE S. CARDONA
                                 Acting United States Attorney

                                 THOMAS P. O'BRIEN
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____
                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Deputy Chief, Organized Crime and
                                 Terrorism Section

                                     Attorneys for Plaintiff
                                     United States of America

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 02-220(B)-DT |
| ) | |
| Plaintiff, ) | SPECIAL VERDICT FORM FOR |
| ) | DEFENDANT IOURI MIKHEL |
| v. ) | |
| ) | (Penalty Phase) |
| IOURI MIKHEL and ) | |
| JURIJUS KADAMOVAS, ) | Courtroom of the Honorable |
| ) | Dickran Tevrizian |
| Defendants. ) | |
| ) | |

EXHIBIT A

**Section I: Age of the Defendant:**

Instructions:  Answer "yes" or "no."  Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that defendant Iouri Mikhel (the "defendant") was 18 years of age or older at the time of the offenses charged in Counts One, Two, Three, and Four of the Second Superseding Indictment?

Yes _____

No _____

Foreperson:

Instructions:  If you answered "no" with respect to the determination in this Section, then stop your deliberations, cross out Sections II, III, IV, V, and VI of this form, and proceed to Section VII.  Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you reached your decision.  You should then advise the Court that you have reached a decision.

If you answered "yes" with respect to the determination in this Section I, then proceed to Section II.

//

//

//

2

**Section II:   Requisite Mental State**

Instructions: For each of the following, answer "yes" or "no."

A.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally killed the following victim or victims?

| | | | |
|---|---|---|---|
| Meyer Muscatel | _____ YES | _____ NO |
| Rita Pekler | _____ YES | _____ NO |
| Alexander Umansky | _____ YES | _____ NO |
| George Safiev | _____ YES | _____ NO |
| Nick Kharabadze | _____ YES | _____ NO |

B.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally inflicted serious bodily injury that resulted in the deaths of the following victims or victims?

| | | | |
|---|---|---|---|
| Meyer Muscatel | _____ YES | _____ NO |
| Rita Pekler | _____ YES | _____ NO |
| Alexander Umansky | _____ YES | _____ NO |
| George Safiev | _____ YES | _____ NO |
| Nick Kharabadze | _____ YES | _____ NO |

C.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally participated in an act, contemplating that the life of a person would be taken and/or that lethal force would be used in connection with a person, other than one of the participants in the offense, and that the following victims or victims died as

3

a direct result of the act?

|  |  |  |
|---|---|---|
| Meyer Muscatel | _____ YES | _____ NO |
| Rita Pekler | _____ YES | _____ NO |
| Alexander Umansky | _____ YES | _____ NO |
| George Safiev | _____ YES | _____ NO |
| Nick Kharabadze | _____ YES | _____ NO |

D.    Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and that the following victim or victims died as a direct result of the act?

|  |  |  |
|---|---|---|
| Meyer Muscatel | _____ YES | _____ NO |
| Rita Pekler | _____ YES | _____ NO |
| Alexander Umansky | _____ YES | _____ NO |
| George Safiev | _____ YES | _____ NO |
| Nick Kharabadze | _____ YES | _____ NO |

Foreperson:

Instructions: If you answered "no" with respect to each of the four determinations in this Section for each of the five victims, then stop your deliberations, cross out Sections III, IV, V, and VI of this form, and proceed to Section VII.  Each juror should carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately

4

reflects the manner in which you reached a decision.

If you answered "yes" with respect to one or more of the determinations in this Section II, then proceed to Section III.

**Section III: Statutory Aggravating Factors**

Instructions:  For each of the following, answer "yes" or "no."

1.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the victims' deaths, or injuries resulting in death, occurred during the commission of an offense under 18 U.S.C. Section 1203, that is, conspiracy to engage in hostage taking resulting in death or hostage taking resulting in death?

Yes _____

No _____

2.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant procured the commission of the offenses charged in Counts One, Two, Three, and Four by payment, and/or the promise of payment, of anything of pecuniary value?

Yes _____

No _____

3.   Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offenses charged in Counts One, Two, Three, and Four of the Second Superseding Indictment after substantial planning and premeditation to cause the death of a person?

Yes _____

No _____

4.   Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant killed or attempted to kill more than one person in a single criminal episode?

