RICHARD P. LASTING, SBN 53950
1717 Fourth Street 3rd Floor
Santa Monica, California 9040-3319
Telephone:    (310) 576-6242
Facsimile:    (310) 576-6247
e-mail:       rplasting@aol.com

SONIA E. CHAHIN, SBN 136604
2222 Foothill Boulevard, #E-278
La Canada, California 91011
Telephone:    (818) 549-0149
Facsimile:    (818) 549-0990
e-mail:       sechahin@aol.com

Attorneys for Defendant
JURIJUS KADAMOVAS

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 02-220(B)-DT |
| Plaintiff, ) | DEFENDANT JURIJUS KADAMOVAS' MOTION IN LIMINE REQUESTING ORDER LIMITING SCOPE OF CROSS EXAMINATION OF DR. MARK CUNNIGHAM PURSUANT TO 18 U.S.C. SECTION 3593(c) |
| v. ) | |
| JURIJUS KADAMOVAS, ) | |
| Defendant. ) | |

Defendant JURIJUS KADAMOVAS, by and through his counsel of record, Richard P. Lasting and Sonia E. Chahin, hereby requests that this Honorable Court enter an order limiting the scope of Dr. Mark Cunningham's cross-examination pursuant to 18 U.S.C. Section 3593(C).   Section 3593(C) permits the Court to exclude evidence if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." See 18 U.S.C. Section 3593(c).

This request is based upon 18 U.S.C. Section 3593(C), the attached

Memorandum of Points and Authorities, all files and records in this case, and such evidence and argument as may be presented to the court at the hearing on this motion.

DATED: January 31, 2007          Respectfully submitted,

RICHARD P. LASTING
Attorney for Defendant
JURIJUS KADAMOVAS

SONIA E. CHAHIN
Attorney for Defendant
JURIJUS KADAMOVAS

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

Jurijus Kadamovas intends to present the testimony of Dr. Mark D. Cunningham, a nationally recognized expert on future dangerousness in prison of an individual convicted of a capital crime. Dr. Cunningham will testify that studies show that the probability of violent behavior in prison by a convicted murderer is low, that an assessment of future dangerousness has to be viewed in the context of a prison environment, that a study by the Department of Justice revealed that in prison offenders convicted of homicide average half the disciplinary write-ups of property offenders, that the Federal Bureau of Prisons is effective in controlling violence in prison and that seriousness of the offense of conviction is not a reliable predictor of future violent behavior in prison.

By this motion, Jurijus Kadamovas seeks to prevent cross examination of Dr. Cunningham on various topics that do not relate to the accuracy of the statistics or studies on which he relies for his testimony, but rather only serve to inflame the passions of the jury.

Specifically the defense seeks to exclude any questions of Dr. Cunningham related to specific cases in which he has testified, the names of specific defendants in whose cases he has been called as a witness by the defense, the details of the crimes committed by defendants in cases wherein he has been called as a witness, whether in his opinion Jurijus Kadamovas would or would not commit an act of violence if confined in Federal Prison for life without release, or whether he would

be surprised if Jurijus Kadamovas committed an act of violence.

Additionally, defendant seeks to preclude any questioning of Dr. Cunningham as to his personal beliefs regarding the death penalty or in what cases he believes the penalty of death to be the appropriate sentence.  His beliefs regarding the death penalty are irrelevant.

## II.

## THE COURT SHOULD ENTER AN ORDER LIMITING THE SCOPE OF INQUIRY OF DR. MARK CUNNINGHAM ON CROSS-EXAMINATION AS REQUESTED BY JURIJUS KADAMOVAS

### 1.   The Law

The Federal Death Penalty Act (FDPA) erects very low barriers to the admission of evidence at capital sentencing hearings. Since the need to regulate the scope of testimony is less at the penalty phase than at the guilt phase of trial, parties may present evidence "as to any matter relevant to the sentence." 18 U.S.C. §3593(c). See also Williams v. New York, 337 U.S. 241, 247 (1949) (A judge or jury at a capital sentencing hearing should "not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial."); Gregg v. Georgia, 428 U.S. 153, 203-04(1976) (In a capital sentencing hearing, "it [is] desirable for the jury to have as much information before it as possible when it makes the sentencing decision.").

Although the Federal Rules of Evidence do not control the admission of

-4-

evidence in capital penalty hearings, the district court may exclude evidence "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). The determination of whether there is a threat of unfair prejudice is a fact specific inquiry, see, e.g., United States v. McVeigh, 153 F.3d 1166 (10th Cir. 1998).

