GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Section
ROBERT E. DUGDALE (California State Bar No. 167258)
Deputy Chief - Organized Crime and Terrorism Section
SUSAN J. DE WITT (California State Bar No. 132462)
KAREN I. MEYER (California State Bar No. 220554)
Assistant United States Attorneys
Organized Crime and Terrorism Section
MONICA E. TAIT (California State Bar No. 157311)
Assistant United States Attorney
Asset Forfeiture Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 894-4685/4496/8559/2931
      Facsimile:  (213) 894-3713
      e-mail:   robert.dugdale@usdoj.gov
                susan.dewitt@usdoj.gov
                kim.meyer@usdoj.gov
                monica.tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 02-220(B)-DT |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S <u>EX PARTE</u> |
| | ) | APPLICATION FOR A PRELIMINARY |
| v. | ) | ORDER OF FORFEITURE PURSUANT |
| | ) | TO F. R. CRIM. P. 32.2(B) WITH |
| IOURI MIKHEL and | ) | AUTHORIZATION TO CONDUCT |
| JURIJUS KADAMOVAS, | ) | DISCOVERY, AND FOR ENTRY OF |
| | ) | PERSONAL MONEY JUDGMENTS OF |
| Defendants. | ) | FORFEITURE; MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES IN |
| | ) | SUPPORT; DECLARATION OF MONICA |
| | ) | E. TAIT |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

     Pursuant to Fed. R. Crim. P. 32.2, plaintiff United States of America, by its attorneys, respectfully requests that this

Court issue a preliminary order of forfeiture in this matter, and enter personal money judgments of forfeiture as to defendants Iouri Mikhel and Jurijus Kadamovas.

The United States further requests that, as part of the Preliminary Order of Forfeiture, the Court authorize the government to conduct discovery in order to identify and locate assets subject to forfeiture under the Order, including substitute assets.  Fed. R. Crim. P. 32.2(b)(3).

Plaintiff moves for this relief ex parte with notice to the defendants so that the requested orders (in particular, the preliminary order of forfeiture) may be entered prior to sentencing, as required by Rule 32.2(b)(2)-(3).

Undersigned counsel contacted Richard Callahan, counsel for Iouri Mikhel and Sonia Chahin, counsel for Jurijus Kadamovas, on February 23, 2007 to inform them of this filing.  Undersigned counsel e-mailed substantially final drafts of the accompanying Memorandum of Points and Authorities and the Preliminary Order of Forfeiture and Personal Money Judgments of Forfeiture to counsel

//
//
//
//
//
//
//
//
//
//

2

on February 23, 2007, requesting that they respond promptly with comments or objections to the drafts.  No responses have been received as of the time this document was prepared for filing.

DATE: February 27, 2007            Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Section
ROBERT E. DUGDALE
Deputy Chief - Organized Crime and Terrorism Section
SUSAN J. DE WITT
KAREN I. MEYER
Assistant United States Attorneys
Organized Crime and Terrorism Section

_____
MONICA E. TAIT
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

3

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

On January 17, 2007, defendants Iouri Mikhel and Jurijus Kadamovas were found guilty of hostage-taking and conspiracy to commit hostage taking, and other crimes (Counts One through Six of the Second Superseding Indictment ("Indictment")).  On February 13, 2007, the jury returned a verdict of death.

Count Seven of the Indictment sought criminal forfeiture of the proceeds of the hostage taking offenses and personal money judgments pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853:

> [E]ach defendant who is convicted of the offenses set
> forth in Counts One through Four of this Indictment
> shall forfeit to the United States . . . [¶] All right,
> title, and interest in any and all property, real or
> personal, which constitutes or is derived from proceeds
> traceable to a violation of Title 18, United States
> Code, Section 1203 (an offense constituting "specified
> unlawful activity" as defined in Title 18, United
> States Code, Section 1956(c)(7)(D)).  Specific property
> subject to forfeiture for the reasons set out above
> includes, but is not limited to, a sum of money equal
> to the total amount of money involved in each offense,
> or conspiracy to commit such offense, for which the
> defendant is convicted.  If more than one defendant is
> convicted of an offense, the defendants so convicted
> are jointly and severally liable for the amount
> involved in such offense.

