ORIGINAL

RICHARD P. LASTING, SBN 53950
1717 Fourth Street 3rd Floor
Santa Monica, California 9040-3319
Telephone:    (310) 576-6242
Facsimile:    (310) 576-6247
e-mail:    richardplasting@sbcglobal.net

SONIA E. CHAHIN, SBN 136604
2222 Foothill Boulevard, #E-278
La Canada, California 91011
Telephone:    (818) 549-0149
Facsimile:    (818) 549-0990
e-mail:    sechahin@aol.com

Attorneys for Defendant
JURIJUS KADAMOVAS



FILED
CLERK, U.S. DISTRICT COURT

FEB 2 6 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 02-220(B)-DT |
| Plaintiff, ) | SUPPLEMENTAL FILING IN SUPPORT OF DEFENDANT JURIJUS KADAMOVAS' MOTION FOR A NEW TRIAL AND/ OR ALTERNATIVELY REQUESTING A NEW PENALTY TRIAL AND JOINDER IN MOTION OF CO-DEFENDANT MIKHEL |
| v. ) | |
| JURIJUS KADAMOVAS, ) | |
| Defendant. ) | |

Defendant JURIJUS KADAMOVAS, by and through his counsel of record, Richard P. Lasting and Sonia E. Chahin, hereby files a Supplemental Memoradum of Points and Authorities in support of his previously filed Motion for a New Trial. Additionally, he alternatively requests that this Honorable Court enter an order vacating the penalty returned by the Jury on February 13, 2007, and he requests that another Jury be empaneled to reconsider the penalty to be imposed in this matter.

In addition to the grounds in his initial filing, Mr. JURIJUS KADAMOVAS submits that a new penalty trial is required because he was denied a fair trial based

on (1) the Court's failure to grant a continuance to allow additional time to obtain visas for his family members residing in Lithuania so that they would be present to testify in the penalty trial, (2) based on the Jury's failure to follow the instructions as they were required and charged to do so in returning the penalty verdict, and (3) based on the Court's refusal to order sequential penalty trials.

Mr. KADAMOVAS submits that in addition to the errors addressed in the initial filing, based on the factors outlined herein, a new penalty trial is required in the interest of justice  pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

Mr. KADAMOVAS also joins in the arguments raised by co-defendant IOURI MIKHEL in his Motion for a New Penalty Trial to the extent that those arguments apply to him.

This request is based upon Rule 33 of the Federal Rules of Criminal Procedure, the previously filed Motion for a New Trial, the attached Memorandum of Points and Authorities, all files and records in this case, and such evidence and argument as may be presented to the court at the hearing on this motion.

DATED: February 2(, 2007                Respectfully submitted,


                                        _____
                                        RICHARD P. LASTING
                                        Attorney for Defendant
                                        JURIJUS KADAMOVAS


                                        _____
                                        SONIA E. CHAHIN
                                        Attorney for Defendant
                                        JURIJUS KADAMOVAS

-2-

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.
## <u>STATEMENT OF FACTS</u>

a.  Mr. KADAMOVAS' Inability to Secure the Presence of his Family Members to Testify at the Penalty Trial

The jury returned guilty verdicts against JURIJUS KADAMOVAS on January 17, 2007. After the verdict and again on January 23, 2007 counsel for Mr. KADAMOVAS sought a continuance to provide sufficient opportunity to obtain travel documents for defendant's sister, Svetlana Kadamovas, defendant's wife, Jurate Kadamovas and defendant's 17 year old son, Gabriel Kadamovas to attend and testify for the defense at the penalty trial.  Although the court authorized travel for each of these individuals, the court denied the request for a sufficient continuance of the penalty phase to enable any of them to obtain the visas required for a Lithuanian citizen to enter the United States.  The penalty trial in this matter commenced on January 24, 2007.

On February 5, 2007 counsel for defendant KADAMOVAS learned that Jurate Kadamovas, Svetlana Kadamovas, and Gabriel Kadamovas were all denied visas to enter the United States because they did not have a sufficient amount of money in their bank accounts in Lithuania.  On February 6, 2007 counsel advised the court of this fact and requested that the Court grant a mistrial of the penalty trial because JURIJUS KADAMOVAS was being denied the fundamental right to obtain witnesses necessary for his defense.  The Court denied this request. Without the benefit of having heard the testimony of these witnesses, the Jury returned a verdict of Death.

      b.     The Jury Misconduct in Failing to Determine and Consider the Factors in Mitigation in Accordance With the Jury Instructions

At the penalty trial Mr. KADAMOVAS presented evidence of various mitigating factors. The mitigating factors that Mr. KADAMOVAS submits were proved by a preponderance of the evidence and thus required to be considered in reaching a penalty determination were as follows:

1.     If Jurijus Kadamovas is not put to death, he will spend every day of the rest of his life locked up in a Federal Prison. He will die in a Federal Prison without ever enjoying freedom again.

