FILED
CLERK, U.S. DISTRICT COURT

FEB 21 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 02-220(B)-DT |
| Plaintiff, | ) | COURT'S JURY INSTRUCTIONS RE: CRIMINAL FORFEITURE COUNT |
| v. | ) | |
| IOURI MIKHEL and JURIJUS KADAMOVAS, | ) | (CLEAN SET) |
| Defendants. | ) | |



DICKRAN TEVRIZIAN

2/21/07

## <u>FORFEITURE INSTRUCTION NO. 1</u>

Members of the Jury, in view of your verdicts that defendants IOURI MIKHEL and JURIJUS KADAMOVAS are guilty of conspiracy to commit hostage taking and hostage taking as set forth in Counts One through Four of the Second Superseding Indictment, you have one more task to perform before you are discharged.

Under federal law, any person who is convicted of hostage taking or conspiracy to commit hostage taking shall forfeit to the United States all property, real or personal, that constitutes or is derived from proceeds traceable to such offenses, whether or not that property has been or can be seized by the government.

The government is entitled to a personal money judgment against a defendant for an amount equal to the value of all property that constitutes or is derived from proceeds traceable to the offenses.  In this case, the government alleges that the value is as follows:

| | |
|---|---|
| Count One (conspiracy): | $ 1,203,628 |
| Count Two (re: Alexander Umansky): | $ 234,628 |
| Count Three (re: Nick Kharabadze): | $ 969,000 |
| Count Four (re: George Safiev): | $ 969,000 |

It is up to you, however, to determine the value of such property or proceeds for each offense.

I instruct you, however, that your previous finding that the defendants are guilty of conspiracy to commit hostage taking and hostage taking is final, conclusive, and binding.

All of my previous instructions regarding the burden of proof, direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

Specifically, during the trial of defendants' guilt, I instructed you on the definition of the phrase "proof beyond a reasonable doubt." That same definition applies in this portion of the case involving the government's criminal forfeiture count. Let me repeat that definition as it applies to the government's burden of proof as to the criminal forfeiture Count. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the facts supporting criminal forfeiture exist. It is not required that the government prove the existence of this Count beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from a lack of evidence.

3

## FORFEITURE INSTRUCTION NO. 2

I instruct you that "proceeds" means property of any kind obtained, directly or indirectly, as the result of the commission of the offenses, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.  The proceeds of hostage taking or conspiracy to commit hostage taking is therefore the total or "gross" amount obtained, not just the net profit the defendants may have made.

## FORFEITURE INSTRUCTION NO. 3

It is the government's burden to establish whether property is subject to forfeiture and the value of any proceeds that are traceable to the offenses.  You should find that the government has met its burden if it has established the value of any proceeds traceable to the offenses beyond a reasonable doubt.

## FORFEITURE INSTRUCTION NO. 4

While deliberating, you may consider any evidence offered by the parties at any time during the trial.

## FORFEITURE INSTRUCTION NO. 5

The government is entitled to a judgment against the defendants for an amount of money equal to the value of the property that constitutes or is derived from proceeds traceable to the offenses.  Regarding a count for which the government requests a money judgment, it is your duty to determine whether the amount asserted by the government constitutes or is derived from proceeds traceable to the offense.

## FORFEITURE INSTRUCTION NO. 6

Your verdict that this property is subject to forfeiture must be unanimous: that is, everyone must agree that the evidence proves beyond a reasonable doubt the value of the property that constitutes or is derived from proceeds traceable to each offense.

The special verdict form asks you to specify the value of the property you decide constitutes or is derived from proceeds traceable to each count. You may answer by putting an "X" or check mark in the space provided next the words "YES" or "NO." If your answer is "NO," you must then answer a follow-up question and write the answer on the blank line provided. The foreperson must then sign and date the special verdict forms.

When answering the questions, you may find that you decide that certain amounts are proceeds of more than one violation. Even if you find that any given amount is in fact subject to forfeiture for more than one reason, that does not mean that the government will receive that sum twice. It is important, however, that you indicate on the special verdict form all bases on which you find amounts subject to forfeiture. Any issue of double-counting will be considered by the Court.

8