GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Section
ROBERT E. DUGDALE (California State Bar No. 167258)
Deputy Chief – Organized Crime and Terrorism Section
SUSAN J. DE WITT (California State Bar No. 132462)
KAREN I. MEYER (California State Bar No. 220554)
Assistant United States Attorneys
Organized Crime and Terrorism Section
MONICA E. TAIT (California State Bar No. 157311)
Assistant United States Attorney
Asset Forfeiture Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4685/4496/8559/2931
     Facsimile:  (213) 894-3713
     e-mail:   robert.dugdale@usdoj.gov
               susan.dewitt@usdoj.gov
               kim.meyer@usdoj.gov
               monica.tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA


                 UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 02-220(B)-DT |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| IOURI MIKHEL and | ) | |
| JURIJUS KADAMOVAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

     Upon consideration of the application of plaintiff United

States of America for a preliminary order of forfeiture and

personal money judgment of forfeiture; the guilty verdicts

against defendants IOURI MIKHEL and JURIJUS KADAMOVAS on Counts One through Six of the Second Superseding Indictment ("Indictment"); and the Special Verdicts of Forfeiture rendered by the jury against each defendant on Count Seven of the Indictment, this court ORDERS as follows:

**I.   FORFEITABLE PROPERTY**

The following property is subject to forfeiture to the United States:

**A.   Money Judgment**: As a result of the offenses set forth Counts One through Four for which defendants have been found guilty, Personal Money Judgments of Forfeiture in the amount of $1,039,716.46 shall be entered against defendants IOURI MIKHEL and JURIJUS KADAMOVAS, jointly and severally.

**B.   General Criminal Forfeiture Order**: Defendants IOURI MIKHEL and JURIJUS KADAMOVAS shall also forfeit the following property, which has not yet been fully identified or located:

(1) All right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1203 (i.e., Counts One through Four of the Indictment) for which defendants have been convicted; and

(2)  Substitute property, up to $1,039,716.46, if by any act or omission of any of the defendants the property described in paragraph I.B(1), or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been

substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

## II.  IMPLEMENTATION

IT IS FURTHER ORDERED as follows:

A.   Upon the entry of this Order, and pursuant to Fed. R. Civ. P. 32.2(b)(3) and 21 U.S.C. § 853(g), the United States Attorney General (or a designee) is authorized to seize the Property identified in Section I above.  To the extent the United States at any time identifies specific property subject to forfeiture pursuant to Section I.B above, the United States shall apply for a seizure warrant to seize such property in the manner set forth in 21 U.S.C. § 853(f), and shall move to amend this or any other then-existing order of forfeiture in this matter to include such property, pursuant to Fed. R. Civ. P. 32.2(e).

B.   Upon entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of property subject to forfeiture pursuant to Section I.B above ("Section I.B. property"), in accordance with 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.  "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

C.   Upon entry of this Order, and after amendment of the applicable order of forfeiture in this matter to include specifically identified Section I.B. property, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third

3

party rights, including giving notice of this and any other Order affecting such property.  The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

(1)   Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal shall forthwith publish once in a newspaper of general circulation notice of this order and any other Order affecting such Section I.B. property, notice of the Marshal's intent to dispose of such property in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the Section I.B. property (only) must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Section I.B. property. *Provided*, no notice or ancillary proceeding is required to the extent that this Order consists of a money judgment against the defendants.  Fed. R. Crim. P. 32.2(c)(1).

(2)   Any person, other than the above named defendants, asserting a legal interest in the Section I.B. property only, may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Section I.B. property, and for an amendment of the

4

order of forfeiture, pursuant to 21 U.S.C. § 853(n).

(3)   Any petition filed by a third party asserting an interest in the Section I.B. property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

(4)   After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that such discovery is necessary or desirable to resolve factual issues.

(5)   The United States shall have clear title to the Section I.B. property following the Court's disposition of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

D.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to defendants IOURI MIKHEL and JURIJUS KADAMOVAS at the time of sentencing and shall be made part of their sentences and included in their judgments.

E.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

F.   The Clerk of the Court shall forward four certified copies of this order to Assistant U.S. Attorney Monica E. Tait.

DICKRAN TEVRIZIAN

DATED: March 1, 2007       _____
                           THE HONORABLE DICKRAN TEVRIZIAN
                           UNITED STATES DISTRICT JUDGE

PRESENTED BY:

GEORGE S. CARDONA
Acting United States Attorney

_____
MONICA E. TAIT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA