DEBRA WONG YANG
United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Section
ROBERT E. DUGDALE (California State Bar No. 167258)
Deputy Chief - Organized Crime and Terrorism Section
SUSAN J. DE WITT (California State Bar No. 132462)
KAREN I. MEYER (California State Bar No. 220554)
Assistant United States Attorneys
Organized Crime and Terrorism Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4685/4496/8559
     Facsimile:  (213) 894-3713
     e-mail:  robert.dugdale@usdoj.gov
              susan.dewitt@usdoj.gov
              kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 02-220(B)-DT |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SENTENCING |
| | ) | POSITION PAPER FOR DEFENDANT |
| v. | ) | JURIJUS KADAMOVAS |
| | ) | |
| IOURI MIKHEL and | ) | Sentencing Date:  3/12/07 |
| JURIJUS KADAMOVAS, | ) | Time:  8:30 a.m. |
| | ) | |
| Defendants. | ) | Courtroom of the Honorable |
| | ) | Dickran Tevrizian |
| | ) | |
| | ) | |

I.

INTRODUCTION

On January 17, 2007, the jury convicted defendant Jurijus Kadamovas ("defendant") of one count of Conspiracy to Take Hostages Resulting in Death (Count One), three counts of hostage-taking resulting in death involving the abductions and murders of Alexander Umansky, Nick Kharabadze, and George Safiev (Counts Two, Three, and Four), Conspiracy to Launder Monetary Instruments (Count Five), and Conspiracy to Escape from Custody (Count Six). Four of these counts were offenses that carried a possible punishment of death, and on February 13, 2007, the jury unanimously voted to sentence defendant to death for these four capital offenses. This memorandum will briefly address (1) the language that the government believes should be put in the judgment and commitment order concerning the four capital counts for which defendant was convicted; and (2) the government's sentencing recommendation as to the two non-capital counts for which defendant was convicted.

II.

THE GOVERNMENT'S SENTENCING RECOMMENDATION

A.   THE LANGUAGE THAT THE GOVERNMENT RECOMMENDS BE INCLUDED IN THE JUDGMENT AND COMMITMENT ORDER TO REFLECT THE FACT DEFENDANT WILL BE SENTENCED TO DEATH

On February 13, 2007, the jury unanimously concluded that defendant should be sentenced to death for the four capital offenses alleged in the Second Superseding Indictment. The jury's verdict is binding on this Court. See 18 U.S.C. §§ 3591(a) and 3594. The government recommends that the following language be included in defendant's judgment and

1

commitment order to reflect the death sentence returned by the jury:

"Pursuant to the jury verdict, returned on the 17th day of January, 2007, finding the defendant, JURIJUS KADAMOVAS, guilty of each of the counts in the Second Superseding Indictment, the defendant is adjudged guilty of each of the following offenses: (1) Conspiracy to Take Hostages Resulting in Death, in violation of 18 U.S.C. § 1203 (Count One); (2) the Hostage-Taking Resulting in the Death of Alexander Umansky, in violation of 18 U.S.C. § 1203 (Count Two); (3) the Hostage-Taking Resulting in the Death of Nick Kharabadze, in violation of 18 U.S.C. § 1203 (Count Three); (4) the Hostage-Taking Resulting in the Death of George Safiev, in violation of 18 U.S.C. § 1203 (Count Four); (5) Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Five); and (6) Conspiracy to Escape from Custody, in violation of 18 U.S.C. § 981(a) (Count Six).

Pursuant to the Federal Death Penalty Act of 1994, 18 U.S.C. §§ 3591-3595 and the Special Findings of the jury, returned on the 13th day of February, 2007, and the jury's unanimous vote recommending that the defendant, JURIJUS KADAMOVAS, shall be sentenced to death on each of Counts One, Two, Three, and Four, it is the Judgment of the Court that the defendant, JURIJUS KADAMOVAS, is sentenced to death separately on each of Counts One, Two, Three, and Four of the Second

2

Superseding Indictment.

