RICHARD P. LASTING, SBN 53950
1717 Fourth Street 3rd Floor
Santa Monica, California 90401
Telephone:    (310) 576-6242
Facsimile:    (310) 576-6247
e-mail:    richardplasting@sbcglobal.net

SONIA E. CHAHIN, SBN 136604
2222 Foothill Boulevard, #E-278
La Canada, California 91011
Telephone:    (818) 549-0149
Facsimile:    (818) 549-0990
e-mail:    sechahin@aol.com

Attorneys for Defendant
JURIJUS KADAMOVAS

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 02-220(B)-DT |
| Plaintiff, ) | REPLY TO GOVERNMENT'S OPPOSITION TO SUPPLEMENTAL MOTION FOR NEW TRIAL |
| v. ) | |
| JURIJUS KADAMOVAS, ) | |
| Defendant. ) | Date: March 12, 2007 Time: 8:15 a.m. Place: Courtroom of the Honorable Dickran Tevrizian |

Defendant Jurijus Kadamovas hereby replies to the government's opposition

to his supplemental motion for a new trial.

DATED: March 9, 2007                    Respectfully submitted,


RICHARD P. LASTING
Attorney for Defendant
JURIJUS KADAMOVAS

The government opposes defendant's supplemental motion for new trial asserting that the court properly exercised its discretion in denying defendant's motion to continue the penalty trial for a sufficient time to permit defendant's family to obtain visas for travel to the United States in order to testify at the penalty trial, that the jury acted properly in rejecting defense evidence in mitigation and that the joint penalty trial did not preclude individual consideration of the appropriate penalty to be imposed on Mr. Kadamovas.

As to each of these assertions the government is wrong. Each of the grounds presented by defendant individually and collectively entitle him to a new penalty trial wherein his evidence can be fully presented and properly considered by the jury.

The government asserts the court acted properly in its decision denying a continuance for the penalty trial. They claim the defense failed to act with diligence in its efforts to secure the attendance of defendant's family as penalty trial witnesses.

Counsel initially sought a delay in the commencement of the penalty trial so as to afford an opportunity to arrange the presence of defendant's wife, son and sister as penalty witnesses. The government objected to the requested delay. Thereafter counsel undertook efforts to secure the attendance of the witnesses. These efforts failed when the United States government refused to issue travel authorization to the witnesses on the spurious grounds that they lacked sufficient wealth to be allowed to enter the United States. This action by the same government who now contends it is appropriate to execute Mr. Kadamovas is unconscionable. The efforts to fault the defense for the actions of the government is, to put it simply, without merit.

While it is correct that the jury need not credit evidence presented in mitigation in the penalty trial, it is not correct that the jury may nullify its duty to determine if facts in mitigation have been proved by a preponderance of the

evidence. The jury may not simply abandon its obligation as a fact finder. Yet that is precisely what the jury did in this case. The government's reliance on *United States v. Higgs,* 353 F. 3d 281, 327 (4th Cir. 2003) and *United States v. Paul,* 217 F. 3d 989, 999-1000 (8th Cir. 2000) is misplaced. Those cases address the issue of a jury's failure to find as a mitigating fact that a co-defendant not sentenced to death was equally culpable. Each decision is based on case specific factors.

Here the jury never got to the issue of equal culpability because of its refusal to properly resolve the initial question of whether the defense had proved that co-defendant Altmanis was not going to receive a sentence of death. Likewise the jury refused to accept as having been proved by a preponderance of the evidence that Mr. Kadamovas did not have a prior criminal record.

18 U.S.C. § 3592 (a)(5) mandates that a jury in determining whether a sentence of death is to be imposed <u>shall</u> consider the fact that the defendant did not have a significant prior history of other criminal conduct. This mandate was disregarded by the jury. Not a single juror found that the fact that Mr. Kadamovas had no prior record, although true and not disputed, was proved by a preponderance of the evidence. Having rejected its truth, they clearly did not consider this fact in reaching their penalty verdict. The cavalier attitude of the jury toward the evidence presented in mitigation as well as the Court's instructions on how to evaluate mitigation infected the entire process of penalty determination. The jury rejected the Court's instructions and acted in a manner that precluded consideration of evidence that was both statutorily and constitutionally relevant. This serious misconduct requires the granting of a new penalty trial.

The government's view that Mr. Kadamovas was not denied due process when required to participate in a joint penalty trial with co-defendant Mikhel is short sighted. The speed with which the death verdicts were returned and the failure to credit any of his mitigating factors as having been proved by a

-4-

preponderance of the evidence is a strong indication of the prejudice resulting from a joint penalty proceeding with Mikhel.  One cannot turn a blind eye to the actions of Mikhel throughout the proceedings and the obvious negative spillover onto Mr. Kadamovas that resulted.

Dated: March 9, 2007

Respectfully submitted,

RICHARD P. LASTING
Attorney for Defendant
JURIJUS KADAMOVAS

## CERTIFICATE OF SERVICE

I, Richard P. Lasting hereby declare:

That I am employed in the County of Los Angeles, State of California; that my business address is 1717 Fourth St. Suite 300, Santa Monica, CA 90401; that I am over the age of eighteen and not a party to the within entitled action; that I am a member of the bar of this Court.

On March 11, 2007, I served a copy of: REPLY TO GOVERNMENT'S OPPOSITION TO SUPPLEMENTAL MOTION FOR NEW TRIAL Service was:

[x]    Placed in a sealed envelope and mailed via United States Mail, addressed as follows:

[]    By hand delivery addressed as follows:

[ ]    By facsimile as follows:

[ ]    By messenger as follows:

[x]    By e-mail

Robert E. Dugdale
Assistant United States Attorney
1500 United States Courthouse
312 N. Spring St.
Los Angeles, CA 90012

and Attached Service List by email pursuant to agreement.

This Certificate is executed on March 11, 2007 at Santa Monica, California. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

RICHARD P. LASTING
Attorney At Law

<u>United States v. Jurijus Kadamovas.</u>
CR No. 02-220(B)-DT

Sonia Chahin, Esq.
2222Foothill Blvd. Ste E-278
La Canada, CA 91011
(818) 549-0149 Office
(818) 549-0990 FAX
Attorney for Jurijus Kadamovas
SEChahin@aol.com

Dale Rubin, Esq. (Capital Counsel)
2275 Huntington Drive, Suite 902
Pasadena, CA 91101
Attorney for Iouri Mikhel
(800) 695-3717 Office
(413) 228-3717 FAX
drubin@socal.rr.com

Richard M. Callahan, Esq.
230 E. Colorado Blvd., Suite 1200
Pasadena, CA 91101
Attorney for Iouri Mikhel
(626) 202-4060 Office
(626) 794-4676 FAX
rmcallahanjr@earthlink.net

David Evans, Esq. (Capital Counsel)
600 South Lake Avenue
Pasadena, CA  91106
Attorney for Petro Krylov
(626) 432-5100  Office
(626) 432-5100 FAX
dre@drelaw.com

George Buehler , Esq.
350 South Grand Avenue, Suite 3900
Los Angeles, CA  90071
Attorney for Petro Krylov
(213) 625-3900, x128 Office
(213) 625-1600 FAX
buehler@geragos.com