UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO(s):  02-0313-M-2 |
| ) | CR-02-220 |
| Plaintiff, ) | |
| ) | CRIMINAL |
| vs. ) | |
| ) | Los Angeles, California |
| JURIJUS KADAMOVAS, ) | |
| ) | Friday, March 1, 2002 |
| Defendant. ) | |

DETENTION HEARING

BEFORE THE HONORABLE STEPHEN J. HILLMAN,
UNITED STATES MAGISTRATE JUDGE

<u>APPEARANCES</u>:

For the United States:   KAREN MEYERS, ESQ
                         Assistant United States Attorney
                         312 North Spring Street
                         Los Angeles, CA 90012

For the Defendant:       JEFFREY WEISS, ESQ
                         Murphy & Gold
                         4640 Lankershim Blvd., Suite 699
                         North Hollywood, CA 91602

Courtroom Deputy:        Sandra Butler

Court Reporter:          Taped; #02-21

Transcribed by:          Exceptional Reporting Services, Inc.
                         14493 S. Padre Island Drive
                         Suite A-400
                         Corpus Christi, TX 78418-5940
                         361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**<u>Los Angeles, California; Friday, March 1, 2002</u>**

**(Official interpreter utilized for translation)**

**(Call to Order)**

**MS. MEYER:**  The government apologizes both to the Court and defense counsel for requesting a continuance on such short notice.

**THE COURT:**  Thank you.

**MR. WEISS:**  Good afternoon, your Honor, Jeffrey Weiss appearing for the defendant.

**THE COURT:**  All right.  What is the status of the transcripts?

**MR. WEISS:**  We received it, your Honor.  We're going to submit on the transcript.  I'll submit on my argument that I've made.  The only thing I would like to add, though, is that if the Court will not release him on a home detention, that a reasonable bail be set.  And I'll submit on the argument that I made last week.

**THE COURT:**  All right.  Any further comments?

**MS. MEYER:**  Your Honor, the government will submit on the proffer it gave at the prior hearing.

**THE COURT:**  And the proffer was the pretrial report and the complaint and affidavit?

**MS. MEYER:**  Correct, your Honor.  And the government did proffer additional testimony that one, being the transcript of a conversation between the defendant and Iouri Mikhel

referencing the photograph of an ear and that was the transcript that was provided to defense counsel yesterday.

It also proffered the fact that defendant's vehicle, the Mercedes, contained presumptive test of human blood on the front and back seats.

THE COURT:  All right.  Any response?

MR. WEISS:  Yes, your Honor, as stated at the last hearing, is that as far as the blood in the vehicle, this is a brand new vehicle, way after the facts of everything that's in all the tapes.  The affidavit is very thin and there's very little that applies even with what is proffered by the U.S. Attorney, there's still a very thin complaint or a very thin affidavit.  And based on that, that's why we're asking for either house detention or reasonable bail.

THE COURT:  The government's motion is granted.  The defendant is ordered detained prior to trial.  Do you have the dates that have been set, counsel?

MR. WEISS:  Yes, your Honor.

MS. MEYER:  Yes, your Honor, we have those dates.

THE COURT:  All right.  Thank you.

   (Court attends to other matters)

MR. WEISS:  I forgot to address the issue of requesting that he be allowed to remain at MBC.  Although the Court last time requested it, they did immediately send him up to Bakersfield, but there's a lot of information I had to deal

4

with my client, as far as there's a lot of patient transcriptions, plus with his family.  The government took away both vehicles that he owns, so it's very difficult for his wife to get up there to see him in Bakersfield and, of course, I need to be able to meet with him.

THE COURT:  I will at this point recommend if there's available room and the facility meets the security requirements, I will recommend that he be remanded to MBC.

MS. MEYER:  Your Honor, just for the record, the government opposes that.

THE COURT:  Both of you are free to contact the warden to make your positions known.  I will not order it at this time.  Is there a particular reason why the government opposes MBC?

MS. MEYER:  Your Honor, first of all, as a matter of course, we don't believe that we're in a position to advise the Bureau of Prisons as to how it should house these individuals.

THE COURT:  Of course.  But is there any specific -- in this case -- any specific concern that you have?

MS. MEYER:  No, your Honor.

THE COURT:  All right.  That will be the recommendation.

**(Proceeding was adjourned)**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____          <u>April 15, 2009</u>

         Signed                                              Dated


*TONI HUDSON, TRANSCRIBER*