**JAL**

# United States District Court
## Central District of California

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**AMERICA vs.**

**MIKHEL**

Docket No. __CR 02-220(B)-DT__

Social Security No. __ __ __ __
(Last 4 digits)

akas: _____

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

|  | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 03 | 12 | 2007 |

**COUNSEL** | [X] **WITH COUNSEL** _Richard Callahan, appointed/Dale Rubin, appointed_
(Name of Counsel)

**PLEA** | [X] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] **NOLO CONTENDERE** [ ] **NOT GUILTY**

**FINDING** | There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy to Take Hostages Resulting in Death, and Hostage-Taking Resulting in Death in violation of 18 USC 1203 as to Counts 1, 2, 3, and 4 of the Second Superseding Indictment; Conspiracy to Launder Monetary Instruments in violation of 18 USC 1956(h) as to Count 5 of the Second Superseding Indictment; Conspiracy to Escape from Custody in violation of 18 USC 371 as to Count 6 of the Second Superseding Indictment; and Criminal Forfeiture in violation of 18 USC 981(a)(1)(C), 21 USC 853 and 28 USC 2461(c) as to Count 7 of the Second Superseding Indictment

**JUDGMENT AND PROB/ COMM ORDER**

Guilt phase verdicts as to defendants, **Iouri Mikhel** and Jurijus Kadamovas, were unanimously delivered by the jury and published, filed and recorded by the Court on January 17, 2007.

Penalty phase verdicts as to defendants, **Iouri Mikhel** and Jurijus Kadamovas, were delivered by the jury and published, filed and recorded by the Court on February 13, 2007.

Forfeiture phase verdicts as to defendants, **Iouri Mikhel** and Jurijus Kadamovas, were unanimously delivered by the jury and published, filed and recorded by the Court on January 17, 2007.

Pursuant to 18 U.S.C. 3593(c) which states: "Notwithstanding Rule 32 of the F.R.C.R.P., when a defendant is found guilty or pleads to an offense under Section 3592, no pre-sentence report shall be prepared." The Court, therefore, pronounces sentence as follows:

It is ordered that the defendant, Iouri Mikhel shall pay to the United States a special assessment of $700 ($100 per count), which is due immediately pursuant to statute.

Pursuant to Section 5E1.2 of the guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine since all of his assets have been forfeited to the United States and the Court is concurrently entering a monetary judgment of forfeiture against said defendant.

Pursuant to 18 U.S.C. 3591 et seq. and the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **Iouri Mikhel** is hereby committed on Count 5 and Count 6 of the Second Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of **240 months**. This term consists of 240 months on Count 5 and 60 months on Count 6 to be served concurrently with each other and concurrently to any other sentence imposed by this Court on the remaining counts, specifically Counts 1, 2, 3, and 4. In effect, the sentences imposed on Counts 5 and 6 are merged by operation of law with the sentences imposed on Counts 1, 2, 3, and 4 hereunder.

With regard to Counts 1, 2, 3, and 4, the Court finds that the jury has unanimously made the requisite special findings required by law with respect to 18 U.S.C. 3592, 3593(d), 3593(e), and 3593(f). Therefore, the Court imposes the following sentence pursuant to 18 U.S.C. 3594;

26

**EXHIBIT 2**

Case 2:02-cr-00220-MCS    Document 2141-4    Filed 04/22/09    Page 2 of 4    Page ID
#:4202
Case 2:02-cr-00220-DT    Document 1604    Filed 03/13/2007    Page 2 of 36

USA vs.  **IOURI MIKHEL**                                      Docket No.:    **CR02-220(B)-DT**

Upon a unanimous recommendation under 18 U.S.C. 3593(e) that the defendant Iouri Mikhel should be sentenced to death, the Court hereby sentences you to the ultimate penalty of death. Specifically, pursuant to the Federal Death Penalty Act of 1994, 18 U.S.C. 3591-3596 and the special findings of the jury, returned on February 13, 2007, and the jury's unanimous vote recommending that you, Iouri Mikhel, shall be sentenced to death on Counts 1, 2, 3, and 4 of the Second Superseding Indictment, it is the judgment of the Court that Iouri Mikhel is sentenced to death separately on Counts 1, 2, 3 and 4 of the Second Superseding Indictment. You shall, pursuant to 18 U.S.C. 3593, be committed to the custody of the Attorney General of the United States until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence in accordance with 18 U.S.C. 3595. When the sentence is to be implemented, the Attorney General shall release you to the custody of the United States Marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the state (California) in which sentence is imposed. If the State of California does not provide for the implementation of a sentence of death, the Court shall designate another state, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter state in the manner prescribed by such law.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21 United States Code Section 853, and Title 28, United States Code Section 2461(c), and Count 7 of the Superseding Indictment, defendant shall forfeit to the United States all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1203 (i.e., Counts 1 though 4) for which defendant has been convicted.

Moreover, the jury, by special verdict, has found that a total of $1,203,628.00 constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1203 (i.e., Counts 1 through 4) for which defendant has been convicted. Pursuant to that special verdict, as reduced by the net amount already forfeited in related civil and administrative forfeiture proceedings, a personal money judgment in the amount of $1,039,716.46 has been contemporaneously entered against defendant.

With regard to Count 7, the criminal forfeiture count, the Court enters judgment against you, as stated herein, individually, jointly, and severally in the total sum of $1,203,628.00.

Finally, the defendant is to cooperate with BOP authorities and personnel in the collection of a DNA sample from defendant's person.

The defendant is advised of his appeal rights.

The Court orders the court recorder to prepare a transcript of the sentencing proceeding.

