UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE S. JAMES OTERO, JUDGE PRESIDING

UNITED STATES OF AMERICA,            )
                                     )
                                     )
                                     )
                    Plaintiff,       )
                                     )
                                     )
                                     )
         Vs.                         )   No. CR 02-220 (B) SJO
                                     )
                                     )
                                     )
PETRO KRYLOV,                        )
                                     )
                                     )
                                     )
                    Defendant.       )
                                     )
_____      )


REPORTER'S TRANSCRIPT OF TRIAL PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, APRIL 23, 2007


LEANDRA AMBER, CSR 12070, RPR
OFFICIAL U.S. DISTRICT COURT REPORTER
312 NORTH SPRING STREET, # 442
LOS ANGELES, CALIFORNIA 90012
(213) 613-0179

**A P P E A R A N C E S**

**IN BEHALF OF THE PLAINTIFF,**
**UNITED STATES OF AMERICA:**          U.S. DEPARTMENT OF JUSTICE
                                       U.S. ATTORNEY'S OFFICE
                                       BY:  SUSAN J. DeWITT, AUSA
                                            MR. DUGDALE, AUSA
                                            MS. MEYER, AUSA
                                       312 NORTH SPRING STREET
                                       12TH FLOOR
                                       LOS ANGELES, CALIFORNIA 90012
                                       (213) 894-4496
                                       susan.dewitt@usdoj.gov
                                       robert.dugdale@usdoj.gov
                                       kim.meyer@usdoj.gov


**IN BEHALF OF THE DEFENDANT,**          LAW OFFICES OF GEORGE W.
**PETRO KRYLOV:**                         BUEHLER
                                       BY:  GEORGE W. BUEHLER, ESQ.
                                       350 SOUTH GRAND AVENUE
                                       SUITE 3900
                                       LOS ANGELES, CALIFORNIA 90071
                                       (213) 625-1600
                                       buehler@geragos.com


                                       LAW OFFICES OF DAVID R. EVANS
                                       BY:  DAVID R. EVANS, ESQ.
                                       600 SOUTH LAKE AVENUE
                                       SUITE 506
                                       PASADENA, CALIFORNIA 91106
                                       (626) 432-5100
                                       dre@drelaw.org


**ALSO APPEARING:**
          SOPHIA VELEN, COURT-CERTIFIED RUSSIAN INTERPRETER
          VARVARA OLSON, COURT-CERTIFIED RUSSIAN INTERPRETER
          JAMES S. DAVIDSON, FBI SPECIAL AGENT
          LOUIS PEREZ, FBI SPECIAL AGENT
          SCARLET NERAD, MITIGATION SPECIALIST

**I N D E X**

PAGE

JURY NOTE 4                                                        4

LOS ANGELES, CALIFORNIA; MONDAY, APRIL 23, 2007; 12:01 P.M.

-o0o-

(Outside the presence of the jury.)

THE CLERK:  Please remain seated and come to order.

MS. DeWITT:  Mr. Buehler is here.  He just stepped out.

THE CLERK:  He'll be right in, your Honor.

THE COURT:  Okay.  We're on the record on United States of America versus Krylov.

The record should reflect that counsel are present. The defendant is here with the interpreters.

We have jury Question No. -- Note Number 4, which reads as follows:  "Count 1 references Section 1203 Title 18 U.S. Code.  Counts 2, 3, and 4 also reference Section 1203 of Title 18 of the U.S. Code.  The question is as follows:

"If the defendant is found guilty or not guilty of Count 1, does this automatically mean that he -- that his -- that he is guilty or not guilty of Counts 2, 3, and 4?"

Mr. Dugdale?

MR. DUGDALE:  I think the answer to that question is no, and it would just be up to the Court as far as how the Court wants to explain that, if it wants to explain that at all.

The Court could just say, no, that the jury should consider each count separately; that there is a difference

UNITED STATES DISTRICT COURT

between conspiring to commit a crime and committing a crime, although a person who conspires to commit a crime may be held accountable for the foreseeable acts of others committed within the scope of the conspiracy they enter, and refer the jurors to the instructions that pertain to Counts 2, 3, and 4.

But it would be incorrect to instruct them that it's automatic. They would either have to find Pinkerton liability or liability for the substantive crimes themselves for 2, 3, and 4.

THE COURT: So the proposed -- the answer that the Government proposes is simply to answer the question no --

Mr. -- well, Mr. Buehler, do you agree with the -- with that?

MR. BUEHLER: Yes.

THE COURT: I would just answer the question narrowly. They've asked for a specific yes-or-no response, and the answer is no.

MR. BUEHLER: I agree, your Honor.

May I confer for a moment with Mr. Krylov?

THE COURT: Certainly.

(An off-the-record discussion was held.)

MS. DeWITT: Your Honor, the only thing I would suggest on that, since there apparently was enough confusion to ask the question, is to refer the Court -- refer the jury

back to those instructions that pertain to these counts.

