1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Section
   ROBERT E. DUGDALE (California State Bar No. 167258)
4  Chief, Violent and Organized Crime Section
   SUSAN J. DE WITT (California State Bar No. 132462)
5  KAREN I. MEYER (California State Bar No. 220554)
   Assistant United States Attorneys
6  MONICA E. TAIT (California State Bar No. 157311)
   Assistant United States Attorney
7  Asset Forfeiture Section
        1500 United States Courthouse
8       312 North Spring Street
        Los Angeles, California 90012
9       Telephone:  (213) 894-4685/4496/8559/2931
        Facsimile:  (213) 894-3713/7177
10      e-mail:   robert.dugdale@usdoj.gov
                  susan.dewitt@usdoj.gov
11                kim.meyer@usdoj.gov
                  monica.tait@usdoj.gov
12
   Attorneys for Plaintiff
13 UNITED STATES OF AMERICA

14

15                    UNITED STATES DISTRICT COURT

16                FOR THE CENTRAL DISTRICT OF CALIFORNIA

17

18 UNITED STATES OF AMERICA,    )   No. CR 02-220 SJO
                                )
19            Plaintiff,        )   ORDER AMENDING PRELIMINARY
                                )   ORDER OF FORFEITURE TO INCLUDE
20       v.                     )   SUBSTITUTE ASSETS
                                )
21 IOURI MIKHEL and             )
   JURIJUS KADAMOVAS,           )
22                              )
              Defendants.       )
23                              )
                                )
24 _____)

25      The United States of America, pursuant to Rule 32.2(e) of

26 the Federal Rules of Criminal Procedure, and Title 21, United

27 States Code, Section 853(p), has moved to amend the order of

28

forfeiture entered on March 1, 2007 to include certain property of defendant Iouri Mikhel as substitute property.  In consideration of the motion, the memorandum in support thereof and the entire record in this matter, the Court finds as follows:

    1.   On March 1, 2007, the Hon. Dickran Tevrizian entered a preliminary order of forfeiture in this matter ("First Forfeiture Order") forfeiting all right, title, and interest of defendants Iouri Mikhel and Jurijus Kadamovas in any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1203 (*i.e.*, Counts One through Four of the Indictment) for which defendants have been convicted.

    2.   The order of forfeiture and the Judgment and Commitment Orders for each defendant included a money judgment in favor of the United States in the amount of $1,039,716.46.  As of April 21, 2009, the outstanding uncollected amount of the money judgment was $810,276.06.

    3.   As a result of the acts or omissions of defendants, at least $338,428.00 of the proceeds of Counts One through Four of the Indictment were transferred to or deposited with third parties.  Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p)(1)(B) and (p)(2), the United States is entitled to an order forfeiting other property of the defendants as a substitute for $338,428.00 of the property ordered forfeited.

//

//

//

IT IS THEREFORE HEREBY ORDERED as follows:

**I**
**AMENDMENT TO FIRST FORFEITURE ORDER**
**TO FORFEIT SUBSTITUTE ASSETS**

All right, title and interest of defendants IOURI MIKHEL and JURIJUS KADAMOVAS in the following property is hereby forfeited to the United States as substitute assets pursuant to the above findings and 21 U.S.C. § 853(p)(1) and (2):

(A)  $179,813.43 formerly in the custody of the custody of Marina Karagodina and transferred to the custody of the FBI by government officials in the United Kingdom, plus interest earned on the entire amount transferred to the FBI; and

(B)  All funds in account no. 1-469-0010392-0001 at Aizkraukles Banka, Latvia in the name of Glenstream Ventures, or all funds held by the government of Latvia traceable to this account.

(C)  All funds in account no. 03868-01517 at Bank of America in the name of Iouri Mikhel and Natalia Alifanova.

**III.   IMPLEMENTATION**

1.   Upon the entry of this Order, and pursuant to Fed. R. Civ. P. 32.2(b)(3) and 21 U.S.C. § 853(g), the United States Attorney General (or a designee) is authorized to seize the Property identified in Section I above (to the extent such property has not already been seized).  Any person or entity holding such Property shall immediately surrender the Property to a law enforcement officer who presents a certified copy of this order.  After seizure, the United States is authorized to commence any applicable proceeding to comply with statutes

governing third party rights, including giving notice of this and any other Order affecting such property.

    2. Except as otherwise specifically amended by this Order, all provisions of the First Forfeiture Order remain in effect.

DATED: __June 18_, 2009    *S. James Otero*
                               THE HONORABLE S. JAMES OTERO
                               UNITED STATES DISTRICT JUDGE

PRESENTED BY:

THOMAS P. O'BRIEN
United States Attorney

_____
MONICA E. TAIT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4