**FILED**

UNITED STATES COURT OF APPEALS

JUN 03 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-99009 |
| Plaintiff-Appellee, | D.C. No. 2:02-cr-00220-DT |
| v. | Central District of California |
| JURIJUS KADAMOVAS, | Los Angeles |
| Defendant-Appellant. | ORDER |



Before: Peter L. Shaw, Appellate Commissioner

On March 29, 2010, the Court received Appellant's pro se Motion To Withdraw Counsel(s) And Seeking Leave Of The Court To Proceed Pro Se, dated March 16, 2010. On March 31, 2010, the Court ordered a response from Appellant's counsel, which was filed on May 27, 2010.

In the pro se motion, Appellant complained that his counsel failed to inform the Court that the reason he needed to keep a laptop in his cell is that another inmate allegedly damaged the translation device. Appellant explained that a laptop with translation equipment is necessary so that he can take notes and document the evidence that supports his alleged innocence.

Approximately one week after Appellant mailed his motion to proceed pro se to this Court, his counsel on March 24, 2010 filed a status report in this Court confirming that the Bureau of Prisons will provide Appellant with access to a laptop and to a new translation device for 20 hours per week outside of his cell.

Thus, due to the efforts of his counsel, Appellant will have access to a laptop computer and a translation device outside of his cell.

Appellant also complained in the pro se motion about prison conditions, mail restrictions, inadequate psychological services, inadequate education programs, and spoiled food served to Appellant as part of his religious diet. These complaints concern conditions of Appellant's confinement, not challenges to Appellant's trial or conviction. Counsel were appointed to represent Appellant in his direct criminal appeal, and that appointment does not extend to assisting Appellant in filing a civil rights complaint about the conditions of confinement.

On April 19, 2010, the Court received a pro se letter from Appellant stating that prison staff on April 8, 2010 allegedly interfered with his receipt of legal mail from this Court. According to Appellant, when he opened mail from this Court, the envelope was empty. The envelope was stamped: "THIS MAIL DOES NOT QUALIFY AS SPECIAL/LEGAL MAIL AS DEFINED BY BOP PS 5265.11 CORRESPONDENCE."

This assertion implicates Appellant's access to the courts. Accordingly, within 28 days after the date of this order, Appellant's counsel shall investigate Appellant's assertions and file in this court a status report and, if appropriate, a motion for specific relief to ensure that Appellant receives mail from the court properly.

2

Appellant has no constitutional right to represent himself on direct appeal. *See Martinez v. Court of Appeal of California*, 528 U.S. 152, 163 (2000). It appears that appellant's request for self-representation is based in large part on counsel's failure to assist in litigating claims concerning the conditions of confinement but, as noted earlier, counsel are not authorized to assist in those matters. Appellant's counsel believe that it would not be in Appellant's best interest for Appellant to represent himself on direct appeal.

Accordingly, the motion for self-representation is denied without prejudice to renewal after Appellant consults with appointed counsel. Meanwhile, Appellant may communicate with the Court only through his counsel of record, and Appellant is reminded that counsel is vested with the authority to decide which issues should be raised. *See Jones v. Barnes*, 463 U.S. 745, 751-53 (1983).

3