ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SUSAN J. DE WITT (California State Bar No. 132462)
KAREN I. MEYER (California State Bar No. 220554)
Assistant United States Attorneys
MONICA E. TAIT (California State Bar No. 157311)
Assistant United States Attorney
Asset Forfeiture Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-4685/4496/8559/2931
    Facsimile:  (213) 894-3713/7177
    e-mail:   susan.dewitt@usdoj.gov
              kim.meyer@usdoj.gov
              monica.tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>IOURI MIKHEL and<br>JURIJUS KADAMOVAS,<br><br>                    Defendants. | CR 02-220(B)-SJO<br><br>GOVERNMENT'S <u>EX PARTE</u> APPLICATION FOR FINAL ORDER OF FORFEITURE PURSUANT TO RULE 32.2(C)(2) BASED ON TERMINATION OF ANCILLARY PROCEEDING; MEMORANDUM IN SUPPORT; DECLARATION OF MONICA E. TAIT AND EXHIBITS IN SUPPORT<br><br>No Hearing Required |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

     Plaintiff United States of America hereby applies <u>ex parte</u> and with notice to defendants Iouri Mikhel and Jurijus Kadamovas for a Final Order of Forfeiture as to the interests of all potential third party claimants to certain specific property that was ordered forfeited as substitute assets by order entered June

18, 2009.

The "ancillary proceeding" required by Rule 32.2(c) of the Federal Rules of Criminal Procedure to determine the interests of third parties, if any, in certain specific property has concluded, and no third parties have filed claims to the property.  Therefore, the Order Amending Preliminary Order of Forfeiture entered June 18, 2009 should now become the Final Order of Forfeiture, and the property identified therein should be declared finally forfeited to the government, to be disposed of in accordance with law.

This application is supported by the accompanying Memorandum of Points and Authorities; the Declaration of Monica E. Tait Concerning Compliance with Publication and Exhibits thereto; and all other papers previously filed in this action.

This application is made ex parte (with notice to defendants).  Defendants may not object to the entry of the order because their interests in the property were already forfeited at the time the court ordered the substitution of assets.  Fed. R. Civ. P. 32.2(e); 32.2(c)(2) (defendant may not object on behalf of a third party).

DATED: September 23, 2010        Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
SUSAN J. DE WITT
KAREN I. MEYER
Assistant United States of Attorneys

   /S/   *Monica E. Tait*
MONICA E. TAIT
Assistant United States Attorney
Attorneys for Plaintiff

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

On January 17, 2007, defendants Iouri Mikhel ("Mikhel") and Jurijus Kadamovas ("Kadamovas") were found guilty of hostage-taking and conspiracy to commit hostage-taking, and other crimes (Counts One through Six of the Second Superseding Indictment) ("Indictment").  At trial, the government proved that the defendants kidnapped and killed four people and received more than $1.2 million in ransom payment from the families or associates of two of the victims.

On March 1, 2007, based upon the jury's special verdicts regarding the amount of forfeiture to be ordered, the court entered a Forfeiture Order forfeiting all proceeds of the crimes for which defendants were convicted pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

On March 13, 2007, the court entered judgments forfeiting all proceeds of the hostage-taking offenses and imposing a money judgment against defendants Mikhel and Kadamovas in the amount of $1,203,628.00.  In 2009, the government sought to amend the forfeiture order to add substitute assets, pursuant to Rule 32.2(e), Federal Rules of Criminal Procedure.  On June 18, 2009, the court issued an Order amending the preliminary order of forfeiture in this case ("Amended Preliminary Order") to include substitute assets pursuant to 21 U.S.C. § 853(p).  Declaration of Monica E. Tait, Ex. 1.

After entry of the Amended Preliminary Order, the government commenced an "ancillary proceeding" pursuant to Rule 32.2(c) of

3

the Federal Rules of Criminal Procedure, during which third parties were notified of the opportunity to claim an interest in the specific property forfeited by the Amended Preliminary Order. The ancillary proceeding has now closed, and no third parties have claimed interests in the property.  Therefore, the government applies for entry of a Final Order of Forfeiture as to the assets forfeited pursuant to the Amended Preliminary Order, pursuant to Rule 32.2(c)(2).

**II.   NO THIRD PARTY CLAIMS WERE FILED**[1]

Section I of the Amended Preliminary Order particularly described the specific property which the government has established is subject to forfeiture:

a.   $179,813.43 formerly in the custody of Marina Karagodina and transferred to the custody of the FBI by government officials in the United Kingdom, plus interest earned on the entire amount transferred to the FBI ("UK Funds");

b.   all funds in account no. 1-469-0010392-0001 at Aizkraukles Banka, Latvia in the name of Glenstream Ventures, or all funds held by the government of Latvia traceable to this account ("Latvia funds"); and

c.   all funds in account no. 03868-01517 at Bank of America

---

[1]   As discussed in this section, no third parties have filed a claim to appear in court in the ancillary proceeding.  However, victims Ruven Umansky and Svetlana Safiev have both petitioned the Department of Justice ("DOJ") for remission of the forfeiture of the subject assets pursuant to 28 C.F.R. part 9.  Consistent with its policy of distributing forfeited assets to crime victims with verified and quantifiable losses, the DOJ has previously remitted substantial seized assets in this matter to these victims.  In March 2009, the United States Attorney's Office recommended that the ruling official at DOJ grant their current petitions as to the subject assets, and that recommendation is pending.

in the name of Iouri Mikhel and Natalia Alifanova "BOFA funds").

