SEAN K. KENNEDY (145632)
Federal Public Defender
MICHAEL TANAKA (85026)
STATIA PEAKHEART (200363)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
michael_tanaka@fd.org
statia_peakheart@fd.org
SEAN J. BOLSER (250241)
Federal Capital Appellate Resource Counsel Project
Federal Public Defender for the District of New Jersey
1002 Broad Street
Newark, New Jersey 07102
sean_bolser@fd.org
ATTORNEYS FOR IOURI MIKHEL

BENJAMIN L. COLEMAN (187609)
Coleman & Balough LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0420
blc@colemanbalogh.com
BARBARA E. O'CONNOR (142800)
O'Connor & Kirby, P.C.
174 Battery Street, 3rd Floor
Burlington, Vermont 05401
Telephone: (802) 863-0112
barbara@kirbyoconnor.com
MARGARET O'DONNELL (KY 83889)
Attorney at Law
P.O. Box 4815
Frankfort, Kentucky 40604-4815
Telephone: (502) 320-1837
mod@dcr.net
ATTORNEYS FOR JURIJUS KADAMOVAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> IOURI MIKHEL, JURIJUS KADAMOVAS, <br><br> Defendants-Appellants. | No. CR 02-220 SJO <br><br> **Joint Ex Parte Application for Order Directing Office of the Clerk to Permit Appellate Counsel to Examine and Obtain Copies of Documents Filed Under Seal; Declaration of Counsel** <br><br> Proposed Order Lodged |

Defendants-Appellants Iouri Mikhel and Defendant Jurijus Kadamovas, through their counsel, will and hereby jointly move the Court for an Order directing the Office of the Clerk for the Central District of California to permit his undersigned appellate counsel, or any agent designated by appellate counsel, to (1) obtain copies of all documents filed under seal, and all orders relating to such documents, and (2) view all sealed documents and copy where necessary. *Cf.* Local Civ. Rule 79-5.3 (Procedure for Disclosure of Confidential Court Records). This order is necessary because counsel's record review indicates that they do not have, from trial counsel's files, the documents listed below. As to the latter, counsel's review indicates that, because some numbered and *un*numbered filed documents are missing from the docket, it may be that there are unnumbered filed documents of which counsel are unaware (and which are not in counsel's files).

Counsel have attempted to meet-and-confer with counsel for the Government, however, after three days, the Government has not informed counsel of its position. (*See* Declaration of Statia Peakheart, ¶ 2.) This application is based on this notice and motion, the following memorandum of points and authorities, the declaration of Statia Peakheart, and any pleadings and papers on file in this action.

///

///

///

1

Appellate counsel submit a proposed order concurrently with this notice and motion.

Respectfully submitted,

SEAN J. BOLSER
Federal Capital Appellate Resource
   Counsel Project

SEAN K. KENNEDY
Federal Public Defender

DATED: September 16, 2011    By  */S/STATIA PEAKHEART*
STATIA PEAKHEART
MICHAEL TANAKA
Deputy Federal Public Defenders

ATTORNEYS FOR IOURI MIKHEL

BENJAMIN L. COLEMAN
Coleman & Balogh LLP

BARBARA E. O'CONNOR
O'Connor & Kirby, P.C.

MARGARET O'DONNELL
Attorney at Law

ATTORNEYS FOR JURIJUS
KADAMOVAS

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Introduction**

Iouri Mikhel and Jurijus Kadamovas were convicted of multiple counts after four years of pretrial proceedings and a consolidated jury trial which lasted approximately 75 trial days.  Both were sentenced to death, and the Ninth Circuit consolidated their appeals, Nos. 07-99008 & 07-99009.  On appeal, Mr. Mikhel is represented by Federal Public Defender Deputies Michael Tanaka and Statia Peakheart, and counsel from the Federal Capital Appellate Resource Counsel Project, Sean J. Bolser, and Mr. Kadamovas' appellate counsel are Benjamin L. Coleman, Barbara E. O'Connor, and Margaret O'Donnell.

