UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff-Appellee,<br><br>         v.<br>IOURI MIKHEL, JURIJUS KADAMOVAS,<br><br>   Defendants-Appellants. | No. CR 02-220<br><br>Memorandum in Support of an Application for an Order Allowing Counsel for Jurijus Kadamovas to Copy and Inspect All Sealed Pleadings, Orders and Transcripts Regarding Co-Defendant Iouri Mikhel |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    Introduction**

Iouri Mikhel and Jurijus Kadamovas were convicted of multiple counts after four years of pretrial proceedings and a joint jury trial which lasted approximately 75 trial days.  Both Mr. Mikhel and Mr. Kadamovas were sentenced to death, and the Ninth Circuit consolidated their appeals, Nos. 07-99008 & 07-99009.  At the commencement of the appeal process, new counsel were appointed for both appellants.[1]

Review of the entire record, and identification of critical specific portions of the record for appellate purposes has been intensive and difficult, in light of the unprecedented volume of materials.[2]  Undersigned counsel are generally aware

---

[1]   On appeal, Mr. Kadamovas is represented by Benjamin L. Coleman, Barbara E. O'Connor, and Margaret O'Donnell. Mr. Mikhel's appellate counsel are Federal Public Defender Deputies Michael Tanaka and Statia Peakheart, and counsel from the Federal Capital Appellate Resource Counsel Project, Sean J. Bolser.

[2]   Counsel from the Federal Capital Appellate Resource Counsel Project, who is familiar with most of the records in the previous federal death penalty

that the in camera filings and proceedings addressed matters pertaining to Mr. Mikhel's mental health, concerns about his relationship with his attorneys and Mr. Mikhel's decision to testify, but have never known the specific bases for sealing the pleadings and proceedings.

On December 9, 2010, at the request of Mr. Mikhel's appellate counsel, this Court entered an order that the transcripts for sealed portions of the proceedings held in this case on September 6, 2006, November 14, 2006, November 30, 2006, December 12, 2006, December 13, 2006, and January 24, 2007 be unsealed and provided only to counsel on appeal for Iouri Mikhel, and not to counsel for Mr. Kadamovas or counsel for the government. Since this Order, undersigned counsel have determined that there is an additional sealed transcript of events which occurred on February 1, 2007.

Further, at the request of appellate counsel for both Mr. Mikhel and Mr. Kadamovas, this Court, on September 23, 2011, ordered that the Office of the Clerk permit appellate counsel for Messrs. Mikhel and Kadamovas to review the Clerk's record of all material filed under seal, and obtain copies of necessary material. There were certain documents, however, that were ordered released only to counsel for Mr. Mikhel. This Court further directed in its September 23, 2011 Order that "[c]ounsel shall maintain all documents as confidential, and not release or disclose, except for the purpose of appellate and/or post-conviction proceedings, and only upon further order of the Court to unseal."

When the Court entered the December 9, 2010 and September 23, 2011 orders unsealing the Mikhel pleadings, orders and transcripts for his counsel,

_____

appeals, advises that, to his knowledge, the size of the district court record in this case far exceeds the size of the record in any prior or current federal capital appeal.

undersigned counsel for Mr. Kadamovas had no reason to believe that anything in the sealed documents pertained to issues they intended to raise on Mr. Kadamovas's behalf.

Undersigned counsel are now, however, in the process of finalizing Mr. Kadamovas's brief, and have come to believe that events which occurred under seal in Mr. Mikhel's case are likely relevant to an issue on appeal related to Mr. Mikhel's guilt phase testimony.  Mr. Mikhel's testimony occurred over the advice of his attorneys, as well as the objections and requests of Mr. Kadamovas's counsel to sever the trial.  Mr. Mikhel's testimony involved Mr. Kadamovas in the events surrounding each of the charged kidnappings and murders, and, then Mr. Mikhel refused to be cross-examined by either the government or counsel for Mr. Kadamovas.  Thus, Mr. Kadamovas could not challenge the testimony through cross-examination.  Thereafter, Mr. Mikhel refused to attend court for the rest of the trial.  These bizarre actions severely prejudiced Mr. Kadamovas.

The trial court judge denied Mr. Kadamovas's request for a mistrial and alternative request to sever the trial.  Undersigned counsel believe that events which occurred under seal, relating to Mr. Mikhel's mental health, his disagreements with his attorneys and his decision to testify are all likely relevant to this appellate issue.  These events may have informed the trial court of the reasons for Mr. Mikhel's bizarre behavior and may provide further support for Mr. Kadamovas' motion for a mistrial and to sever.  This information given to the trial court may well disclose that court had much more information at its disposal to evaluate Mr. Mikhel's behavior and much more forewarning of his bizarre choices that so prejudiced Mr. Kadamovas.  A third co-defendant had been severed from the trial and his trial was pending shortly after the Kadamovas/Mikhel trial, so that

severing Mr. Kadamovas would not have greatly added to the expenditure of either prosecutorial or judicial resources.

Undersigned counsel have learned from Mr. Mikhel's counsel that they intend to rely upon portions of the sealed documents and transcripts in Mr. Mikhel's brief.  (*See* Declaration of Margaret O'Donnell, ¶ 7).

Undersigned counsel for Mr. Kadamovas, therefore, request this Court for an Order directing the Clerk of the Court to allow counsel for Mr. Kadamovas to copy and inspect all documents and transcripts pertaining to co-defendant/co-appellant Iouri Mikhel that were filed under seal.

