UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>    v.<br>IOURI MIKHEL, JURIJUS KADAMOVAS,<br><br>    Defendants-Appellants. | No. CR 02-220<br><br>Reply to Co-Defendant Iouri Mikhel's Opposition to Application for an Order Allowing Counsel for Jurijus Kadamovas to Copy and Inspect All Sealed Pleadings, Orders and Transcripts Regarding Co-Defendant Mikhel. |

Defendant-Appellant Jurijus Kadamovas, through his counsel, submits his Reply to Co-Defendant Iouri Mikhel's Opposition to Application for an Order Allowing Counsel for Mr. Kadamovas to Copy and Inspect All Sealed Pleadings, Orders and Transcripts Regarding Co-Defendant Mikhel.  This reply is based on the files and records in this case, the original request, and the following points and authorities.

In summary, Mr. Mikhel has failed to justify the continued sealing of pleadings and orders as well as several transcripts.  Not only is his case now on direct appeal, but Mr. Mikhel intends to rely in this joint appeal upon at least a portion of the sealed documents and transcripts.  Further, other sealed documents and transcripts are likely relevant to Mr. Kadamovas's claim on appeal that the trial judge erred in not granting a mistrial or alternatively severing his case from that of his co-defendant Mikhel after Mr. Mikhel testified in the guilt phase of their joint trial.[1]

---

[1]   Mr. Mikhel testified over the advice of his attorneys, as well as the objections and requests of Mr. Kadamovas's counsel to sever the trial.  His testimony involved Mr. Kadamovas in the events surrounding each of the charged kidnappings and murders, and, then he refused to submit to cross-examination and did not attend court for the rest of the trial, all of which severely prejudiced Mr. Kadamovas. The trial court judge denied Mr. Kadamovas's request for a mistrial

Mr. Kadamovas will maintain the confidentiality of the materials, use them only for appellate challenges, and only upon further order of the court, with the further caveat that any filing would be under seal.  Providing Mr. Kadamovas access to these materials, that Mr. Mikhel already intends to provide the government, would, therefore, not appreciable widen the scop of the revelation.

Given the unusual nature of the appellate claim as well as Mr. Mikhel's intention to rely upon some of the sealed materials in his appeal that has brought about this request to copy and inspect, the fact that the government will be permitted to see these materials, and all the restrictions to which counsel for Mr. Kadamovas will agree, which will mitigate any potential harm to Mr. Mikhel, continued sealing of the materials with regard to Mr. Kadamovas is not justified.

Alternatively, we ask the Court to undertake an in camera review of the requested sealed documents and transcripts counsel for Mr. Kadamovas are requesting to inspect and copy.  To facilitate such an in camera review, we ask that the Court should first order counsel for Mr. Mikhel to create and submit a privilege log in which he identifies with more specificity each document or transcript upon which they intend to rely on appeal as well as all those they allege are privileged, constitute work product or they otherwise maintain should remained sealed as well as include a specific justification/explanation for each document and/or transcript they allege should remain sealed.[2]

and alternative request to sever the trial.  Events which occurred under seal, relating to Mr. Mikhel's mental health, his disagreements with his attorneys and his decision to testify are all likely relevant to this appellate issue.

[2]   Similarly, if counsel for Mr. Mikhel assert that a document or transcript should be redacted, Mr. Kadamovas requests this Court order counsel for Mr. Mikhel to identify with specificity each document and transcript they propose should be redacted and the reasons each document and transcript should be

Mr. Kadamovas has a substantial interest, protected by the Fifth, Sixth, and Eighth Amendments to the Constitution, to ensure that he and his counsel have access to and have reviewed the complete record respecting all that occurred in his case before this appeal commenced.

Undersigned counsel are only seeking authorization to copy and inspect these sealed records in furtherance of their representation of Mr. Kadamovas on appeal, not for purposes of releasing and disclosing these sealed materials to the public. They, therefore, have no objection to the request of counsel for Mr. Mikhel that any order the Court enters unsealing any documents or transcripts make plain that the restriction on release and disclosure applies to successor counsel as well as counsel for the government.

