BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Jurijus Kadamovas

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  CR 02-220-SJO |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | RESPONSE TO MIKHEL'S |
| JURIJUS KADAMOVAS, ) | PRIVILEGE LOG |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## PRELIMINARY STATEMENT

Defendant, Jurijus Kadamovas, through undersigned counsel, respectfully submits this Response to Mikhel's Privilege Log.

## ARGUMENT

### A.  Sealed Documents

Mikhel does not object to Mr. Kadamovas's request as to Docket Number 1361.  Accordingly, it should be granted.  He does, however, object to Mr. Kadamovas's request as to Docket Numbers 1187, 1205, and 1206.  Mikhel's sole legal basis for objecting to disclosure is Fed. R. Crim. P. 12.2(c)(4).  That rule, however, merely provides a partial limitation on the *admissibility* of statements.  The rule does not provide a basis for sealing documents.  In short, Mikhel has not provided an adequate legal basis for sealing the documents from Mr. Kadamovas.  Even if there were a *statutory* legal basis to seal, it is trumped by Mr. Kadamovas's *constitutional* rights, as set forth below.

**B. Sealed Transcripts**

Mikhel does not object to Mr. Kadamovas's request as to the September 6, 2006 and November 14, 2006 transcripts.  Accordingly, Mr. Kadamovas's request should be granted as to those transcripts.

As to the November 30, 2006, December 12, 2006, December 13, 2006, January 14, 2007, and February 1, 2007 transcripts, Mikhel objects based on "attorney-client privilege and work-product privilege."  Even assuming (but not certainly not conceding) the applicability of those privileges, they are outweighed by Mr. Kadamovas's constitutional rights under the circumstances.  Indeed, the Ninth Circuit has specifically held that one defendant's common law right to assert the attorney-client privilege cannot trump another defendant's *constitutional* rights.  *See Murdoch v. Castro*, 365 F.3d 699, 702 (9th Cir. 2004) ("evidentiary privileges . . . must yield if necessary to ensure the level of cross-examination demanded by the Sixth Amendment").

Without having reviewed the transcripts, it is difficult to assess the weight of Mikhel's assertion of his purported privilege.  Nevertheless, whatever its weight, Mikhel has conceded at least a partial waiver of his privilege by acknowledging that he will be providing portions of the disputed transcripts, under seal, to the government so that it can respond to arguments that he will be making on appeal about his competency.  Thus, the additional infringement on his privilege by disclosure to Mr. Kadamovas is minimal, particularly when considering the procedural posture of this case and the fact that it is the government, not Mr. Kadamovas, who is his adverse party in this litigation.  In other words, this case is in the post-conviction stage, and if Mikhel is producing the transcripts to the government, it is hard to imagine that he will suffer any additional harm by production to Mr. Kadamovas.  Indeed, in his pleadings, Mikhel has not asserted any additional harm that he will suffer by production to Mr. Kadamovas.  Moreover, it is Mikhel's misconduct that has created this situation; he is the one who chose to testify, refused to be cross-examined, and otherwise engaged in distracting courtroom behavior. Thus, when considering the balancing of the relevant interests, Mikhel's side of the

equation lacks significance, both practically and equitably.

On the other hand, Mr. Kadamovas's side of the scale is weighty. His rights to appeal in this death penalty case with the assistance of counsel fully informed of a complete record are well established under the Fifth and Eighth Amendments and 18 U.S.C. § 3595. Mr. Kadamovas will be pursuing a significant claim that his Sixth Amendment rights were violated by Mikhel's aborted testimony, thereby requiring a mistrial, *see Toolate v. Borg*, 828 F.2d 571, 572-74 (9th Cir. 1987); *see also United States v. Valdez-Soto*, 31 F.3d 1467, 1473 (9th Cir. 1994), and that Mikhel's other behavior throughout the trial proceedings necessitated a mistrial and should have alerted the district court that a severance was required. *See United States v. Mannie*, 509 F.3d 851 (7th Cir. 2007).

In *Mannie*, the Seventh Circuit held that a codefendant's in-court misbehavior, including (like Mikhel) absenting himself from the proceedings and only attending in jail garb, required a reversal for a new trial. In doing so, the Seventh Circuit set forth the codefendant's conduct during pretrial proceedings, *id.* at 853-54, and, when ultimately concluding that reversal was required, explained that "things should have never evolved and erupted in this manner." *Id.* at 857.[1] In other words, one of the factors that the Seventh Circuit considered was that the district court should have recognized the warning signs that a joint trial would turn out to be prejudicial for the properly behaving defendant, and therefore the district court never should have allowed the proceedings to have unfolded the way that they did. Similarly, here, Mr. Kadamovas seeks to show that there were warning signs that the district court should have recognized in the under seal proceedings with Mikhel, which, as in *Mannie*, demonstrates that the district court never should have allowed the trial to unfold the way that it did.

The bottom line is that the under seal proceedings are relevant to an important claim being raised by Mr. Kadamovas in this death penalty appeal. As a result,

---

[1] It is worth mentioning that one of the pretrial proceedings noted by the Seventh Circuit was a competency hearing for the disruptive codefendant. *Id.* at 854.

the *constitutional* rights on his side of the scale are quite important. Conversely, the interests implicated by the mere evidentiary privilege asserted by Mikhel are of little practical and equitable weight, particularly when Mikhel is already disclosing the purported privileged material to the government and Mr. Kadamovas only seeks production for his limited use in post-conviction proceedings and will otherwise maintain the documents under seal. Accordingly, this Court should grant Mr. Kadamovas's request.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, this Court should grant Mr. Kadamovas's application.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated:   June 19, 2012

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP

Attorneys for Mr. Kadamovas