UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>        v.<br>IOURI MIKHEL, JURIJUS KADAMOVAS,<br><br>        Defendants-Appellants. | No. CR 02-220<br><br>Submission of Additional Legal Authority in Support of Application for an Order Allowing Counsel for Jurijus Kadamovas to Copy and Inspect All Sealed Pleadings, Orders and Transcripts Regarding Co-Defendant Iouri Mikhel. |

Defendant-Appellant Jurijus Kadamovas, through his counsel, submits additional legal authority, *United States v. Guerrero*, 2012 WL 3764709 (9th Cir. Aug. 31, 2012),  in support of his Application for an Order Allowing Counsel for Mr. Kadamovas to Copy and Inspect All Sealed Pleadings, Orders and Transcripts Regarding Co-Defendant Iouri Mikhel.  This authority is intended to supplement Mr. Kadamovas's original request and his reply in response to Mr. Mikhel's opposition.

Mr. Kadamovas has requested this Court enter an order allowing his counsel to copy and inspect certain sealed documents and transcripts that relate to the issue of co-defendant Mikhel's trial competency because they appear to be relevant to the issue whether the trial judge erred in not severing Mr. Kadamovas's case from that of his co-defendant after Mr. Mikhel testified in the guilt phase of their joint trial.  Undersigned counsel have pledged to maintain all documents and transcripts as confidential, and not release or disclose, except for the purpose of appellate and/or post-conviction proceedings, and only upon further order of the Court to unseal.

In support of his request to copy and inspect, Mr. Kadamovas has argued that because the case is now on appeal and because counsel for Mr. Mikhel have indicated they intend to rely upon portions of the sealed documents and transcripts

in Mr. Mikhel's brief challenging on direct appeal the trial judge's failure to determine his competence to stand trial and to waive his constitutional rights that any attorney-client, work product and/or Fifth Amendment privileges Mr. Mikhel may have once had are now waived.

As additional support for his request, Mr. Kadamovas directs the Court's attention the recent Ninth Circuit decision in *United States v. Guerrero*, 2012 WL 3764709 (9th Cir. Aug. 31, 2012). In this pre-trial federal capital prosecution in the United States District Court for the Eastern District of California, the Ninth Circuit, finding that it had no jurisdiction, dismissed Guerrero's interlocutory appeal of the district court's order denying his motion to seal pretrial competency proceedings. In dismissing the appeal, the Court found that the district court did not clearly err in concluding that Guerrero's asserted interests in the attorney-client privilege, a fair trial and privacy were insufficient to overcome the public's right to open proceedings and also determined that Guerrero had an adequate remedy on direct appeal. The Court's discussion of the merits of sealing competency proceedings to resolve the jurisdictional question is instructive to the issues before this Court in Mr. Kadamovas's case.

In *Guerrero*, the Ninth Circuit recognized that "[w]hether there is a public right of access to criminal competency proceedings is a matter of first impression." *Id*. at *7. Relying on the Supreme Court's opinion in *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1985), which addressed the public's First Amendment right of access to judicial proceedings, the Court noted that "the public's interest in open criminal proceedings is well-established." *Id*. at *3.

The Ninth Circuit applied the Supreme Court's test established in *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) for determining the public's First Amendment right of access to judicial proceedings to find that the

district court did not clearly err in concluding that competency proceedings of a criminal defendant have historically been open to the public and press. *Id*. at *7 The Court also upheld the district court's finding that the value of ensuring public access to criminal proceedings is well settled and that nothing in federal law provides that competency proceedings should be closed to the public. *Id*. at *8.

Once the Ninth Circuit upheld the district court's finding of a qualified right of access, it concluded that Guerrero's right to fair trial did not clearly overcome the public's First Amendment right of access to pretrial competency proceedings. The Court initially determined that the district court was wrong to conclude that Guerrero's privacy rights were surrendered simply by the fact that he placed his competency at issue. And, even though the Court recognized that Guerrero's privacy rights as well as those of others named in competency documents constituted compelling interests, the Court, nevertheless, ultimately held that those interests did not clearly overcome the public's First Amendment right of access to pretrial competency proceedings in light of alternatives to full closure of competency proceedings. The Court found that the trial court could issue protective orders, redact names from reports, and restrict the use of others' names during competency hearing. Id. at *9-10.[1]

Additionally, even though the Court also rejected the district court's determination that Guerrero had waived his attorney-client and work product privileges simply by putting his competency at issue, the Court, nevertheless, found that Guerrero's interest in maintaining the confidentiality of his attorney communications did not override the public's interest in open proceedings. This

---

[1]   The Court noted that distress related to public disclosure did not overcome the First Amendment rights. *Id.* at *10. "[T]here is no authority for the proposition that a defendant's preference that his personal history be kept personal justifies denial of public access to criminal proceedings." *Id*. at *5.

was particularly so when Guerrero had "already agreed to share the privileged documents with the Government and his co-defendant, and the district court [had] issued an order that prohibits the use at trial of privileged information disclosed during the competency hearing." *Id.* at *10.[2]

In conclusion, *Guerrero* provides further support for Mr. Kadamovas's arguments that Mr. Mikhel is unable  to show any compelling interest in continuing to keep the documents and transcripts in question under seal and, therefore, unavailable for Mr. Kadamovas's review.  Mr. Mikhel has not shown a substantial probability that the alternatives to continued sealing (a limited unsealing to allow only counsel for Mr. Kadamovas to copy and inspect) will not adequately protect Mr. Mikhel's  right to a fair appeal while at the same time protecting Mr. Kadamovas's constitutional rights to due process and a fair appeal.

DATED: September 17, 2012

Respectfully submitted,

_____/s/_____
Margaret O'Donnell
Attorney at Law
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
(502) 227-4669 (facsimile)

 Barbara E. O'Connor
CA Bar No. 142800
O'Connor & Kirby, P.C.
174 Battery St., 3d fl.
Burlington, VT 05401

---

[2]  The only issue, therefore, before the appellate court in *Guerrero* was the question of public access.  In contrast, Mr. Kadamovas is not, currently, seeking to open the proceedings to the public; he seeks only to inspect and copy the relevant documents and transcripts in order to determine whether they are pertinent to his appeal.

(802) 863-0112
(802) 865-5980 (facsimile)

Benjamin L. Coleman
Coleman & Balogh, LLP
1350 Columbia St., Ste. 600
San Diego, CA 92101
(619) 794-0420
(619) 652-9964 (facsimile)

ATTORNEYS FOR JURIJUS
KADAMOVAS