# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| Case No. | CR 02-00220 SJO | | Date | January 15, 2013 |
|---|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|

| Interpreter | Not Required |
|---|---|

| Victor Paul Cruz | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Iouri Mikhel; Jurijus Kadamovas | Not | xx | | | Not | xx | |

| | |
|---|---|
| **Proceedings:** | **(IN CHAMBERS): ORDER GRANTING IN PART DEFENDANT'S APPLICATION FOR AN ORDER ALLOWING COUNSEL FOR JURIJUS KADAMOVAS TO COPY AND INSPECT ALL SEALED PLEADINGS, ORDERS AND TRANSCRIPTS REGARDING CO-DEFENDANT IOURI MIKHEL** [Docket No. 2273] |

This matter is before the Court on Defendant Jurijus Kadamovas' ("Kadamovas") Application for an Order Allowing Counsel for Kadamovas to Copy and Inspect all Sealed Pleadings, Orders and Transcripts regarding Co-Defendant Iouri Mikhel ("Application"), filed May 21, 2012. Defendant Iouri Mikhel ("Mikhel") filed an Opposition on May 23, 2012, to which Kadamovas filed a Reply on May 29, 2012.

On June 3, 2012, the Court issued an Order directing Mikhel to prepare and submit a privilege log for certain sealed materials. On June 18, 2012, Mikhel filed his Privilege Log in Response to Court's June 2, 2012 Order ("Privilege Log") to which Kadamovas filed a Response on June 19, 2012. For the following reasons, the Court **GRANTS IN PART** Kadamovas's Application.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial,[1] Mikhel and Kadamovas were convicted of multiple counts, including hostage taking, hostage taking resulting in death, conspiracy to take hostages resulting in death, conspiracy to launder monetary instruments, conspiracy to escape from custody, and criminal forfeiture. (Special Verdict Forms, ECF Nos. 1480, 1481.) Mikhel and Kadamovas were

---

[1] Judge Dickran Tevrizian presided over the trial and sentencing of Mikhel and Kadamovas. Following Judge Tevrizian's retirement, Mikhel and Kadamovas's cases were transferred to Judge S. James Otero. (Order, Mar. 22, 2007, ECF No. 1638.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

subsequently sentenced to death. (Appl. 1.) They are now in the process of appealing their respective judgments of conviction and sentences to the Ninth Circuit, which has consolidated their appeals. (Appl. 1.) On appeal, Mikhel generally contends that the trial judge should have held a hearing to determine Mikhel's competency to stand trial and waive his constitutional rights. (Opp'n 6.) Kadamovas's appeal is based on the trial judge's refusal to sever the trial as between Mikhel and Kadamovas, or, in the alternative, to declare a mistrial based on the actions of Mikhel. (Appl. 2-3.) Mikhel and Kadamovas are now preparing their appellate briefs, and it is in connection with his brief that Kadamovas filed the instant Application.

II.    <u>DISCUSSION</u>

In his Application, Kadamovas seeks an order permitting him to copy and inspect all sealed documents relating to Mikhel. (*See generally* Appl.) This request is far too broad, as it undoubtedly includes many documents that are not at all relevant to Kadamovas's appeal, as well as documents that fall squarely within the attorney-client and work product privileges, such as applications for the expenditure of Criminal Justice Act funds. The Court will therefore consider Kadamovas's Application only with respect to those documents specifically identified by Kadamovas in his Application.

The Court notes at the outset that Mikhel does not object to Kadamovas inspecting and copying the following documents: the trial court's Order Re: Production of September 14, 2006 Forensic Evaluation by Dr. Ihle (ECF No. 1361); and the sealed transcripts from September 6, 2006, and November 14, 2006. Kadamovas may therefore inspect and copy these documents.

The remaining documents fall into two categories: (1) sealed reports concerning Mikhel's mental health and competency to stand trial; and (2) sealed transcripts concerning Mikhel's relationship with his trial counsel and his competency to stand trial. The Court considers each category of documents separately.

A.    <u>Mental Health Reports</u>

Kadamovas seeks to inspect and copy three documents concerning Mikhel's mental health: a September 6, 2006, letter from Dr. William Vicary ("Vicary"); a September 8, 2006, report from Dr. Ralph Ihle; and a September 12, 2006, letter from Vicary (collectively, the "Reports"). In his Privilege Log, Mikhel objects under Federal Rule of Criminal Procedure ("Rule") 12.2(c)(4). That rule, titled "Inadmissibility of a Defendant's Statements", provides that:

> No statement made by a defendant in the course of any examination
> conducted under this rule . . ., no testimony by the expert based on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

statement, and no fruits of the statement may be **admitted into evidence** against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant:

> (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or
> (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).

Fed. R. Crim. P. 12.2(c)(4) (emphasis added). Mikhel's argument fails because Rule 12.2(c)(4) concerns admissibility of evidence at trial, not the disclosure of documents generally.

