FILED

UNITED STATES COURT OF APPEALS

APR 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JURIJUS KADAMOVAS,<br><br>Defendant-Appellant. | No. 07-99009<br><br>D.C. No. CR-02-00220-DT-2<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before:   SILVERMAN and HURWITZ, Circuit Judges.

Appellant, sentenced to death in the Central District of California after being convicted of multiple offenses including three counts of hostage taking resulting in death and conspiracy to escape, is currently confined in the Special Confinement Unit (SCU) at the United States Penitentiary in Terre Haute, Indiana.  Appellant now moves this court for an order requiring the prison to permit his counsel to bring a laptop into the prison when counsel confers with Appellant, before counsel files Appellant's Reply Brief.

Appellee opposes the motion on the basis that laptop computers are not allowed into the prison "because they are deemed to pose a security risk, especially when they are Wi-Fi and internet capable."  Response at 3.  Appellee notes the prison has informed counsel that it has "a stand-alone computer on which it

permits inmates to review case materials, such as the ones contained on Kadamovas's laptop computer." *See id.* ("To do so, his attorneys must first download the data from the laptop computer onto a portable hard drive that can be attached to the inmate discovery review computer at the facility").

Appellee states for security reasons prison officials: (1) review any portable hard drives brought into the facility for use on the inmate discovery review computer to ensure the programs on the hard drives have not been manipulated or corrupted; and (2) scan file titles on such portable hard drives to "prevent inappropriate materials – such as music, movies, or pornographic materials – from being brought into the facility." *See id.* Appellee also avers that prison officials "do not run word searches or otherwise review the actual contents of documents and files on such portable hard drives." *See id.*

Appellant contends requiring counsel to use a prison computer will compromise the attorney-client privilege and work product nature of the materials to be reviewed. *See* Motion at 4. But no allegation has been made that prison officials are reading the content of Appellant's privileged legal materials. *Cf. Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) (prison staff, in presence of the prisoner, may open and inspect for contraband, but not read, legal mail from prisoner's attorney without violating the Constitution).

We do not have any reason to doubt counsel's integrity and professional ethics.  Nonetheless, we decline to second guess the prison's institutional assessment that a ban on laptop computers advances prison security.  *Cf. Wolff*, 418 U.S. at 577 ("The possibility that contraband will be enclosed in letters, even those from apparent attorneys, surely warrants prison officials' opening the letters.  We disagree with the Court of Appeals that this should only be done in 'appropriate circumstances'").

Accordingly, Appellant's Motion To Allow Counsel To Bring Laptop Into Prison To Confer With Client (Docket Entry No. 332) is denied.