BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Counsel for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  CR 02-00220-SJO |
| Plaintiff, | ) | |
| v. | ) | EX PARTE APPLICATION TO APPOINT COUNSEL FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255 |
| JURIJUS KADAMOVAS, | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Jurijus Kadamovas files this ex parte application to appoint counsel for proceedings pursuant to 28 U.S.C. § 2255.  This application is based upon the attached memorandum, exhibits, and the files and records in this case.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated: July 16, 2019

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
*Counsel for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

Appointed appellate counsel for JURIJUS KADAMOVAS, an indigent federal prisoner under sentence of death respectfully request the Court to appoint counsel, pursuant to 18 U.S.C. § 3599(a)(2), to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Undersigned counsel Barbara E. O'Connor and Benjamin L. Coleman replaced trial counsel and were appointed to represent Mr. Kadamovas on direct appeal. *See United States v. Kadamovas*, No. 07-99009 (9th Cir.) at ECF Nos. 7 & 8. The Ninth Circuit Court of Appeals thereafter appointed a third attorney, Margaret Hills O'Donnell, to assist the undersigned on direct appeal. *Id*. at ECF No. 161. Because his direct appeal counsel are not available to work on his § 2255 proceedings, they request that the Court appoint the Indiana Federal Community Defenders office ("IFCD") and California attorney Timothy J. Foley.[1]

Mr. Foley is a member in good standing of the bar of this Court and of the California Bar, and has specialized expertise and many years of experience in

---

[1] Current counsel have consulted with the Federal Capital Habeas Project, which was created by the Administrative Office of the U.S. Courts in 2006 to help identify qualified counsel for appointment in capital § 2255 cases. Counsel base this motion on information obtained from these sources, as well as upon personal knowledge.

1

capital post-conviction proceedings. His office is located in Sacramento, California. The IFCD is the federal public defender office closest to the federal death row in Terre Haute and houses a unit focused solely on capital § 2255 representation. Regarding its possible appearance in this case, a protocol established by the Administrative Office of the Courts ("AO") requires that notification of the potential appearance of a Federal Public Defender Office located outside the case's home district be provided to the Chief Judge of the Court of Appeals having appellate jurisdiction over that district. Pursuant to this protocol, Chief Judge Sidney R. Thomas of the Ninth Circuit has been notified of the potential appearance of the IFCD and has posed no objection to the appointment.

This legal team possesses the combined requisite experience and qualifications for appointment in a capital § 2255 case and, for reasons explained *infra*, would ensure that Mr. Kadamovas's prospective claims for relief are properly investigated and pled in a cost-effective manner. This request is time-sensitive because, as is explained below, Mr. Kadamovas's statute of limitations for filing a motion for relief under 28 U.S.C. § 2255 is likely to begin running in the very near future. Absent special circumstances, Mr. Kadamovas must raise and plead all available post-conviction claims within that year. Accordingly, current counsel for Mr. Kadamovas ask that he receive appointment of appropriately qualified counsel in an expeditious manner, to ensure that he can exercise his right

to comprehensive, meaningful post-conviction review of his conviction and death sentence.

In support of this request, undersigned counsel for Mr. Kadamovas state the following:

### Mr. Kadamovas Requires Timely Appointment of Counsel to Pursue Post-Conviction Relief Pursuant to 28 U.S.C. § 2255

1.      Mr. Kadamovas is an indigent federal prisoner sentenced to death pursuant to the judgment entered in this Court on March 13, 2007. *See United States v. Kadamovas*, No. 2:02-cr-00220-DT (C.D. Cal.) (Doc. 1641). His conviction and sentence were affirmed by the United States Court of Appeals for the Ninth Circuit on direct appeal, *United States v. Mikhel*, 889 F.3d 1003 (9th Cir. 2018), and his petition for certiorari is currently pending before the Supreme Court. *See Kadamovas v. United States*, No. 18-7489 (filed January 14, 2019). As the Government has now filed its opposition, the petition is set for the October 1, 2019 conference. Mr. Kadamovas has just one year in which to file a motion for relief under 28 U.S.C. § 2255 after the Supreme Court rules on the petition. *See id*. (providing that a "1-year period of limitation," running from the date the defendant's conviction became final on direct appeal, "shall apply to a motion

