Timothy J. Foley
tfoley9@earthlink.net
Attorney at Law
California State Bar No. 111558
1017 L. Street, #348
Sacramento, CA 95814
Tel: (916) 599-3501

Victoria Bailey Casanova
victoria_casanova@fd.org
Indiana State Bar No. 24082-49
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Tel: (317) 383-3520

Counsel for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.   02-CR-00220-SJO |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| v. | ) | APPLICATION FOR COUNSEL |
| | ) | TO APPEAR *PRO HAC VICE* |
| IOURI MIKHEL, and | ) | |
| JURIJUS KADAMOVAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant Jurijus Kadamovas, through his counsel, requests leave for

two attorneys from the Indiana Federal Community Defenders, Inc., appointed

counsel in this case, Jean E. Giles and Florence Italia Patti, to appear *pro hac vice* in

1

this matter.  This application is based upon the following memorandum, the accompanying exhibits, the counsel provisions in 18 U.S.C. § 3599 and other statutes, and the files and records in this case. A G-64 proposed order is submitted with this application.

Respectfully submitted,

Dated: July 10, 2020

*s/Timothy J. Foley*
TIMOTHY J. FOLEY
Attorney for Defendant
Jurijus Kadamovas

### MEMORANDUM IN SUPPORT OF APPLICATION

This is a capital case, with the defendant Kadamovas currently under sentence of death, and subject to the provisions of 18 U.S.C. § 3599.  On July 16, 2019, Mr. Kadamovas' direct appeal attorneys filed an Ex Parte Application to Appoint Counsel for Proceedings Pursuant to 28 U.S.C. § 2255. Doc. # 2327. That application, prepared in consultation with the Federal Capital Habeas Project created by the Administrative Office of the U.S. Courts to help identify qualified counsel for appointment in capital § 2255 cases, requested that the Court issue an order appointing Timothy J. Foley and the Indiana Federal Community Defenders office as counsel for Mr. Kadamovas.[1]

---

[1]    The appointment of the Federal Defender for the Central District was not an option here because it represents a co-defendant, Iouri Mikhel, who is also under sentence of death.

The application explained that attorney Foley was a member of this Court, qualified and experienced both in capital cases and in federal habeas proceedings, but is based in Sacramento. Doc. # 2327, 8-9. The application also asked for appointment of the Indiana Federal Community Defenders (IFCD) office, explaining that the IFCD houses the nation's only dedicated Capital § 2255 unit, created as a response to the growing number of federal capital post-conviction cases and with the expectation that it would appear in such cases around the country.[2] The IFCD office is less than an hour from the special confinement Unit at USP-Terre Haute, where Mr. Kadamovas is housed. The appointment of the IFCD along with attorney Foley represents a significant reduction in the overall costs of representation, while still providing effective representation. Doc. # 2327, 9-12. The application noted that attorney Victoria Bailey Casanova was the head of the Capital § 2255 unit and that she would be appearing in the matter, though she is not a member of the bar of this Court. The application also noted that Ms. Casanova would file an application to appear *pro hac vice*, and explained that her application might require a waiver of L.R. 83-2.1.3.4 because anticipated co-counsel, attorney Foley, while a member of the bar of this

---

[2]    The appointment of more than one attorney in this case was necessary not only because of the nature of the charges and sentence, but because of the massive enormity of the case: a 75 day joint trial of both Mikhel and Kadamovas involving five murders, money laundering allegations and an escape attempt, over a thousand exhibits, approximately 125 testifying witnesses, and hundreds of pleadings. The discovery in the case included over 89,000 pages, plus extensive video interviews and photographic evidence, with many documents and transcripts in Russian. A second trial, involving another co-defendant, Petrov Krylov, lasted roughly 35 days and involved most of the same witnesses.

3

Court and the bar of the state of California, is based in Sacramento and is not, technically, local counsel.  Doc. # 2327, 13-14, fn 6.

On July 18, 2019, the Court granted the application and, finding good cause, appointed the IFDC and Timothy J. Foley as counsel to represent Mr. Kadamovas in post-conviction proceedings. Doc. # 2330.  An application to permit attorney Casanova to appear *pro hac vice* was duly filed on August 19, 2019, again acknowledging that no local counsel was involved. Doc. # 2332. That application was granted on August 22, 2019, and attorney Casanova of the IFCD was permitted to appear *pro hac vice*. Doc. # 2333. Attorney Casanova entered her Notice of Appearance a week later. Doc. # 2335.

However, attorney Casanova has resigned from the IFCD office and her last day was June 30, 2020. The IFCD office has and will continue to represent Mr. Kadamovas, and is in the process of reviewing the massive amount of materials in this case, organizing the materials, assessing potential legal issues and challenges, investigating potential legal and factual issues, exploring forensic evidence and initiating investigative tasks, and working towards preparing the § 2255 motion. Assistant Federal Defender Jean E. Giles and Assistant Federal Defender Florence Italia Patti, both attorneys with the Capital § 2255 unit of the IFCD, have been part of this enormous undertaking and have devoted much of their time over the past nine months to these efforts. Because of the departure of attorney Casanova from the IFCD office, there is a need for another attorney from that office to substitute in for

attorney Casanova and appear in this proceeding. See 18 U.S.C. § 3599(e); L.Cr.R 44-1. Two attorneys from the IFCD, familiar with the case, stand ready to do so, Assistant Federal Defender Giles and Assistant Federal Defender Patti. If the Court permits *pro hac vice* status, attorney Giles and attorney Patti will each file a notice of appearance and attorney Casanova will file a notice of withdrawal.

