NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JOANNA M. CURTIS (Cal. Bar No. 203151)
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0298/8559
    Facsimile: (213) 894-3713
    E-mail:    joanna.curtis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>            v.<br><br>IOURI MIKHEL, et al.,<br><br>        Defendants. | No. CR 02-220-PSG<br><br>GOVERNMENT'S SUPPLEMENTAL MEMORANDUM REGARDING JURISDICTION OVER DEFENDANTS' MOTION FOR LIMITED DISCLOSURE OF JUROR NAMES<br><br>Hearing Date: August 5, 2020<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the Hon. Philip S. Gutierrez |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files this supplemental memorandum regarding the Court's jurisdiction to entertain the Motion for Limited Disclosure of Juror Names ("disclosure motion") filed by defendants Iouri Mikhel and Jurijus Kadamovas ("defendants").

This supplement is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 29, 2020                    Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        /s/Joanna M. Curtis
                                        JOANNA M. CURTIS
                                        KAREN I. MEYER
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

In preparing for the upcoming hearing on defendants' disclosure motion, the government discovered additional authorities concerning the Court's lack of jurisdiction over defendants' disclosure motion, which it believes the Court should consider.  Defendants have not filed petitions pursuant to Section 2255.  At this time, there is no pending case or controversy.  Because there is no case or controversy, this Court appears to lack jurisdiction to hear defendants' pending motion.  Even if the Court construes defendants' motion as a discovery motion in anticipation of their upcoming motions pursuant to Section 2255, the Court should deny it because there is no pre-petition right to discovery and no claim for relief against which to apply the discovery standards of Rule 6.

**II.    RELEVANT FACTS**

A federal jury found defendants guilty of the charged crimes and unanimously recommended a sentence of death as to the capital crimes. CR 1541, 1542.  Defendants appealed their convictions and the Ninth Circuit affirmed.  <u>United States v. Mikhel</u>, 889 F.3d 1003 (9th Cir. 2018).  Defendants have not filed petitions pursuant to 28 U.S.C. § 2255.  At present, there is no pending case or controversy.

**III. ARGUMENT**

    **A.    This Court Lacks Jurisdiction to Hear Defendants' Motion to Disclose Identities of Jurors**

Federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction.  <u>Henderson v.</u>

Shinseki, 562 U.S. 428, 434 (2011).  A party may raise an objection even if the party previously acknowledged jurisdiction.[1]  Id.

Article III of the United States Constitution empowers federal courts to hear only "cases or controversies."  Allen v. Wright, 468 U.S. 737, 750 (1984).  Where a final judgment has been entered, and a 2255 motion has not been filed, the district court has no jurisdiction over the case.  See United States v. Asakevich, 810 F.3d 418, 420 (6th Cir. 2016) ("[I]n the aftermath of a final judgment of conviction and sentence and in the absence of a pending § 2255 motion, there was no action in the district court to which the motion could apply."); United States v. Thomas, 713 F.3d 165, 168 (3rd Cir. 2013) (no case or controversy generally exists before an actual 2254 petition is filed).  It is the defendants' burden to establish that this Court has jurisdiction over their motions.  United States v. Garcia-Herrera, 894 F.3d 1219, 1220 (10th Cir. 2018).  Because the final judgment issued and defendants have not filed 2255 motions, there is no pending case or controversy such that this court lacks jurisdiction to rule on defendants' pending motion.

**B.    Defendants are not Entitled to Discovery in Preparation of a Future Habeas Petition**

To the extent defendants' disclosure motion can be viewed as a motion for discovery, this Court should deny it because defendants have no pre-petition right to discovery.  The Ninth Circuit recently rejected an attempt by a prisoner who did not have a pending 2255 petition to obtain previously sealed

---

[1] The government apologizes for any inconvenience to the Court and opposing counsel arising from the government's failure to identify and brief the jurisdictional issues addressed herein sooner.

documents in order to file a new petition.  United States v. Mohsen, 2020 WL 4037933 (9th Cir, July 17, 2020).[2]  Citing Ninth Circuit precedent that is applicable here, the Court stated:

> We have consistently rejected, however, attempts by "prisoners to use federal discovery for fishing expeditions to investigate mere speculation," requiring instead that a defendant "outline factual allegations in a [habeas] petition before the district court will be able to determine the propriety of discovery." Calderon v. U.S. Dist. Court for the N. Dist. of Cal., 98 F.3d 1102, 1106–07 (9th Cir. 1996); see also U.S. ex rel. Nunes v. Nelson, 467 F.2d 1380, 1380 (9th Cir. 1972) ("Appellant is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition."). Because Mohsen did not file a habeas petition, the district court correctly denied relief.

In Calderon, 98 F.3d at 1106-07, the Ninth Circuit held that a California death row inmate was not entitled to federal discovery before he filed his federal habeas petition.  The Circuit set forth multiple reasons why "pre-petition discovery is impermissible," three of which apply equally to federal defendants anticipating a 2255 petition.

1. [A] prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery."  Id. at 1106 (citing Harris v. Nelson, 394 U.S. 286, (1969) and Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).

2. Discovery in habeas proceedings is limited to "the processes of discovery available under the Federal Rules of Civil Procedure,

---

[2] Other circuit decisions have similarly rejected prisoners' requests for discovery in the habeas context where the defendants had yet to file petitions pursuant to Section 2255.  See e.g. In re Platts, 573 Fed.Appx. 87 (3rd Cir. 2014); United States v. Collazos-Munoz, 97 Fed.Appx. 136 (9th Cir. 2004); United States v. Tamayo, 238 F.3d 425 (6th Cir. 2000).

which do not permit pre-complaint discovery (with the exception of a need to perpetuate testimony that may not be available later).  Id.

3. "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation. Id. (citing additional case law).

All of these considerations apply to defendants' disclosure motion.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully submits that defendants' disclosure motion should be dismissed or denied.

4