Timothy J. Foley
tfoley9@earthlink.net
Attorney at Law
California State Bar No. 111558
1017 L Street, #348
Sacramento, CA 95814
Tel: (916) 599-3501

Jean E. Giles
jean_giles@fd.org
Indiana State Bar No. 21643-49
F. Italia Patti
italia_patti@fd.org
Indiana State Bar No. 34725-02
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Tel: (317) 383-3520

Counsel for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.    CR 02-00220-SJO |
| ) | |
| Plaintiff, ) | MEMORANDUM OF POINTS |
| ) | AND AUTHORITIES IN SUPPORT |
| v. ) | OF DEFENDANT KADAMOVAS' |
| ) | MOTION FOR EQUITABLE |
| IOURI MIKHEL, and ) | TOLLING OF THE STATUTE |
| JURIJUS KADAMOVAS. ) | OF LIMITATIONS FOR THE |
| ) | SECTION 2255 MOTION |
| Defendants. ) | |
| _____ ) | DATE: September 14, 2020 |
| | TIME: 10:00 AM |
| | LOCATION: To Be Determined |

1

Table of Contents

Table of Authorities ...............................................................................................ii

I.       Introduction. ...............................................................................................1

II.      Jurisdiction. ................................................................................................3

III.     Equitable Tolling is Appropriate..............................................................8

IV.      The Pre-Application Posture of this Request.......................................10

V.       Conclusion.................................................................................................14

Table of Authorities

Cases

*Bunyard v. Davis*, No. 2:15-cv-001790-WBS-AC, 2016 WL 128429 (E.D. Cal. Jan. 12, 2016)...................................................................................................................13

*Calderon v. United States District Court (Beeler)*, 128 F.3d 1283 (9th Cir. 1997)....12

*Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)........13

*Cowan v. Davis*, No 1:19-cv-00745 DAD, 2020 WL 1503423 (E.D. Cal. Mar. 30, 2020).................................................................................................................13

*Cowan v. Davis*, No. 1:19-cv-00745-DAD, Doc. # 30 (E.D. Cal. Aug. 13, 2020)....13, 14, 17

*Cruz v. Chappell*, No. 13-cv-02792-JST, 2014 WL 693595 (N.D. Cal Feb. 21, 2014)...................................................................................................................13

*Day v. McDonough*, 547 U.S. 198 (2006) ...................................................................15

*Dickey v. Ayers*, No. CIV F-06-357-AWI, 2006 WL 3359231 (E.D. Cal. Nov. 20, 2006)..............................................................................................................9, 14

*Dunn v. Baca*, No 3:19-cv-00702-MMD-WGC, 2020 WL 2525772 (D. Nev. May 8, 2020).................................................................................................................16

*Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999)........................................................10

*Hajek v. Brownfield*, No. 5:20-cv-2568-BLF, Doc. # 15 (N.D. Cal. June 29, 2020)..13

*Harbison v. Bell*, 556 U.S. 180 (2009) ..........................................................................8

*Holland v. Florida*, 560 U.S. 631 (2010) ...............................................................2, 10

*Hoyos v. Wong*, No. 09-cv-0388-NLS, 2010 WL 596443 (S.D. Cal. Feb. 16, 2010)........................................................................................................14

*Johnson v. United States*, 544 U.S. 295 (2005).............................................................2

*Johnson v. Weinberger*, 851 F.2d 233 (9th Cir. 1988).................................................4

*Kennedy v. Warden*, No 2:13-cv-02041-LKK-KJN, 2014 WL 1513371 (E.D. Cal. Apr. 16, 2014).................................................................................................13, 16

*McFarland v. Scott*, 512 U.S. 849 (1994) .......................................................4, 7, 8, 9

*San Nicolas v. Ayers*, No. 1:06-cv-00942-LJO, 2007 WL 763221 (E.D. Cal. Mar. 9, 2007)........................................................................................................14

*Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc)......................................passim

