NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
JOANNA M. CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559/0298
     Facsimile: (213) 894-3713
     E-mail:    joanna.curtis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 02-220-PSG |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT KADAMOVAS' MOTION TO EXTEND TIME TO FILE MOTION PURSUANT TO 28 U.S.C. § 2255 |
| v. | |
| IOURI MIKHEL, et al., | Hearing Date: TBD |
| Defendants. | Hearing Time: TBD |
| | Location:     Courtroom of the Hon. Philip S. Gutierrez |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its Opposition to Defendant Kadamovas' Motion to Extend Time to File Motion Pursuant to 28 U.S.C. § 2255.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 19, 2020                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


            /s/
KAREN I. MEYER
JOANNA M. CURTIS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

This Court should dismiss defendant Jurijus Kadamovas' ("defendant") motion to extend time to file a motion pursuant to 28 U.S.C. § 2255 because this Court lacks jurisdiction to hear it. Additionally, the motion is moot because the United States already agreed to equitably toll the time by which defendant must file his motion to April 7, 2021.

**II.   RELEVANT FACTS**

Before defendant filed the instant motion, undersigned counsel engaged in discussions with defendant's counsel about an agreement to equitably toll the statute of limitations for defendant's motion pursuant to 28 U.S.C. § 2255. Undersigned counsel represented to counsel for defendant that the United States would agree to defendant's request; however, the government needed time to research and draft the agreement.

On August 14, 2020, defendant filed the instant motion (CR 2377) and declarations supporting his motion (CR 2376). On August 17, 2020, the government sent the tolling agreement, authored and signed by the Chief of the Appellate Section, to defendant's counsel and to co-defendant Mikhel's counsel. Pursuant to the agreement, the United States agreed not to pursue any statute of limitations defense under 28 U.S.C. § 2255(f)(1) to on or before April 7, 2021 as to defendants Kadamovas and Mikhel.

**III. ARGUMENT**

**A.    This Court Lacks Jurisdiction to Hear Defendant's Motion**

A petition under Section 2255 is not a proceeding in the original criminal prosecution, but an independent and collateral

inquiry into the validity of a conviction.  United States v. Hayman, 342 U.S. 205, 222 (1952); Heflin v. United States, 358 U.S. 415, 418, note 7 (1959) (habeas petitions are not proceedings in the original criminal prosecution, but independent civil lawsuits).  Even if Section 2255 proceedings are "entered on the docket of the original criminal case" and "typically referred to the judge who originally presided over the challenged proceedings," there is no dispute that 2255 proceedings are "collateral."  Wall v. Kholi, 562 U.S. 545, 560, (2011).

Here, defendant has not filed a petition under Section 2255. The only case that currently exists as to defendant is the original criminal case, which is closed.  Nevertheless, defendant seeks an order from this Court in his original criminal case about a future civil lawsuit to challenge his conviction.  This Court should dismiss defendant's motion, relying upon persuasive authority from the majority of circuits.

The majority of circuits[1] to consider defendants' requests for tolling of the one-year statute of limitations for petitions under 28 U.S.C. § 2255 have held that federal courts lack jurisdiction to hear them.  See United States v. Asakevich, 810 F.3d 418, 420 (6th Cir. 2016); United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000); United States v. Hernandez, 431 Fed. Appx. 813, 814 (11th Cir. 2011); United States v. White, 257 Fed. Appx. 608, 609 (4th Cir. 2007); United States v. McFarland, 125 Fed. Appx. 573, 574 (5th Cir. 2005);

---

[1] The exception is the Third Circuit, which held that district courts have jurisdiction to consider such motions.  United States v. Thomas, 713 F.3d 165, 169, 173 (3rd. Cir. 2013) (finding that a district court has jurisdiction to entertain a motion for an extension of time because it characterized the 2255 proceeding as a continuation of a defendant's federal criminal case).

United States v. Moore, 56 Fed. Appx. 686, 687 (6th Cir. 2003). Specifically, the circuits have held that deciding a motion for an extension of time would amount to rendering an advisory opinion, because such a decision concerns a future case that does not yet exist, and federal courts lack power to render advisory opinions. United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993).  Additionally, there is no statutory authority that allows courts to entertain requests for tolling of Section 2255(f)'s one-year period of limitation.

   **B.    Defendant's Motion is Moot**

   Because the United States agreed to defendant's request for an extension of time to April 7, 2021, defendant's motion is moot.

**IV.   CONCLUSION**

   For the foregoing reasons, the government respectfully requests that this Court dismiss defendant's motion.

3