CUAUHTÉMOC ORTEGA (Bar No. 257443)
Interim Federal Public Defender
C. PAMELA GÓMEZ (Bar No. 233848)
(E-Mail:  Pamela_Gomez@fd.org)
AJAY V. KUSNOOR (Bar No. 273929)
(E-Mail: Ajay_Kusnoor@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
IOURI MIKHEL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 02-00220-DP |
|---|---|
| Plaintiff, | **<u>DEATH PENALTY CASE</u>** |
| v. | **DEFENDANT IOURI MIKHEL'S NOTICE OF INTENT TO FILE MOTION FOR COLLATERAL RELIEF BY APRIL 7, 2021** |
| IOURI MIKHEL, et al., | |
| Defendants. | |

Defendant Iouri Mikhel, by and through his counsel of record, gives notice of the government's waiver of its statute of limitations defense. In reliance on this waiver, Mr. Mikhel currently intends to file a motion for collateral relief under 28 U.S.C. § 2255 on or before April 7, 2021.

Under 28 U.S.C. § 2255(f)(1), Mr. Mikhel's motion for collateral relief must be filed within one year from the "date on which the judgment of conviction becomes final." A conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, Mr. Mikhel's conviction became final when the Supreme Court denied his petition for certiorari on October 7, 2019. Thus, under 28 U.S.C. § 2255(f)(1), Mr. Mikhel's motion for collateral relief is due on or before October 7, 2020.

AEDPA's statute of limitations defense is non-jurisdictional and subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645-46 (2010); *United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004). Thus, the defense can be waived. *Holland*, 560 U.S. at 645. The government's deliberate waiver of AEDPA's limitations defense is binding for the duration of the litigation, and a court may not override such a waiver. *See Day v. McDonough*, 547 U.S. 198, 202 (2006) ("we would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); *Wood v. Milyard*, 566 U.S. 463 (2012) (court of appeals abused its discretion in *sua sponte* assessing a limitations defense, where the State had deliberately waived it.)

In this case, the government has expressly waived its limitations defense because of the impact of the COVID-19 pandemic on counsel's ability to file a motion for collateral relief by October 7, 2020. The government will not assert such a defense for any motion filed on or before April 7, 2021. (Ex. 1, Letter from AUSA L. Ashley Aull.) In its response to Mr. Kadamovas's motion for equitable tolling, the government consented to equitable tolling of the statute of limitations through April 7, 2021, but maintained that this Court lacks jurisdiction to enter a tolling order because defendants have not yet filed their

1

motions for collateral relief. (Dkt. 2379.) In light of this waiver, Mr. Kadamovas subsequently withdrew his tolling motion. (Dkt. 2380.)

Because the government has expressly waived its timeliness defense, Mr. Mikhel does not presently seek an order for equitable tolling. However, Mr. Mikhel disputes the government's position that the Court lacks jurisdiction to enter a pre-petition tolling order. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997) (upholding district court's grant of prospective equitable tolling), *overruled on other grounds in Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). Given the uncertain course of the COVID-19 pandemic, he may need to seek a further extension of time at a later date, either through a subsequent waiver of the limitations defense or an order for equitable tolling.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Interim Federal Public Defender

DATED:  September 16, 2020          By: */s/ Ajay V. Kusnoor*
AJAY V. KUSNOOR
C. PAMELA GÓMEZ
Deputy Federal Public Defenders

Attorneys for Defendant
IOURI MIKHEL

2