NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
JOANNA M. CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559/0298
     Facsimile: (213) 894-3713
     E-mail:    joanna.curtis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 02-220-PSG |
|---|---|
| Plaintiff, | CLARIFICATION RE: GOVERNMENT'S OPPOSITION TO DEFENDANT KADAMOVAS' MOTION TO EXTEND TIME TO FILE MOTION PURSUANT TO 28 U.S.C. § 2255 |
| v. | |
| IOURI MIKHEL, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files a Clarification to its Opposition to Defendant Kadamovas' Motion to Extend Time to File Motion Pursuant to 28 U.S.C. § 2255 in which it erroneously described its waiver of procedural default as "equitable tolling."  The government regrets

//

//

//

any confusion its mischaracterization of its position may have caused.


Dated: October 9, 2020            Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  KAREN I. MEYER
                                  JOANNA M. CURTIS
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

2

**GOVERNMENT'S POSITION**

On August 14, 2020 defendant Jurijus Kadamovas ("defendant Kadamovas") filed a Notice of Motion and Motion for Equitable Tolling of the Statute of Limitations for the Section 2255 Motion (CR 2377) ("Motion for Equitable Tolling"), with an accompanying memorandum of points and authorities. (CR 2377-1.)  On August 19, 2020, the government filed Government's Opposition to Defendant Kadamovas' Motion To Extend Time to File Motion Pursuant to 28 U.S.C. § 2255. (CR 2379.)  In that opposition, the government erroneously stated that it had agreed "to equitably toll" the time by which defendant Kadamovas was required to file his 2255 petition. (Govt. Opp. at 1) ("Additionally, the motion is moot because the United States already agreed to equitably toll the time by which defendant must file his motion to April 7, 2021.")  Because the government agreed to waive its right to assert procedural default of any petition pursuant to 28 U.S.C. § 2255 filed after October 7, 2020, defendant Kadamovas filed a Notice of Withdrawal of Motion for Equitable Tolling of the Statute of Limitations for the Section 2255 Motion.  (CR 2380.)  Most recently, defendant Iouri Mikhel ("defendant Mikhel") filed a Notice of Intent to File Motion for Collateral Relief by April 7, 2021 ("Notice").  (CR 2381.)  In that notice, defendant Mikhel stated that the government had "consented to equitable tolling of the statute of limitations."  (Mikhel Notice, at 1.)

Defendant Mikhel's description of the government's actual position is not accurate and follows the language the Government used in its Opposition.  In its Opposition to defendant Kadamovas' Motion for Equitable Tolling, the government erroneously referred to its

waiver of procedural default as "equitable tolling."  This statement in the Opposition is incorrect.

The correct statement of the government's position is in the letter agreement authored by L. Ashley Aull, Chief of the Appellate Section of the United States Attorney's office.  (Letter to counsel for defendants Mikhel and Kadamovas, attached hereto as Exhibit ("Ex.") A) ("Letter Agreement")).  The government agreed in its Letter Agreement to waive its right to assert procedural default against a petition filed by either defendant after October 7, 2020 and before April 7, 2020.  But the government did not agree that this waiver constituted equitable tolling.

Specifically, the government "agree[d] not to pursue, and to affirmatively waive, any statute of limitations defense pursuant to 28 U.S.C. § 2255(f)(1) for any (3) [sic] 2255 motion defendants file on or before April 7, 2021.  The sole basis of this agreement is plaintiff's consent and waiver.... Absent further written agreement, Plaintiff maintains its right to dispute the timeliness of any § 2255 motion or supplement filed after April 7, 2021, and to dispute defendant's entitlement to equitable tolling."  (Letter Agreement, Ex. A, at 2-3) (emphasis added).  The government waived the statute of limitations for the filing of any 2255 petition only on the terms stated in the Letter Agreement.

Whether the doctrine of equitable tolling exists in this setting or could apply in this case are matters of dispute between the parties.  But the government's waiver and defendant Kadamovas' withdrawal of his motion for equitable tolling eliminate any need for the Court to reach these issues at this time.