UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
        PLAINTIFF

    v.

Iouri MIKHEL, AND
Jurijus KADAMOVAS
        DEFENDANTS.

CASE No.

CR 02-02-00220 SJO

2:20cv9591-MCS

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 3 2020

CENTRAL DISTRICT OF CALIFORNIA
BY ___DTA___         DEPUTY

## MOTION TO PROCEED PRO SE
## ON 28 USC § 2255, MOTION
## FOR COLLATERAL RELIEF

THIS IS A PRO SE MOTION TO THE COURT FROM DEFENDANT Jurijus KADAMOVAS.

THE BASIS OF THIS MOTION IS TO ADDRESS TO THE COURT THAT KADAMOVAS HAVE IRRECONCILA- BLE DIFFERENCES WITH HIS ATTORNETS, AND ATMO- SPHERE OF MISTRUST, MISGIVINGS AND CONFLICTING INTERESTS, AS WELL TOTAL BREAKDOWN OF THE ATTORNEY - CLIENT RELATIONSHIP. HI DID NOT AUTHO- RIZE HIS ATTORNEY TO FILE ANYTHINU ON HIS BEHAVE INCCUDE THE EQUITABCE TOLLING OF THE STATUTE OP LIMITATION THROUGH APRIL 7, 2021 FOR FILE HIS

1.

28 U.S.C. §2255 MOTION AND WILL NOT AUTHORIZE TO FILE ANYTHING ON HIS BEHALF IN A FUTURE.

## THE EXTENT OF THE CONFLICT

WHERE A CRIMINAL DEFENDANT HAS, WITH LEGITIMATE REASON, COMPLETELY LOST TRUST IN HIS ATTORNEY, AND THE TRIAL COURT REFUSES TO REMOVE THE ATTORNEY, THE DEFENDANT IS CONSTRUCTIVELY DENIED COUNSEL. SEE ABELZO-GONZALEZ, 268 F.3d AT 779. THIS IS TRUE EVEN WHERE THE BREAKDOWN IS A RESULT OF THE DEFENDANT'S REFUSAL TO SPEAK TO COUNSEL, UNLESS THE DEFENDANT'S REFUSAL TO COOPERATE DEMONSTRATES "UNREASONABLE CONTUMACY." BROWN V. CRAVEN 424 F.2d 1166, 1169 (9TH CIR. 1970) SEE ALSO NGUYEN, 262 F.3d AT 1003-04 (QUOTING AND APPLYING BROWN).

HERE KADAMOVAS HAVE A SERIES OF LEGITIMATE REASONS TO REFUS TO SPEAK WITH HIS ATTORNEYS BECAUSE HE COMPLETELY LOST TRUST IN HIS ATTORNEYS. SEE KADAMOVAS V. WATSON APPELANT BRIEF TO U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT NO 20-1889, APPEAL TAKEN FROM THE UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF INDIANA TERRE HAUTE DIVISION THE HONORABLE JAMES PATRICK HANLOT D.C NO. 2:19-CV-00540 JPH-MJD. ALSO ATTACHMENT #1.

TO AVOID "CONFLICT OF INTEREST" I ASKING

2.

THIS COURT FOR EVIDENTIAL HEARING THROUGHOUT ON-LINE HEARING, OR ON THE PHONE, OR IN ANY WAY THAT THE COURT MAY DEEM. PRIVATELY I WILL BE ABLE TO PROVIDE MORE INFORMATION ABOUT WHY MISTRUST AND MISGIVINGS OCCURED.

## TRIAL COURT'S DUTY TO INQUIRE.

WHEN A TRIAL COURT IS INFORMED OF A CONFLICT BETWEEN TRIAL COUNSEL AND A DEFENDANT, "THE TRIAL COURT SHOULD QUESTION THE ATTORNEY OR DEFENDANT PRIVATELY AND IN DEPTH, AND EXAMINE AVAILABLE WITNESSES..." NGUYEN, 262 F.3d AT 1004 (QUOTING MOORE, 159 F.3d AT 1160 9TH CIR.). A CONFLICT INQUIRY IS ADEQUATE IF IT "EASES THE DEFENDANT'S DISSATISFACTION, DISTRUST AND CONCERN" AND "PROVIDES A SUFFICIENT BASIS FOR REACHING AN INFORMED DECISION." ABELLO - GONZALEZ 268 F.3d. AT 777 ( CITATIONS OMITTED). SEE ALSO UNITED STATES v. GONZALEZ, 113 F.3d 1026, 1029 (9TH CIR. 1997) "(FINDING THAT A DISTRICT COURT CREATED A CONFLICT OF INTEREST BY QUESTIONING THAT ATTORNEY AND DEFENDANT IN OPEN COURT ABOUT THEIR CONFLICT).

