Timothy J. Foley
tfoley9@earthlink.net
Attorney at Law
California State Bar No. 111558
1017 L Street, #348
Sacramento, CA 95814
Tel: (916) 599-3501

Jean E. Giles
jean_giles@fd.org
Indiana State Bar No. 21643-49
F. Italia Patti
italia_patti@fd.org
Indiana State Bar No. 34725-02
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Tel: (317) 383-3520

Counsel for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.   CR 02-00220-MCS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF |
| | ) | POINTS AND AUTHORITIES IN |
| v. | ) | SUPPORT OF APPLICATION |
| | ) | FOR ORDER TO RE-DESIGNATE |
| | ) | PLEADING AND CORRECT |
| IOURI MIKHEL, and | ) | DOCKET |
| JURIJUS KADAMOVAS. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

1

Defendant Jurijus Kadamovas, through his appointed counsel, has filed an Application for Order to Re-Designate Pleading and Correct Docket requesting that Doc. # 2386, currently docketed as a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 USC 2255)", be re-designated as a Motion to Proceed Pro Se and that the docket be corrected to reflect this re-designation.

On October 13, 2020, the Court docketed a handwritten document mailed to the Court by Mr. Kadamovas.[1] This document was titled "Motion to Proceed Pro Se on 28 U.S.C. § 2255, Motion for Collateral Relief." Doc. # 2386. Despite being a request to proceed pro se, this document was docketed as a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 USC 2255)", and a civil case was opened as 2:20-cv-9591-MCS.

On its face, Mr. Kadamovas' handwritten document is clearly a request to proceed pro se, and clearly not a § 2255 motion. It requests that he be allowed to "represent pro se for his 28 U.S.C. § 2255 procedures" and requests "appointed standby counsel." Doc. # 2386 at page 4. The document raises no claim or issue, does not address the merits of his case, and does not seek an adjudication on the merits of any claim. Consequently, it was improper to docket it as a § 2255 motion. *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003) (explaining that a habeas suit

---

[1] Counsel were not notified of the filing or docketing of this item until the evening of October 23, 2020.

begins with the filing of a habeas application seeking an adjudication of the merits of a petitioner's case, not by other filings such as a motion for a stay of execution or appointment of counsel). To construe this item as a motion under 2255 is not only incorrect, it may well create a host of administrative difficulties and confusion for all of the parties.

Accordingly, the opening of a new civil case (2:20-cv-9591-MCS) was also improper. Kadamovas' handwritten document should not have triggered the opening of a civil case.[2]

For the foregoing reasons, counsel for Kadamovas requests that this Court issue an order that Kadamovas' handwritten document be re-designated as a motion to proceed pro se, that the docket be corrected to reflect this re-designation, and that civil case No. 2:20-cv-9591-MCS be administratively closed. A proposed order accompanies this application.

Respectfully submitted,

Dated: October 28, 2020

_____
*/s/Jean E. Giles*
JEAN E. GILES
Counsel for Defendant
Jurijus Kadamovas

---

[2] Earlier pleadings in this matter relating to collateral proceedings, such as the motion for appointment of counsel and pleadings addressing the statute of limitations to file a § 2255 motion, did not trigger the opening of a new civil case. Furthermore, this Court's list of Case-Initiating Documents does not include a motion to proceed pro se. *See* https://www.cacd.uscourts.gov/e-filing/electronic-case-opening.

3