# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CR 02-00220-MCS | Date | November 6, 2020 |
| Title | United States v. Iouri Mikhel and Jurijus Kadamovas | | |

Present: The Honorable     MARK C. SCARSI, U.S. DISTRICT JUDGE

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

On October 13, 2020, Defendant Jurijus Kadamovas ("Kadamovas") filed a Motion to Proceed Pro Se on 28 U.S.C. §2255 Motion for Collateral Relief. (Dkt. No. 2386.) He asserts that his motion is based on "irreconcilable differences with his attorneys" and a "total breakdown of the attorney-client relationship." (Dkt. No. 2386 at 1.) Kadamovas indicates that "[h]e did not authorize his attorney to file anything on his [behalf] includ[ing] the equitable tolling of the statue of limitations through April 7, 2021 . . . and will not authorize [him] to file anything on his [behalf] in [the] future." (Dkt. No. 2386 at 1-2.)

This is the second motion Kadamovas has filed asserting irreconcilable differences with counsel and a breakdown of the attorney-client relationship. On September 14, 2020, Kadamovas filed a pro se motion titled "Motion to Take Action on Kadamovas's Appeal Withdraw Notification." (Dkt. No. 2382.) In that motion, Kadamovas similarly indicated dissatisfaction with his attorneys' request for six months of equitable tolling. (Dkt. No. 2382 at 2.) The Court ordered that motion stricken from the record, noting the Court's prior holdings with respect to Kadamovas's other pro se filings that, because Defendant is represented by counsel, only counsel may submit filings. (Dkt. No. 2383.)

Pursuant to 18 U.S.C. § 3599(a)(2), an indigent capital habeas petitioner has the right to counsel. See 18 U.S.C. § 3599(a)(2) ("In any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).") Moreover, the Supreme Court has stated that "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims," and that "[b]y

providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty." *McFarland v. Scott*, 512 U.S. 849, 858-59 (1994).

Because Defendant is represented by counsel, only counsel may file motions. This Court therefore declines to entertain the pro se submission without prejudice to renewal by counsel.

Defendant's counsel is requested to communicate with the Court about Kadamovas's assertions about the attorney-client relationship. Within 14 days of the date of this order, counsel shall file a written response to Kadamovas's Motion to Proceed Pro Se. The response may be filed under seal.

In addition to serving this order on counsel of record, the Clerk of Court shall serve a copy of this order on Kadamovas at Reg. No. 21050-112, United States Penitentiary Terre Haute, P.O. Box 33, Terre Haute, Indiana 47808.

          :  

Initials of Deputy Clerk     SMO