UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 02-00220-MCS | Date | December 1, 2020 |
|---|---|---|---|
| Title | United States v. Iouri Mikhel and Jurijus Kadamovas | | |

Present: The Honorable    MARK C. SCARSI, U.S. DISTRICT JUDGE

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

Counsel in this matter were appointed on July 18, 2019. (Dkt. No. 2330.) On October 13, 2020, Defendant Jurijus Kadamovas ("Kadamovas") filed a Motion to Proceed Pro Se on 28 U.S.C. §2255 Motion for Collateral Relief. (Dkt. No. 2386.) He asserts that his motion is based on "irreconcilable differences with his attorneys" and a "total breakdown of the attorney-client relationship." (Dkt. No. 2386 at 1.) On November 6, 2020, this Court requested that Kadamovas's counsel communicate with the Court about Kadamovas's assertions. (Dkt. No. 2391.) Counsel filed a response on November 20, 2020. (Dkt. No. 2395.)

The Sixth Amendment right to self-representation does not carry over to habeas proceedings. *See Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152 (2000) (holding there is no *Faretta v. California* right to self-representation post trial); *accord Lipsey v. Secretary of CDCR*, 2017 WL 10544290, at *8 (C.D. Cal., Dec. 14, 2017); *Lisle v. Baker*, 2016 WL 4411495, at *2, No. 2:03-CV-01005-JCM-CWH, ECF No. 192, at 3 (D. Nev., Aug. 16, 2016); *Fletcher v. Beard*, 2016 WL 2866431, at *3-4 (E.D. Pa., May 16, 2016). Rather, Section 3599(a)(2) of Title 18 provides:

> In any post conviction proceeding under . . . section 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other

services in accordance with subsections (b) through (f).

18 U.S.C. §3599(a)(2).

As the United States Supreme Court made clear in *McFarland v. Scott,* 512 U.S.C. 849 (1994), "Congress' provision of a right to counsel under §848(q)(4)(B)[1] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and . . . the unique and complex nature of the litigation.'" *Id.* at 855 (citing 21 U.S.C. §848(q)(7)[2]). The Court went on to hold,

> An attorney's assistance prior to filing of a capital defendant's habeas corpus petition is crucial, because "[t]he complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*Id.* at 855-56 (internal citation omitted); *see also Martel v. Clair*, 565 U.S. 648, 659 (2012) (Finding that provisions Congress included in drafting § 3599 " 'reflec[t] a determination that quality legal representation is necessary' in all capital proceedings to foster 'fundamental fairness in the imposition of the death penalty.'").

Further, even in noncapital cases, where a matter rises to a sufficient level of complexity, the appointment of counsel is mandatory. Rule 6(a) of the Rules Governing Section 2255 Cases instructs that "[i]f necessary for effective discovery," the district court "*must appoint an attorney* for a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A." Rule 6(a), Rules Governing §2255 Cases, 28 U.S.C. foll. §2255. Further, Rule 8(c) provides that, [i]f an evidentiary hearing is warranted, the *judge must appoint an attorney* to represent a moving party who qualifies to have counsel appointed under 18. U.S.C. §3006A." Rule 8(c), Rules Governing §2255 Cases, 28 U.S.C. foll. §2255.

Thus, because Kadamovas is represented by counsel, all communications to the Court shall be presented through his attorney of record. *See* Local Rule 83-2.3.1 (explaining that "[w]henever a party has appeared by an attorney, the party may not thereafter appear or act *pro se*, except upon order made by the Court after notice to such attorney and to any other parties who have appeared in the action."); *Krongkiet v. Beard*, 597 F.App'x 416, 417 (9th Cir. 2015) (holding the district court did not need to entertain a pro se motion while defendant remained represented by counsel); *United States v. Ortiz-Martinez*, 593 F. App'x 649, 650 n.2 (9th Cir. 2015) (denying pro se motions, including a

---

1  Section 848(q)(4)(B) of Title 21 was later recodified as 18 U.S.C. §3599(a)(2), the statute under which Kadamovas' counsel was appointed.
2  Section 848(q)(7) of Title 21 was later recodified as 18 U.S.C. §3599(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 02-00220-MCS | Date | December 1, 2020 |
| --- | --- | --- | --- |
| Title | United States v. Iouri Mikhel and Jurijus Kadamovas | | |

motion for the appointment of new counsel, because "[t]his court. . . does not entertain pro se motions from parties represented by counsel.") Therefore, the motion submitted by Petitioner shall not be filed, but instead shall be rejected and returned to Petitioner. *Cf. United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987).

Petitioner is hereby ordered to cease sending any further documents to the Court, except through his counsel. *See Reberger v. Nevada*, No. 3:13-CV-00071-MMD, 2013 WL 2096499, at *2 (D. Nev. May 14, 2013) (warning that "the Court will not entertain any *pro se* filings from petitioner when he is represented by appointed counsel. Following the appointment of counsel, petitioner may pursue this matter and communicate with the Court only through filings by counsel.") Any further submissions shall be rejected by the Clerk and stricken from the file.

In addition to serving this order on counsel of record, the Clerk of Court shall serve a copy of this order on Kadamovas at Reg. No. 21050-112, United States Penitentiary Terre Haute, P.O. Box 33, Terre Haute, Indiana 47808.

IT IS SO ORDERED.

:

|  | Initials of Deputy Clerk | SMO |
| --- | --- | --- |