TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JOANNA M. CURTIS (Cal. Bar. No. 203151)
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorneys
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0298/8559
     Facsimile: (213) 894-3713
     E-mail:    joanna.curtis@usdoj.gov
                kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>JURIJUS KADAMOVAS,<br><br>            Defendant. | No. CR 02-220-MCS<br><br>GOVERNMENT OPPOSITION TO DEFENDANT KADAMOVAS' NOTICE OF MOTION AND MOTION FOR DISCLOSURE OF DOCUMENTS RELATING TO THE CONSPIRACY TO ESCAPE, AND VISA DENIALS<br><br>Hearing Date: March 1, 2021<br>Hearing Time: 3:00 p.m. |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Joanna M. Curtis and Karen I. Meyer, hereby files its opposition to defendant Jurijus Kadamovas' ("defendant") Notice of Motion and Motion for Disclosure of Documents Relating to the Conspiracy to Escape, and Visa Denials, filed January 29, 2021 (CR 2399).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 8, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_Karen D. Meyer_

JOANNA M. CURTIS
KAREN I. MEYER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Despite not having filed a petition pursuant to 28 U.S.C. ¶ 2255, and in contravention of well-established case law that pre-petition discovery is not permitted,[1] defendant seeks discovery from the government pertaining to defendant's involvement in the charged escape attempt from the Metropolitan Detention Center and to visa denials for defendant's relatives.  Defendant's motion should be denied.

**II.   STATEMENT OF FACTS**

"Between late 2001 and early 2002, defendants Iouri Mikhel and Jurijus Kadamovas abducted, held hostage, and killed five people, dumping each victim's body in the New Melones Reservoir outside Yosemite National Park.  After a five-month trial, a jury convicted them of several federal crimes, including multiple counts of hostage taking resulting in death under the Hostage Taking Act, 18 U.S.C. § 1203....[T]he evidence that Mikhel and Kadamovas did these things – and did them without concern for their victims' suffering – was detailed, comprehensive, and in a word, overwhelming." United States v. Mikhel, 889 F.3d 1003, 1016, 1020 (9th Cir. 2018) (jury came back with guilty verdicts the day after beginning their deliberations). Finding all nine of the government's statutory and non-statutory aggravating factors, and none of either defendant's mitigating

---

[1] One limited exception that is inapplicable here to the general prohibition on pre-petition discovery is under Federal Rule of Civil Procedure 27 involving the need to perpetuate testimony that may be unavailable later.  See Calderon v. U.S. Court for the Northern Dist. Of Cal. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1997).

factors,[2] the jury in the penalty phase unanimously recommended that both defendants be sentenced to death after deliberating for only three hours.  Id. at 1016, 1021, 1059.

Defendant was sentenced on March 12, 2007, and timely filed his notice of appeal.  (Clerk's Record ("CR") for No. 02-220, ECF No. 1606.)  After several lengthy continuances, defendants Kadamovas and Mikhel filed a joint opening brief and individual opening briefs in May and June 2013.  After extensive briefing[3] and three-hour oral argument, the Ninth Circuit issued its 121-page opinion in May 2018.  Defendant filed for petition of certiorari in the United States Supreme Court, which was denied on October 7, 2019.  Kadamovas v. United States, 140 S. Ct. 157 (2019).  Defendant's petition pursuant to 28 U.S.C. § 2255 was originally due on October 7, 2020, but because of the COVID-19 pandemic, the government agreed to a six-month timeliness waiver until April 7, 2021. (CR 2385, Clarification Re: Government's Opposition to Defendant Kadamovas' Motion to Extend Time To File Motion Pursuant to 28 U.S.C. § 2255, and Ex. A.)  With this motion, defendant Kadamovas seeks pre-petition discovery to which he is not entitled.

---

[2] Not one juror found one mitigating factor for either defendant, of which Mikhel proffered eighteen, and Kadamovas proffered nine.  Mikhel, 889 F.3d at 1021, 1059.

[3] The Ninth Circuit noted that it had had "the benefit of extensive briefing and oral argument in this case:  the briefs totaled more than 1,700 pages, and the court heard more than three hours of oral argument."  Mikhel, 889 F.3d at 1021.  Out of that total, Mikhel and Kadamovas filed a 178-page joint opening brief, and defendant Kadamovas separately filed a 226-page opening brief and a 143-page reply brief.  The defendants also filed a 127-page joint reply brief.  (Appeal 07-99009, ECF Nos. 255, 270, 354, 370.)

