Timothy J. Foley
tfoley9@earthlink.net
Attorney at Law
California State Bar No. 111558
1017 L Street, #348
Sacramento, CA 95814
Tel: (916) 599-3501

Jean E. Giles
jean_giles@fd.org
Indiana State Bar No. 21643-49
F. Italia Patti
italia_patti@fd.org
Indiana State Bar No. 34725-02
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Tel: (317) 383-3520

Attorneys for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.    2:02-cr-00220-MCS |
| | ) | |
| Plaintiff, | ) | REPLY TO GOVERNMENT |
| | ) | OPPOSITION TO |
| v. | ) | MOTION FOR DISCLOSURE OF |
| | ) | DOCUMENTS RELATING TO |
| IOURI MIKHEL, and | ) | THE CONSPIRACY TO ESCAPE |
| JURIJUS KADAMOVAS. | ) | AND VISA DENIALS |
| | ) | |
| Defendants. | ) | DATE:    March 1, 2021 |
| | ) | TIME:    3:00 P.M. |
| | | COURT:    Hon. Mark C. Scarsi |
| | | Courtroom 7C |
| | | 350 S. First Street |
| | | Los Angeles, CA 90012 |

1

Defendant Jurijus Kadamovas, through his appointed counsel, submits this Reply to Government Opposition to Motion for Disclosure of Documents Relating to Conspiracy to Escape and Visa Denials, in response to the Government Opposition (Doc. #2402), and in further support of the request for discovery (Doc. # 2399).[1]

The government makes no argument disputing the relevance and materiality of the documents requested. Nor does the government seriously deny that these documents should have been produced pursuant to the obligations of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, at the time of the trial.

Rather, the government relies completely and solely on the assertion that the defendant is not entitled to discovery prior to the filing of the motion pursuant to 28 U.S.C. § 2255. Unable to find any Ninth Circuit case directly supporting this assertion, the government cites the recent Eleventh Circuit opinion, *United States v. Cuya*, 964 F.3d 969 (11th Cir. 2020), and Ninth Circuit cases involving § 2254 proceedings. Government Opposition, 5-6.

The government cites no binding authority prohibiting pre-motion discovery in the § 2255 context because there is none. Such conclusive assertions that pre-motion

---

[1]    The Government Opposition, page 4 (page references will refer to the page of the electronic document), notes that the § 2255 motion was originally due on October 7, 2020, but because of the COVID-19 pandemic, the government agreed to a six-month timeliness waiver until April 7, 2021. Since the opposition was filed, the government has agreed to a further six-month timeliness waiver, so the § 2255 motion is now due October 7, 2021.

discovery "is not permitted" (Government Opposition, 5) or barred by a "well-established principle" (Government Opposition, 11) are simply not supported.

As noted in the supporting points and authorities submitted with the motion, and admitted by the government, neither the 2255 statute itself nor Rule 6, of the Rules Governing Section 2255 Proceedings for the United States District Courts, discuss the timing of a discovery motion. If the drafters of the rules wanted to prohibit pre-motion discovery, they could have said so.[2] Instead, Rule 6 simply requires leave of court and "good cause," under the federal rules "or in accordance with the practices and principles of law."

The government argues that good cause cannot be assessed unless and until a claim is pled in the initial motion. Government Opposition, 8. While that argument might make sense in the § 2254 context, where the challenge is to a state court proceeding, where no record has been lodged, and where the federal court is completely unfamiliar with the judgment, there is no reason why this Court cannot review the requests made in this motion, assess the merits of the requests, and use its judgment as to whether the documents should be disclosed. The request for the confidential informant files relating to J.A., the request for the unredacted memos and 302's relating to the escape attempt, and the request for the visa documents are narrow, direct, and specific. These documents directly pertain to matters in dispute at

---

[2]  As the drafters did in Rule 7 and Rule 8, which both reference the requirement that the motion be on file (not be "dismissed") prior to the assessment of a request to expand the record and a request for an evidentiary hearing, respectively.

the trial, and clearly involve potential constitutional claims. These documents should have been turned over at the time of trial, and should be turned over now.

A § 2255 proceeding is a hybrid, an extension of a criminal case in a proceeding that has the characteristics of a civil case. See *United States v. Thomas*, 713 F.3d 165, 169-171 (3d Cir. 2013). Sifting the Advisory Committee Notes, the government's assertions that discovery is inappropriate because we cannot know who the "parties" are prior to the § 2255 motion and that "there is no 'individual case'" before the motion are somewhat absurd. Government Opposition, 6. In fact, the Advisory Committee Note to Rule 6 states: a § 2255 motion is "a continuing part of the criminal case proceeding . . . as well as a remedy analogous to habeas corpus by state prisoners." The Advisory Committee Note to Rule 1 expresses this sentiment: "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action . . ."[3]

Consequently, it is within this Court's power to assess the need for disclosure and grant discovery in the pre-motion posture. A § 2255 motion is not a sui generis proceeding, but very much a part of the criminal case begun by the complaint and indictment. We certainly know who the parties are, and we know what this case is about. It would be misguided to artificially sever the § 2255 proceedings from the

---

[3] The note goes on to state: "The fact that a motion under § 2255 is a further step in the movant's criminal case rather than a separate civil action has significance at several points in these rules," specifically citing Rule 6 regarding discovery.

criminal case and pretend that the Court cannot evaluate whether good cause has been shown.

The request for disclosure should be granted, and the government ordered to produce the requested documents as soon as possible.

Dated: February 12, 2021                           Respectfully submitted,

                                                   */s/Timothy J. Foley*

                                                   TIMOTHY J. FOLEY
                                                   Counsel for Defendant
                                                   Jurijus Kadamovas