**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 02-00220-MCS |
| Plaintiff, | **ORDER DENYING DEFENDANT KADAMOVAS' MOTION FOR DISCLOSURE OF DOCUMENTS AS PREMATURE (ECF No. [2399])** |
| v. | |
| JURIJUS KADAMOVAS, | DEATH PENALTY |
| Defendant. | |

## I.    BACKGROUND

On January 17, 2007, Defendant was convicted of several federal crimes, including multiple counts of hostage taking resulting in death, conspiracy to take hostages resulting in death, conspiracy to launder monetary instruments, conspiracy to escape from custody, and criminal forfeiture. [Dkt. No. 1481.] On February 13, 2007, the jury unanimously recommended that a sentence of death should be imposed. [Dkt. No. 1541.] The district court sentenced Defendant to death on March 12, 2007, and he timely filed his notice of appeal on March 19, 2007. [Dkt. Nos. 1639, 1641, 1606.]

1

On May 9, 2018, the Ninth Circuit denied Defendant's appeal. *United States v. Mikhel*, 889 F.3d 1003 (9th Cir. 2018). His petition for certiorari in the United States Supreme Court was denied on October 7, 2019. *Kadamovas v. United States*, 140 S.Ct. 157 (2019).  Under the 1996 Antiterrorism and Effective Death Penalty Act's one-year statute of limitations, Kadamovas' 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence was originally due on October 7, 2020. 28 U.S.C. § 2255(f). However, because of the COVID-19 pandemic, the government agreed to a six-month timeliness waiver, giving Kadamovas a new due date of April 7, 2021.[1] [Dkt. No. 2381.] On January 29, 2021, Kadamovas filed a Motion for Disclosure of Documents Relating to the Conspiracy to Escape, and Visa Denials. [Dkt. No. 2399.] The government filed an opposition to the motion on February 8, 2021. [Dkt. No. 2402.]

## II.   DISCUSSION

It is well established that federal habeas petitioners, unlike usual civil litigants in federal court, are not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, Rule 6 of the Rules Governing Section 2255 Cases provides that "[a] judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing Section 2255 Cases for the United States District Courts, Rule 6(a) (emphasis added). In *Bracy*, the Supreme Court held that good cause for discovery under Rule 6(a) is shown "*where specific allegations before the court* show reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." 520 U.S. at 908-09 (emphasis added, quotation and citation omitted). "Without a formal

---

[1] In his Reply to Government Opposition to Motion for Disclosure of Documents Relating to the Conspiracy to Escape and Visa Denials ("Reply") [Dkt. 2403], Kadamovas indicates that since filing its opposition, the Government has agreed to a further six-month timeliness waiver, making the § 2255 motion now due October 7, 2021. (Reply at 2, n.1.) The Court has not received formal notice of this waiver.

§ 2255 motion before it, this Court cannot fulfill its requirement to determine whether Defendant has satisfied Rule 6's 'good cause' standard." *United States v. Lawrence*, 2015 WL 7570515, *3 (S.D. Oh. Nov. 25, 2015); *United States v. Johnson*, 2017 WL 3034928 (W.D. Pa. July 18, 2017).  Thus, in order for this Court to consider any request for discovery under Habeas Rule 6, Kadamovas must first file a motion pursuant to section 2255. *United States v. Cuya*, 964 F.3d 969, 974 (11th Cir. 2020) ("A filed § 2255 motion is . . .  necessary before a district court may conduct an inquiry under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts."); *see also, Calderon v. U.S. Dist. Court for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) (holding that, under the analogous Rule 6(a) of the Rules Governing Section 2254 Proceedings, "a prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery").

As Kadamovas necessarily acknowledges, federal courts that have addressed the question of pre-petition discovery have held that prisoners are *not* entitled thereto. *See e.g., United States v. Cuya*, 964 F.3d at 972 (holding district court did not abuse its discretion in denying petitioner's pre-petition motions to compel discovery); *United States v. Fabricant*, 2014 WL 12626212, *1 (C.D. Ca. Sept. 18, 2014) (denying the defendant's pre-petition request for the appointment of an investigator without prejudice because "Rule 6(a) allows a district court to authorize a party to conduct discovery after the party has filed a 2255 motion with the district court"); *United States v. Basic*, 2020 WL 3979582, *1 (D.N.D. July 14, 2020) ("It is generally recognized that pre-petition discovery is impermissible.").

## III.   CONCLUSION

For the foregoing reasons, Kadamovas' Motion for Disclosure of Documents is DENIED as premature.

**IT IS SO ORDERED**

DATED:  February 16, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE