CUAUHTÉMOC ORTEGA (Bar No. 257443)
Federal Public Defender
C. PAMELA GÓMEZ (Bar No. 233848)
(E-Mail:  Pamela_Gomez@fd.org)
AJAY V. KUSNOOR (Bar No. 273929)
(E-Mail:  Ajay_Kusnoor@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
IOURI MIKHEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 02-00220-MCS |
|---|---|
| Plaintiff, | **DEATH PENALTY CASE** |
| v. | **DEFENDANT IOURI MIKHEL'S NOTICE OF GOVERNMENT'S WAIVER OF STATUTE OF LIMITATIONS APPLICABLE TO 28 U.S.C § 2255  MOTION UNTIL OCTOBER 7, 2021** |
| IOURI MIKHEL, et al., | |
| Defendants. | |

Defendant Iouri Mikhel, by and through his counsel of record, gives notice of the government's waiver of its statute of limitations defense. In reliance on this waiver, Mr. Mikhel currently intends to file a motion for collateral relief under 28 U.S.C. § 2255 on or before October 7, 2021.

Under 28 U.S.C. § 2255(f)(1), Mr. Mikhel's motion for collateral relief was originally due on or before October 7, 2020. In a letter dated August 15, 2020, the government waived the statute of limitations for a six-month period, to and including April 7, 2021. (*See* Docs. 2381, 2385.) The government recently agreed to a further waiver of its limitations defense. In a letter dated February 10, 2021, the government agreed to an additional six-month waiver of the limitations period, to and including October 7, 2021. (*See* Ex. 1, Letter from AUSA Bram Alden, attached.)

AEDPA's statute of limitations defense is non-jurisdictional and subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645-46 (2010); *United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004). Thus, the defense can be waived. *Holland*, 560 U.S. at 645. The government's deliberate waiver of AEDPA's limitations defense is binding for the duration of the litigation, and a court may not override such a waiver. *See Day v. McDonough*, 547 U.S. 198, 202 (2006) ("we would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); *Wood v. Milyard*, 566 U.S. 463 (2012) (Court of Appeals abused its discretion in *sua sponte* assessing a limitations defense, where the State had deliberately waived it).

While the government has waived its limitations defense for any motion filed on or before October 7, 2021, the government maintains that this Court lacks jurisdiction to enter an order for equitable tolling because defendants have not yet filed their motions for collateral relief. (Ex. 1 at 2-3; *see also* Doc. 2385 (clarifying government's position availability of equitable tolling)). Because the government has expressly waived its timeliness defense, Mr. Mikhel does not presently seek an order for equitable tolling, but he disputes the government's position that the Court lacks jurisdiction to enter a pre-petition tolling order. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289

(9th Cir. 1997) (upholding district court's grant of prospective equitable tolling), o*verruled on other grounds in Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).

In light of the government's waiver, Mr. Mikhel currently intends to file his motion on or before October 7, 2021. However, given the uncertain course of the COVID-19 pandemic, he may need to seek a further extension of time at a later date, either through a subsequent waiver of the limitations defense or an order for equitable tolling.

Respectfully submitted,

CUAUHTÉMOC ORTEGA
Federal Public Defender

DATED:  February 18, 2021          By: */s/ Ajay V. Kusnoor*
                                   AJAY V. KUSNOOR
                                   C. PAMELA GÓMEZ
                                   Deputy Federal Public Defenders

                                   Attorneys for Defendant
                                   IOURI MIKHEL

2