Timothy J. Foley
tfoley9@earthlink.net
Attorney at Law
California State Bar No. 111558
1017 L Street, #348
Sacramento, CA 95814
Tel: (916) 599-3501

Jean E. Giles
jean_giles@fd.org
Indiana State Bar No. 21643-49
F. Italia Patti
italia_patti@fd.org
Indiana State Bar No. 34725-02
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Tel: (317) 383-3520
Fax: (317) 383-3525

Attorneys for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.    CR 02-00220-SJO |
|---|---|---|
| Plaintiff, | ) ) | DECLARATION OF TIMOTHY J. FOLEY IN SUPPORT |
| v. | ) ) | OF KADAMOVAS' MOTION FOR ORDER DIRECTING THE BUREAU |
| IOURI MIKHEL, and JURIJUS KADAMOVAS, | ) ) | OF PRISONS TO PERMIT ACCESS TO LEGAL MATERALS |
| Defendants. | ) ) ) | DATE:      August 1, 2022 TIME:      3:00 P.M. COURT:    Hon. Mark C. Scarsi |
|  |  | Courtroom 7C 350 W. First Street Los Angeles, CA 90012 |

1

I, Timothy J. Foley, do hereby declare:

1. I am an attorney licensed to practice law in the State of California and a member of the Bar of this Court. Along with the Indiana Federal Community Defenders, I was appointed, on July 18, 2019, to represent Jurijus Kadamovas in his 28 U.S.C. § 2255 and postconviction proceedings. Dkt. Nos. 2330, 2331. Mr. Kadamovas is a federal prisoner under sentence of death housed at the United States Penitentiary in Terre Haute, Indiana. His motion under 28 U.S.C. § 2255 is currently due on October 7, 2022.

2. Thoughout the proceedings in this case, from the trial through the appeal and since the Ninth Circuit affirmance, Mr. Kadamovas has been denied full meaningful access to legal materials, evidence, and transcripts, and has experienced difficulty comprehending proceedings and reviewing documents because of his lack of command of the English language. Due to the circumstances involving the transfer of documents and computer disks, including the loss of legal materials and the breach of confidentiality of privileged documents, Mr. Kadamovas has lost trust in the Bureau of Prisons. In a declaration filed with the Ninth Circuit in 2018, Mr. Kadamovas asserted: "I believe that the ongoing loss of my legal materials and nefarious acts by the government and prison officials are not mere negligence, but are intentional acts intended to stop me from challenging my convictions and death sentence." Ninth Cir. No. 07-99009, Dkt. No. 438-2, at 38.

2

3. Given this situation, working with my co-counsel Indiana Federal Community Defenders, Inc., we have endeavored to prepare a new, complete set of the trial discovery and the transcripts of the trial, load these materials onto computer hard drives and deliver them to Mr. Kadamovas. In March and April of this year, we sent into USP Terre Haute for Mr. Kadamovas:

(a) A computer hard drive containing the trial transcripts and audio recordings from the trial.

(b) A computer hard drive containing audio and video recordings that were in the possession of the government and turned over to the defense attorneys.

(c) A computer hard drive containing PDF pages of the discovery produced by the government at trial (with some redaction/deletion in order to comply with the protective order issued in this case).

(d) A listing of the work product prepared by Mr. Kadamovas prior to our representation which can be supplied in hard copy. The work-product material is confidential and privileged.

4. In order to have access to, and work with, the materials sent to him in the penitentiary, Mr. Kadamovas needs a computer with organizing and translating software, a reasonable way to access the computer, and time to work on the computer. We bring this motion in an attempt to provide this access to Mr. Kadamovas. In the motion, consistent with the previous request made in the Ninth Circuit (No. 07-99009, Dkt. No. 438), we have requested that the Court order one of

3

three options: (1) reasonable access though a computer that the defense team will supply; (2) reasonable access through a computer that the BOP supplies; (3) a hard copy solution involving storage and access to hard copies.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 29th day of June, 2022, in Sacramento, California.

/s/*Timothy J. Foley*
TIMOTHY J. FOLEY
Attorney for Jurijus Kadamovas