

CLEAR FORM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge   Mark C. Scarsi

From: Stephen Montes Kerr _____, Deputy Clerk   Date Received: 6/28/2022

Case No.: 2:02-cr-00220-MCS-2 _____   Case Title: USA v. Jurijus Kadamovas

Document Entitled: Motion for Reconsideration of Motin for Appointment of Counsel

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | Defendant Kadamovas is represented by counsel, all communications to the Court shall be presented through his attorney of record. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐   The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____   _____
Date                        U.S. District Judge / U.S. Magistrate Judge

☑   The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

July 7, 2022 _____   _____
Date                        U.S. District Judge / ~~U.S. Magistrate Judge~~

*  The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

**COPY 1 -ORIGINAL-OFFICE**    **COPY 2 -JUDGE**    **COPY 3 -SIGNED & RETURNED TO FILER**    **COPY 4 -FILER RECEIPT**

CV-104A  (06/13)                **NOTICE OF DOCUMENT DISCREPANCIES**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
PLAINTIFF

v.

IORI MIKHEL, AND
JURIJUS KADAMOVAS

DEFENDANTS.

CASE NO:

CR02- 00220 SJO

## MOTION FOR RECONSIDERATION OF MOTION FOR APPOINTMENT OF COUNSEL

### PROCEDURAL HISTORY

On June 1, 2022 KADAMOVAS SENT TO THE COURT "MOTION FOR APPOINTMENT OF COUNSEL" FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT SECTION 3582 (c) (1) (A) OF TITLE 18 OF THE US CODE. ON JUNE 9, 2022 THE COURT DECLINED TO ENTERTAIN THE MOTION AND DIRECTED THE CLERK NOT TO FILE THE MOTION AND INSTEAD REJECT IT, STRIKE IT FROM THE FILE, AND RETURN IT TO KADAMOVAS. SEE (IN CHAMBERS) ORDER RE: MOTION FOR APPOINTMENT OF COUNSEL DOCK # 2418.

## IN SUPPORT OF THIS MOTION KARAMOURS STATES.

I BELIVE THAT THE COURT MISINTERPRETATED MY MOTION "FOR APPOINTMENT OF COUNSEL" FOR COMPASSIONATE RELEASE UNDER SECTION 3582 (c) WITH MOTION UNDER SECTION 2255, AND REFUSE TO ENTERTAIN.

THE MOTIONS UNDER 18 USC 3582 (c) AND 18 USC 2255 ARE TWO DIFFERENT AVENUES OF RELIEF. THE COURT MAY DENY MY "MOTION FOR APPOINTMENT OF COUNSEL" FOR SECTION 3582 (c) BUT CAN NOT DECLINE TO ENTERTAIN IT BECAUSE AN ATTORNEY FOR SECTION 2255 WAS APPOINTED.

UNDER SECTION 3582 (c) (1) (A), THERE IS NO BASIS FOR THE PROPOSITION THAT A PRISONER MUST FIRST SEEK RELIEF UNDER SECTION 2255. NOR DOES SECTION 2255 PREVENTS A PRISONER FROM FILING MOTION FOR COMPASSIONATE RELIEF WHILE PURSUING RELIEF UNDER SECTION 2255. I AM CAN NOT BAR TO RELIEF UNDER EITHER OF THIS TWO SECTIONS.

## LEGAL STANDARDS

2.

---

**TRACY CONLEY, Petitioner-Appellant, v. UNITED STATES OF AMERICA, Respondent-Appellee.**
**UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**
**5 F.4th 781; 2021 U.S. App. LEXIS 21581**
**No. 20-2439**
**July 21, 2021, Decided**
**May 26, 2021, ARGUED**

---

While this appeal was pending, Judge Coleman granted Conley's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Conley's release from prison does not remove our jurisdiction over his § 2255 motion or render it moot. A movant under § 2255 must be "in custody." 28 U.S.C. § 2255(a). But Conley "was in custody when he filed [his] motion" for § 2255 relief, "and that is all that is required...." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008), citing *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).