Yes _____

No _____

Foreperson:

Instructions:  If you answered "no" with respect to all of the Statutory Aggravating Factors in this Section III, then stop your deliberations, cross out Sections IV, V, and VI, and proceed to Section VII of this form.  Each juror should then read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you have reached a decision.  You should then advise the Court that you have reached a decision.

If you found the requisite age in Section I, the requisite mental state in Section II, and answered "yes" with respect to one or more of the statutory aggravating factors in this Section III, then proceed to Section IV.

6

**Section IV: Non-Statutory Aggravating Factors**

Instructions: For each of the following questions, answer "yes" or "no" to the five numbered questions below.  (You need not answer "yes" or "no" to the lettered statements, which merely describe the government's allegation of how the existence of a non-statutory aggravating factor would be demonstrated.)

**1.   Future Dangerousness of Defendant**.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, including one or more of the following:

**a.   Continuing Pattern of Violence**.  The defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crimes charged in the Second Superseding Indictment.  (No answer needed.)

**b.   Escape Risk and Institutional Misconduct.**  The defendant poses a future danger to the lives and safety of other persons, as demonstrated by his escape risk and institutional misconduct, including, at least:  (1) defendant's participation in a conspiracy to escape from the Metropolitan Detention Center -- Los Angeles, California, which was detected by the government on or about March 7, 2003, and charged as Count Six in the Second Superseding Indictment; and (2) defendant's attempt to escape from the San Bernardino County Jail, which was detected by the government on or about January 19, 2004.  (No answer needed.)

7

**c.    Lack of Remorse.**  The defendant has demonstrated a lack of remorse for the capital offenses committed in this case, as indicated by his statements and actions during the course of and following the offenses alleged in the Second Superseding Indictment.  (No answer needed.)

Yes _____

No _____

**2.  Contemporaneous Convictions**.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant faces contemporaneous convictions for multiple murders and other serious acts of violence?

Yes _____

No _____

**3.    Witness Elimination.**  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant killed the victims of his crimes, including Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev, in order to eliminate these victims as possible witnesses to his crimes?

Yes _____

No _____

**4.   Emotional Suffering of the Victims.**   Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant displayed an indifference to the emotional suffering of the victims of his crimes, including Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev?

Yes _____

No _____

**5.   Victim Impact Evidence**

Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant caused injury, harm, and loss to the families, friends, and co-workers of Meyer Muscatel, Rita Pekler, Alexander Umansky, George Safiev, and Nick Kharabadze as evidenced by their personal characteristics as human beings and the impact of their deaths on their families, friends, and co-workers?

Yes _____

No _____

Foreperson:

Instructions: Regardless of whether you answered "yes" or "no" with respect to the non-statutory aggravating factors in this Section IV, proceed to Section V.

9

**Section V: Mitigating Factors**

Instructions: For each of the following mitigating factors, you have the option to indicate, in the space provided, the number of jurors who have found the existence of the mitigating factor to be proven by a preponderance of the evidence.  If you choose not to make these findings, cross out each page of Section V with a large "X" and then continue your deliberations in accordance with the instructions of the Court.

[To be completed upon defendants' identification and proof of mitigating factors]

Instructions: Regardless of whether you chose to make written findings for the Mitigating Factors of Section V above, proceed to Section VI and Section VII.


**Section VI: Determination**

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case:

**A.   Death Sentence**

We determine, by unanimous vote, that a sentence of death shall be imposed.

Yes _____

No _____

10

If you answer "yes," the foreperson must sign here, and you must then proceed to Section VII.  If you answer "no," the foreperson must sign and you must then proceed to Section VIB.


_____                    Date:  _____
Foreperson

**B.    <u>Sentence of Life in Prison Without Possibility of Parole</u>**

We determine, by unanimous vote, that a sentence of life imprisonment without the possibility of parole shall be imposed.

Yes  _____

No  _____

If you answer "yes," the foreperson must sign here, and you must then proceed to Section VII.


_____                    Date:  _____
Foreperson

11

**Section VII: Certification**

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin or sex of the defendants or any victims was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendants or the victims.