### 2. The Court Should Preclude The Government From Cross-Examination of Dr. Cunningham as Requested Above Because These Areas of Examination are More Prejudicial Than Probative and Serve No Proper Purpose Other Than Inflaming the Jury

JURIJUS KADAMOVAS seeks to exclude any questions of Dr. Cunningham related to specific cases in which he has testified, the names of specific defendants in whose cases he has been called as a witness by the defense, the details of the crimes committed by defendants in cases wherein he has been called as a witness, whether in his opinion Jurijus Kadamovas would or would not commit an act of violence if confined in Federal Prison for life without release, or whether he would be surprised if Jurijus Kadamovas committed an act of violence.

Mr. KADMOVAS submits that inquiry into these or similar topics should be precluded, as more prejudicial than probative, confusing the issues relevant to Dr. Cunningham's testimony, and involving an undue consumption of time. Any meaningful evaluation of testimony by the witness in other cases would require detailed presentation of the facts unique to those cases and to a particular defendant. The defendants in other cases are different than the defendant in this case. They do not share the same background, criminal records, or custodial history. Details of their crimes will do nothing more than serve to inflame the

passions of the jury.  The lurid facts of other defendants commission of acts of terrorism, rapes or murder is simply irrelevant to the statistical analysis, Department of Justice studies, or security measures available within the federal bureau of prisons to which Dr. Cunningham will testify.  Details of any specific defendant's actions after being sentenced have nothing more to do with this case than would evidence of acts of kindness or lack of any disciplinary action taken against named individuals sentenced to life without release after  Dr. Cunningham had testified in their cases.  Cross examination must be limited to factual or scientific inaccuracies in his testimony and must not be permitted to stray into the history of other defendants convicted of capital offenses.

## IV.

## CONCLUSION

For the foregoing reasons, JURIJUS KADAMOVAS hereby requests that this Honorable Court enter an order enter an order limiting the scope of Dr. Mark Cunningham's cross-examination pursuant to 18 U.S.C. Section 3593(C) as requested.

DATED: January 31, 2007

RICHARD P. LASTING
Attorney for Defendant
JURIJUS KADAMOVAS

DATED:  January 31, 2007

SONIA E. CHAHIN
Attorney for Defendant
JURIJUS KADAMOVAS

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I, Sonia E. Chahin hereby state and declare:

That I am employed in the County of Los Angeles, State of California; that my business address is 2222 Foothill Blvd., #E-278, La Canada, California 91011; that I am over the age of eighteen and not a party to the within entitled action; that I am a member of the bar of this Court.    On January 31, 2007, I served a copy of:

DEFENDANT JURIJUS KADAMOVAS' MOTION IN LIMINE REQUESTING ORDER LIMITING SCOPE OF CROSS EXAMINATION OF DR. MARK CUNNINGHAM PURSUANT TO 18 U.S.C. SECTION 3593(c)

Service was:
[ ]    Placed in a sealed envelope and mailed via United States Mail, addressed as follows:
[x]    By hand delivery addressed as follows:
[ ]    By facsimile as follows:
[ ]    By messenger as follows:

AUSA Robert E. Dugdale                [SERVED IN COURT]
AUSA Susan Dewitt
AUSA Kim Meyer
1500 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012

Service was:
[ ]    Placed in a sealed envelope and mailed via United States Mail, addressed as follows:
[ ]    By hand delivery addressed as follows:
[ ]    By facsimile as follows:
[x]    By e-mail as follows

Richard Callahan, Esq.
230 E. Colorado Blvd., Suite 1200        [SERVED IN COURT]
Pasadena, CA  91101
(626) 202-4060 Office
(626) 794-4676 FAX
rmcallahanjr@earthlink.com

SEE ATTACHED SERVICE LIST
This Certificate is executed on January 31, 2007,  at Glendale, California.  I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
SONIA E. CHAHIN

<u>United States v. Iouri Mikhel et al.</u>

CR No. 02-220(B)-DT

Richard Lasting (Capital Counsel)          [SERVED IN COURT]
1717 4th Street, Suite 300
Santa Monica, CA 90401
(310) 576-6242 Office
(310) 576-6247 FAX
richardplasting@sbcglobal.net

Dale M. Rubin, Esq. (Capital Counsel)      [SERVED IN COURT]
Law Offices
2275 Huntington Drive, Suite 902
San Marino, CA 91108
(800) 695-3717 Office
(413) 228-0521 FAX
drubin@socal.rr.com