4

On February 21, 2007, the jury rendered Special Verdicts of Forfeiture on Count 7 of the Second Superseding Indictment ("Indictment"), finding that a total of $1,203,628.00 constitutes or is derived from proceeds traceable to the offenses set forth in Counts One through Four.  Specifically, the jury found that the proceeds from Count One (the conspiracy to commit hostage taking of several victims, including Alexander Umansky, George Safiev, and Nick Kharabadze) were $1,203,628.00; the proceeds from Count Two (relating to Alexander Umansky) were $234,628.00; the proceeds from Count Three (relating to George Safiev) were $969,000.00; and the proceeds from Count Four (relating to Nick Kharabadze) were $969,000.00.  The proceeds from Count One are equal to the sum of the proceeds of the Umansky crime ($234,628.00) and the proceeds from the Safiev and Kharabadze crimes ($969,000.00).

The government now seeks entry of a preliminary order of forfeiture as to the assets and amounts set forth in Count Seven and the jury's Special Verdicts of Forfeiture.  Fed. R. Crim. P. 32.2(b).

## II.    ARGUMENT

Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure provides, in part:

> If the [jury] finds that property is subject to
> forfeiture, [the court] must promptly enter a
> preliminary order of forfeiture setting forth the
> amount of any money judgment or directing the
> forfeiture of specific property . . . .

The defendant's convictions on Counts One through Four and the

5

jury's Special Verdicts of Forfeiture together establish the government's right to forfeit the property described in Count Seven.

Once the government's right to forfeit property has been established, forfeiture is mandatory. <u>United States v. Hill</u>, 167 F.3d 1055, 1073 (6th Cir. 1999), cert. denied, 528 U.S. 872. Therefore, a preliminary order of forfeiture should issue, forfeiting all proceeds of the hostage taking offenses and all property traceable thereto. These general forfeiture provisions are found in the proposed Preliminary Order of Forfeiture at Section I.B(1). In addition, Section I.B.(2) sets forth the government's statutory right to forfeit substitute property under the circumstances set forth in 21 U.S.C. § 853(p).

The proposed Personal Money Judgments of Forfeiture, set forth upon separate documents and referenced in Section I.A of the Preliminary Order of Forfeiture, are based on the jury's Special Verdicts finding that a total of $1,203,628.00 constitutes the proceeds of the hostage taking offenses. The Personal Money Judgment amount the government proposes is $1,039,716.46. This amount, for which defendants are jointly and severally liable, reflects a deduction of $163,911.54 from the amount determined by the jury. The deduction represents the net value of the assets already recovered from the following civil judicial and administrative forfeitures: (1) the government's liquidation of a 2002 Mercedes Benz automobile that was civilly forfeited in a separate case in this district (<u>United States v. One 2002 Mercedes Benz ML55, VIN 4JGAB74E62A290234</u>, CV 02-5773 FMC) ($42,419.58 was the net value recovered); (2) the

6

administrative forfeiture by the Federal Bureau of Investigation ("FBI") of $110,100.00 in seized cash; and (3) the administrative forfeiture of $11,391.96 in bank account funds.  Declaration of Monica E. Tait, at ¶ 2.  Because each of these assets was forfeited on the theory that it constituted part of the proceeds of the hostage taking offenses, the government believes it is appropriate to reduce the money judgments entered in this case by the amounts recovered from these assets.

As a final point relating to the proposed Personal Money Judgments, in its post-judgment collection efforts, the government will consider $229,440.40 of the $1,039,716.46 proposed money judgment amount to have been satisfied by the forfeiture of an additional $229,440.40 the government seized in early 2002 from the accounts of Sierra Technologies and Stenmark Ventures, entities controlled by defendant Mikhel.  These funds were administratively forfeited by the FBI as proceeds of bank fraud, rather than hostage taking.  <u>Tait Decl.</u>, at ¶ 3.  However, the government believes that the funds in fact also constitute part of the proceeds from the hostage takings, and believes it appropriate to consider the money judgments partially satisfied to the extent of the value of these funds.

**III.   THE MECHANICS OF SATISFYING THE FORFEITURE JUDGMENTS**

After entry of the Preliminary Orders of Forfeiture and Personal Money Judgments, if the government at any time (a) discovers additional specific property constituting proceeds, or (b) seeks to forfeit substitute assets pursuant to 21 U.S.C. § 853(p), the outstanding money judgment amount shall be further reduced to the extent any specific property is successfully

7

forfeited.  See Fed. R. Crim. P. 32.2(e)(1).

To that end, Section II.B. of the proposed Preliminary Order of Forfeiture would grant the government authority to conduct discovery to locate such assets, in accordance with 21 U.S.C. § 853(m) and Rule 32.2(b)(3).  Rule 32.2(b)(3) in particular states that the entry of the preliminary order of forfeiture authorizes the government to "conduct *any* discovery the court considers proper in identifying, located, or disposing of the property" (emphasis added).  The government submits that "any discovery" includes all methods of discovery available under the Federal Rules of Civil Procedure to give the government maximum flexibility in carrying out the order of forfeiture.