2.     Jurijus Kadamovas was raised under a communist system of government that devalued the life of the individual.

3.     Jurijus Kadamovas performed honorable military service in the Soviet Union.

4.     Prior to the offenses for which he has been convicted, Jurijus Kadamovas had a history of hard work.

5.     Ainar Altmanis, who is guilty of the same five killings, will not be sentenced to death.

6.     Ainar Altmanis has an agreement with the State of California, that as punishment for the killing of the same individuals, his term of imprisonment will not exceed twenty years.

7.     Jurijus Kadamovas has no prior criminal record.

8.     Jurijus Kadamovas has not engaged in violent or assaultive behavior in almost five years of federal custody.

9.     Jurijus Kadamovas' likelihood for future violence in federal prison is low.

The Court explicitly instructed the jurors regarding the manner in which they were to determine if the mitigating factors had been proved by a preponderance of the evidence, as well as the weighing process each juror was required to undertake after having made these determinations[1]. On February 13, 2007, after a very short period of deliberation, the jury returned a verdict which indicated that zero (0) jurors found that any of Mr. KADAMOVAS' factors in mitigation had been proved by a preponderance of the evidence. Because several of these mitigating factors are irrefutably true, and others were conceded by the Government to be true, these findings demonstrate that the jury did not follow the Court instructions regarding the manner in which they were to determine and consider Mr. KADAMOVAS' evidence in mitigation. Mr. KADAMOVAS joins in co-defendant MIKHEL's request that a new penalty trial should be ordered on this basis.

c.    The Court's failure to grant sequential penalty trials.

JURIJUS KADAMOVAS joined in the motion of Iouri Mikhel for sequential penalty trials. This request, based upon the right of each defendant to an individualized penalty determination, was denied. The jointly conducted penalty trial was marked by the refusal of Iouri Mikhel to be present at any of the proceedings. As in the first part of the trial which culminated in guilty verdicts, the conduct, attitude and contempt for the proceedings and jurors so clearly demonstrated by Mr. Mikhel was prejudicial to the rights of JURIJUS KADAMOVAS.

---

[1]    The Jury penalty instructions with regard to the manner in which the mitigating factors were to be determined and considered are fully described in co-defendant MIKHEL's Motion for a New Penalty Trial, which Mr. KADAMOVAS has joined.

## II.

## ARGUMENT

A.    THE INTERESTS OF JUSTICE REQUIRE THAT A NEW PENALTY TRIAL BE ORDERED SO THAT MR. KADAMOVAS CAN SECURE THE PRESENCE OF HIS FAMILY MEMBERS TO TESTIFY AT THE PENALTY TRIAL

The Supreme Court has long recognized that "death is different," *see e.g., Woodson v. North Carolina,* 428 U.S. 280, 305 (1976), and that as a result, a heightened degree of reliability is required in capital sentencing proceedings. "The qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed." *Lockett v. Ohio,* 438 U.S. 586 (1978) at 604. *See Mills v. Maryland* 488 U. S. 367, 383-84 (1988) noting that " [e]volving standards of societal decency have imposed a correspondingly high requirement of reliability on the determination that death is the appropriate penalty in a particular case." *Eddings v. Oklahoma*, 455 U.S. 104, 117-18 (1982) (O'Connor, J. concurring), finding that "[b]ecause sentences of death are qualitatively different from other sentences, this court has gone to extraordinary measures to ensure that the prisoner sentenced to be executed is afforded process that will guarantee, as much as humanly possible, that the sentence was not imposed out of whim, passion, prejudice or mistake.") (citations and internal quotations marks omitted); *Gregg v. Georgia* 428 U.S. 153, 190 (1976), recognizing that "accurate sentencing information is an indispensable prerequisite to a reasoned determination of whether defendant shall live or die."