Pursuant to the provisions of 18 U.S.C. § 3596, it is Ordered that the defendant, JURIJUS KADAMOVAS, be committed to the custody of the Attorney General of the United States until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence.  When the sentence is to be implemented, the Attorney General shall release the defendant to the custody of the United States Marshal, designated by the Director of the United States Marshal Service, who shall supervise implementation of the sentence in the manner prescribed by the law of the State of California or Indiana.

It is further ordered that the sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons."

B.    THE GOVERNMENT'S SENTENCING RECOMMENDATION AS TO THE TWO NON-CAPITAL COUNTS FOR WHICH DEFENDANT HAS BEEN CONVICTED

In addition to the four capital counts for which defendant has been convicted, defendant was also convicted of two non-capital offenses, conspiracy to launder monetary instruments (Count Five) and conspiracy to escape from federal custody (Count Six).  The government agrees that the sentences for these two counts should run concurrently with the death sentences imposed as to Counts One, Two, Three, and Four.

The government recommends that defendant be sentenced to a 240 month term of imprisonment for his money laundering

3

offense, to run concurrently with the capital counts alleged in Counts One through Four. This is the statutory maximum sentence defendant faces for this offense. However, such a sentence is warranted in light of the fact that (1) defendant's advisory Sentencing Guidelines sentence for this offense is life imprisonment and thus greatly exceeds the statutory maximum sentence for this offense;[1] and (2) all of the other factors under 18 U.S.C. § 3553(a) favor the imposition of that sentence.

The government further recommends that defendant receive a 60 month term of imprisonment for the conspiracy to escape charged in Count Six of the indictment. The advisory sentencing guideline range for this offense, not accounting for adjustments for a defendant's role in the offense, is 12-18 months for a defendant at Criminal History Category I.[2] However, it is the government's position that the circumstances of this offense, including its complexity and the danger posed by the contemplated jailbreak from the

---

[1] The base offense level for a money laundering offense is the offense level for the underlying offense from which the laundered funds were derived if the defendant committed the underlying offense. See U.S.S.G. § 2S1.1(a)(1). The laundered funds in this case were derived from the hostage takings resulting in the deaths of Alexander Umansky, George Safiev, and Nick Kharabadze. The base offense level for this crime is offense level 43. (See U.S.S.G. § 2A4.1(c) recognizing that the applicable Sentencing Guideline section for a kidnaping offense that involves a murder is U.S.S.G. § 2A1.1 which establishes a base offense level of 43). At offense level 43 and Criminal History Category I, the advisory sentence under the Sentencing Guidelines is life imprisonment. This exceeds the statutory maximum sentence for a violation of 18 U.S.C. § 1956(h), which is 20 years.

[2] The base offense level for an escape offense is 13. See U.S.S.G. § 2P1.1.

4

Metropolitan Detention Center involving defendant, warrants a higher sentence. Moreover, the factors listed under 18 U.S.C. § 3553(a) this Court must consider at sentencing, warrant a higher sentence than the advisory Sentencing Guidelines sentence for this offense.

III.

CONCLUSION

In light of the foregoing and the jury's verdict, defendant Jurijus Kadamovas should be sentenced to death under Counts One, Two, Three, and Four of the Second Superseding Indictment. In addition, he should receive a 240-month term of imprisonment as to Count Five and a 60-month sentence as to Count Six, to run concurrently with his death sentences. Finally, defendant should be ordered to pay a $600 special assessment.[3]

DATED: March 8, 2007        Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

_____

ROBERT E. DUGDALE
SUSAN J. DE WITT
KAREN I. MEYER
Assistant United States Attorney
Organized Crime and Terrorism
Section

Attorneys for Plaintiff
United States of America

---

[3] The judgment as to the forfeiture count alleged in the indictment (Count Seven) has been handled through a separate pleading filed by the government.

5