MARCH 13, 2007
_____
Date

_____
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

3-13-07
_____
Filed Date

By _____
Deputy Clerk

1149

27

Case 2:02-cr-00220-MCS   Document 2141-4   Filed 04/22/09   Page 3 of 4   Page ID
#:4203
Case 2:02-cr-00220-DT   Document 1641   Filed 03/13/2007   Page 1 of 54

## United States District Court
## Central District of California

UNITED STATES OF AMERICA vs.

Docket No. ___CR-02-0220-(B)-DT_____

Defendant ___Jurijus Kadamovas_____

akas: _____

Social Security No. _N_ _O_ _N_ _E_

(Last 4 digits)

### JUDGMENT AND PROBATION COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|-------|-----|------|
| 03 | 12 | 07 |

**COUNSEL**  [X] WITH COUNSEL   Sonia Chahin, appointed counsel /Richard Lasting, appointed counsel

(Name of Counsel)

**PLEA**  [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy to Take Hostages Resulting in Death; Hostage Taking Resulting in Death; Conspiracy to Launder Monetary Instruments; Conspiracy to Escape from Custody and Criminal Forfeiture in violation of Title 18 USC 1203; 1956(h); 371; 981(a)(1)(C), 21USC 853 and 28 USC 2461(c) as charged in the 7 Count Second Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

Guilt phase verdict as to the defendant Jurijus Kadamovas was unanimously delivered by the jury and published, filed and recorded by the Court on January 17, 2007.

Penalty phase verdict as to the defendant Jurijus Kadamovas was unanimously delivered by the jury and published, filed and recorded by the Court on February 13, 2007.

Forfeiture phase verdict as defendant Jurijus Kadamovas was unanimously delivered by the jury and published, filed and recorded by the Court on February 21, 2007.

Pursuant to 18 USC 3593(c) which states: "Nothwithstanding Rule 32 of the F.R.C.P., when a defendant is found guilty or pleads to an offense under Section 3592, no pre-sentence report shall be prepared." The Court, therefore, pronounces sentence as follows:

It is ordered that the defendant Jurijus Kadamovas shall pay to the United States a special assessment of $700 ($100 per count), which is due immediately pursuant to statute. Pursuant to section 5E.1 of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine since all of his assets have been forfeited to the United States and the Court is concurrently entering a monetary judgment of forfeiture against said defendant.

Pursuant to Section 18 USC 3591 et seq and the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant Jurijus Kadamovas, is hereby committed on Count 5 and Count 6 of the Second Superseding Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of two hundred and forty (240) months. This term consists of two hundred and forty (240) months on count 5 and sixty (60) months on Count 6 to be served concurrently with each other and concurrently to any other sentence imposed by this Court on the remaining counts, specifically, counts 1,2,3, & 4. In effect, the sentences imposed on counts 5 & 6 are merged by operation of law with the sentences imposed on counts 1,2,3, & 4 hereunder.

CR-104 (11/04)   **JUDGMENT & PROBATION/COMMITMENT ORDER**   Page 1 of 3

**CR-02-0220-(B)-DT:  UNITED STATES OF AMERICA -V- 2) JURIJUS KADAMOVAS**
**JUDGMENT AND COMMITMENT ORDER**
**MARCH 12, 2007**

With regard to counts 1,2,3 & 4, the Court finds that the jury has unanimously made the requisite special findings required by law with respect to 18 USC 3592, 3593(d), 3593(e), and 3593(f).

Therefore, the Court imposes the following sentence pursuant to 18 USC 3594.  Upon unanimous recommendation under 18 USC 3593(e) that the defendant Jurijus Kadamovas should be sentenced to death, the Court hereby sentences you to the ultimate penalty of death.  Specifically, pursuant to the Federal Death Penalty Act of 1994, 18 USC 3591-3596 and the Special Findings of the jury, returned on February 13, 2007, and the jury's unanimous vote recommending that you Jurijus Kadamovas shall be sentenced to death on Counts 1,2,3, & 4 of the Second Superseding Indictment, it is the judgment of the Court that Jurijus Kadamovas is sentenced to death separately on Counts 1,2,3 & 4 of the Second Superseding Indictment.  You shall, pursuant to 18 USC 3593, be committed to the custody of the Attorney General of the United States until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence in accordance with 18 USC 3595.  When the sentence is to be implemented, the Attorney General shall release you to the custody of the United States Marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the state (California) in which the sentence is imposed.  If the state of California does not provide for the implementation of a sentence of death, the Court shall designate another state, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter state in the manner prescribed by such law. Pursuant to 18 USC 981(a)(1)(C), 21 USC 853 and 28 USC 2461(c), and count 7 of the Second Superseding Indictment, defendant shall forfeit to the United States all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 USC 1203 (i.e. counts 1 through 4) for which defendant has been convicted.  Moreover, the jury by special verdict, has found that a total of $1,203,628.00 constitutes or is derived from proceeds traceable to the violations of 18 USC 1203 (i.e., counts 1 through 4) for which defendant has been convicted.  Pursuant to that special verdict, as reduced by the net amount already forfeited in related civil and administrative forfeiture proceedings, a personal money judgment in the amount of $1,039,716.46 has been contemporaneously entered against defendant.  With regard to Count 7, the criminal forfeiture count, the Court enters judgment against you, as stated herein, individually, jointly and severally in the total sum of $1,203,628.00. Finally the defendant is to cooperate with the B.O.P authorities and personnel in the collection of a DNA sample from defendant's person.  Defendant is advised of his appeal rights and the Court instructs defendant's counsel to file a notice of appeal.  Further, a copy of the transcript of this proceeding is to accompany this judgment and commitment order.

MARCH 13, 2007
_____
Date

_____
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

3·15·7
_____
Filed Date

By _____
Deputy Clerk

1082