MR. BUEHLER:  I have no problem with that.  I think the jurors are probably quite familiar with the instructions, at least on the conspiracy at that point and know where to look, but I think that's appropriate.

THE COURT:  Refer the jury to the instructions that are applied to Counts 2, 3, and 4?

MS. DeWITT:  1, 2, 3, and 4.

THE COURT:  1, 2, 3, and 4.

MR. DUGDALE:  Correct.

THE COURT:  And as to each count the jury must separately consider each count.  I think that's --

MR. DUGDALE:  Correct.

MS. DeWITT:  Yes.

MR. BUEHLER:  Yes, your Honor.

THE COURT:  Okay.  We have them at lunch.  So they'll return at 1:00 o'clock.

MR. DUGDALE:  I'll propose something in writing for Mr. Buehler and for the Court to consider in light of that.

THE COURT:  Okay.

MR. DUGDALE:  Thank you, your Honor.

MR. BUEHLER:  We're coming back at 1:00?

THE COURT:  Yes.  Have a good lunch.

THE CLERK:  Court's in recess.

(A break was taken at this time.)

UNITED STATES DISTRICT COURT

(Outside the presence of the jury.)

THE CLERK:  Please remain seated and come to order. This court is again in session.

THE COURT:  Okay.  We have everyone reassembled on United States versus Krylov.  The defendant is present with the interpreters and counsel.

Mr. Dugdale has provided a Government's proposed response to Juror Note Number 4.  I'll read it into the record.

In reference to Juror Note Number 4, whether -- "If the defendant is found guilty or not guilty in Count 1 does this automatically mean that he is guilty or not guilty of Counts 2, 3, and 4?"

The Government has offered the following:  "The answer is no.  You are to consider each count charged against the defendant separately.  There is a difference between conspiring to commit a crime and committing a crime, although a person who becomes a member of a criminal conspiracy may be held accountable for crimes committed by his co-conspirators during the course and in furtherance of the conspiracy in the manner described in Court's Instruction Number 1 --"

MR. DUGDALE:  31, your Honor.

THE COURT:  I'm sorry.  Instruction Number 31.

"The instructions that relate specifically to the elements and theories of liability.  You must consider as to

UNITED STATES DISTRICT COURT

8

Counts 2, 3, and 4 of the indictment Instructions 31, 34, 35, 36, 37, 38, 39, and 40, 41, and 42."

Mr. Buehler, do you have any comments?

MR. BUEHLER:  Well, Mr. Dugdale didn't keep his promise to be short and brief.  I think that we should give the first two sentences of this.

And once we get into directing to specific instructions, the problem you would get is that there are always other instructions that relate, and this could cause them to give undue significance to particular instructions.

I mean, obviously what we would be most concerned about is that if we're going to direct them to certain instructions with respect to Counts 2 through 4, I would want to include the duress instructions as well.

THE COURT:  We should strike the second paragraph?

MR. BUEHLER:  Yes.

THE COURT:  At the very least?

MR. BUEHLER:  At the very least.

MR. DUGDALE:  The second paragraph stricken would be fine, your Honor.

The idea is -- it's not -- it would not be insignificant or irrelevant for them to make a finding of a conspiracy to their determinations as to Counts 2, 3, and 4 because of potential Pinkerton liability.  So the concern of the Government is telling them that, no, just consider it all

UNITED STATES DISTRICT COURT

separate.

Well, while correct, is that if they find -- found existence of Count 1, it does potentially impact their findings as to Counts 2, 3, and 4, which is why I proposed that -- the third sentence here in the first paragraph.

So the Government would be fine with a compromise as to getting rid of the second paragraph but believes that the jury should be told that there could potentially be significance to a finding as to the conspiracy count because that's what they're asking about here.

THE COURT:  And then, Mr. Buehler, in reference to the first paragraph?

MR. BUEHLER:  Well, I still think --

THE COURT:  Why don't -- if we eliminate in reference to what is described in Court's Instruction Number 31, I could just read -- described in -- in the manner described in the Court's instructions, period, as opposed to making reference to Number 31.

Does that help?

MR. BUEHLER:  That would be preferable, your Honor, yes.

THE COURT:  Okay.  The response will read as follows:

"No, you are to consider each count charged against the defendant separately.  There is a difference between

conspiring to commit a crime and committing a crime, although a person who becomes a member of a criminal conspiracy may be held accountable for crimes committed by his co-conspirators during the course and in furtherance of the conspiracy in the manner described in -- in the Court's instructions."

MR. DUGDALE:  Fine, your Honor.

MR. BUEHLER:  Shouldn't we say something -- although a person becomes a member of a criminal conspiracy may under some circumstances be held accountable for crimes submitted by -- I don't want to short-circuit the jury's own reading of the instructions and finding.  I mean, it's for them to scrutinize what the instructions say and determine whether the circumstances or the conditions for finding Pinkerton liability are, in fact, present in this case.