The Amended Preliminary Order instructed the government to begin the "ancillary proceeding" phase of the criminal forfeiture, during which third parties may claim an interest in the subject funds and seek to have their interests adjudicated, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure. Amended Preliminary Order, Section III.  Pursuant to Rule 32.2(b)(6)(A) and (C) and 21 U.S.C. § 853(n)(1), the United States Attorney's Office caused notice of the forfeiture of the UK funds and the BOFA funds[2] to be published on an official government internet site (www.forfeiture.gov) for 30 consecutive days, beginning on June 22, 2010 and ending on July 21, 2010. Tait Decl., Ex. 2.  Rule 32.2(b)(6)(C) authorizes Internet publication of criminal forfeitures in the manner set forth in Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

In addition, the government sent direct notice of the ancillary proceeding to all persons who may be potential claimants with standing to contest the forfeiture in the ancillary proceeding.  Rule 32.2(b)(6)(A).  Those persons included family members of defendants' victims (Ruven Umansky and Svetlana Safiev), Marina Karagodina (from whose account the UK

---

[2]    The government's Internet publication system prevented it from publishing notice of the Latvia funds, because they have not yet been seized.  Because publication as to these assets is not complete, the proposed Order requested herein does not include the forfeiture of those assets.  If the government is able to seize and publish notice those assets in the future, it will return to the Court for a final order as to them.

funds were obtained), and Natalia Alifanova (the co-holder of the account from which the BOFA funds were seized), and these notifications are described below:

a. Notice was sent to Ruven Umansky on or about February 25, 2010, by certified mail, return receipt requested, at his last known address (in the Los Angeles area).[3] Tait Decl., Ex. 3. The United States received Mr. Umansky's completed return receipt confirmation card. Id. His deadline for filing a claim to appear in court in the ancillary proceeding was April 9, 2010;

b. Notice was sent on or about February 25, 2010 by registered mail, return receipt requested, to Svetlana Safiev at her last known address in the United Kingdom. Tait Decl., Ex. 4. Although the United States did not receive back the return receipt card from the post office, the envelope in which the notice letter was mailed was not returned undelivered.

c. Notice was sent on or about March 24, 2010 by registered mail, return receipt requested, to Marina Karagodina at her last known address in the United Kingdom. Tait Decl., Ex. 5. Although the United States did not receive back the return receipt card from the post office, the envelope in which the notice letter was mailed was not returned undelivered.

d. Notice was sent on or about March 24, 2010, to Natalia Alifanova to her last known addresses in St. Petersburg, Russia and Beverly Hills, California. Tait

---

[3] All residential addresses have been redacted from this application and its exhibits.

Decl., Ex. 6.  The envelope addressed to Russia was returned undelivered and marked "Inconnu."  The letter sent to Beverly Hills was also returned, and was marked "attempted, not known."  The government is not aware of any other potential addresses for Ms. Alifanova.  Tait Decl., ¶ 3(d).

Each of the above letters notified the addressees of the ancillary proceeding and the government's intent to forfeit the specific property.  The letters also advised that if a person desired to contest the forfeiture, he or she had to file a petition in the district court within 30 days after receipt of the letter or after completion of publication, whichever was earlier.

Any person wishing to assert an interest in the subject assets was required to file a petition with the Court within 30 days of (1) receipt of direct notice, or (2) the completion of publication, whichever is earlier.  21 U.S.C. § 853(n)(2).  Because the final date of publication was July 21, 2010 (see Ex. 2), the last day to file a petition was August 20, 2010 (earlier for those who received their notice letters).  Because no petitions have been filed, the ancillary proceeding has concluded.

**III.  THE PROPERTY SHOULD BE DECLARED FINALLY FORFEITED**

"When the ancillary proceeding ends, the court must enter a final order of forfeiture . . . .  If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable . . . ." Federal Rule of Criminal Procedure 32.2(c)(2).  "In making this

decision, the court may rely upon reasonable inferences." Advisory Committee Notes to Rule 32.2 (2000). As to the BOFA assets, this finding can be based on the fact that the account from which the funds were seized was co-titled to defendant Mikhel. As to the UK funds, this finding is supported by the proof the government has already supplied in order to forfeit the funds as substitute assets (demonstrating that the UK funds were derived in part from the ransom proceeds paid by the victims in this case and in part from the sale of Mikhel's other assets, and that the funds were held in accounts controlled by defendant Mikhel and by his girlfriend Karagodina at Mikhel's direction).

**IV. CONCLUSION**

For the foregoing reasons, the government's ex parte application should be granted. Contemporaneously herewith, the government has lodged a proposed Final Order of Forfeiture.

DATED: September 23, 2010          Respectfully submitted,

                                   ANDRÉ BIROTTE JR.
                                   United States Attorney
                                   ROBERT E. DUGDALE
                                   Assistant United States Attorney
                                   Chief, Criminal Division
                                   SUSAN J. DE WITT
                                   KAREN I. MEYER
                                   Assistant United States Attorneys

                                   /S/   *Monica E. Tait*
                                   MONICA E. TAIT
                                   Assistant United States Attorney
                                   Attorneys for Plaintiff

8