Besides Messrs. Mikhel and Kadamovas, the Government also sought convictions against Ainar Altmanis, Petro Krylov, Aleksejus Markovskis, and Natalya Solovyeva.  No. CR-02-00220.  However, it sought the death penalty only against Kadamovas, Krylov, and Mikhel.  For reasons unrelated to the case-in-chief, Mr. Krylov's case was severed before trial; ultimately, he was sentenced to life without the possibility of release.  Notably, "[s]hortly after the FBI arrested Ainar Altmanis he agreed to cooperate with the Government . . . ." (Tr. 68-69, Sept. 6, 2006); Mr. Altmanis testified against Mikhel and Kadamovas, and later Krylov.  According to the Ninth Circuit's dockets, neither Altmanis, Markovskis, nor Solovyeva appealed the judgments, and none moved for relief pursuant to 28 U.S.C. § 2255.  Mr. Krylov's appeal resulted in the affirmance of the judgments, and the mandate issued August 2011.  No. 08-50033 (9th Cir.).

This Court's docket shows over 2,200 separate docket entries, and more than 20,000 pages of transcripts; Mr. Krylov's separate capital trial comprises an additional approximately 37 trial days.  Appellate counsel have reviewed the parties' filings and the Court's orders as shown in the combined docket, read the reporter's transcripts from the trial, and reviewed their respective trial counsel's

1

files for copies of the filed pleadings and orders.  Granted, the record is voluminous – unprecedented even for a federal capital case[1] – but appellate counsel have discovered errors and omissions necessitating the Court's assistance in completing the record, hence, in effectively prosecuting their clients' appeals. Thus, appellate counsel request the Court direct the Office of the Clerk to provide each defendant-appellants' counsel with the filings and orders described in Sections B-D.  Additionally, counsel request to view the sealed documents and copy any that are necessary.  *See* Section E.

It is settled that federal defendants appealing the judgments and sentences have the right to effective assistance of appellate counsel.  *See, e.g., United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005); *United States v. Skurdal*, 341 F.3d 921 (9th Cir. 2003); *cf. Strickland v. Washington*, 466 U.S. 668 (1984). Consistent with this obligation, appellate counsel must be apprized of the pleadings filed by previous counsel, and the Court's action, if any, in response to such pleadings.  This obligation is particularly crucial in a capital appeal.  *See also* ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 10.7, § B(2) (rev. ed. 2003) ("Counsel at every stage shall have an obligation to satisfy themselves independently that the official record of the proceedings is complete and to supplement it as appropriate.").[2]

---

[1]   Counsel from the Federal Capital Appellate Resource Counsel Project, who is familiar with most of the records in the previous federal death penalty appeals, advises that, to his knowledge, the size of the district court record in this case far exceeds the size of the record in any prior or current federal capital appeal.

[2]   The Supreme Court has cited the ABA's Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases with approval, referring to them as "well-defined norms," or "standards to which we long have referred as 'guides to determining what is reasonable' [attorney performance]." *Wiggins v. Smith*, 123 S.Ct. 2527, 2536-37 (2003).

Here, appellate counsel have obtained numerous materials from their clients' trial counsel which, according to trial counsel, constitute all of the items in their possession relating to Mr. Mikhel's or Mr. Kadamovas' case. Among those items are copies of certain pleadings filed by trial counsel in this Court *in camera* and under seal, and, in some cases, the Court's response to such pleadings. There are, however, more entries on the Clerk's docket noting that a particular client had filed in camera-under seal pleadings than there are copies of in camera-under seal documents in trial counsel's files. This fact indicates that appellate counsel do not have copies of all of such in camera items currently in their possession. In addition, appellate counsel are unable, in some instances, to ascertain which pleadings in their possession relate to specific entries in the Clerk's docket, as the docket indicates nothing on the matter. For these reasons, it is constitutionally necessary that appellate counsel, respectively, review all of the in camera-under seal pleadings filed by the trial counsel for Mr. Mikhel and Mr. Kadamovas, the trial court's under seal orders pertaining to such defendants' pleadings, and to obtain copies of those pleadings not presently in their possession. The Government has been informed of this ex parte request and has not responded with its position. (*See* Declaration of Statia Peakheart, ¶ 2.).