It is settled that federal defendants appealing the judgments and sentences have the right to effective assistance of appellate counsel.  *See, e.g., United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005); *United States v. Skurdal*, 341 F.3d 921 (9th Cir. 2003); *cf. Strickland v. Washington*, 466 U.S. 668 (1984).[3]

It is also well recognized that a complete and accurate record, essential in any appeal, is especially crucial in a capital case.  In *Dobbs v. Zant*, 506 U.S. 357 (1993), the Supreme Court reversed because of an appellate court's failure to consider the full sentencing transcript. The Court stated: "We have emphasized before the importance of reviewing capital sentences on a complete record." *Id*. at 558. Such review is a critical "'safeguard against arbitrariness and caprice.'" *Id*., quoting *Gregg v. Georgia*, 428 U.S. 153, 167 (1976).

The A.B.A. Guidelines also reflect this imperative:

---

[3]   The Supreme Court has cited the ABA's Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases with approval, referring to them as "well-defined norms," or "standards to which we long have referred as 'guides to determining what is reasonable' [attorney performance]." *Wiggins v. Smith*, 539 U.S. 510, 522-24 (2003).

[C]ounsel should ensure that there is a complete record respecting all claims that are made, including objections, motions, statements of grounds, questioning of witnesses or venire members, oral and written arguments of both sides, discussions among counsel and the court, evidence proffered and received, rulings of the court, reasons given by the court for its rulings, and any agreements reached between the parties . . . . counsel at all stages of the case must determine independently whether the existing official record may incompletely reflect the proceedings.

A.B.A. Guidelines for the Appointment and Performance of Counsel in Death Penalty Case, Guideline 10.8, Commentary (rev. 2003).

Mr. Mikhel's counsel indicate that they will oppose this motion on privilege grounds. (*See* Declaration of Margaret O'Donnell, ¶ 7). They indicate that they will assert the attorney/client privilege and the Fifth Amendment privilege.

With regard to the attorney/client privilege, it is unclear, but we would argue **unlikely**, that anything conveyed to the court concerned communications from Mr. Mikhel to his attorneys for the purpose of seeking legal advice.

In order to invoke the attorney-client privilege, the person asserting the privilege must establish that the communication to be protected was made in confidence for the purpose of obtaining legal advice. *United States v. Gurtner*, 474 F.2d 297, 298 (9th Cir. 1973).

*United States v. Palmer*, 536 F.2d 1278, 1281 (9th Cir. 1976).[4] It is more likely that these conferences with the court and sealed information concerned Mr. Mikhel's mental health and the difficulties in the relationship between Mr. Mikhel and his attorneys. Such information is not necessarily privileged. Moreover, Mr. Mikhel's attorneys indicate that they will use at least some of the sealed materials in their brief. As such, they waive any privilege as to those materials, no matter whether they filed the brief in a redacted form or not. By disclosing the materials

---

[4] The burden is on the proponent of the privilege to establish facts supporting the existence of the privilege. *United States v. Osborn,* 561 F.2d 1334, 1339 (9th Cir. 1977).

in the brief, they are purposefully sharing "privileged" materials with the appellate court and government counsel, thus they waive the privilege as to those materials.

With regard to the Fifth Amendment privilege, it is equally doubtful that Mr. Mikhel said anything in these conferences concerning the facts of the case. Thus, there would be no privilege to invoke. Moreover, by testifying, Mr. Mikhel waived his Fifth Amendment privilege concerning all facts about this case. He opened himself up to cross-examination concerning any conceivable subject related to the facts of these cases or his background. The fact that he refused to submit himself to cross-examination does not contradict this. Indeed, the trial court, on pain of contempt, could have ordered Mr. Mikhel to testify. Because, however, this was a capital case, there were no sanctions that the court could have employed to coerce Mr. Mikhel to testify. We submit that the court will find no privileged material in the sealed materials.

To ensure that the materials are handled appropriately, undersigned counsel for Mr. Kadamovas will maintain all documents and transcripts as confidential, and not release or disclose, except for the purpose of appellate and/or post-conviction proceedings, and only upon further order of the Court to unseal.

The Government has been informed of this request and has advised that if Mr. Mikhel does not object to unsealing these transcripts and documents and sharing them with Mr. Kadamovas, the government does not object to that approach. With that exception, the government takes no position on the matter and is not in a position to do so given that it does not have access to the contents of the requested materials. (*See* Declaration of Margaret O'Donnell, ¶ 8). Counsel for Mr. Mikhel have been informed of this request and object. (*See* Declaration of Margaret O'Donnell, ¶ 7).

**Conclusion**

Based on the above, counsel for Mr. Kadamovas respectfully requests this Court for an Order directing the Clerk of the Court to allow counsel for Mr. Kadamovas to copy and inspect all documents pertaining to co-defendant/co-appellant Iouri Mikhel that were filed under seal, and all orders relating to such sealed documents, as well as (2) sealed portions of the transcripts for hearings pertaining to Mr. Mikhel held on September 6, 2006, November 14, 2006, November 30, 2006, December 12, 2006, December 13, 2006, January 24, 2007, and February 1, 2007.

DATED: May 21, 2012

Respectfully submitted,

*Barbara E. O'Connor*
Barbara E. O'Connor
CA Bar No. 142800
O'Connor & Kirby, P.C.
174 Battery St., 3d fl.
Burlington, VT 05401
(802) 863-0112
(802) 865-5980 (facsimile)

Benjamin L. Coleman
Coleman & Balogh, LLP
1350 Columbia St., Ste. 600
San Diego, CA 92101
(619) 794-0420
(619) 652-9964 (facsimile)

Margaret O'Donnell
Attorney at Law
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
(502) 227-4669 (facsimile)

ATTORNEYS FOR JURIJUS
KADAMOVAS