### MEMORANDUM OF POINTS AND AUTHORITIES

The burden of demonstrating such an extreme position of maintaining sealed documents and transcripts on appeal, especially when the continued sealing implicates Mr. Kadamovas's constitutional rights to a fair appeal and due process, rests with Mr. Mikhel.

While these cases specifically address closure of trial proceedings, Ninth Circuit precedent is instructive on the issue of whether Mr. Kadamovas should continue to be denied access to these sealed materials. To justify the sealing of documents in any criminal proceeding, the party seeking the sealing order must "establish that the procedure is strictly and inescapably necessary in order to protect the fair-trial guarantee." *United States v. Brooklier*, 685 F.2d. 1162, 1167 (9th Cir. 1982). To meet this burden, it is necessary for the proponent of sealing to satisfy three separate substantive tests:

redacted.

(1) the closure must serve a compelling interest;
(2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and,
(3) there are no alternatives to closure that would adequately protect the compelling interest.

*See Associated Press v. United States Dis. Ct. for C.D. of Cal.*, 705 F.2d 1143, 1146 (9th Cir. 1983 *citing United States v. Brooklier*, 685 F.2d. at 1167)); *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir.1990); *Unabom Trial Media Coalition v. U.S. Dist. Court for Eastern District of California*, 183 F.3d 949, 951 (9th Cir. 1999); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (a civil case using the same analysis).

Mr. Mikhel has not met his burden on any of the three prongs. He has failed to show any compelling interest in continuing to keep the documents and transcripts in question under seal and, therefore, unavailable for Mr. Kadamovas's review. He has also not shown a substantial probability that irreparable damage to his fair-appeal rights will result if the documents and transcripts do not remain sealed in contrast to Mr. Kadamovas's constitutional rights to due process and a fair appeal which are implicated by his being denied access to these sealed proceedings. And, finally, Mr. Mikhel has failed to show a substantial probability that the alternatives to continued sealing (a limited unsealing to allow only counsel for Mr. Kadamovas to copy and inspect) will not adequately protect Mr. Mikhel's right to a fair appeal while at the same time protecting Mr. Kadamovas's constitutional rights to due process and a fair appeal.

### A. All Sealed Documents

Specifically, Mr. Mikhel urges that Mr. Kadamovas's request to copy and inspect all underseal documents pertaining to Mr. Mikhel is "overly broad and sweeps in documents that have no conceivable bearing on any issue related to

Kadamovas." For this reason, he asks this Court to deny the request in its entirety.

The party seeking to keep documents sealed should, however, not be the sole determiner of what is relevant or should remain sealed. Mr. Mikhel is objecting to the request to unseal the materials, and, as such, has the burden of proving that they should remain under seal. He should, therefore, be required to identify each sealed document and provide a specific explanation why Mr. Kadamovas should not be allowed to copy and inspect each document. This will enable the Court to undertake an in camera determination about what if any documents should remain sealed from Mr. Kadamovas's consideration.

**B.      Sealed Documents Pertaining to Mikhel's Legal Representation**

In determining whether Mr. Kadamovas should be allowed to copy and inspect sealed proceedings related to Mr. Mikhel's legal representation[3], it is immaterial that Mr. Mikhel is not raising on direct appeal the issue of his representation by trial counsel. If he is relying on the sealed proceedings for some other reason or if the sealed proceedings are relevant to Mr. Mikhel's decision to testify[4], then Mr. Kadamovas should be allowed to copy and inspect these sealed documents and transcripts.

Mr. Mikhel's counsel have indicated they will rely on some of these particular sealed documents and transcripts in his appeal. They have also revealed

---

[3]   Counsel for Mr. Mikhel suggest that Mr. Kadamovas is incorrect about his characterization of the nature of the January 24, 2007 sealed hearing. Undersigned counsel's characterization was drawn from the context of the public transcripts before the courtroom was closed.