In his Opposition, Mikhel also argues that the Reports are privileged under the Fifth Amendment. (Opp'n 6.) As noted by Mikhel, in a capital case the Fifth Amendment protects against the use of a defendant's statements for sentencing purposes, in addition to protecting against self-incrimination. *See Estelle v. Smith*, 451 U.S. 454, 462-63 (1981). Even so, the Fifth Amendment does not apply here because Mikhel is not being compelled to testify to the truth of the content of the Reports. *See Matter of Fischel*, 557 F.2d 209, 213 (9th Cir. 1977); *Fisher v. United States*, 425 U.S. 391, 409 (1976) ("The Court has held repeatedly that the Fifth Amendment is limited to prohibiting the use of 'physical or moral compulsion' exerted on the person asserting the privilege"). Further, the Fifth Amendment does not protect against all possible uses of a defendant's statements. Here, Kadamovas does not seek to use the Reports to incriminate Mikhel or to increase his sentence; rather, Kadamovas believes the Reports are relevant to Kadamovas's appeal. The Fifth Amendment privilege against self-incrimination does not prohibit such a use.

Accordingly, the Court finds that Kadamovas may inspect and copy the Reports.

> B.     Transcripts

Kadamovas also seeks to inspect and copy the sealed portions of transcripts from November 30, 2006, from 4:16 p.m. to 4:27 p.m.; December 12, 2006, from 11:17 a.m. to 11:30 a.m.; December 13, 2006, from 9:34 a.m. to 9:40 a.m.; January 24, 2007, from 9:09 a.m. to 9:12 a.m.; and February 1, 2007, from 9:30 a.m. to 9:46 a.m. (collectively, the "Transcripts"). (Appl. 1.) Mikhel objects to these requests on the grounds of attorney-client and work-product privilege. (Privilege Log 8-10.) The Court finds that neither privilege acts to protect the Transcripts from disclosure.

First, the work-product privilege "extends only to certain materials prepared by an attorney in anticipation of litigation." *Fischel*, 557 F.2d at 212-13; *United States v. Nobles*, 422 U.S. 225, 237-

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

38 (1975).  The Transcripts are not materials prepared by Mikhel's attorneys in anticipation of litigation, nor do the Transcripts reference such materials.  As such, the work-product privilege does not apply to the Transcripts.

Second, the attorney-client privilege also does not apply to the Transcripts.  The Ninth Circuit has explained that the attorney-client privilege comprises eight elements:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Fischel*, 557 F.2d at 211.  Further, "the party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications." *In re Grand Jury Subpoenas (Hirsch)*, 803 F.2d 493, 496 (9th Cir. 1986).  "To meet this burden, a party must demonstrate that its documents adhere to the essential elements of the attorney-client privilege." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992).

The Court has reviewed the Transcripts *in camera*, and Mikhel has failed to meet this burden for myriad reasons.  First, many of the purportedly privileged statements were not made by Mikhel but by his attorneys.  Such communications, such as Mikhel's trial counsel's characterizations of Mikhel, are not privileged.  Second, it does not appear that any of the communications were made for the purpose of seeking legal advice.  Rather, Mikhel appears to have been dissatisfied with his trial counsel and was expressing that displeasure to the court.  Such statements have been held to constitute an implied waiver of the attorney-client privilege. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) (holding that the "privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence").  Third, even if the Transcripts did reference some privileged statements, that privilege is waived with respect to the Transcripts that Mikhel is providing to the government. *See United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009) (holding that "*any* voluntary disclosure of information to a third party waives the attorney-client privilege").

As such, the Court finds that the attorney-client privilege does not protect the Transcripts from disclosure.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

III.   RULING

For the foregoing reasons, Kadamovas's Application is **GRANTED IN PART.**  The Clerk of the Court is ordered to permit appellate counsel for Kadamovas to copy and inspect the following documents:

1.   Sealed Document - Letter from William Vicary J.D. M.D. regarding Mikhel.  (Sept. 6, 2006, ECF No. 1187.)

2.   Sealed Document - Dr. Ihle's Report.  (Sept. 14, 2006, ECF No. 1205.)

3.   Sealed Document - Dr. Ihle's Report regarding Iouri Mikhel.  (Sept. 13, 2006, ECF No. 1206.)

4.   Sealed Document - Order Re: Production of September 14, 2006 Forensic Evaluation by Dr. Ihle.  (Dec. 7, 2006, ECF No. 1361.)

The Clerk of the Court is also ordered to permit appellate counsel for Kadamovas to copy and inspect the sealed portions of the transcripts for hearings pertaining to Mikhel held on September 6, 2006, November 14, 2006, November 30, 2006, December 12, 2006, December 13, 2006, January 24, 2007, and February 1, 2007.

These documents are designated Attorney's Eyes Only.  Counsel for Kadamovas, including any successor counsel, shall maintain all documents as confidential and shall not release or disclose the documents except for the purpose of appellate and/or post-conviction proceedings, and only upon further order of the Court to unseal.

IT IS SO ORDERED.

_____  :  _____

Initials of Deputy Clerk          vpc