3

under this section"). Mr. Kadamovas remains financially unable to obtain counsel or other services and resources necessary to pursue § 2255 review.[2]

2.      It is common practice in capital § 2255 cases to have counsel in place when the statute of limitations begins to run.[3] This is because § 2255 is the only collateral proceeding to which the death-sentenced prisoner is entitled, and

---

[2] This Court previously found Mr. Kadamovas indigent for purposes of receiving legal representation at trial. He was indigent on appeal, and nothing about his financial circumstances has changed.

[3] *See*, *e.g.*, *Taylor v. United States*, 138 S. Ct. 1975 (2018) (denying cert. May 14, 2018); *United States v. Taylor*, No. 1:04-CR-160-1 (E.D. Tenn. July 21, 2017) (appointing counsel conditional on denial of cert.); *Umana v. United States*, 135 S. Ct. 2856 (2015) (denying cert. June 22, 2015); *United States v. Umana*, No. 3:08-CR-00134 (W.D. NC June 3, 2015) (appointing counsel conditional on denial of cert.); *Lighty v. United States*, 132 S. Ct. 451 (2011) (denying cert. Oct. 17, 2011); *United States v. Lighty*, No. 8:03-cr-00457-PJM-1 (D. Md. May 17, 2011) (appointing counsel); *Snarr v. United States*, 134 S. Ct. 1274 (2014) (denying cert. Feb. 24, 2014); *United States v. Snarr*, No. 1:09-cr-00015-MAC-KFG-1 (E.D. Tex. Dec. 20, 2013) (R. Doc. 424) (appointing counsel); *Garcia v. United States*, 134 S. Ct. 1273 (2014) (denying cert. Feb. 24, 2014); *United States v. Garcia*, No. 1:09-cr-00015-MAC-KFG-2 (E.D. Tex. Dec. 20, 2013) (appointing counsel); *Caro v. United States*, 132 S. Ct. 996 (2012) (denying cert. Jan. 9, 2012); *United States v. Caro*, No. 1:06-cr-00001 (W.D. Va. May 11, 2011) (R. Doc. 768) (appointing counsel); *Ebron v. United States*, 134 S. Ct. 512 (2013) (denying cert. Nov. 3, 2013); *United States v. Ebron*, No. 1:08-cr-00036-MAC-ESH (E.D. Tex. March 12, 2013) (R. Doc. 309) (appointing counsel); *Basham v. United States*, 560 U.S. 938 (2010) (denying cert. June 1, 2010); *United States v. Basham*, No. 4:02-cr-0092-JFA (D.S.C. Sept. 18, 2009) (R. Doc. 1247) (appointing counsel conditional on denial of cert.); *Fell v. United States*, 559 U.S. 1031 (2010) (denying cert. March 22, 2010); *United States v. Fell*, No. 5:01-cr-00012-gwc-1 (D. Vt. Dec. 17, 2009) (appointing counsel) (R. Doc. 278); *Johnson v. United States*, 555 U.S. 828 (2008) (denying cert. Oct. 6, 2008); *United States v. Johnson*, No. 01-cr-3046-MWB (N.D. Iowa Aug. 11, 2008) (R. Doc. 749) (appointing counsel).