Therefore, counsel respectfully requests this Court issue an Order permitting attorney Giles and attorney Patti, both of the IFCD, to appear *pro hac vice* on Mr. Kadamovas' behalf, and requests that the Court waive the local counsel rule in light of the unusual nature of this case and attorney Foley's presence as California counsel based in Sacramento. In support of this request, counsel further states:

1.     Attorneys Jean E. Giles and Florence Italia Patti, Assistant Federal Defenders in the Capital § 2255 Unit at the IFCD office, are not members of the bar of this Court.

2.     Attorney Giles' contact information is as follows:

> Jean E. Giles
> jean_giles@fd.org
> Indiana Federal Community Defenders, Inc.
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204
> (317) 383-3520  (phone)
> (317) 383-3525  (fax)

3. Attorney Patti's contact information is as follows:

> Florence Italia Patti
>
> italia_patti@fd.org
>
> Indiana Federal Community Defenders, Inc.
>
> 111 Monument Circle, Suite 3200
>
> Indianapolis, IN 46204
>
> (317) 383-3520  (phone)
>
> (317) 383-3525  (fax)

4. As noted, the office of the IFCD has been appointed to represent Mr. Kadamovas in pursuing post-conviction remedies, including those available pursuant to 28 U.S.C. § 2255. Doc. # 2330.

5. Attorney Giles is a member in good standing of the following courts:

| JURISDICTION | ADMISSION DATE |
|---|---|
| a. Indiana Supreme Court | November 15, 1999 |
| b. U.S. District Court for the Northern District of Indiana | November 22, 1999 |
| c. U.S. Court of Appeals for the 9th Circuit | November 26, 1999 |
| d. U.S. Court of Appeals for the 10th Circuit | September 26, 2014 |
| e. U.S. District Court for the Southern District of Indiana | December 17, 2015 |
| f. U.S. Court of Appeals for the 5th Circuit | June 26, 2020 |

6

6.      A Certificate of Good Standing from the Indiana Supreme Court for Attorney Giles is attached as Exhibit 1.

7.      Attorney Patti is a member in good standing of the following courts:

| JURISDICTION | | ADMISSION DATE |
|---|---|---|
| a. | Indiana Supreme Court | October 19, 2017 |
| b. | Pennsylvania Supreme Court | October 27, 2014 |
| c. | U.S. Court of Appeals for the 5th Circuit | April 8, 2020 |
| d. | U.S. Court of Appeals for the 6th Circuit | June 13, 2017 |
| e. | U.S. Court of Appeals for the 7th Circuit | December 29, 2017 |
| f. | U.S. Court of Appeals for the 9th Circuit | March 15, 2020 |
| g. | U.S. District Court for the Northern District of Indiana | December 11, 2017 |
| h. | U.S. District Court for the Southern District of Indiana | November 28, 2017 |
| i. | U.S. District Court for the Northern District of Texas | June 16, 2020 |
| j. | U.S. District Court for the Western District of Texas | April 16, 2020 |

8.      A Certificate of Good Standing from the Indiana Supreme Court for Attorney Patti is attached as Exhibit 2. A Certificate of Good Standing from the Pennsylvania Supreme Court for Attorney Patti is attached as Exhibit 3.

7

9. Attorney Giles and Attorney Patti have previously applied to this Court for *pro hac vice* status in this case. See Doc. ## 2341, 2345. They have applied for *pro hac vice* status in no other cases in this Court.

10. As noted, attorneys Giles and Patti do not have designated local counsel. See L.R. 83-2.1.3.4. Although undersigned counsel is a member of the bar of this Court, and is a resident of California, he does not maintain an office in this district. Good cause exists for the waiver of the local counsel requirement given the unique circumstances of this case.

11. Accordingly, and so attorneys Giles and Patti may fully engage in their role as appointed counsel for Mr. Kadamovas, undersigned counsel respectfully requests this Court issue an Order granting attorneys Giles and Patti leave to appear *pro hac vice* on Mr. Kadamovas' behalf.

12. This Court's General Order No. 20-01 establishes a $500 fee for *pro hac vice* applications. Pursuant to the Mecham memo, this fee is not required for ". . . federal government attorneys, whether they are Department of Justice attorneys, or assistant United States attorneys, or employed by any other federal agency . . ." Although attorneys Giles and Patti are employed by a Federal Community Defender office, rather than a Federal Defender Office, and are therefore not employed directly by the federal government, the Federal Community Defender office is a functional equivalent of a Federal Defender's office for this purpose, and therefore request that the Court waive the $500.00 *pro hac vice* fee for attorneys Giles and Patti.

8

13.     Assistant United States Attorney Kim Meyer indicated that the government did not oppose the previous *pro hac vice* application, Doc. # 2341.

WHEREFORE, undersigned counsel for Mr. Kadamovas respectfully requests this Court permit Jean E. Giles and Florence Italia Patti to appear *pro hac vice* on Mr. Kadamovas' behalf, and waive the $500 *pro hac vice* application fee.

Respectfully submitted,

Dated: July 10, 2020
                                                      *s/Timothy J. Foley*
                                                      TIMOTHY J. FOLEY
                                                      Attorney for Defendant
                                                      Jurijus Kadamovas

9