*Soto v. Warden*, 2009 WL 1705471 (C.D. Cal. June 16, 2009) ...................................7

*U.S. Nat'l Bank v. Indep. Ins. Agency of Am., Inc.*, 508 U.S. 439 (1993)....................4

*United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016).......................................6, 7

*United States v. Battles*, 362 F.3d 1195 (9th Cir. 2004)...............................................2

*United States v. Cook*, 997 F.2d 1312 (10th Cir. 1993) ...............................................6

*United States v. Hayman*, 342 U.S. 205 (1952)........................................................4, 5

*United States v. Hernandez*, 431 F. App'x 813 (11th Cir. 2011) ................................7

*United States v. Leon*, 203 F.3d 162 (2d Cir. 2000) (per curiam)...............................7

*United States v. Marin-Torres*, 430 F. Supp. 3d 736 (D. Or. 2020)........................5, 7

*United States v. McFarland*, 125 F. App'x 573 (5th Cir. 2005) ..................................7

*United States v. Short*, 2017 WL 4423406 (D. Idaho Oct. 5, 2017) ........................5, 7

iii

*United States v. Thomas*, 713 F.3d 165 (3d Cir. 2013) ..............................................5, 6

*United States v. White*, 257 F. App'x 608 (4th Cir. 2007) ...........................................7

*Williams v. Chappell*, No. 1:12-cv-01344-LJO, 2013 WL 3863942 (E.D. Cal. July 14,

  2013)........................................................................................................................13

Statutes

18 U.S.C. § 3599......................................................................................................1, 7

21 U.S.C. § 848.............................................................................................................7

28 U.S.C. § 2255........................................................................................................1, 2

PL 109-177, 120 Stat. 192 (2006) ...............................................................................7

Rules

Rules Governing Section 2255 Proceedings, Rule 6, Advis. Comm. Notes.................5

Orders

General Order No. 20-05 ............................................................................................10

I.       Introduction.

Defendant Jurijus Kadamovas is presently incarcerated under sentence of death at the United States Penitentiary in Terre Haute, Indiana. After a lengthy jury trial, he was convicted in this Court of three counts of hostage taking resulting in death pursuant to 18 U.S.C. § 1203, one count of conspiracy to escape from custody pursuant to 18 U.S.C. § 371, and three additional charges, with the sentence imposed on March 12, 2007. Doc. # 1639. The convictions and sentence were affirmed by the Ninth Circuit, and the United States Supreme Court denied certiorari on October 7, 2019. *United States v. Mikhel & Kadamovas*, 889 F.3d 1003 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 157 (2019).[1]

In July of 2019, pursuant to 18 U.S.C. § 3599(a)(2), this Court issued an order appointing current counsel -- the Indiana Federal Community Defenders office and attorney Timothy J. Foley -- to represent Mr. Kadamovas in 28 U.S.C. § 2255 and post-conviction proceedings. Doc. # 2331; *see also* Doc. # 2334. As discussed in the Proffer Regarding the Effects of the Pandemic, counsel has been diligently collecting, reviewing, and organizing the massive amount of materials relating to this case, including the trial transcript (a 75-day trial, after numerous pre-trial hearings), the pleadings (over two thousand filings), the exhibits (over one thousand), the discovery

---

[1]     Codefendant Iouri Mikhel was convicted of the same charges and also sentenced to death after a joint trial and shared jury. His convictions and judgment were affirmed in the same appellate proceeding.

1

(roughly 89,000 pages plus videos, wiretaps, and other audio files), the files of trial counsel (roughly 88 banker's boxes), the files of appellate counsel (roughly 22 banker's boxes), the transcripts of the codefendant Petro Krylov's trial (a 37-day trial) and additional documents.[2]

Pursuant to 28 U.S.C. § 2255(f)(1), a one-year statute of limitations applies to motions for post-conviction relief in federal criminal cases, most commonly running from "the date on which the judgment of conviction becomes final," in this instance the denial of the petition for writ of certiorari on October 7, 2019. *Johnson v. United States*, 544 U.S. 295, 300 (2005).[3] Thus, absent special circumstances or alternate trigger dates, the § 2255 motion in this matter is due on October 7, 2020.