## PRO SE REPRESENTATION ON APPEAL

SEE MARTINEZ v. COA, 528 U.S. 152, 145 L.ED 2d 597, 120 S. CT. 684 (2000) PAGE. 689. " WE ARE NOT AWARE OF ANY HISTORICAL CONSENSUS ESTABLISHING A RIGHT OF SELFREPRESENTATION ON APPEAL. WE MIGHT,

3.

NONETHELESS, PARAPHRASE *FERETTA* AND ASSERT: No State or Colony ever forced counsel upon a convicted appellant, and no spokesman ever suggested that such a practice would be tolerable or advisable. 422 U.S. AT 832, 95 S. CT. 2525."

IN *CHAMBERLAIN v. ERICKSEN, 744 F. 2d 628 630* (8TH CIR. 1984) THE EIGHT CIRCUIT STATE: "WE HAVE NO DOUBT THAT A DEFENDANT IS NOT REQUIRED TO HAVE CONSEL FORCED UPON HIM OR HER." SEE *PRICE, 354 U.S. AT 280, 68 S. CT. AT 1057; GARRISON v. LACEY, 362 F. 2d 798 799 (10TH CIR. 1966), CER. DENIED, 387 U.S. 911, 87 S. CT. 1696, 18 L. Ed 2d 630 (1967).* THIS RULE IS TRUE NOT ONLY AT TRIAL BUT ON APPEAL. RECOGNITION OF THIS PRINCIPLE LENDS ITSELF TO THE RECOGNITION THAT ALL DEFENDANTS HAVE A BASIC RIGHT TO ADDRESS THE COURT WITH A PRO-SE BRIEF.

## CONCLUSION

THEREFORE KADAMOVAS ASKING THIS COURT TO: 1) ALLOW HIM TO REPRESENT PRO SE FOR HIS 28 U.S.C §2255 PROCEDURES.

2) APPOINTED STANDBY COUNSEL,

3) FOLLOWING ANY HEARINGS THAT THIS COURT DEEMS.

4.

Dated October 6, 2020

Respectfully Submitted

Julius Kadamouas
#21050-112
U.S.P. Terre Haute
P.O. Box 33
Terre Haute, IN 47808

## Declaration of Mailing

The undersigned does attest under pains of Porgery that he did mail this original "Motion to Proceed Pro Se On 28 USC §2255 Motion for Collateral Relief" On October 6, 2020 to the U.S. District Court Central District of California, Courthouse 255 East Temple Street, Los Angeles, CA 90012. Via US Mail Sufficient First Class Postage Attached Thereto.

USPS TRACKING #  9114 9023 0722 4290 6080 18
& CUSTOMER     For Tracking or inquiries go to USPS.com
RECEIPT        or call 1-800-222-1811.

Julius Kadamouas

5.

ATTACHMENT # 1

Dear Judge, Your Honor:

The main issues that I have with attorneys apointed by this Court, is that they are refuse to file issues that maters to me. This is the reason why I file my 2241 motion to the Southern district of Indiana on my own behave, and if necessary I will appealing it up to the United Nations, as I am a Lithuanian citizen.

Essentially I have this same issues since my direct appeal started. See attached "Motion to proceed Pro se" Dut Entry: 7003436 to 9TH Circuit filed on Jul. 24, 2009, (attached for court convinance). My trial was unfair for many reasons, include that I was not allowed to have a miningful access to my discovery materials. On direct appeal I was not able to participate by the fact that I did not have meaningful access to my trial transcripts which is seriously affected the fairness of my direct appeal, and now my habeas corpus appeals CAN NOT BE FAIR for at least five (5) Structural Problems or obstructed procedural possibility for seeking relief under 2255 motion. PLEASE see my Appelant Brief w/20-1889 to the Seventh Circuit when I have describe this issues. See also "Notification of Intent to withdraw appeals" filed to the Ninth Circuit on 04/17/2017

1.

IN: 10405272 DKT. 339

INSTEAD HELP ME TO RESOLVE THIS FIVE ISSUES OF GOVERNMENTAL MISCONDUCT, MY ATTORNEY LOOKING FOR MITIGATION FACTOR IN THE PENALTY TRIAL AND ON A "SPECULATIVE FISHINING EXPEDITION" FOR JURY MISCONDUCT. SEE DOK. #2375 "ORDER DENYING DEFENDANTS MOTION FOR LIMITED DISCOVSURE OF JUROR NAMES". IT IS WASTE OF COURT TIME, RESOURCES AND TAX PAYERS MONEY.