**III. ARGUMENT**

Section 2255 of Title 28 (for federal defendants) does not contemplate pre-motion discovery.[4]  Nor does section 2254, for state defendants seeking federal relief.  Therefore, it is not permitted.  See United States v. Cuya, 964 F.3d 969, 970 (11th Cir. 2020) (affirming district court's denial of pre-petition discovery in 2255 context under abuse of discretion standard "because a defendant who has not filed a § 2255 motion to vacate a conviction or sentence is not entitled to discovery"); and Calderon v. U.S. Court for the Northern Dist. Of Cal. (Nicolaus), 98 F.3d 1102, 1106-08 (9th Cir. 1997) (because district court clearly erred in granting defendant's request for pre-2254 petition discovery, the issuance of a writ of mandamus to vacate the discovery order issued by the district court and to prohibit the issuance of any discovery orders until defendant filed a petition was proper).  It is improper for defendant to seek discovery for the purpose of preparing and filing a motion for relief pursuant to 28 U.S.C. § 2255.  See Puglisi v. United States, 589 F.3d 209, 213 (2d Cir. 2009) (noting the general rule that there is no pre-motion discovery in a 2255 case).

In order for defendant to request discovery under Habeas Rule 6, he must first file a motion pursuant to § 2255.  Rule 6 governing discovery in 2255 proceedings provides in relevant part:

---

[4] It should be noted that the government produced over 83,000 pages of discovery in the criminal case, in addition to various media.

3

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law.  If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

Rules Governing § 2255 Proceedings, Rule 6, 28 U.S.C.A. foll. § 2255.[5]  While the language of the Rule does not expressly address pre-petition discovery, see Calderon (Nicolaus), 98 F.3d at 1104, the language of the rule and the advisory committee note make clear that the rule is designed for individual cases involving specific parties. Id. at 1104-05 (where the advisory committee note makes reference to "parties in a habeas proceeding" and how discovery would work "in the context of individual cases.").  It is axiomatic that absent the filing of a 2255 petition, there are no "parties," and there is no "individual case."

This analysis is confirmed by the Eleventh Circuit's 2020 decision in Cuya.  In Cuya, the Eleventh Circuit held that the district court did not abuse its discretion in denying a defendant's motions to compel discovery prior to filing a 2255 petition "[b]ecause a defendant who has not yet filed a § 2255 motion to vacate a conviction or sentence is not entitled to discovery." Cuya, 964 F.3d at 970, 971-72 ("The question before us is whether the

---

[5] Rule 6 governing discovery in 2254 proceedings is worded similarly:

> **(a)  Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.  If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

Rules Governing § 2254 Proceedings, Rule 6, 28 U.S.C.A. foll. § 2254.

As discussed infra, defendant Kadamovas erroneously argues that this difference in language supports pre-petition discovery in the 2255 context.  This is mistaken.

4

district court abused its discretion in denying the motions to compel discovery that Cuya filed in anticipation of lodging a § 2255 petition [footnote omitted].  Although we have not dealt with this issue in a published decision in many years, under controlling case law, the answer is clear:  A prisoner is not [so] entitled...")  (citations omitted)).  See also United States v. Fabricant, 2014 WL 12626212, *1 (C.D. Ca. September 18, 2014) (denying defendant's request for the appointment of an investigator where petitioner had not yet filed his 2255 motion and "Rule 6(a) allows a district court to authorize a party to conduct discovery after the party has filed a 2255 motion with the district court"); United States v. Basic, 2020 WL 3979582, *1 (D.N.D. July 14, 2020) ("It is generally recognized that pre-petition discovery is impermissible.  Although not binding on this court, the Ninth Circuit's holding in Calderon v. United States and Eleventh Circuit's holding in United States v. Cuya are instructive (citations omitted)); United States v. Lawrence, 2015 WL 7570515, *3 (S.D. Ohio November 25, 2015) ("Defendant cites no authority permitting pre-petition discovery[.]" "Without a formal § 2255 motion before it, this Court cannot fulfill its requirement to determine whether Defendant has satisfied Rule 6's 'good cause' standard."); United States v. Johnson, 2017 WL 3034928 (W.D. Pa. July 18, 2017).

In explaining why such a "long-standing rule" makes sense, the Eleventh Circuit in Cuya provided several reasons:  (1) a prisoner "contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly 'prelitigation' posture" because a 2255 motion "is a civil action separate and apart from a prisoner's criminal case"; (2) in civil cases generally, "a party is not entitled to discovery

5

before an action is brought;" and (3) discovery in habeas actions "is more limited than in other civil cases," because in order for a federal habeas petitioner to obtain discovery after filing his action, he must show "good cause."[6] (Emphasis in original.)  Cuya, 965 F.3d at 972-74.  See also Bracy v. Gramley, 520 U.S. 899, 904 (1997) (even where a habeas petition has been filed, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").  "A district court cannot determine whether there is 'good cause' for a discovery request and cannot determine the propriety of discovery until a § 2255 has been filed."  Cuya, 964 F.3d at 974.

In turning the holding in Cuya on its head, defendant conflates the abuse of discretion standard by which the Eleventh Circuit was required to review the district court's exercise of discretion with a finding that a district court can exercise unfettered discretion in granting pre-petition discovery motions (mot. at 4-5), without regard for case law or the express language of Habeas Rule 6 itself, which only permits a judge to authorize a party to conduct discovery for good cause "under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of

---

[6] Once defendant files a 2255 petition, he can seek discovery upon a showing of "good cause."  Cuya, at 964 F.3d at 974.  The government believes that should defendant file a discovery motion subsequent to any 2255 petition, that this "good cause" standard would be hard to satisfy where defendant's mitigation case was summarily dispatched by the jury.  Mikhel, 889 F.3d at 1021 ("The district court charged the jury [in the penalty phase] on February 13, 2007.  Later that same day, after a brief three-hour deliberation, the jury returned separate verdicts in each defendant's case.  The jury unanimously found every aggravating factor proposed by the government as to both defendants.  No juror found any mitigating factor as to either defendant.").

law." This tortured reading of Cuya cannot support defendant's motion.

Defendant also attempts to get out from under the Ninth Circuit's decisions in the Calderon cases by claiming that the rationale in those 2254 cases was premised "[i]n large part" on preventing state prisoners from engaging in fishing expeditions through the use of federal discovery. (Mot. at 3.) This is incorrect. In Calderon (Nicolaus), the Ninth Circuit identified four separate and independent rationales for why defendant was not entitled to pre-petition discovery, only one of which was preventing state prisoners from using federal process to engage in fishing expeditions:

> We conclude that pre-petition discovery is impermissible for at least four reasons. First, a prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery. ... Second, any right to federal discovery presupposes the presentation of an unexhausted federal claim, because a federal habeas petitioner is required to exhaust available state remedies as to each of the grounds raised in the petition. ... Third, Rule 6 [in the 2254 context] is limited to 'the processes of discovery available under the Federal Rules of Civil Procedure' and, with one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery.[7] ...Fourth, courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.

---

[7] Note that Habeas Rule 6 in the 2255 context provides for the processes of the Federal Rules of Criminal Procedure as well, which, like the Civil Rules, do not provide for pre-complaint or pre-indictment discovery. Thus, defendant's contention that a more "equity-based" approach to the issue of discovery in the 2255 context (mot. at 4) is without support, as is defendant's inference that the government's failure to produce the unredacted pages of the discovery that defendant outlined was a Brady violation. (Mot. at 5-6.) The different language in the 2255 version of Rule 6 reflects a distinction without a difference.

Calderon (Nicolaus), 98 F.3d at 1106 (emphasis added); Orbe v. True, 201 F. Supp. 2d 671, 677 (E.D. Va. 2002) ("The Ninth Circuit offered four reasons for its ruling in *Calderon*; each of which was held independently sufficient to deny prepetition discovery in that case[.]").  And Calderon (Hill) simply reaffirmed the Ninth Circuit's decision in Calderon (Nicolaus):  "This case is indistinguishable from *Nicolaus*.  Indeed, we took judicial notice of this [Hill] case in *Nicolaus* as an example of a district court erroneously ordering discovery."  Calderon (Hill) v. U.S. Dist. Court for the Northern District of California, 120 F.3d 927, 928 (9th Cir. 1997).

And while in this case there is not a state defendant attempting to use federal process for purposes of a fishing expedition, the policy against allowing fishing expeditions also applies to federal defendants who hope to cobble together a motion under 2255.  Cuya, 964 F.3d at 974 ("This limitation also is consistent with the general admonition against allowing *federal* prisoners to use discovery in habeas proceedings as a fishing expedition" (emphasis added)); United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973) ("This Court has consistently held that a *federal* prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent" (emphasis added)).

Finally, defendant asserts that this Court should rule in his favor and ignore the law governing pre-petition discovery because this is a death penalty case, citing to cases that are factually inapposite and do not support defendant's contention.  (Mot. at 6.) For example, the Supreme Court in Woodson v. North Carolina, 428 U.S. 280 (1976), found constitutionally infirm automatic statutory death

penalty sentencing schemes like the one in North Carolina requiring all defendants found guilty of first-degree murder to be sentenced to death.  Woodson, 428 U.S. at 305.  The Ninth Circuit's decision in Edelbacher v. Calderon, 160 F.3d 582 (9th Cir. 1998), simply states the general rule that state proceedings must conclude before a defendant can initiate a federal habeas action, and that there were no special circumstances in that case to deviate from the rule. Edelbacher, 160 F.3d at 582-83, 585.  And finally, the Fifth Circuit's decision in Wilson v. Butler, 825 F.2d 879 (5th Cir. 1987), is equally unhelpful to defendant because it only involved the scope of an evidentiary hearing on the issue of ineffective assistance of counsel after defendant had filed his habeas petition.  Wilson, 825 F.2d at 881-82.  Language lifted out of cases that are factually inapposite cannot justify ignoring the well-established principle that defendant is not entitled to pre-petition discovery.  Because defendant insists otherwise without citing to authority, his motion should be denied.

**IV.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion for pre-petition discovery.

9