---

**UNITED STATES OF AMERICA, v. LUIS NOEL CRUZ, Defendant.**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**
**2021 U.S. Dist. LEXIS 68857**
**CRIMINAL CASE NO. 3:94-CR-112 (JCH)**
**April 9, 2021, Decided**
**April 9, 2021, Filed**

---

The court is, of course, aware that its decision on Cruz's Habeas Petition was reversed, resulting in the re-imposition of the original judgment. See Reimposed Judgment (Doc. No. 2331). However, Cruz is not barred from seeking relief under section 3582(c) based on, inter alia, age simply because he argued in an ultimately unsuccessful habeas petition that Miller extends, as a matter of constitutional law, to those who were 18 at the time of their crime. Certainly, it cannot be that Cruz is barred from raising an age-based argument now but would not have been had he never sought habeas relief (or had he only reversed the order in which he pursued these two different avenues of relief). The court finds no basis in section 3582(c) or{2021 U.S. Dist. LEXIS 31} case law for the argument that Cruz must forfeit his rights under section 3582(c) because he first sought habeas relief on an age-based constitutional ground.

---

**UNITED STATES OF AMERICA, Plaintiff, v. ARIC MATTHEW SALAZAR, Defendant.**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**
**2022 U.S. Dist. LEXIS 8124**
**No. 1:18-cr-00180-NONE-SKO**
**January 14, 2022, Decided**
**January 14, 2022, Filed**

---

**LEGAL STANDARD**

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned{2022 U.S. Dist. LEXIS 3} defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may

3.

upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf1 or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that -

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided{2022 U.S. Dist. LEXIS 4} under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]18 U.S.C. § 3582(c)(1)(A)(i) and (ii).2

The policy statement with respect to compassionate release in the U.S. Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13;3 see also United States v. Gonzalez, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (noting that courts "universally" rely on U.S.S.G. § 1B1.13 to define "extraordinary and compelling reasons," even though that policy statement was issued before Congress passed the FSA and authorized defendants to file compassionate release motions). However, the Ninth Circuit recently held "that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021). "In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." Id. The Ninth Circuit clarified that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they{2022 U.S. Dist. LEXIS 5} are not binding." Id. (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

In so holding, the Ninth Circuit joined the five other circuits who have addressed this issue and have unanimously held "that U.S.S.G. § 1B1.13 only applies to § 3582(c)(1)(A) motions filed by the BOP Director, and does not apply to § 3582(c)(1)(A) motions filed by a defendant." Id.; see, e.g., United States v. Brooker (Zullo), 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) ("In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); Gunn, 980 F.3d at 1181 ("[T]he Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release. District judges must operate under the statutory criteria-'extraordinary and compelling reasons'-subject to deferential appellate review."); United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) ("In short, we agree with the Second Circuit and the emerging consensus in the district courts: There{2022 U.S. Dist. LEXIS 6} is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" (citation omitted)); United States v. Maumau, 993 F.3d 821, 837 (10th Cir. 2021)

4.

Because of my more then 19 years in solitary confinement my medical conditions is rapidly deterating. I don't know if I will survive to see when my 2255 will ever be filed, or it's conclusion.

Three attorneys appointed for direct appeal were allowed to "work" on my case for almost 13 years, and attorney appointed for section 2255 already manage to extend the one year statue of limitation for section 2255 for almost 3 years. Statistically speaking, inmates on Federal death row in solitary confinement spend from 7 to 15 years before thers Habeas appeals conclude. Mine even did not filed yet. For reasons I explained to the 4TH Circuit court of appeals (see Kadamouas v. Watson Case No 20-1889) I belive that my motion under 2255 can not be adequate or effective. Also, because of my broken beyound repairs attorney - client relationships with attorneys appointed for section 2255, I even don't know if my motion ever will be filed, and if it will, it will be filed without my concent, because I'm not allowed to partisipate, nor it can be adequate without my partisipation.

5.

I WILL PUT IT SIMPLE: THE APPOINTED ATTORNEYS FOR SECTION 2255 HIJACKED MY CASE AND SABOTAGED MY APPEALS, THEY ARE WILL GOT PAY FOR IT UNTIL I DIE HERE IN TORTURE.

FOR ALL REASONS ABOVE I RESPECTFULLY ASK THE COURT TO RECONSIDER MY MOTION "FOR APPOINTMENT OF COUNSEL" FOR COMPASSIONATE RELEASE UNDER SECTION 3582 (c)(1)(A) AND ALLOW ME TO PRESENT COMPELLING CIRCUMSTANCES FOR SUCH RELIEF, WHICH WITHOUT AN ATTORNEY I WILL BE NOT ABLE TO PRESENT ALL EVIDANCE SINCE I DO NOT HAVE MEANINGFUL ACCESS TO MY DISCOVERY MATERIALS, COURT TRANSCRIPTS AND OTHER DOCUMENTS.

DATED: 22 JUNE 2022.

RESPECTFULLY SUBMITED
PRO SE BY
JULIUS KADAMOVAS
# 21050-112
USP TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, IN
47808

6.

# DECLARATION OF MAILING

THE UNDERSIGNED DOES ATTEST UNDER PAINS OF PORGERY THAT HE DID MAIL THIS ORIGINAL "MOTION FOR RECONSIDERATION OF THE "MOTION FOR APPOINTMENT OF COUNSEL" ON JULY 22, 2022 TO THE COURT CENTRAL DISTRICT OF CALIFORNIA COURTHOUSE 255 EAST TEMPLE STREET, LOS ANGELES, CA 90012. VIA US MAIL SUFFICIENT FIRST CLASS POSTAGE ATTACHED THERETO

YURIYUS KARAMOURS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
PLAINTIFF

v.

Iouri Mikhel, AND Jurijus Kadamovas
DEFENDANTS.

CASE No

CR02-00220 SJO

## MOTION FOR

## APPOINTMENT OF COUNSEL

This is a Pro se motion to the Court from defendant Jurijus Kadamovas.

Defendant moves for an order appointing counsel to represent him in motion for compassionate release under the First Step Act section 3582 (c)(1)(A) of Title 18 of the United States Code.

In support of this motion, defendant states:

1) Kadamovas is unable to afford counsel.
2) Kadamovas's medical conditions is rapidly deteriorating.

3) KADAMOVAS DON'T HAVE MEANINGFUL ACCESS TO HIS DISCOVERY MATERIALS, COURT TRANSCRIPTS, AND OTHER DOCUMENTS THAT MUST BE SUBMITTED TO THIS COURT AS A BURDEN OF PROOF DEMONSTRATING EXTRAORDINARY AND COMPELLING REASONS. IT'S PLAINTIFF'S RESPONSIBILITY TO DO SO.

## CRIMINAL LAW & PROCEDURE > SENTENCING > CORRECTIONS, MODIFICATIONS & REDUCTIONS > ELIGIBILITY CIRCUMSTANCES & FACTORS

A COURT'S REDUCTION OF A SENTENCE UNDER 18 U.S.C.S § 3582 (c) (1)(A) IS EXTRAORDINARY AND RESERVED FOR COMPELLING CIRCUMSTANCES WHICH COULD NOT REASONABLY HAVE BEEN FORESEEN BY THE COURT AT THE TIME OF SENTENCING. 28 C.F.R § 571. 60. THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT HAS INTERPRETED THE FIRST STEP ACT AS NOT PERMITTING A PLENARY RESENTENCING HEARING BUT INSTEAD ALLOWING A DISTRICT COURT TO ENGAGE IN A LIMITED COUNTERFACTUAL INQUIRY, THE ACT ITSELF GRANTS FEDERAL COURTS BROAD DISCRETION IN DETERMINING WHETHER TO GRANT COMPASSIONATE RELEASE.

PRESUMABLY THESE FACTORS MAY ALSO INFORM A DISTRICT COURT'S DISCRETION FOR 18 USCS 3582 MOTIONS FILED BY A DEFENDANT. THE FACTORS INCLUDE:

2.

FOR (2) THE WEIGHT OF THE EVIDENCE AGAINST THE PERSON; (3) THE HISTORY AND CHARACTERISTICS OF THE PERSON; ...

AS A GENERAL MATTER, PRINCIPLES AS TO THE ALLOCATION OF BURDEN OF PROOF REST ON GOALS AND ACCESS IF THE DEFENDANT SEEKS DECREASED PUNISHMENT, HE OR SHE HAS THE BURDEN OF SHOWING THAT THE CIRCUMSTANCES WARRANT THAT DECREASE. THE DEFENDANT HAS THE BURDEN OF SHOWING THAT EXTRAORDINARY AND COMPELLING REASONS TO REDUCE HIS SENTENCE. SEE UNITED STATES V. FLOREZ, U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA. 2021 U.S. DIST. LEXIS 116356 NO. CR-11-03577-001-TUC-CKJ (BPV)

KADAMOVAS DO NOT HAVE A MEANINGFUL ACCES TO HIS LEGAL MATERIALS AND WILL BE NOT ABLE TO PRESENT ALL INFORMATION THAT THE EVIDENCE AGAINST HIM WAS FABRICATED AND MISLEAD BY PROSECUTORS. SEE KADAMOVAS V. T.J. WATSON CASE NO. 20-1889 TO THE U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT APPELANT BRIEF, AS WELL LAST "MOTION FOR COURT TO TAKE ACTION ON APPELANT BRIEF" DOCK #19 FILED MARCH 28, 2022.

WITHOUT AN ATTORNEY, KADAMOVAS WILL BE NOT ABLE TO PRINT OUT AND PRESENT COMPELLING

3.

EVIDENCE OF PROSECUTORIAL MISCONDUCT, BRADY VIOLATIONS — PROSECUTION SUPPRESSION OF EVIDENCE, AND OTHER COMPELLING CIRCUMSTANCES WHICH COULD NOT REASONABLY HAVE BEEN FORESEEN BY THE COURT AT THE TIME OF MY SENTENCING.

4) ATTORNEY TIMOTHY J. FOLEY AND IFCA, VICTORIA CASANOVA APPOINTED FOR PROCEEDINGS PURSUANT TO 28 U.S.C. 2255 ON JULY 16, 2019, FAIL TO ASSIST IN ANY WAYS. OUR ATTORNEY - CLIENT RELATIONSHIP WAS HULKY FROM THE BEGINNING, AND NOW IS BROKEN BEYOND REPAIR. SEE ATTACHED LETTERS FROM KADAMOVAS TO HIS ATTORNEYS DATED: 25 OCTOBER 2021, 15 NOVEMBER, 2021, 6 DECEMBER 2021, 9 MAY, 2022 AND 19 MAY 2022. KADAMOVAS ASK HIS ATTORNEY TO FILE MOTION TO THE COURT AND TELL TO THE COURT THAT OUR ATTORNEY - CLIENT RELATIONSHIP BROKEN BEYOND REPAIR AND THAT I ASKING COURT TO APPOINT A NEW ATTORNEYS FOR 2255 MOTION. SEE ALSO KADAMOVAS's PRO SE MOTIONS TO PROCEED PRO SE ON 2255 MOTION DATED OCTOBER 6, 2020. ALSO, MOTION TO TAKE ACTION ON KADA- MOVAS's APPEAL WITHDRAW NOTIFICATION DKT #2382 AND COURT RESPONSE DKT #2383.

BECAUSE ATTORNEY WAS APPOINTED FOR

4.

THE 2255 MOTIONS AND REFUSE TO HELP ME WITH ANY OTHER ISSUES RELATED TO MY APPEALS LIKE PARDON APPLICATION TO THE US PRESIDENT MR. BITEN IN THE PAST, ALSO EXTREME INEFFECTIUENES IN GETING ME MEANINGFUL ACCESS TO MY LEGAL MATERIALS IN CASE I CAN PARTISAPATE IN MY 2255 MOTION OR ANY OTHER APPEALS. BECAUSE THE MOTION UNDER 18 USC 3582 (C)(1)(A) DO NOT RELATED TO MOTION UNDER 2255, I DO NOT EXPECT THEM TO HELP ME, NOR I THINK THAT THEY ARE CAN DO GOOD AND TIMELY WORK. I ASKING THIS COURT APPOINTED NEW ATTORNEY FOR THE FIRST STEP ACT MOTION UNDER SECTION 3582 (C)(1)(A).

5) KADAMOUAS HAS MADE REPEADED EFFORTS TO OBTAIN AN ATTORNEY TO REPRESENT HIM FOR THE FIRST STEP ACT, WHICH INCLUDE CONTACTING: RUTH E. FRIEDMAN, THE DIRECTOR FEDERAL CAPITAL HABEAS PROJECT, JEREMY GORDON, ATTORNEY, SEE ATTACHED LETTERS AS ATTACHMENT # 2, AS WELL KADAMOUAS WAS ASK HIS ATTORNEYS FOR 2255 MOTION TO FILE PROPER MOTION TO THIS COURT FOR APPOINTMENT OF COUNSEL REGARDING A COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT, SEE ATTACHMENT # 1 LETTER

5.

Dated 05/19/2022.

6) On 24 May 2022 Kadamovas file Administrative Remedy-Request to Warden Wallis for Compassionate Release under the First Step Act. The Section 3582 (c) requires the defendant to either fully exhaust his administrative remedies before the BOP or wait 30 days after petitioning the warden of his facility before filing a motion in court. I believe that on June 23, or after I will be exhaust my remedy and can move a motion to this court, and because my medical conditions is rapidly deteriorating I wish to file motion to the court without delay.

WHEREFOR, Kadamovas request that the court appoint counsel to represent him in the motion under 18 USC 3582 (c)(i)(A)

Dated: May 31, 2022

RESPECTFULLY SUBMITED,

Jurijus Kadamovas
#21050-112
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

6.

CERTIFICATE OF SERVICE
DECLARATION OF MAILING

I HEREBY CERTIFY THAT ON JUNE 1 2022 I MAIL THIS ORIGINAL "MOTION FOR APPOINT OF COUNSEL" TO THE U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA, 255 EAST TEMPLE STREET, LOS ANGELES, CA 90012 VIA US MAIL SUFFICIENT FIRST CLASS POSTAGE ATTACHED THERETO. THE UNDERSIGNED DOES ATTEST UNDER PAINS OF POLEERY.

JULIUS KADAMOVAS

ATTACHMENT # 1



ART AGAINST
DEATH

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

IFCA
Indiana Federal
Community Defenders
III Monument Circle
Suite 3200
Indianapolis, IN 46204

25 October, 2021

Dear Attorney Timothy J. Foley,
Angela S. Elleman, Jean Giles and
other in IFCA,

I requesting you to file a motion
to the Court in California informing the
Court that our attorney-client relationship
is broken beyond repair. Request the Court
to recieve you from this case and appoint
new counsels to represent me.

Thank you for your attention to
my request

Sincerely,

Jurijus Kadamovas

C.C. Embassy of Lithuania
Courts

ART AGAINST DEATH

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

IFCA
III MONUMENT CIRCLE
SUITE 3200
INDIANAPOLIS, IN 46204

15 NOVEMBER, 2021

DEAR ATTORNEY, TIMOTHY Y. FOLEY,
ANGELA S. ELLEMAN, JEAN GICES AN
OTHER IN IFCA ASSIGNED TO MY CASE.

IT IS OBVIOUS THAT WE ARE UNABLE TO HAVE
A WORKING ATTORNEY-CLIENT RELATIONSHIP. FOR ONE
MORE TIME I ASKING YOU TO FILE THE MOTION
TO THE COURT IN CALIFORNIA AND INFORM THE
COURT THAT OUR ATTORNEY-CLIENT RELATIONSHIP
IS BROKEN BEYOND REPAIR AND THAT I ASKING
THE COURT TO RELIEVE YOU ALL FROM MY
CASE AND APPOINT NEW COUNSEL TO REPRE-
SENT ME.

THANK YOU FOR YOUR ATTENTION TO MY
REQUEST.

SINCERELY,

JURIJUS KADAMOVAS.

C.C. EMBASSY OF LITHUANIA,

COURTS.



ART AGAINST DEATH

IFCA
III Monument Circle
Suite 3200
Indianapolis, IN 46204

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

6 December, 2021

Dear Attorney Angela S. Elleman,
Timothy J. Foley, Jean Giles and other
in IFCA assignet to my case.

Our conversation with Attorney Angela S. Elleman on Dec. 6, 2021 reveal that you have very limited knowledge about issues that must be presented on appeal to my case. In particularly issues about prosecutorial misconduct before during the trial and after, claim of my actual innocent and ineffective assistant of consul, that I was already had have debated in great details with previous chief of capital 2255 unit for IFCA Victoria Casanova. Who also promised that she will file motions to the court for obtain for me full and meaningful access to my legal materials as well hardress to the court ongoing issues with my legal mail which the BOP officials opening without my presence and keep keeping big part of my legal materials on CAR and NUA's in their position without allowing me to do inventory.

I have to notice that in a few of letters from Attorney Elleman dated August 18, 2021 and September 16, 2021 she mentioned that she intend to take action to help me have access to all of the discovery, but in my understanding not any motion was filed at this time. So... Victoria Casanova, two and a half years ago, did promise that it will be done, in first thing, and I still do not have meaningful, and complete access to any of my legal materials!

1 of 3

I CAN NOT TRUST TO YOU ANY MORE IN ANYTHING! YOU DENY ME OPPORTUNITY TO PRESENT TO THE COURT MY COMPLETE DEFENSE EVIDENCE OF THIRD-PARTY GUILT, MY INNOCENCE CLAIM, PROSECUTORIAL MISCONDUCT AND OTHER ISSUES THAT MATERS TO ME. IT IS ABSOLUTELY OBVIOUSLY TO ME, THAT WE CAN NOT WORK TOGETHER, IN PART BECAUSE YOU DO NOT KEEP YOUR PROMISES AND IN PART BECAUSE YOU ARE ABSOLUTELY AND TOTALLY INCOMPETENT.

THE LIMITATION FOR FILE 2255 APPEAL IS ONE YEAR. WITHOUT IVEN CONSULTING WITH ME YOU ISSUED, AND GOT AN EXTENSION THREE TIMES FOR ONE AND A HALF YEARS AND PLANING TO ASK MORE TIME AGAIN. YOU DENY ME APPORTUNITY TO BE HERD BY THE COURT TIMELY ABOUT MY ISSUES BECAUSE YOU WISH TO KEEP ME HERE ON DEATH ROW, AS LONG, AS YOU CAN KEEP MAKE A MONEY ON MY MISERY IN THIS TORTUROUS CONDITIONS OF SOLITARY CONFINEMENT WITHOUT ANY ATTEMPT TO IMPROVE IT! NOT MY BODY, NOR MY MIND CAN AFFORD THIS PROLONGED SITUATION AND DELAYS ANY MORE!

WE CAN NOT AGREE ON WHAT, AND WHEN TO FILE ANY THING. YOU HAD REFUSE TO HELP ME WITH ARRANGEMENT OF MY PARDON APPLICATION TO THE US PRESIDENT BECAUSE YOU HAVE NO ANY IDEA ABOUT INTERNATIONAL LAW, AND MY RIGHTS AND OPPORTUNITY. THAT I HAVE TO TAKE AS A LITHUANIAN CITIZEN. YOU HAVE LOST THE VIDEO TAPES AND CD's FROM LITHUANIA THAT WAS PROVIDED BY MY FAMILY FOR MY MITIGATION. YOU HAN HAVE HIRE A LAWYER IN LITHUANIA WHO HARASSTED MY FAMILY MEMBERS AND TRY TO MAKE THEM SIGNED UNTRANSLATED DOCUMENT IN ENGLISH LANGUAGE THAT THEY CAN UNDERSTAND. I CAN CONTINUE TO TALK ABOUT YOUR FAILURE, BUT SEE NO REASON IN THAT, BUT I WOULD LIKE TO ASK YOU: HOW ANY ONE CAN PROVE AN UNFAIR TRIAL ON APPEAL, WHEN AN APPEAL WITH ATTORNEYS LIKE YOU, CAN NOT BE FAIR OR COMPLETE AT ALL?!

2 OF 5

How it iven possible, to file ineffective assistanc of trile counsel, with ineffective assistance of appeal counsel?!

To me it obviously that we never will have a working attorney - client relationship and you will not able to andress to the court, all what must be anaressed. Therefore for last time I asking you to file motion to the court in California and inform the court that our attorney - client relationship is broken beyond repair and that I asking the court to replace you with new counsels.

Shere this my request with all attorneys who thinking that they are working on my casse.

Sincerely,

Juritus Kabanouas

CC  Embassy of Lithuania
    Courts

3 of 3

Jurijus Kadamovas
#21050-112
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

IFCA
III Monument Circle
Indianapolis, IN 46204

9 May 2022

Dear Attorney, Timothy I. Foley Angela S.
Ellenhan and all other in IFCA who still thinking
that they are my Attorneys;

I asking you again to file the Motion to
the Court in California and inform the Court
that our Attorney-Client Relationship is Broken
beyond repair and that I asking the Court
to relieve you all, from my case and appoint
new counsels to represent me in my Appeals.

Thank you for your attention to my request

Sincerely,

Jurijus Kadamovas

C.C. Embassy of Lithuania.

Courts.

TRULINCS  21050112 - KADAMOVAS, JURIJUS - Unit: THP-X-A

-----------------------------------------------------------------------------------------------------------

FROM: 21050112
TO:
SUBJECT:
DATE: 05/19/2022 07:49:59 AM

To attorneys:
Timothy J. Foley
Angela S. Elleman
And all in IFCD who think they are representing me on 2255


.

I am furious. Yesterday I found out from my sister that my only son had been found death on Friday 13th and that you'd been to Lithuania to meet my family two weeks ago. And yet none of you had notified me about this. None of you had told me that such a trip had been planned, had been scheduled. None of you had attempted to discuss any of this with me.

Your actions--your continuation in disregarding and disrespecting the so-called attorney-client relationship--is appalling. What you did was neither ethical nor moral, but wrong on all levels of legal assistance on my behalf. You flat-out denied me a meaningful opportunity to provide you with ANY information that could have helped you in Lithuania for my defense/appeal, such as whom to look for or talk to. Most importantly, I could have given you a letter for those individuals, vouching for you, in the hopes that they would be more forthcoming in communications with you.

I would have also asked you to take with you to Lithuania those 258 artworks in Judith possession (which I sent to her a year or so ago). I would have wanted you to help my son meet with a few galleries in Vilnius or some artists who could have helped me obtain gallery representation. I would have wanted my son engaged in the Art Industry, which might have saved his life, knowing that he would have been able to help me, his father. See attached, A Guide to Modern Vilnius, which the Embassy sent to me for such an occasion.

But given that you had kept me in the dark about your travels to Lithuania on my behalf, which, in turn, denied me an opportunity to participate in my case, we will never know whether my input would have made a difference in the life of my son. Perhaps he still would be alive.

This is your fault. You have not provided me with any meaningful representation for almost 3 years as you were appointed by courts to do so. You are evil people, unethically disregarding me ASSISTANCE OF COUNSEL, driven by your OWN agenda.

Numerous times I have asked you to file motion to the Central District of California and notify the judge that our attorney-client relationship is broken beyond repair, and that I would like new attorneys appointed. But you pay heed to nothing I say, as you're only concerning about your own agenda, which in effect undermine my right to the assistance of counsel. From the beginning, you hijacked my case, sabotaged my appeal.

Once again I'm asking you to notify the district court in California that I want new attorneys now. I'm also asking you to file an additional motion to the district court for appointment of counsel regarding a Compassionate Release Motion under the First Step Act pursuant to 18 USC section 3582(c)(1)(A), which is not part of section 2255. Time is of the essence, my medical condition is rapidly deteriorating, so do this as soon as possible.

Sincerely,

c.c. Embassy of Lithuania, courts.

ATTACHMENT #2



**ART AGAINST DEATH**

UNITED STATES FEDERAL DEATH ROW INMATE

RUTH E. FRIEDMAN
DIRECTOR FEDERAL
CAPITAL HABEAS PROJECT
6411 IVY LANE
SUITE 710
GREENBELT, MD 20770

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

15 MAY 2022

DEAR MRS. FRIEDMAN,

I WOULD LIKE TO MOVE FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT, 18 USC 3582 (c)(1)(A). THE REASON FOR THAT, IS THAT MY MEDICAL CONDITIONS RAPIDLY DETERIORATED. AS YOU KNOW I HAVE BROKEN BEYOND REPAIR ATTORNEY-CLIENT RELATIONSHIP WITH ATTORNEYS APPOINTED TO MOTION UNDER SECTION 2255 AND THAT ARE REFUSE TO HELP ME WITH ANY OTHER OPTIONS FOR MY APPEALS LIKE PARDON APPLICATION, 2241 MOTION, LEGAL ACTIONS UNDER APA OR SOLITARY CONFINEMENT AND OTHERS. BECAUSE THE FIRST STEP ACT IS NOT RELATED TO MOTION UNDER 2255, I DO NOT EXPECT, NOR I WANT THIS SAME ATTORNEYS TO BE PART OF MY MOTION FOR COMPASSIONAT RELEASE I ASKING YOU TO FIND AN ATTORNEY WHO WILL ASSIST ME TO FILE THE FIRST STEP ACT MOTION, OR ASK COURT THAT ATTORNEY FOR THIS MOTION WILL BE APPOINTED.

PLEASE FIND COPY OF MY LETTERS TO ATTORNEYS APPOINTED FOR 2255 MOTION DATED 8 MAY AND 16 MAY OF 2022 THAT WILL HELP YOU TO UNDERSTAND MY SITUATION AND REASONS THAT I HAVE FOR COMPASSIONATE RELEASE.

SINCERELY,

C.C. EMBASSY OF LT
COURTS
ATTORNEYS



**ART AGAINST DEATH**

UNITED STATES FEDERAL DEATH ROW INMATE

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

Jeremy Gordon, Esq
P.O. Box 2275
Mansfield, Texas 76063

15 May 2022

Dear Jeremy Gordon,

My name is Jurijus Kadamovas. I am a Lithuanian citizen under a sentence of death for crimes I did not commit as a result of an unfair trial replete with false testimony and misleading arguments. I am the only citizen of any European Union nation to be on federal death row in the U.S.

I would like to move for Compassionate release under the First Step Act. I have many "extraordinary and compelling reasons for such release, but main reason is that my medical conditions rapidly deteriorated.

I would like ask you if you will be willing to assist me in this motion pro bono or I can ask district court to appointing you.

For more information about my issues and some of the reasons for Compassionate release see my pro se motion to 7th Cir. Court of Appeals under 2241, Kadamovas v Watson case No. 20-1889 filed 06/09/2020. For more information about myself please go to www.Yurikadamov.com

I looking forward to your response. Thank you for your attention.

Sincerely,

Jurijus Kadamovas

Jurijus Kadamovas
#21050-112
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Legal Special Mail

MCS

RECEIVED
JUN 28 2022
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

United States District Court
Central District of California
Office of the Clerk
255 East Temple Street
Room 180
Los Angeles, CA 90012

USPS TRACKING #
9114 9022 0078 9646 1480 61