JUROR #1  _____

JUROR #2  _____

JUROR #3  _____

JUROR #4  _____

JUROR #5  _____

JUROR #6  _____

JUROR #7  _____

JUROR #8  _____

JUROR #9  _____

JUROR #10 _____

JUROR #11 _____

JUROR #12 _____


_____
Foreperson                      Date:  _____

12

# EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 02-220(B)-DT |
| | ) | |
| Plaintiff, | ) | SPECIAL VERDICT FORM FOR |
| | ) | DEFENDANT JURIJUS KADAMOVAS |
| v. | ) | |
| | ) | (Penalty Phase) |
| IOURI MIKHEL and | ) | |
| JURIJUS KADAMOVAS, | ) | Courtroom of the Honorable |
| | ) | Dickran Tevrizian |
| Defendants. | ) | |
| | ) | |

EXHIBIT B

**Section I: Age of the Defendant:**

Instructions:  Answer "yes" or "no."  Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that defendant Jurijus Kadamovas (the "defendant") was 18 years of age or older at the time of the offenses charged in Counts One, Two, Three, and Four of the Second Superseding Indictment?

Yes _____

No _____

Foreperson:

Instructions:  If you answered "no" with respect to the determination in this Section, then stop your deliberations, cross out Sections II, III, IV, V, and VI of this form, and proceed to Section VII.  Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you reached your decision.  You should then advise the Court that you have reached a decision.

If you answered "yes" with respect to the determination in this Section I, then proceed to Section II.

//

//

//

2

**Section II:  Requisite Mental State**

Instructions: For each of the following, answer "yes" or "no."

A.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally killed the following victim or victims?

| | | |
|---|---|---|
| Meyer Muscatel | _____ YES | _____ NO |
| Rita Pekler | _____ YES | _____ NO |
| Alexander Umansky | _____ YES | _____ NO |
| George Safiev | _____ YES | _____ NO |
| Nick Kharabadze | _____ YES | _____ NO |

B.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally inflicted serious bodily injury that resulted in the deaths of the following victims or victims?

| | | |
|---|---|---|
| Meyer Muscatel | _____ YES | _____ NO |
| Rita Pekler | _____ YES | _____ NO |
| Alexander Umansky | _____ YES | _____ NO |
| George Safiev | _____ YES | _____ NO |
| Nick Kharabadze | _____ YES | _____ NO |

C.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally participated in an act, contemplating that the life of a person would be taken and/or that lethal force would be used in connection with a person, other than one of the participants in the offense, and that the following victims or victims died as

3

a direct result of the act?

| | | |
|---|---|---|
| Meyer Muscatel | _____ YES | _____ NO |
| Rita Pekler | _____ YES | _____ NO |
| Alexander Umansky | _____ YES | _____ NO |
| George Safiev | _____ YES | _____ NO |
| Nick Kharabadze | _____ YES | _____ NO |

D.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and that the following victim or victims died as a direct result of the act?

| | | |
|---|---|---|
| Meyer Muscatel | _____ YES | _____ NO |
| Rita Pekler | _____ YES | _____ NO |
| Alexander Umansky | _____ YES | _____ NO |
| George Safiev | _____ YES | _____ NO |
| Nick Kharabadze | _____ YES | _____ NO |

Foreperson:

Instructions: If you answered "no" with respect to each of the four determinations in this Section for each of the five victims, then stop your deliberations, cross out Sections III, IV, V, and VI of this form, and proceed to Section VII.  Each juror should carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately

4

reflects the manner in which you reached a decision.

If you answered "yes" with respect to one or more of the determinations in this Section II, then proceed to Section III.

**Section III: Statutory Aggravating Factors**

Instructions:  For each of the following, answer "yes" or "no."

1.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the victims' deaths, or injuries resulting in death, occurred during the commission of an offense under 18 U.S.C. Section 1203, that is, conspiracy to engage in hostage taking resulting in death or hostage taking resulting in death?

Yes _____

No _____

2.   Do you, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant procured the commission of the offenses charged in Counts One, Two, Three, and Four by payment, and/or the promise of payment, of anything of pecuniary value?

Yes _____

No _____

5

3.   Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offenses charged in Counts One, Two, Three, and Four of the Second Superseding Indictment after substantial planning and premeditation to cause the death of a person?

Yes _____

No _____

4.   Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant killed or attempted to kill more than one person in a single criminal episode?

Yes _____

No _____

Foreperson:

Instructions:  If you answered "no" with respect to all of the Statutory Aggravating Factors in this Section III, then stop your deliberations, cross out Sections IV, V, and VI, and proceed to Section VII of this form.  Each juror should then read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which you have reached a decision.  You should then advise the Court that you have reached a decision.

If you found the requisite age in Section I, the requisite mental state in Section II, and answered "yes" with respect to one or more of the statutory aggravating factors in this Section III, then proceed to Section IV.

6

**Section IV: Non-Statutory Aggravating Factors**

<u>Instructions</u>: For each of the following questions, answer "yes" or "no" to the five numbered questions below.  (You need not answer "yes" or "no" to the lettered statements, which merely describe the government's allegation of how the existence of a non-statutory aggravating factor would be demonstrated.)

**1.   Future Dangerousness of Defendant**.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, including one or more of the following:

**a.   Continuing Pattern of Violence**.  The defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crimes charged in the Second Superseding Indictment.  (No answer needed.)

**b.   Escape Risk and Institutional Misconduct.**  The defendant poses a future danger to the lives and safety of other persons, as demonstrated by his escape risk and institutional misconduct, including, at least:  (1) defendant's participation in a conspiracy to escape from the Metropolitan Detention Center -- Los Angeles, California, which was detected by the government on or about March 7, 2003, and charged as Count Six in the Second Superseding Indictment; and (2) defendant's attempt to escape from the San Bernardino County Jail, which was detected by the government on or about January 19, 2004.  (No answer needed.)

7

**c.    Lack of Remorse.**  The defendant has demonstrated a lack of remorse for the capital offenses committed in this case, as indicated by his statements and actions during the course of and following the offenses alleged in the Second Superseding Indictment.  (No answer needed.)

Yes _____

No _____

**2.    Contemporaneous Convictions**.  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant faces contemporaneous convictions for multiple murders and other serious acts of violence?

Yes _____

No _____

**3.    Witness Elimination.**  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant killed the victims of his crimes, including Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev, in order to eliminate these victims as possible witnesses to his crimes?

Yes _____

No _____

8

**4.   Emotional Suffering of the Victims.**  Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant displayed an indifference to the emotional suffering of the victims of his crimes, including Meyer Muscatel, Rita Pekler, Alexander Umansky, Nick Kharabadze, and George Safiev?

Yes _____

No _____

**5.   Victim Impact Evidence**

Do you, the jury, unanimously find that the government has proved beyond a reasonable doubt that the defendant caused injury, harm, and loss to the families, friends, and co-workers of Meyer Muscatel, Rita Pekler, Alexander Umansky, George Safiev, and Nick Kharabadze as evidenced by their personal characteristics as human beings and the impact of their deaths on their families, friends, and co-workers?

Yes _____

No _____

Foreperson:

Instructions: Regardless of whether you answered "yes" or "no" with respect to the non-statutory aggravating factors in this Section IV, proceed to Section V.

9

**Section V: Mitigating Factors**

Instructions: For each of the following mitigating factors, you have the option to indicate, in the space provided, the number of jurors who have found the existence of the mitigating factor to be proven by a preponderance of the evidence.  If you choose not to make these findings, cross out each page of Section V with a large "X" and then continue your deliberations in accordance with the instructions of the Court.

**[To be completed upon defendants' identification and proof of mitigating factors]**

Instructions: Regardless of whether you chose to make written findings for the Mitigating Factors of Section V above, proceed to Section VI and Section VII.

**Section VI: Determination**

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case:

**A.    Death Sentence**

We determine, by unanimous vote, that a sentence of death shall be imposed.

Yes _____

No _____

10

If you answer "yes," the foreperson must sign here, and you must then proceed to Section VII.  If you answer "no," the foreperson must sign and you must then proceed to Section VIB.

_____               Date:  _____
Foreperson

**B.    <u>Sentence of Life in Prison Without Possibility of Parole</u>**

We determine, by unanimous vote, that a sentence of life imprisonment without the possibility of parole shall be imposed.

Yes  _____

No  _____

If you answer "yes," the foreperson must sign here, and you must then proceed to Section VII.

_____               Date:  _____
Foreperson

11

**Section VII: Certification**

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin or sex of the defendants or any victims was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendants or the victims.

JUROR #1 _____

JUROR #2 _____

JUROR #3 _____

JUROR #4 _____

JUROR #5 _____

JUROR #6 _____

JUROR #7 _____

JUROR #8 _____

JUROR #9 _____

JUROR #10 _____

JUROR #11 _____

JUROR #12 _____


_____
Foreperson                    Date: _____

12