## IV.  THIRD PARTY RIGHTS, IF ANY, WILL BE DETERMINED AFTER ISSUANCE OF THE PRELIMINARY ORDER OF FORFEITURE AND THE INCLUSION OF SPECIFIC ASSETS

Rule 32.2 provides as follows:

> If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property *without regard to any third party's interest in all or part of it.  Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).*

Fed. R. Crim. P. 32.2(b)(2) (emphasis added).  The ancillary proceeding applies only when specific property is to be forfeited.  Fed. R. Crim. P. 32.2(c)(1)("no ancillary proceeding

8

is required to the extent that the forfeiture consists of a money judgment"). Although the current proposed Preliminary Order of Forfeiture does not identify any specific property at this time, the order may be amended at any time in the future to include such property. Fed. R. Crim. P. 32.2(e).[1] Upon amendment, the third party rights provisions set forth in Section II.C of the proposed order would attach.

## V.    CONCLUSION

Accordingly, the government respectfully requests that the Court enter the preliminary order of forfeiture, authorizing the government to seize the property subject to forfeiture (to the extent it is not already in the government's possession); to conduct discovery as necessary to locate and forfeit additional proceeds of the hostage taking crimes; and, after specific property is seized or made part of the forfeiture order by future amendment, to commence proceedings governing third-party rights. Fed. R. Crim. P. 32.2(b)(3), (e). Following notification of third-parties and completion of any necessary ancillary

//
//
//
//
//
//
//
//

---

[1] The government believes there are assets overseas which may be subject to forfeiture either directly (as proceeds of the crimes) or as substitute assets.

9

proceedings, the government will submit, as appropriate, a final order of forfeiture pursuant to Fed. R. Crim. P. 32.2(c).

DATE: February 27, 2007          Respectfully submitted,

                                 GEORGE S. CARDONA
                                 Acting United States Attorney
                                 THOMAS P. O'BRIEN
                                 Assistant United States Attorney
                                 Chief, Criminal Section
                                 ROBERT E. DUGDALE
                                 Deputy Chief - Organized Crime and
                                 Terrorism Section
                                 SUSAN J. DE WITT
                                 KAREN I. MEYER
                                 Assistant United States Attorneys
                                 Organized Crime and Terrorism
                                 Section

                                 _____
                                 MONICA E. TAIT
                                 Assistant United States Attorney
                                 Asset Forfeiture Section

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

10

<u>DECLARATION OF MONICA E. TAIT</u>

I, MONICA E. TAIT, do hereby declare as follows:

1.    I am an Assistant United States Attorney for the Central District of California.  Since 2002, I have been one of the attorneys responsible for handling forfeiture aspects of the investigation and prosecution of Iouri Mikhel and Jurijus Kadamovas for the matters at issue in this case.  This declaration is based on information and belief based on my review of the government's files and records in this case and my consultation with the FBI's Forfeiture and Asset Seizure unit.

2.    The Personal Money Judgment amount the government has proposed in this case is $1,039,716.46.  This amount reflects a deduction of $163,911.54 from the $1,203,628.00 the jury determined was forfeitable.  The deduction represents the net value of the assets already recovered from the following civil judicial and administrative forfeitures:  (1) the government's liquidation of a 2002 Mercedes Benz automobile that was civilly forfeited in a separate case in this district (<u>United States v. One 2002 Mercedes Benz ML55, VIN 4JGAB74E62A290234</u>, CV 02-5773 FMC) ($42,419.58 was the net value recovered); (2) the administrative forfeiture by the Federal Bureau of Investigation ("FBI") of $110,100.00 in seized cash; and (3) the administrative forfeiture of $11,391.96 in bank account funds.  Each of these assets were forfeited on the theory that they constituted part of the proceeds of the hostage taking offenses.  Therefore, the government believes it is appropriate to reduce the money judgments entered in this case by the amount recovered from these assets.

11

3.   In addition to the assets described in the preceding paragraph, in early 2002 the government seized a total of $229,440.40 from the accounts of Sierra Technologies and Stenmark Ventures, entities controlled by defendant Mikhel.  These funds were administratively forfeited by the FBI as proceeds of bank fraud, rather than hostage taking.  However, the government's evidence shows that the funds in fact also constitute part of the proceeds from the hostage takings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of February, 2007, at Los Angeles, California.

_____
MONICA E. TAIT

12