JURIJUS KADAMOVAS was denied sufficient time between conviction and commencement of the penalty trial to secure the attendance of critical witnesses, his sister, wife and son, to testify regarding positive aspects of his character and his life. This denial constitutes a violation of due process and

requires that the court set aside the verdict of death.  As explained by the Supreme Court in *Ungar v. Sarafite* 378 U.S. 575 (1964), " a myopic insistence upon expeditiousness in the face of justifiable request for delay can render the right to defense with counsel an empty formality...."

B.    JURIJUS KADAMOVAS JOINS IN CO-DEFENDANT MIKHEL'S ARGUMENT THAT THE JURY COMMITTED MISCONDUCT BY IGNORING THE COURT'S INSTRUCTIONS AND REFUSING TO WEIGH THE AGGRAVATING AND MITIGATING FACTORS IN DETERMINING THE PROPER SENTENCE

As argued by co-defendant MIKHEL, the jurors findings on the Special Verdict form indicate that the jury completely disregarded the Court's instructions provided to guide them regarding how the penalty determination should be made. With respect to Mr. KADAMOVAS, despite the fact that several of the Mitigating Factors were irrefutably true, and others were conceded to be true by the Government, the Special Verdict form indicates that not one juror found even one factor to have been proved by a preponderance of the evidence.

Mr. KADAMOVAS submits that the following Mitigating Factors are either irrefutably true, or were conceded to be true by the Government:

**Mitigating Factor One**- Mr. Kadamovas is not put to death, he will spend every day of the rest of his life locked up in a Federal Prison.  He will die in a Federal Prison without ever enjoying freedom again.

At page 53 and 59 of the transcript of 2/9/07, the Government conceded that this was true, and that if the Jury did not sentence Mr. KADAMOVAS to death, he would spend the rest of his life in prison. [RT 2/9/07, 53, 59] Despite this statement, not one juror found this mitigating factor to have been proven by a preponderance of the evidence.

**Mitigating Factor Two**- Jurijus Kadamovas was raised under a communist

-7-

system of government that devalued the life of the individual.

At page 59 and 60 of the transcript of 2/9/07, the Government conceded that this Mitigating Factor might be true. [RT 2/9/07, 59-60] Again, not one juror found this mitigating factor to have been proven by a preponderance of the evidence.

**Mitigating Factor Three**- Jurijus Kadamovas performed honorable military service in the Soviet Union.

Mr. KADAMOVAS presented affirmative evidence on this point in the form of a letter establishing his honorable military service, as a musician, in the Soviet Army. Additionally, at page 59 and 60 of the transcript of 2/9/07, the Government conceded that this Mitigating Factor might be true. [RT 2/9/07, 59-60] Again, not one juror found this mitigating factor to have been proven by a preponderance of the evidence.

**Mitigating Factor Five**- Ainar Altmanis, who is guilty of the same five killings, will not be sentenced to death.

This factor is irrefutably true <u>beyond</u> <u>all</u> <u>doubt</u>, and conceded by the Government at page 48 of the 2/9/07 transcript. [RT 2/9/07, 48] Nevertheless, not a single juror found this to have been proven by a preponderance of the evidence.

**Mitigating Factor Six**- Ainar Altmanis has an agreement with the State of California, that as punishment for the killing of the same individuals, his term of imprisonment will not exceed twenty years.

This factor, similarly, is irrefutably true <u>beyond</u> <u>all</u> <u>doubt</u>, and conceded by the Government at page 48 of the 2/9/07 transcript. [RT 2/9/07, 48] Nevertheless, again, not a single juror found this to have been proven by a preponderance of the evidence.

**Mitigating Factor Seven**- Jurijus Kadamovas has no prior criminal record. Mr. KADAMOVAS presented affirmative evidence on this point in the form of a letter establishing that he has no record of a prior criminal history in Lithuania.

- 8 -

Additionally, at page 61 of the transcript of 2/9/07, the Government conceded that this Mitigating Factor may be true. [RT 2/9/07, 61] Despite this, however, not one juror found this mitigating factor to have been proven by a preponderance of the evidence.

The bottom line is that either the jury instructions have some meaningful role in this process, or else they have no meaning whatsoever. While the jurors are given the discretion to decide the penalty to be imposed, this discretion is not unfettered. The jurors must be guided by rules of law embodied in the instructions, instructions which this Jury either completely disregarded or ignored. This Jury's Special Verdict demonstrates that they fundamentally misunderstood the manner in which they were to go about reaching a penalty determination and the manner in which they were to have considered the evidence in mitigation in reaching their decision. A new penalty trial should be ordered.

C.   THE PREJUDICIAL IMPACT OF CO-DEFENDANT IOURI MIKHEL'S TESTIMONY IN THE GUILT PHASE AND HIS CONDUCT IN THE PENALTY PHASE DEPRIVED MR. KADAMOVAS OF A FAIR PENALTY DETERMINATION

Mr. KADAMOVAS has fully described the prejudicial impact of co-defendant IOURI MIKHEL's testimony in his initial filing, and that information will not be reiterated here. He submits that the prejudice to him described in the initial filing, also deprived him of receiving a fair determination in this matter. Although the guilt phase trial in this matter was lengthy, Mr. MIKHEL's three days of stricken testimony occurred at the end of the guilt phase trial, on January 3rd, 4th and 5th , 2007.  Mr. KADAMOVAS submits IOURI MIKHEL's stricken prejudicial testimony remained firmly ingrained in each juror's mind when they

rendered their penalty decision only five weeks later. Mr. MIKHEL then continued his display of contempt for the judicial system and the jurors by absenting himself from all of the penalty proceedings. For all the reasons described in the initial filing both a new guilt phase and penalty phase trial should be ordered.

### III.
### CONCLUSION

For the foregoing reasons, as well as those outlined in his initial filing, JURIJUS KADAMOVAS hereby requests that this Honorable Court enter an order vacating the conviction in this matter, and ordering that a new trial date be set in this matter.

Alternatively, Mr. KADAMOVAS submits that if the Motion for A New Guilt Phase Trial is denied, the Court should enter an order vacating the verdict of Death returned on February 13, 2007, and order that a date for a new Penalty Phase trial be set in this matter.

DATED: February 24, 2007

RICHARD P. LASTING
Attorney for Defendant
JURIJUS KADAMOVAS

DATED: February 20, 2007

SONIA E. CHAHIN
Attorney for Defendant
JURIJUS KADAMOVAS

## CERTIFICATE OF SERVICE

I, Richard P. Lasting hereby declare:

That I am employed in the County of Los Angeles, State of California; that my business address is 1717 Fourth St. Suite 300, Santa Monica, CA 90401; that I am over the age of eighteen and not a party to the within entitled action; that I am a member of the bar of this Court.

On February 26, 2007, I served a copy of: SUPPLEMENTAL FILING IN SUPPORT OF DEFENDANT JURIJUS KADAMOVAS' MOTION FOR A NEW TRIAL AND/OR ALTERNATIVELY REQUESTING A NEW PENALTY TRIAL AND JOINDER IN MOTION OF CO-DEFENDANT MIKHEL
Service was:

[x]     Placed in a sealed envelope and mailed via United States Mail, addressed as follows:

[]     By hand delivery addressed as follows:

[ ]     By facsimile as follows:

[ ]     By messenger as follows:

Robert E. Dugdale
Assistant United States Attorney
1500 United States Courthouse
312 N. Spring St.
Los Angeles, CA 90012

and Attached Service List by email pursuant to agreement.

This Certificate is executed on February 26, 2007  at Santa Monica, California. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

RICHARD P. LASTING
Attorney At Law

<u>United States v. Jurijus Kadamovas.</u>
CR No. 02-220(B)-DT

Sonia Chahin, Esq.
2222Foothill Blvd. Ste E-278
La Canada, CA 91011
(818) 549-0149 Office
(818) 549-0990 FAX
Attorney for Jurijus Kadamovas
SEChahin@aol.com

Dale Rubin, Esq. (Capital Counsel)
2275 Huntington Drive, Suite 902
Pasadena, CA 91101
Attorney for Iouri Mikhel
(800) 695-3717 Office
(413) 228-3717 FAX
drubin@socal.rr.com

Richard M. Callahan, Esq.
230 E. Colorado Blvd., Suite 1200
Pasadena, CA 91101
Attorney for Iouri Mikhel
(626) 202-4060 Office
(626) 794-4676 FAX
rmcallahanjr@earthlink.net

David Evans, Esq. (Capital Counsel)
600 South Lake Avenue
Pasadena, CA 91106
Attorney for Petro Krylov
(626) 432-5100 Office
(626) 432-5100 FAX
dre@drelaw.com

George Buehler , Esq.
350 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Attorney for Petro Krylov
(213) 625-3900, x128 Office
(213) 625-1600 FAX
buehler@geragos.com