THE COURT:  So you're proposing to insert --

MR. BUEHLER:  "Although a person who becomes a member of a criminal conspiracy may under some circumstances be held accountable," et cetera.

MR. DUGDALE:  The Government has no objection to that, your Honor.

THE COURT:  "Under certain circumstances," did you say?

MR. BUEHLER:  Yes.

THE COURT:  May under -- may under certain circumstances -- okay.

UNITED STATES DISTRICT COURT

Do you want me to cover it one more time?  Just to make sure that we have -- that we are on the same page?

MR. BUEHLER:  Yes, your Honor.  Please.

THE COURT:  Okay.  The answer is, "No, you are to consider each count charged against the defendant separately. There is a difference between conspiring to commit a crime and committing a crime, although a person who becomes a member of a criminal conspiracy may under certain circumstances be held accountable in furtherance of the conspiracy in the manner described in the Court's instructions."

MR. BUEHLER:  I think, your Honor -- the Court left out one line.  "May be held accountable for crimes committed by his co-conspirators."

THE COURT:  Oh, did I miss "may be held accountable"?  Okay.  Okay.

Yeah, I just misread it.

Let's get the jury out.

(Whereupon, at 1:14 p.m., the jury entered the courtroom.)

THE COURT:  We have the jury reassembled with the alternates.  Everyone else is present as previously referenced.

I have Juror Note Number 4.  And let me just read Juror Note Number 4 for everyone in the courtroom.  It reads

UNITED STATES DISTRICT COURT

as follows:

"Count 1 references Section 1203 of Title 18 of the U.S. Code.  Counts 2, 3, and 4 also reference Section 1203 of Title 18 of the U.S. Code.

The question is 'If the defendant is found guilty or not guilty of Count 1, does this automatically mean that he is guilty or not guilty of Counts 2, 3, and 4?'"

I've conferred with counsel, and the jury is further instructed as follows:

The answer is no.  You are to consider each count charged against the defendant separately.  There is a difference between conspiring to commit a crime and committing a crime.  Although a person who becomes a member of a criminal conspiracy may under certain circumstances be held accountable for crimes committed by his co-conspirators during the course and in furtherance of the conspiracy in the manner described in the court's instructions.

And we'll prepare that in written form for you to provide further guidance.

Any additional matters to be addressed here in open court?

No?

Okay.  We'll order the jury back into the jury room for purposes of continuing your deliberations.

(Whereupon, at 1:15 p.m., the jury exited the

UNITED STATES DISTRICT COURT

courtroom.)

THE COURT:  Mr. Dugdale, would you make the changes, please.

MR. DUGDALE:  I'll be back in five minutes, your Honor.

THE COURT:  Thank you.

I'm going to be unavailable after probably 1:30.

MR. DUGDALE:  You'll have it before 1:30.  Does that mean the jury won't be coming -- we don't have resolution of any more jury notes today?

THE COURT:  I won't be -- not if they require my participation.  So I guess the answer is no.  I should -- let me have the bailiffs -- I informed the jury of this on Friday that I would not be available after 2:00 o'clock.

Would you so inform them that I'm not going to be available after 1:30.  They will continue with their deliberations, but I will not be available after 1:30.

MR. BUEHLER:  I'll return to my office this afternoon, your Honor, if that's okay.

THE COURT:  The jurors will leave at 3:30 today in order to accommodate one juror who has a medical appointment.

MR. DUGDALE:  Okay.

MS. DeWITT:  You don't need us to come back then at 3:30?

THE COURT:  I'm going to admonish the jury again

14

not to discuss the case; so we'll bring them out again.

(Whereupon, at 1:18 p.m., the jury entered the courtroom.)

THE COURT:  We have the jury reassembled with the alternates.  I apologize for not admonishing you before.

I mentioned to you last week that I'm not going to be available after 2:00 o'clock.  I'm not going to be available after 1:30.  Actually, I must further advise you or admonish you that you're going to end at 3:30 today.  The jury will be excused at 3:30, not 4:00 o'clock.  Please return tomorrow at 8:30 to continue your deliberations.

Again, anytime you're not in that jury room for purposes of deliberating, you cannot discuss the case among yourselves or with any other person.  That's it.  Thank you.

(Whereupon, at 1:19 p.m., the jury exited the courtroom.)

THE COURT:  Okay.  I'll give you the -- let me see -- take a look at this to make sure you can read my --

MR. DUGDALE:  I have it, your Honor.  No problem.

THE COURT:  Oh, you have it?  Okay.  Thank you.

Here's Jury Note Number 4.

THE CLERK:  Court's in recess.

THE COURT:  We're back in recess.

(Whereupon, at 1:20 p.m., the proceedings were adjourned.)

UNITED STATES DISTRICT COURT