**B.    Counsel's Joint Request for Copies of Material Filed under Seal**

Counsel for Messrs. Mikhel or Kadamovas do not have the following documents that were filed under-seal. The date, number, and particularly the event are listed below – as reflected in the Court's docket. Where a notice-of-under-seal was filed, counsel need the **substantive document**, not the notice.

| MIKHEL AND KADAMOVAS' JOINT REQUEST | | |
| --- | --- | --- |
| DATE | NO. | EVENT |
| 05/16/2002 | 78 | Altmanis' notice of under seal filing |
| 04/21/2003 | 287 | Notice re Document withheld from the case file and placed in a restricted area. [defendant unknown] |

| | MIKHEL AND KADAMOVAS' JOINT REQUEST | |
|---|---|---|
| DATE | NO. | EVENT |
| 09/28/2004 | 575 | Order by Judge Manella re: Markovskis: ordering document sealed. |
| 03/06/2006 | 911 | Notice re document withheld from case file re Markovskis |
| 05/04/2006 | 988 | Krylov's notice of document withheld from case file |
| 06/26/2006 | none | Sealed document placed in file – not used – Krylov's proposed order for filing ex parte application regarding issuance of subpoenas; memorandum of points and authorities |
| 07/25/2006 | 1133 | Sealed document – Government ex parte submission regarding review of agent personal file. |
| 11/13/2006 | 1326 | Sealed document – Government's ex parte application for order sealing document and related order.  [Likely Mikhel and Kadamovas]] |
| 11/13/2006 | 1328 | Sealed document – Government's motion for mental health examination and penalty phase discovery and request for expedited hearing no later than 11/16/2006. |
| 11/17/2006 | 1701 | Sealed document – minutes tape no: cr 06–12. |
| 11/17/2006 | 1702 | Sealed document – bond and conditions of release filed |
| 11/17/2006 | 1703 | Sealed document – commitment and order specifying as place of confinement material witness **RESTRICTED FROM VIEWING [sic] |
| 11/17/2006 | 1704 | Sealed document – affidavit of sureties (no justification – pursuant to local criminal rule 46–5.2.8) |
| 01/03/2007 | 1406 | Sealed and in camera document – Petro Krylov's application to preserve evidence in camera and under seal |
| 01/03/2007 | 1407 | Sealed and in camera – Krylov's order in the alternative; application to seal [1406] by Judge Otero |
| 01/03/2007 | 1409 | Sealed document – Krylov's ex parte application for order to preserve evidence |
| 01/11/2007 | 1436 | Sealed document – order by Judge Tevrizian re sealing of document ; ex parte application to seal [1433] re: Jurijus Kadamovas, Iouri Mikhel |

4

| MIKHEL AND KADAMOVAS' JOINT REQUEST | | |
|---|---|---|
| **DATE** | **NO.** | **EVENT** |
| 02/06/2007 | 1511 | Sealed document – stipulation regarding sentencing date for Ainar Altmanis |
| 02/06/2007 | 1512 | Sealed document – stipulation regarding sentencing date for Ainar Altmanis |

**C.    Mr. Mikhel's Request for Copies of Material Filed under Seal**

| MR. MIKHEL ONLY | | |
|---|---|---|
| **DATE** | **NO.** | **EVENT** |
| 05/12/2006 | 1019 | Mikhel's notice of document withheld from case file |
| 05/12/2006 | 1044 | Sealed Document - order  [Likely re: Mikhel] |
| 06/05/2006 | 1044 (dupl #) | Mikhel's notice of document withheld from case file |
| 06/19/2006 | 1087 | "Sealed document – order" |
| 09/06/2006 | 1187 | Sealed Document-letter William Vicary J.D. M.D. Regarding Defendant Iouri Mikhel |
| 09/14/2006 | 1205 | Sealed Document-Dr. Ihle's Report |
| 09/13/2006 | 1206 | Sealed Document-Dr Ihle Regarding Iouri Mikhel |
| 12/07/2006 | 1361 | Sealed document– order re: production of 09/14/2006 forensic evaluation by Dr. Ihle |
| 01/23/2007 | 1503 | Sealed document – Government's ex parte application for order sealing document and related order; memorandum of points and authorities; declaration of Carole C. Peterson |
| 01/23/2007 | 1504 | Sealed document – Government's ex parte application for order sealing document and related order; memorandum of points and authorities; declaration of Carole C. Peterson. |
| 01/23/2007 | 1505 | Sealed document – order regarding sealing of document and related order |
| 01/23/2007 | 1506 | Sealed document – Government's request for expedited hearing on 01/22/2007 regarding: reaffirmation of Mikhel's penalty phase mental health evidence and existence of firewall |
| 01/23/2007 | 1507 | Sealed document – status report regarding mental health evidence at the penalty phase and existence of firewall |
| 02/01/2007 | 1508 | Sealed document – Iouri Mikhel's declaration |

5

**D.    Mr. Kadamovas' Request for Copies of Material Filed under Seal**

| | MR. KADAMOVAS ONLY | |
|---|---|---|
| **DATE** | **NO.** | **EVENT** |
| 05/13/2003 | 306 | Kadamovas' ex parte application for additional CJA funds to pay for discovery material. |
| 05/30/2003 | 319 | unknown |
| 05/30/2003 | 320 | unknown |
| 06/04/2003 | 326 | ex parte to file under seal |
| 06/04/2003 | 330 | order granting |
| 09/08/2003 | Not on dkt, but #402 | Order by Judge Manella re: Kadamovas: Granting ex parte application motion to file document under seal [401–1]. |
| 09/08/2003 | Not on dkt, but #404 | Order by Judge Manella denying appointment of expert and authorizing travel outside C.D. Cal. re: Kadamovas |
| 07/22/2004 | 484 | under-seal filing; granted |
| 08/31/2004 | 525 | under-seal filing |
| 09/01/2004 | 535 | under-seal filing |
| 09/20/2004 | 557 | under-seal filing |
| 09/29/2004 | 578 | under-seal filing |
| 09/29/2004 | 579 | under-seal filing |
| 10/15/2004 | 596 | under-seal filing |
| 11/02/2004 | 607 | under-seal filing |
| 01/27/2005 | 630 | under-seal filing |
| 02/02/2005 | 631 | Notice re: document withheld from case file, re Kadamovas |
| 03/08/2005 | 651 | under-seal filing |
| 03/11/2005 | 658 | under-seal filing |
| 04/06/2005 | 681 | under-seal filing |
| 04/15/2005 | 686 | under-seal filing |
| 04/15/2005 | 687 | under-seal filing |
| 04/15/2005 | 690 | under-seal filing |
| 04/21/2005 | 701 | under-seal filing |

| MR. KADAMOVAS ONLY | | |
| --- | --- | --- |
| **DATE** | **NO.** | **EVENT** |
| 06/08/2005 | 739 | under-seal and in camera filing |
| 10/28/2005 | 816 | under-seal filing |
| [Fall 2005] | | Letter from Kadamovas to Judge Manella re: Attorney Brewer; later, Brewer removed from case on 11/28/05 |
| 11/28/2005 | 827 | under-seal filing re: Atty. Brewer and Chahin |
| 03/15/2006 | | motion to continue |
| 05/09/2006 | 991 | under-seal and in camera filing |
| ~06/12/2006 | | Kadamovas' letter about computer problems |
| 06/16/2006 | 1056 | under-seal filing (experts) |
| 06/19/2006 | 1071 | Order sealing doc; dec of Richard Lasting |
| 07/05/2006 | 1089 | motion to continue |
| 07/05/2006 | 1090 | order denying motion to continue |
| 10/18/2006 | 1259 | sealed medical report as to Kadamovas |
| 10/24/2006 | 1264 | 9th Circuit order sealed as to Kadamovas |
| 02/06/2007 | 1509 | Sealed document – Government's ex parte application for order sealing document; declaration of AUSA Dugdale |
| 02/06/2007 | 1510 | Sealed document – order sealing document |

**E.    Counsel's Joint Request to View All Material Filed under Seal and Obtain Copies Where Necessary**

Counsel scanned the entire Clerk's record at the outset, and counsel have reviewed trial counsel's files for both defendants-appellants. Their reviews show numbered and *un*numbered filed documents are missing from the Clerk's docket, thus, counsel believe that there are unnumbered filed documents of which counsel are unaware (and which are not in counsel's files).

With respect to those co-defendants whose judgments are final and who have not sought § 2255 relief, any concerns about privilege are greatly reduced. Moreover, regarding documents filed by the Government, the justification that would have supported under seal filing likely expired at the conclusion of the trial.

7

In any event, to ensure that the materials are handled appropriately, counsel agree to maintain all documents as confidential, and not to release or disclose, except for the purpose of appellate and/or post-conviction proceedings, and only upon further order of the Court to unseal.

For the foregoing reasons, and for the sake of completeness, counsel believe it is imperative they review the Clerk's record of all material filed under seal.

**F.    Conclusion**

Based on the above, appellate counsel for Mr. Mikhel and Mr. Kadamovas respectfully request that this Court order authorizing respective counsel to examine all *in camera* and under seal pleadings filed by previous trial counsel and all orders filed under seal in response to such defense pleadings, and to obtain a copy of unseal pleadings and orders not in the possession of appellate counsel.

Respectfully submitted,

SEAN J. BOLSER
Federal Capital Appellate Resource
Counsel Project

SEAN K. KENNEDY
Federal Public Defender

DATED: September 16, 2011    By    */S/STATIA PEAKHEART*
STATIA PEAKHEART
MICHAEL TANAKA
Deputy Federal Public Defenders

ATTORNEYS FOR IOURI MIKHEL

BENJAMIN L. COLEMAN
Coleman & Balogh LLP

BARBARA E. O'CONNOR
O'Connor & Kirby, P.C.

MARGARET O'DONNELL
Attorney at Law

ATTORNEYS FOR JURIJUS KADAMOVAS

8

## DECLARATION OF STATIA PEAKHEART

I, Statia Peakheart, declare:

1.      I am an attorney licensed to practice law in the State of California, and I am admitted to practice before this Court.  I am a Deputy Federal Public Defender with the Office of the Federal Public Defender ("FPD").  The FPD assigned Michael Tanaka and me to represent Iouri Mikhel in this matter, along with Sean J. Bolser.  I have personal knowledge of the following, and I can, and would if called upon, testify to the truth and accuracy thereof.

2.      On Tuesday September 13, 2011, I telephoned counsel for the Government, Robert Dugdale, to ask his position on this request.  His voicemail said he is out of the office until Friday September 16, but he will check his voicemail frequently during his absence.  I related the nature of application, including that we requested documents that had been filed by neither of our clients' trial counsel, and I asked him to let me know the Government's position soon because I need to file this application.  As of this filing time, Mr. Dugdale has not told me the Government's position.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 16th day of September 2011 at Los Angeles, California.

    _/s/ Statia Peakheart_
Statia Peakheart
Deputy Federal Public Defender
Counsel for Defendant-Appellant
IOURI MIKHEL