[4]   Hearings related to concerns about Mr. Mikhel's relationship with his counsel, particularly those which occurred before he testified and the manner in which the trial judge considered these matters are, undoubtedly, relevant to Mr. Mikhel's decision to testify.

that they will provide the government access to the sealed materials on which they rely. Any objections, therefore, based upon work product and attorney-client privilege that might at one time have existed can no longer be relied upon to keep these sealed proceedings from Mr. Kadamovas, who is a party in this joint appeal.

The United States Supreme Court's decision in *Gardner v. Florida*, 430 U.S. 349 (1977) is relevant. The Court found that it was a denial of due process for the trial judge, in sentencing the defendant to death, to rely in part on information contained in a presentence investigation report that had not been disclosed to defense counsel. In *Gardner*, the Court concluded that confidential information that is relevant to sentencing, must be disclosed to the defendant, thereby giving defense counsel the opportunity to properly prepare to meet, explain or deny such information. Similarly, Mr. Kadamovas should not be in a position of appealing his convictions and death sentence without access to all relevant sealed materials, including sealed materials upon which his co-appellant intends to rely in his direct appeal.

Mr. Mikhel has not demonstrated any particular harm that would result from the Court allowing Mr. Kadamovas, not the public, access to the sealed documents and transcripts, particularly those upon which Mr. Mikhel will rely on appeal and those that are relevant to Mr. Kadamovas's appellate challenge to the trial court's failure to declare a mistrial or grant a severance after Mr. Mikhel testified. This Court, therefore should permit Mr. Kadamovas to copy and inspect any sealed proceedings related to Mr. Mikhel's legal representation.

Alternatively, the Court should require Mr. Mikhel to provide a privilege log in which he further specifically identifies each sealed document and provides a specific explanation why Mr. Kadamovas should not be allowed to copy and

inspect these sealed transcripts and other sealed materials so this Court can undertake an in camera determination.

### C. Sealed Documents Pertaining to Mikhel's Mental Health

Mr. Mikhel has confirmed that he will rely on unspecified sealed materials in challenging on direct appeal the trial judge's "failure to determine his competence to stand trial and to waive his constitutional rights." Events surrounding these claims, but conducted under seal, are certainly relevant to Mr. Mikhel's decision to testify at trial and Mr. Kadamovas's request for a mistrial and severance after that testimony. And, in any event, if Mr. Mikhel is going to rely on any sealed materials, then under the analogy of *Gardner v. Florida*, Mr. Kadamovas is entitled to copy and inspect them.

*Gardner* explicitly states that a defendant, who had no opportunity to deny or explain issues and/or information privy to the court and the government, is denied due process. The due process requirements of fairness, reliability, and transparency that exist for death penalty cases cannot tolerate continued denial of access to these sealed material and proceedings that bear on Mr. Kadamovas's rights and interests. *Gardner*, 430 at 357; *see also Lankford v. Idaho*, 500 U.S. 110, 125 (1991).

Mr. Mikhel's reliance on *Estelle v. Smith*, 451 U.S. 454, 462 (1981) and Fed. R. Crim. P. 12.2 is not dispositive. *Estelle* and Rule 12.2 are intended to protect a criminal defendant against improper use of his statements made to non-defense mental health experts until after the defendant has determined to introduce mental health expert evidence. Not only has Mr. Mikhel already testified and presented his mental health evidence,[5] but typically, these

---

[5]   Mr. Mikhel suggests that he limited his mental health evidence at trial "to the effects on his mental health of his incarceration, including specifically the

constitutional and statutory protections apply to limit access by the government. Mr. Mikhel has conceded that he intends to provide the government with an unredacted brief and copies of the sealed materials on which he intends to rely in his brief.

Again, at a minimum, Mr. Mikhel should be ordered to create a privilege log in which he specifically identifies each sealed document and transcript and provides a specific explanation why Mr. Kadamovas should not be allowed to copy and inspect each document so this Court can undertake an in camera review of the request to unseal the materials.

### D. Privilege Log

Even under the less demanding common-law standard for sealing, "the party [seeking sealing] must 'articulate compelling reasons supported by specific factual findings.'" *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Mr. Mikhel plainly fails to satisfy the minimal facial requirements to continue to seal materials and transcripts.

In civil litigation, in similar circumstances, Fed. R. Civ. P. 26(b)(5) provides, in part:

> When a party withholds information ... by claiming that it is privileged ... the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

effects of the insolation in which he was held following the imprlementation of Special Administrative Measures."  Mr. Kadamovas submits that the effects of incarceration, however, undoubtedly played a role in Mr. Mikhel's struggles with his attorneys and his ultimate  decision, against his attorneys' advice, to testify.

8

Such a submission is routinely referred to as a "privilege log" and is appropriate in this case.

Mr. Kadamovas is being denied due process because he is not able to access sealed materials and proceedings upon which Mr. Mikhel plans to rely in his joint appeal with Mr. Kadamovas. At the very least, Mr. Mikhel should be required to identify with specificity each document or transcript he maintains should remain sealed and the reasons upon which he relies.

## Conclusion

In conclusion, Mr. Mikhel has failed to show good cause for his objection to Mr. Kadamovas's request to copy and inspect all sealed documents and transcripts pertaining to Mr. Mikhel.

Mr. Kadamovas's request to copy and inspect relates to a serious appellate claim, specifically that he was tried with his co-defendant over his objection and significant prejudice arose from that joint trial. Without access to sealed materials that are clearly relevant to this issue, including documents the government will be permitted to see, Mr. Kadamovas will be denied his right to due process and a fair appeal.

Providing Mr. Kadamovas access to these sealed materials that will already be provided to the government, will not appreciably widen the scope of the revelation. Mr. Kadamovas does not intend to use these materials except for the purpose of appellate proceedings. He will maintain the confidentiality of the materials, will not rely upon them without further order of the court, with the further caveat that any filing would be under seal. This would effect no greater waiver than already contemplated. *See Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc) ("[C]ourt must impose a waiver [of attorney-client privilege] no broader than needed to ensure the fairness of the proceedings before it.").

Given the unusual nature of the appellate claim that has brought about this request to copy and inspect, and all the restrictions to which counsel for Mr. Kadamovas will agree, which will mitigate any potential harm to Mr. Mikhel, continued sealing of the materials with regard to Mr. Kadamovas is not justified.

Mr. Kadamovas, therefore, renews his request for an Order directing the Clerk of the Court to allow counsel for Mr. Kadamovas to copy and inspect all documents pertaining to co-defendant/co-appellant Iouri Mikhel that were filed under seal, and all orders relating to such sealed documents, as well as (2) sealed portions of the transcripts for hearings pertaining to Mr. Mikhel held on September 6, 2006, November 14, 2006, November 30, 2006, December 12, 2006, December 13, 2006, January 24, 2007, and February 1, 2007.

In the alternative, Mr. Kadamovas requests the Court to order counsel for Mr. Mikhel to prepare and submit a privilege log which identifies each document or proceeding with some specificity and includes the specific basis upon which he relies to keep the document or proceeding sealed, and that the Court review such log and documents in camera prior to rendering a decision on this request.

DATED: May 29, 2012

Respectfully submitted,

/s/ Barbara E. O'Connor

Barbara E. O'Connor
CA Bar No. 142800
O'Connor & Kirby, P.C.
174 Battery St., 3d fl.
Burlington, VT 05401
(802) 863-0112
(802) 865-5980 (facsimile)

Benjamin L. Coleman
Coleman & Balogh, LLP
1350 Columbia St., Ste. 600
San Diego, CA 92101

10

(619) 794-0420
(619) 652-9964 (facsimile)

Margaret O'Donnell
Attorney at Law
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
(502) 227-4669 (facsimile)

ATTORNEYS FOR JURIJUS
KADAMOVAS

11