4

appointment of counsel at the earliest opportunity will ensure his right to "preapplication legal assistance" in investigating and preparing his post-conviction claims. *See McFarland v. Scott*, 512 U.S. 849, 855 (1994) (establishing a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings). As with the previously existing right to counsel under 18 U.S.C. § 848(q), the right to counsel under 18 U.S.C. § 3599 attaches prior to the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. *See id*. at 855-56 (discussing § 3599's predecessor provision, Court notes that "quality legal representation is necessary in capital habeas corpus proceedings" and that an "attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because [of] 'the complexity of our jurisprudence in this area'") (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)). Accordingly, the request to appoint counsel prior to the resolution of the writ of certiorari is being made now so as to provide Mr. Kadamovas with the full year in which to properly prepare his § 2255 motion prior to the statutory filing deadline.

**Proposed Counsel Is Qualified for Appointment to Mr. Kadamovas's Case**

3. Federal law provides for the appointment of "one or more attorneys" for an indigent inmate seeking relief from a federal capital conviction or death sentence in proceedings under 28 U.S.C. § 2255 or in any other capital post-

5

conviction proceedings, including clemency. 18 U.S.C. § 3599(a)(2). The appointment provision of § 3599 requires appointment of at least one counsel who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases. 18 U.S.C. § 3599(c). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d).  The Administrative Office of the U.S. Courts has indicated, "[J]udicial officers should consider appointing at least two counsel" in capital § 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings [.]" Guide to Judiciary Policy, Vol. 7, Pt. A, Ch. 6, §620.10.20 (available at https://www.uscourts.gov/sites/default/files/vol_07.pdf). Additionally, the statutory preference under § 3599(e) is that appointed counsel "shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . including all available post-conviction process." 18 U.S.C. § 3599(e).

4.     In capital § 2255 proceedings, it is the regular practice to appoint at least two attorneys to represent the prisoner. The American Bar Association recommends that no fewer than two attorneys be appointed in all capital cases. *See*

6

American Bar Association, Guidelines for Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 4.1. This is particularly important where, as in capital § 2255 proceedings, the labor-intensive tasks associated with developing the factual basis for potential claims for relief require substantial time to complete. Indeed, it should be noted that capital § 2255 proceedings differ widely from noncapital § 2255 motions, as capital § 2255 motions necessarily involve the additional burden of having to investigate and identify claims related to the penalty phase of the underlying criminal proceeding, a feature unique to capital cases. The American Bar Association has aptly described these demands on capital post-conviction counsel:

> [P]roviding high quality legal representation in collateral review proceedings in capital cases requires enormous amounts of time, energy, and knowledge . . . . [Post-conviction counsel] cannot rely on the previously compiled record but must conduct a thorough, independent [reinvestigation of the case and the client]. . . . Reinvestigating the case means examining the facts underlying the conviction and sentence, as well as such items as trial counsel's performance, judicial bias or prosecutorial misconduct. Reinvestigating the client means assembling a more-thorough biography of the client than was known at the time of trial, not only to discover mitigation that was not presented previously, but also to identify mental-health claims which potentially reach beyond sentencing issues to fundamental questions of competency and mental-state defenses.

American Bar Association, Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (February 2003) ("ABA Guidelines"), Guideline 10.15.1 commentary.

5.      Pursuant to § 3599, undersigned counsel for Mr. Kadamovas seek appointment of Timothy J. Foley and the IFCD, Victoria Casanova appearing,[4] to represent him in his federal capital post-conviction proceedings.

6.      Timothy J. Foley has over thirty years of experience in the post-conviction representation of condemned inmates. He is a former Assistant Federal Defender with the Capital Habeas Unit of the Eastern District Federal Defender and was previously a staff attorney with the California Appellate Project. He has represented petitioners in capital cases in § 2254 litigation in the Eastern, Northern, and Central Districts of California as well as the Districts of Nevada and Arizona. He was counsel of record in such cases as *Williams v. Woodford*, 859 F.Supp.2d 1154 (E.D. Cal. 2012), *Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010), *Clark v. Lewis*, 1 F.3d 814 (9th Cir. 1993), and *Adamson v. Lewis*, 955 F.2d 614 (9th Cir. 1992) (en banc). He also has extensive trial court experience, and was appointed as learned counsel pursuant to 18 U.S.C. § 3005 in a capitally-eligible federal criminal proceeding in Montana, *United States v. Benavides*, Montana District Court, No. 6-00062. Located in Sacramento, Mr. Foley is currently a part-time Senior Deputy with the Office of the State Public Defender and a Visiting Lecturer at U.C. Davis (King Hall) School of Law and maintains a private practice

---

[4] The custom is to appoint the Federal Defender office itself; if appointed, Ms. Casanova will handle the case and appear on Mr. Kadamovas's behalf.

8

representing capital defendants. He is a member of the State Bar of California and the State Bar of Nevada (inactive) and is admitted to practice before this Court, the other Federal Districts in California, the Districts of Arizona and Nevada, the Ninth Circuit, and the United States Supreme Court. His CV is attached to this motion as Exhibit 1.

7.    Pursuant to 18 U.S.C. § 3599(a)(2), in an effort at reducing overall costs while providing effective representation, this motion seeks the appointment of the IFCD as co-counsel. The IFCD is willing and able to represent Mr. Kadamovas in the capital § 2255 proceedings at no cost to this Court. Expenses and fees for travel, record collection, or experts, if necessary, would also be paid by the IFCD.[5]

8.    The IFCD houses the nation's only dedicated Capital § 2255 Unit. The Defender Services Committee of the Judicial Conference recently authorized the creation of IFCD's Capital § 2255 Unit as a response to the growing number of federal capital post-conviction cases and with the expectation that it would appear in such cases around the country.  The IFCD's Capital § 2255 Unit is headed by

---

[5] The local Federal Public Defender in the Central District is not a viable option for appointment in this case because it represents one of Mr. Kadamovas's co-defendants, Iouri Mikhel, who is also under sentence of death.  The undersigned has been authorized to represent that the Federal Defender is fully supportive of this motion for appointment.

Victoria Bailey Casanova. Ms. Casanova is a former Assistant Federal Defender with the Capital Habeas Unit of the Western District of Oklahoma. Prior to accepting her current position, Ms. Casanova was with the Marion County Public Defender Agency in Indianapolis as an appellate public defender and then Chief of the Appellate Division. As Chief of the Marion County Public Defender Agency's Appellate Division – Indiana's only full-time appellate public defender office – she supervised more than 30 attorneys and paralegals, managed the division budget, carried a full Major Felony direct appeal caseload, and trained trial and appellate public defenders on matters of criminal procedure and constitutional law. Under her supervision, the IFCD's Capital § 2255 Unit staff are now involved with litigating federal capital post-conviction cases both in and out of district. Her résumé is attached to this motion as Exhibit 2.

9. While capital § 2255 cases in general tend to be large and wide-ranging, Mr. Kadamovas's case has particularly complex needs and requires a team with relevant expertise and adequate staffing from the start. The record in the case is voluminous. The trial lasted 75 days and tens of thousands of documents (including recordings) were provided in discovery alone, many of which are in the Russian language. Because Mr. Kadamovas spent most of his life in Lithuania and the former Soviet Union, the capital § 2255 mitigation investigation will necessarily be international in scope and will require obtaining records from

foreign agencies, as well as locating and interviewing witnesses outside the country with relevant information about Mr. Kadamovas's background. Adequate translation services will also need to be secured. Absent any special circumstances, these and all other basic post-conviction tasks must be completed within the one-year statute of limitations.

10.    Appointment of the IFCD as co-counsel will help contain the costs associated with capital § 2255 litigation while providing Mr. Kadamovas with experienced and qualified post-conviction counsel. Undersigned counsel are informed that, because of their size and scope -- the trial having taken place in one jurisdiction, the client being housed in a different jurisdiction, and witnesses in disparate locations -- capital § 2255 cases tend to require considerably more resources and are considerably more expensive than capital § 2254 cases arising from state court convictions. Representation by federal defender organizations has proved cost-effective in capital § 2255 cases because of their in-house resources, staffing, and infrastructure, all of which facilitate the management and processing of voluminous records and the handling of multiple tasks within short periods of time. Moreover, the fact that any necessary investigators and experts would be paid out of the Defender's budget would greatly simplify the administrative burden on the Court as well as its budgeting process. Finally, while capital § 2255s as a rule

11

are far larger in scope than their § 2254 counterparts, the size of the record here, along with the extent of the investigative demands, will be greater than most.

11.    Here, the IFCD's location in Indianapolis will also result in cost savings because it is less than an hour from the Special Confinement Unit at USP-Terre Haute, where Mr. Kadamovas is housed, and where office staff travel regularly to see other clients, including on federal death row. The IFCD's geographic proximity will thus allow it to more easily communicate and conduct legal visits with Mr. Kadamovas. This will ease the administrative burden and costs associated with travel authorization requests that would otherwise exist if Mr. Kadamovas's appointed counsel all resided in California and better facilitate communication between Mr. Kadamovas and counsel given the three-hour time difference between California and Indiana.

12.    The experience of Mr. Foley and the IFCD with capital post-conviction and habeas corpus cases will ensure that Mr. Kadamovas's prospective claims for relief are properly and efficiently investigated and pled.

13.    Appellate counsel have conferred with Mr. Kadamovas to discuss the appointment of the Indiana Federal Community Defenders and Mr. Foley for his representation in 28 U.S.C. § 2255 proceedings and have informed him of their intention to file this motion. His overriding concern, as it has been since before his trial, continues to be whether he will be able to have full, confidential access to his

12

digital case materials, including more than 80,000 pages of discovery, audio and video recordings, as well as the means to confidentially review the digital materials and discuss with his attorneys. Important parts of the discovery are in the Russian language. At this stage in the proceedings, Mr. Kadamovas's ability to work on his case and with the discovery in preparation for filing a § 2255 motion is imperative. The appointment of the IFCD and Mr. Foley will allow Mr. Kadamovas's concerns about confidential access to his case materials to be addressed.

14. Undersigned counsel have communicated with Assistant United States Attorney Ashley Aull. She stated that the government has no objection to this application.

WHEREFORE, pursuant to 18 U.S.C. § 3599, undersigned counsel for Mr. Kadamovas respectfully request that the Court appoint Timothy J. Foley and the Indiana Federal Community Defenders, Victoria Bailey Casanova appearing,[6] to represent him in seeking all available post-conviction remedies.

---

[6] Ms. Casanova is not a member of the Bar of this Court. Both undersigned and proposed counsel are aware of this Court's Local Rules regarding *pro hac vice* practice. However, as L.R. 83-2.1.3 addresses *pro hac vice* admission for retained counsel, rather than appointed counsel, if appointed, Ms. Casanova will seek to file an appearance pursuant to the Court's order of appointment. If the Court requires it, Ms. Casanova will apply to appear *pro hac vice.* Along with her application, Ms. Casanova intends to move for a waiver, if necessary, of L.R. 83-2.1.3.4 so that the IFCD might appear in this case *pro hac vice* as co-counsel. While Mr. Foley is a member of the bar of this Court, his office is in Sacramento. In light of the

13

Respectfully submitted,

Dated: July 16, 2019                          */s/ Benjamin L. Coleman*
                                              Benjamin L. Coleman
                                              Coleman & Balogh LLP
                                              1350 Columbia Street
                                              Suite 600
                                              San Diego, CA 92101
                                              (619) 794-0420 (o)
                                              (619) 652-9964 (f)
                                              blc@colemanbalogh.com

                                              Barbara E. O'Connor
                                              O'Connor and Kirby PC
                                              70 Pine St.
                                              Apt. 4801
                                              New York, NY 10005
                                              (802) 338-6528
                                              barbara@kirbyoconnor

unique needs of this case, the cost-containment associated with appointing the IFCD, and the suitability of the proposed team, counsel hopes this Court will look favorably upon such a motion.

14