The AEDPA statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010); *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).

The United States and, indeed, the world are currently in the grip of a pandemic. The novel coronavirus known as COVID-19 has had an extraordinary, unforeseeable, and catastrophic effect on social, economic, governmental, and structural institutions in this country. As a result of the pandemic, as set forth in

---

[2]     The Proffer Regarding the Effects of the Pandemic is hereby incorporated by reference in full as support for this motion.

[3]     As *Johnson* notes, this statute of limitations was first promulgated as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

summary in the Proffer Regarding the Effects of the Pandemic, the Declaration of Jean E. Giles in Support of the Proffer Regarding the Effects of the Pandemic, and the Declaration of Jenna C. Murphy in Support of the Proffer Regarding the Effects of the Pandemic, review of the record of this capital case has become difficult, and necessary components of the investigation into potential post-conviction issues have become impossible. Because presentation of those issues to this Court depends on review and investigation, counsel for Mr. Kadamovas have been unable to prepare a motion under § 2255 and will not be able to file such a motion by October 7, 2020. As discussed below, equitable tolling is appropriate, and counsel requests the Court grant this request for a six-month period of equitable tolling in this case.

II.    Jurisdiction.

Based upon the pleadings in this case, specifically Doc. # 2371, counsel for Mr. Kadamovas anticipates the government will contest the Court's jurisdiction to grant this motion in the first instance.

The exercise of federal jurisdiction under Article III of the Constitution depends on the existence of a case or controversy. *U.S. Nat'l Bank v. Indep. Ins. Agency of Am., Inc.*, 508 U.S. 439, 446 (1993); *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988). A motion under § 2255 is statutorily authorized, and, by its nature, premised upon, and inseparable from, the federal conviction being attacked. *See United States v. Hayman*, 342 U.S. 205, 217-22 (1952).

Yet, the jurisdictional basis for adjudicating a motion relating to a § 2255 motion before the substantive § 2255 motion has been filed is unsettled. On one hand, simply as a matter of common sense, especially in a capital case where the government is seeking to execute a defendant, the federal court's power to issue orders relating to post-conviction proceedings during the interim period between the completion of the appeal and the filing of the application for writ of habeas corpus seems self-evident. In this case, this Court has issued orders relating to the appointment of counsel requested by the defendant (*e.g.*, Doc. # 2330) and relating to the control of sealed documents, requested by the government (*e.g.*, Doc. # 2370) without any indication that there was any jurisdictional issue. *See McFarland v. Scott*, 512 U.S. 849, 850-58 (1994) (approving the appointment of counsel in a capital case prior to the filing of the habeas petition). On the other hand, as the § 2255 motion begins "an independent and collateral inquiry into the validity of the conviction," (*United States v. Hayman*, 342 U.S. at 222), the jurisdiction to consider a motion relating to that "independent" proceeding filed before the § 2255 motion itself has been questioned.

In the Ninth Circuit, District Courts have noted that the question of jurisdiction for this type of motion in a § 2255 proceeding is undecided. "The Ninth Circuit has not yet considered whether a district court has jurisdiction to decide a motion for extension of time to file a Section 2255 motion before a prisoner files a Section 2255 motion." *United States v. Marin-Torres*, 430 F. Supp. 3d 736, 739 (D. Or. 2020); *see*

4

*also United States v. Short*, 2017 WL 4423406, at *1 (D. Idaho Oct. 5, 2017) ("the Ninth Circuit has not yet weighed in").

Other circuits are in conflict about whether jurisdiction lies for the consideration of this type of motion.

The Third Circuit has held that, because the § 2255 proceeding is built upon, and a continuation of, the underlying criminal case, Article III's case or controversy mandate is satisfied during the period before the actual § 2255 is filed. *United States v. Thomas*, 713 F.3d 165, 168-74 (3d Cir. 2013). The *Thomas* opinion reviewed the legislative history of § 2255, as well as the Rules Governing Section 2255 Proceedings, in detail, noting, for example, that, according to the Advisory Committee, the fundamental "'nature'" of a § 2255 motion is "'a continuing part of the criminal proceeding.'" 713 F.3d at 172 (quoting Rule 6, Advis. Comm. Notes). After a thorough survey of these underpinnings, the opinion concluded:

> Accordingly, it is now clear that, while civil in some respects, a § 2255 proceeding is a continuation of the underlying criminal case. It necessarily follows that because a § 2255 motion is a continuation of a defendant's criminal case, a motion for an extension of time to file a § 2255 motion is also a continuation of the underlying criminal case. Thus, a district court has subject matter jurisdiction to rule on a § 2255 motion for an extension of time before the substantive motion for relief is actually filed. The underlying criminal case satisfies Article III's case or controversy mandate.

*Thomas*, 713 F.3d at 173-74 (footnote omitted); *see also United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("passage of the Rules Governing § 2255

5

Proceedings made it clear that § 2255 proceedings were not separate civil actions, but were instead the continuation of the same criminal matter").

Sharply disagreeing with the Third Circuit's conclusion in *Thomas*, *supra*, the Sixth Circuit decided, in *United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016), that jurisdiction does not lie for the consideration of a motion for an extension of time to file a § 2255 motion prior to the filing of the § 2255 motion. The *Asakevich* opinion relies upon the concept that the § 2255 motion initiates an "independent and collateral inquiry into the validity of the conviction" and that a habeas petitioner has to actually file a § 2255 motion to create an "Article III controversy." 810 F.3d at 420, 423.[4]

Counsel submits that the discussion in *Thomas*, as it is based on the legislative history of § 2255, is the more persuasive. But, regardless, the consideration that should tilt this Court in favor of jurisdiction is the additional factor that this is a death penalty case, subject to special and unique considerations. Neither *Asakevich* nor

---

[4] As noted by the Oregon District Court in *United States v. Marin-Torres*, 430 F. Supp. 3d at 739, in non-capital cases, most circuits seem to have sided with the view of the Sixth Circuit in *Asakevich*. *See, e.g., United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005). The Idaho District Court came to a similar conclusion in *Short*, 2017 WL 4423406, at *1. *See also Soto v. Warden*, 2009 WL 1705471, at *1 (C.D. Cal. June 16, 2009) (rejecting jurisdiction to rule on a motion for extension of time to file a petition in the § 2254 context.).

*Thomas* is a capital cases. The true guiding precedent in this matter should not be either of those opinions, but *McFarland v. Scott*, *supra*, 512 U.S. 849.

*McFarland* dealt with the question of whether a District Court can appoint counsel in a capital habeas proceeding prior to the filing of the habeas petition in a § 2254 context. While the opinion concerns a § 2254 proceeding, rather than a § 2255 proceeding, and while the opinion concerns a motion to appoint counsel rather than a motion for equitable tolling, the overall analysis is applicable here, and shows why jurisdiction is appropriate.

The *McFarland* opinion notes that Congress established a statutory right to qualified legal representation for capital defendants in federal habeas proceedings in 1988 by promulgating 21 U.S.C. § 848(q)(4)(B).[5] This statute grants "indigent capital defendants a mandatory right to qualified legal counsel, and related services" in any federal "post conviction proceeding." 512 U.S. at 854. The Supreme Court noted that neither the statutes nor the rules governing habeas corpus proceedings "define a 'post conviction proceeding' under § 2254 or § 2255 or expressly state how such a proceeding shall be commenced." *Id*. However, the Court found that related statutory provisions and practical considerations demonstrate that the right to counsel, and the right to expert and investigative services, attach *prior* to the filing of the habeas

---

[5]     21 U.S.C. § 848(q)(4)(B) later became 18 U.S.C. § 3599(a)(2), the current statute. *See* PL 109-177, 120 Stat. 192 (2006); *Harbison v. Bell*, 556 U.S. 180, 184 (2009).

7

petition. 512 U.S. at 855. Thus, a court has the power -- indeed the duty -- to appoint counsel in a capital habeas "post conviction proceeding" prior to the filing of the actual petition. "This interpretation is the only one that gives meaning to the statute as a practical matter." *Id.* Simply: the district court has jurisdiction to appoint counsel, or address other pre-petition motions relating to the proceeding, prior to the filing of the habeas petition. *See Dickey v. Ayers*, No. CIV F-06-357-AWI, 2006 WL 3359231, at *1 (E.D. Cal. Nov. 20, 2006) ("Equitable tolling has been granted in many California capital cases prior to the filing of a federal petition. The State's jurisdictional argument has little support in the capital context.").

As *McFarland* notes, the right to counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." 512 U.S. at 858. In additional to resources, counsel needs something else to research and present a defendant's habeas claims: time. Just as a court has jurisdiction to grant a motion for counsel, a court has jurisdiction to grant a motion for time. In the capital context, *McFarland* controls. This Court has jurisdiction to hear this motion.

III.    Equitable Tolling is Appropriate.

Defendant here requests equitable tolling for sixth months due to the unprecedented difficulties caused by the COVID-19 pandemic. By its very nature, the assessment of whether equitable tolling is appropriate involves a "flexible approach," applied on a case-by-case basis assessing the "unique circumstances and

8

characteristics" of the situation. *Smith v. Davis*, 953 F.3d 582, 590 (9th Cir. 2020) (en banc). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

In a habeas proceeding, a request for equitable tolling requires the showing of two elements: (1) the petitioner has been "pursuing his rights diligently" and (2) some extraordinary circumstance prevented timely filing of the petition. *Holland v. Florida*, 560 U.S. at 649; *Smith v. Davis*, 953 F.3d at 588. Recently, the Ninth Circuit clarified, in *Smith v. Davis*, that the first element requires that the petitioner "has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." 953 F.3d at 599. The second element involves a causal analysis: the extraordinary circumstance must have "prevented . . . a timely filing." 953 F.3d at 600.[6]

---

[6]    *Smith v. Davis* also rejected a "stop-clock" approach to equitable tolling. The disapproved "stop-clock" approach would have allowed a petitioner to add the time during which an extraordinary circumstance was in place to extend the statute of limitations regardless of "whether he was reasonably diligent in filing his petition after the impediment was removed." 953 F.3d at 586. The petitioner in *Smith* argued "that the only diligence required of one seeking equitable tolling is diligence in remedying the impediment to filing caused by the extraordinary circumstance," not diligence in pursing his rights when he was not impeded by extraordinary circumstances. *Id.* at 588. Counsel here is not seeking "stop-clock" equitable tolling that would apply regardless of diligence. As the Proffer Regarding the Effects of the Pandemic shows, the diligence demonstrated here is not in seeking to lift the impediment (which would of course be impossible, as the impediment is a global pandemic) but general diligence in working on this case prior to the pandemic and, to the extent possible, during the pandemic.

Diligence is demonstrated in the Proffer Regarding the Effects of the Pandemic. From the time of appointment, counsel has been reviewing the mountain of material involved in this case with all the alacrity that can be marshalled. Despite the devastating nature of the pandemic, the review goes on, the organization continues, and, to the extent possible, document collection proceeds. The review, preparation, and especially investigation have been absolutely crippled by the pandemic.

The extraordinary circumstance of the pandemic is also demonstrated in the Proffer Regarding the Effects of the Pandemic. It would seem to be unnecessary to relate how the pandemic has undercut any possibility of conducting an investigation under the circumstances now in existence in California, Indiana, the rest of this country, and the world. *See, e.g.*, General Order No. 20-05, issued by this Court on April 13, 2020. The disruption to every aspect of our society, from our courts to our government to our day-to-day purchasing of goods and services to our ability to travel both domestically and especially internationally, has been unparalleled.

Counsel has demonstrated both elements, diligence and an extraordinary circumstance.

IV.    The Pre-Application Posture of this Request.

*Smith v. Davis*, *supra*, involved a request for equitable tolling after a habeas petition was filed outside the statute of limitations. Its language and discussion should

10

be assessed accordingly. Here, defendant is requesting equitable tolling prior to the running of the statute of limitations, and prior to the filing of the § 2255 motion, placing this request in a pre-application posture.[7]

The Ninth Circuit approved the granting of pre-application equitable tolling in *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled on other grounds in Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). In death penalty cases, district courts in this state have granted pre-application equitable tolling in numerous instances. *See, e.g.*, *Cowan v. Davis*, No. 1:19-cv-00745-DAD, Doc. # 30, at *3-11 (E.D. Cal. Aug. 13, 2020); *Hajek v. Brownfield*, No. 5:20-cv-2568-BLF, Doc. # 15 (N.D. Cal. June 29, 2020); *Cowan v. Davis*, No. 1:19-cv-00745 DAD, 2020 WL 1503423, at *2 (E.D. Cal. Mar. 30, 2020).[8]  Recently, a court in the Eastern District of California specifically rejected an argument that *Smith v. Davis* eliminates prospective equitable tolling in AEDPA statute of limitations cases, noting that "the law of the Ninth

---

[7]    For ease of reference, the discussion will use the phrase "pre-application" to refer to both the period before the habeas petition is filed in a § 2254 case and the period before the substantive motion raising claims is filed in a § 2255 case.

[8]    *See also, e.g.*, *Bunyard v. Davis*, No. 2:15-cv-001790-WBS-AC, 2016 WL 128429, at *2 n.3 (E.D. Cal. Jan. 12, 2016) ("Pre-petition equitable tolling in capital cases is widely accepted in this circuit."); *Kennedy v. Warden*, No 2:13-cv-02041-LKK-KJN, 2014 WL 1513371, at *8 (E.D. Cal. Apr. 16, 2014); *Cruz v. Chappell*, No. 13-cv-02792-JST, 2014 WL 693595, at *2 (N.D. Cal Feb. 21, 2014); *Williams v. Chappell*, No. 1:12-cv-01344-LJO, 2013 WL 3863942, at *4-5 (E.D. Cal. July 14, 2013); *Hoyos v. Wong*, No. 09-cv-0388-NLS, 2010 WL 596443, at *5-6 (S.D. Cal. Feb. 16, 2010); *San Nicolas v. Ayers*, No. 1:06-cv-00942-LJO, 2007 WL 763221, at *2, *6 (E.D. Cal. Mar. 9, 2007); *Dickey v. Ayers*, No. CIV F-06-357-AWI, 2006 WL 3359231, at *1 (E.D. Cal. Nov. 20, 2006).

Circuit has long been tha[t] prospective equitable tolling of the AEDPA statute of limitations is appropriate in capital habeas cases where a fact specific showing justifying such equitable tolling has been made." *Cowan v. Davis*, No. 1:19-cv-00745-DAD, Doc. # 30, at *7.

The discussion of *Smith v. Davis*, even if applied in a pre-application context, does not undercut the need and appropriateness for equitable tolling here. This motion is being filed approximately 50 days before the statute of limitations expires. It is crystal clear that a reasonably complete review and investigation of this complex capital case, followed by an assessment of the issues and the drafting of claims for a competently prepared habeas application, accompanied by a proffer of relevant evidence, cannot be accomplished by October 7. The extraordinary circumstances created by the pandemic absolutely prevent such a feat.

Denying equitable tolling at this point on the basis that the request is premature unnecessarily places counsel for this death-sentenced prisoner in an untenable position. Counsel would be forced to make a choice between filing a rushed, incomplete, ill-prepared, half-baked habeas application or risking the forfeiture of all constitutional claims by filing a late application. In a capital case, forcing counsel into such a rolling of the dice is both unfair and unwise.

Nor does such a result foster the supposed goals of AEDPA. Likely, the consequences would be litigation over the rushed petition (or disputes over the late petition), and unnecessary procedural battles that would only distract from the

12

substantive claims that should be the focus of any habeas case, resulting in a situation as odds with the "'judicial efficiency and conservation of judicial resources'" supposedly fostered by a proper application of the AEDPA statute of limitations. *Smith v. Davis*, 953 F.3d at 591 (quoting *Day v. McDonough*, 547 U.S. 198, 205 (2006)).

In an order granting equitable tolling in a pre-application posture in a death penalty case, an Eastern District Magistrate Judge assessed the situation, and chose the practical and fair approach. The language of that order seems manifestly applicable here:

> This court finds it appropriate to consider equitable tolling at this juncture. Preparing the federal habeas petition is widely recognized as an enormous task. . . This court will not require petitioner to gamble by choosing either a more-thorough, but potentially untimely petition, or a timely but less adequately prepared one. Petitioner has shown a number of courts in this circuit have found equitable tolling appropriate pre-petition. . . Petitioner's request should not be considered premature.

*Kennedy v. Warden*, No 2:13-cv-02041-LKK-KJN, 2014 WL 1513371, at *8 (E.D. Cal. Apr. 16, 2014).

A similar fair and practical view was expressed in a recent Nevada District Court order granting equitable tolling prior to the filing of a petition:

> The extraordinary circumstance of the COVID-19 pandemic is ongoing, and at the moment it is preventing Dunn from filing a timely amended petition . . . . the Court can say with certainty that it would find equitable tolling to be warranted once he files the amended petition. Because the Court would do that, it will tell Dunn ahead of time that it will grant equitable tolling and relieve him of one worry.

13

*Dunn v. Baca*, No 3:19-cv-00702-MMD-WGC, 2020 WL 2525772, at * 2 (D. Nev.

May 8, 2020).

Finally, a different Eastern District judge weighed in on August 13, 2020,

ordering pre-application equitable tolling in a capital habeas case and concluding:

> This court finds the unprecedented and ongoing COVID-19 pandemic
> may be analyzed accurately and in a non-speculative manner prospectively
> under the Supreme Court's decision in *Holland*. At the time of this order, the
> courthouses of this district have been closed to the public by General Order for
> months and will remain so for the foreseeable future, the Judicial Council of
> the Ninth Circuit has certified that emergency conditions existing in the
> Eastern District of California justify the temporary suspension of the 70-day
> period to bring criminal defendants to trial, and that this court's ability to
> function . . . normally has been severely impaired as a result of the ongoing
> pandemic. Given these established facts and for the reasons explained above,
> the court concludes petitioner has shown that notwithstanding the continuing
> exercise of clearly reasonable diligence, the COVID-19 pandemic makes it
> unlikely and very well impossible that a complete federal habeas petition in
> this case can be completed and filed prior to the . . . deadline . . . .

*Cowan v. Davis*, No. 1:19-cv-00745-DAD, Doc. # 30, at *10-11.

It is clear that defendant has demonstrated the need for equitable tolling.

Granting the tolling of the statute of limitations pre-application is a sensible solution

that would lead to some calmness in an exceedingly difficult situation.

V.    <u>Conclusion</u>.

As of the time of the filing of this pleading, the pandemic continues, and is not

showing any significant indication of abating. How long the devastating effects,

including the impact on travel, and the closure of prisons to visitors, will continue is

14

unknown. At this time, subject to reassessment at some point in the future, defendant asks for six months of equitable tolling, and an order stating that the statute of limitations will run at least until April 7, 2021.

Respectfully submitted,

Dated: August 14, 2020                              */s/Timothy J. Foley*
                                                    TIMOTHY J. FOLEY
                                                    Counsel for Defendant
                                                    Jurijus Kadamovas

15