I STRONGLY BELIEVE THAT NO INNOCENT MAN HAVE EVEN LOOK FOR MITIGATION FACTOR OF PENALTY TRIAL BECAUS NO MITIGATE FACTOR CAN EXIST OR NEEDED. ALSO, FILING ANY MITIGATE FACTOR IS AKIN TO ADMIT A GILT!

PLEASE, DO NOT FORCE ON ME UNWANTED ATTORNEYS! I SIMPLY CANNOT PARTICAPATE IN MY 2255 APPEALS AND WITHOUT MY MEANINGFUL PARTICAPATION APPEAL WILL BE INCOMPLETE, ILL-PREPARED, HALF-BAKED, AND EXTREMELY PROLONGED. IT WILL BE UNFAIL, UNWISE, TO EXPENSIVE, AND WILL CREATE FUTER ISSUES. SEE SCHLUP V. DELO, 513 U.S. 324, 115 S. CT. 851 (1995) P. 865. "CLAIMS OF ACTUAL INNOCENCE POSE LESS OF A THREAT TO SCARCE JUDICIAL RESOURCES AND TO PRINCIPLES OF FINALITY AND COMITY THAN DO CLAIMS THAT FOCUS SOLELY ON THE ERRONEOUS IMPOSITION OF THE DEATH PENALTY."

RESPECTFULLY SUBMITED.

2.

CA No. 07-99009
CR No. 02-220-DT

### IN THE UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee,<br>v.<br>JURIJUS KADAMOVAS,<br>Defendant-Appellant | RECEIVED<br>MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS<br><br>JUL 24 2009<br><br>FILED _____<br>DOCKETED _____<br>DATE        INITIAL |

### MOTION TO PROCEED PRO SE

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE CENTAL DISTRICT OF CALIFORNIA

Honorable Dickran Tevrizian,
United States District Judge, Presiding

This is a pro se motion to the court, written by someone else on the behalf and with permission, and assistance of Jurijus Kadamovas. The basis of this motion is to address issues that directly effect my pending appeal, and could effect further appeals if left unheard by this court. I plead for the courts assistance in resolving the issues that will be mentioned.

1) The first issue that I'd like to bring to this courts attention, is my being denied "Access to the Courts", by Prison Officials here at FCC-Terre Haute, in the Special Confinement Unit. (SCU)

A) Because of my very limited ability to speak the English language, and my even more limited ability to read or write the English language, I've been unable to assist my attorneys on my case.

(1)

B) I've asked the prison to help me translate the books, and/or programs that the prison provides that would allow me to learn the law and properly help my attorneys on my case.

C) I can't read the basic legal materials; such as F.R.C.P., U.S. Supreme Court case law, District Court case law, and Appeals Court case law.

D) The prison has the LEXIS/NEXIS program set up on the law libary computer that provides all the legal thing that I need, but because its in English; I can't understand any of it.

2)

2) I need attorneys who not only understand Russian, (my native language) but I'd like to replace the attorneys I have for some who not only read and speak Russian, but also attorneys who will take my case seriously.

A) I've stressed my innocence to my attorneys, but they have yet to take steps to investigate areas in my case that could effect my direct appeal.

B)-My attorneys and I have a conflict of intrest on what strategy(s) we will use to fight my case.

C) My attorneys haven't made every step to at least get me a copy of my trial transcripts or my F.B.I. 302's translated in Russian. (I also need my Grand Jury transcripts)

In no way can I properly present a direct appeal without me having the things mentioned in this motion.

I plead with the court to have a hearing or phone/video conference with an interpreter who can help me understand what's going on and whats being said. Due to the circumstances mentioned, I feel my only course of action is to file this motion with this court.

Dated: July 15th, 2009

Respectfully Submitted;

Jurijus Kadamovas
#21050-112

(2)





JURGUS KARANOUAS
# 21050-112
U.S.P. TERRE HAUTE
P.O. Box 33
TERRE HAUTE, IN 47808

LEGAL SPECIAL MAIL

THE U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING
AND COURTHOUSE
255 EAST TEMPLE STREET
LOS ANGELES, CA 90012

USPS TRACKING #
9114 9023 0722 4290 6080 18

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 13 2020
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

INMATE IDENTIFICATION CONFIRMED



LEGAL SPECIAL MAIL



INMATE
IDENTIFICATION
CONFIRMED

FEDERAL CORRECTIONAL COMPLEX
4700 BUREAU ROAD SOUTH
TERRE HAUTE, IN 47802
DATE:



RECEIVED

OCT 13 2020

BY: