# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Mark C. Scarsi

From: Stephen Montes Kerr _____ , Deputy Clerk   Date Received: 9/16/2022

Case No.: 2:02-cr-00220-MCS-2 _____   Case Title: USA v. Jurjus Kadamovas

Document Entitled: Grievance by Defendant Jurjus Kadamovas

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | Defendant Kadamovas is represented by counsel, all communications to the Court shall be presented through his attorney of record. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐   The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____          _____
Date                                                      U.S. District Judge / U.S. Magistrate Judge

☑   The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

September 20, 2022                   Mark C. Scarsi _____
Date                                                      U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

**COPY 1 -ORIGINAL-OFFICE**      **COPY 2 -JUDGE**      **COPY 3 -SIGNED & RETURNED TO FILER**      **COPY 4 -FILER RECEIPT**

CV-104A  (06/13)                            NOTICE OF DOCUMENT DISCREPANCIES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
PLAINTIFF

v.

IURI MIKHEL AND JURIJUS
KADAMOVAS DEFENDANTS.

CASE No:

CR02-00220 ~~SJO~~ MCS

## GRIEVANCE THAT REQUIRE ADEQUATE REMEDY AND ATTENTION FROM THIS COURT

COMES DEFENDANT JURIJUS KADAMOVAS PRO SE, AND FOR THIS CAUSE OF GRIEVANCE STATES AS FALLOW:

On 06/29/22 MY ATTORNEY FOR ABOVE MENTIONED CASE, TIMOTHY J. FOLEY, JEAN E. GILES AND F. ITALIA PATTI, FILE "NOTICE OF MOTION AND KADAMOVAS' MOTION FOR ORDER DIRECTING THE BUREAU OF PRISONS TO PERMIT ACCESS TO LEGAL MATERIALS" SEE Doc. No. 2420.

BECAUSE OF INCOMPETENCE AND INEFFECTIVE ASSISTANCE OF CONSULS THIS MOTION WAS DENY. THE MOTION WAS INCOMPLETE, POORLY PREPARED, FILED

WITH THREE YEARS DELAY AND TO THE WRONG COURT WHO HAVE NO JURISDICTION OVER THE SUBJECT MATTER.

I WAS NOT ALLOWED TO PARTISAPATE IN DRAFTING OF THIS MOTION NOR I HAD A CHANCE TO REVIEW THIS MOTION BEFORE IT WAS FILED, AS WELL HAD NO OPPORTUNITY TO PROVIDE INFORMATION OR MY OWN AFFIDAVIT TO REBUT THE DECLARATION OF TODD R. ROYER (THE UNIT MANAGER OF THE SCU UNIT) SUBMITED BY THE "GOVERNMENT OPPOSITION TO NOTICE OF MOTION AND KADAMOVAS' MOTION FOR ORDER DIRECTING THE BOP TO PERMITING ACCESS TO LEGAL MATERIALS" SEE DOC. № 2925, WHERE MR. ROYER PROVIDED INCORRECT AND INCOMPLETE INFORMATION ABOUT THE SCU INMATES ACCESS TO COMPUTER WITH PRINTOR FOR REVIEW THERS DISCOVERY FROM THE LAW LIBRARY.

TO REBUT OF DECLARATION OF TODD R. ROYER I WOULD PROVIDE MY AFFIDAVIT, SUPPORTED BY AFFIDAVITS OF OTHER THE SCU UNIT INMATES WITH FALLOWING INFORMATION:

1) THER IS 38 INMATES CURRENTLY HOUSED IN THE SCU WHEN IS THE ONLY ONE COMPUTER DEDICATED FOR INMATES REVIEW OF THERS LEGAL MATERIALS. THE SCU INMATES ALLOW TO USE THIS COMPUTER ONLY FROM 6:50AM TO 9:00PM, ONE INMATE AT THE

2

TIME FOR ONE HOUR DURING LOCK DOWNS, LIKE NATIONAL BOP LOCK DOWN, DOMESTIC DESTURBANCE OR COVID 19 LOCK DOWNS, NO ONE ALLOWED TO USE COMPUTER FOR REVIEW OF ANY MATERIALS, SOME TIME LOCK DOWNS FOR A DAY OR TWO, SOME TIMES FOR WEEKS OR MONTHS.

2) THE SCU UNIT AT FCC TERRE HAUTE HAS BEEN ESTABLISHED SOLELY BY THE BOP OFFICIALS AS A TORTUROUS SOLITARY CONFINEMENT DESIGNED TO STRIP ALL HUMAN DIGNITY. SOLITARY CONFINEMENT USED ON DEATH ROW IS BY DEFINITION PROLONGED AND INDEFINITE AND THUS CONSTITUTES CRUEL, INHUMAN DEGRADING TREATMENT, PUNISHMENT AND TORTURE.

3) PERHAPS MR. ROTER DID NOT HAD DIFFICULTY TO COMMUNICATING WITH ME IN ENGLISH, BUT I DO HAVE A DIFFICULTTYS TO UNDERSTAND HIM, THAT WHY I OFTEN ASLING OTHER INMATES TO HELP ME FILE WRITTEN REQUEST FOR ADMINISTRATIVE REMEDYS (AS HE MANTIONED 359 OF THEM) IN PROPER ENGLISH LANGUAGE OR USING MY ELECTRONIC TRANSCATION DEVICE WITH I WAS ALLOWED TO HAVE IN MY CELL ONLY IN NOVEMBER 17, 2016 AFTER REQUESTING IT FOR 14 YEARS.

4) FOR EXCUSIVE USE INSIDE MY CELL I HAVE BEEN PERMITED TO USE: ELECTRONIC TRANSCATION DEVICE, PULMO-AIDE COMPRESSOR NEBULIZER, AND C-POP MACHINE FOR SLEEP APNIA THAT NO OTHER INMATE

3.

ALLOWED TO USE. THIS FACT WAS NEVER CONSIDERED AS "SPECIAL TREATMENT" TOWARD ONE INMATE. IT IS SPECIAL NECESSITY THAN ONE INMATE MAY NEED, AND OTHERS DON'T. SO THE MEANINGFUL ACCESS TO THE COMPUTER WITH ALL NECESSERY SOFTWARE IN CASE TO ASSIST ATTORNEYS IN THE DEATH PENALTY CASE MUST BE PROVIDER FOR INMATES WHO NEED IT.

5) THE SCU INMATES ARE NOT PERMITED TO PRINT PAGES OF THEIR DISCOVERY FROM THE LAW LIBRARY COMPUTER BECAUSE THE LAW LIBRARY COMPUTER IS SEPARATE FROM THE ONLY ONE COMPUTER DEDICATED FOR DISCOVERY REVIEW, WITH EVEN DO NOT HAVE A PRINTOR. SEE ATTACHED MY EMAIL TO UNIT TEAM DATED AUGUST 14, 2022. AS ATTACHMENT #1

6) BECAUSE OF COMPLICATIONS WITH MY CROHN'S DISEASE, I NEED ACCESS TO THE TOILET MUCH MORE OFTEN THEN ANY OTHER INMATE IN THE SCU. THE LAW LIBRARY DO NOT HAVE A TOILET. THIS IS THE REASON THAT I OFTEN "REFUSE" TO USE COMPUTER IN LAW LIBRARY FOR DAYS OR WEEKS BECAUSE OF MY STOMACH ISSUES, AND URGENT NEEDS FOR TOILET.

7) THIS IS NOT THE FIRST TIME WHEN THE BOP OFFICIALS PROVIDES FALSE DECLARATION ON SUPPORT OF GOVERNMENT OPPOSITION FOR MY ACCESS TO LEGAL MATERIALS. SEE EXHIBIT #2 AS ATTACH-MENT #2. A, B, AND C.

4.

## THIS MOTION WAS INCOPLETE BECAUSE WAS NOT ACCOMPLISHEA WITH OTHER RELATEA ISSUES

THIS MOTION MUST BE ACCOMPLISHEA WITH FOUR OTHER ISSUES THAT I RAISEA PRO-SE, ANA INTO THE APPROPRIATE COURT FOR REVIEW UNAER 2241 IN THE CUSTOAIAL COURT, TO THE SOUTHERN AISTRICT OF INAIANA. SEE MY PRO SE PETITION FOR WRIT OF HABEAS CORPUS PERSUANT TO 28 USC 2241, KAAAMOUAS V. WATSON NO. 2:19-cv- 0054 JPH-MJA Aoc. #9, NOW UNAER APPEAL TO THE 4TH CIR. No. 20-1889, IN PARTICULARLY WITH THE ISSUE THAT THE BOP OFFICIALS AENYING MY RIGHT TO ATTORNEY PRIVILEGEA COMMUNICATION BY OPEN- ING MY LEGAL MAIL OUTSIAE OF MY PRESENT.

## ACTUAL CONFLICT OF INTEREST ANA BRACUE AOWN OF COMMUNICATIONS WITH ATTORNEYS THAT REQUIRE AAEQUATE REMEAY ANA ATTE- NTION OF THIS COURT.

1) THIS COURT APPOINTEA ATTORNEYS ON JULY 18, 2019 FOR ASSISTANCE IN MOTION UNAER 2255 THAT ON THIS AAY, FOR VARIETY OF REASONS CAN NOT BE INITIATEA IN ANY TIME SOON, IF NOT EVER, AESPITE ONE YEAR LIMITATION PERIOA.

2) OBVIOSLY THAT APPOINTEA ATTORNEY ARE

5.

INCOMPETENT AND INEFFECTIVE, AND THIS MOTION Doc. No: 2420 PROVE IT. THEY EVEN DON'T KNOW WHEN, WHAT, HOW AND WHERE TO FILE MOTION. TO HAVE AN ATTORNEY, BUT NOT HAVING MEANINGFUL AND PROTECTED ACCESS TO LEGAL MATERIALS PROVIDE A FALS SENSE OF SECURITY AND INEVITABLY WILL LEAD TO CONSTITUTIONALLY DEFECTIVE REPRESINTA-TION THAT I CAN NOT AFFORD, NOR IT HAVE ANY SENSE TO HAVE INCOMPETENT AND INEFFECTIVE ATTORNEY FOR DEATH PENALTY CASE.

3) THIS ATTORNEYS REFUS TO FILE, OR HELD ME TO FILE ALL APROPRIATE ISSUES, INCLUDE ACCESS TO LEGAL MATERIALS TO THE COURT IN SOUTHERN DISTRICT OF INDIANA UNDER 2241 OR ADMINISTRATIVE PROCEDURE ACT (APA) 5 USC 701-76 WITH IS WOULD BE ALSO APPROPRIATED CIVIL ACTION, WHICH I FILE PRO SE WITHOUT ANY HELP.

I HAVE IRRECONCILABLE DIFFERANCES WITH THIS ATTORNEYS AS WELL BROKEN BEYOND REPAIR ATTORNEY-CLIENT RELATIONSHIPS. IN SOME POINT I ASKED THIS COURT TO ALLOW ME TO REPRESENT MY SELF, SEE "MOTION TO PROCEED PRO SE ON 28 USC 2255, MOTION FOR COLLATERAL RELIEF" AND COURT ORDER DENYING MY MOTION DOC No. 2391.

4) IN MORE THEN THREE (3) YEARS I NEVER MEET ANY OF THIS ATTORNEY, I HAVE SPOKEN ONLY ONCE

6.

WITH LEADER ATTORNEY TIMOTHY J. FOLEY FOR ONE HOUR IN 2020. I HAVE NEVER MEET OR TALK WITH ATTORNEYS JEAN E. GILES OR F. ITACIA PATTI THE CO AUTORS OF THE MOTION FOR ORDER THE BOP TO PERMIT ACCESS TO LEGAL MATERIALS DOC. 2420

5) I HAVE SENT NUMEROUS OF LETTERS TO ATTORNEYS ASKING THEM TO ADDRESS THE BROKEN BEYOND REPAIR ATTORNEY-CLIENT RELATION SHIPS TO THIS COURT AND APPOINT NEW COUNSELS TO REPRESENT ME FOR MY APPEALS. SEE COPY OF THIS LETTERS ATTACHED TO MOST REASENT PRO SE "MOTION FOR RECONSIDERATION OF MOTION FOR APPOINTMENT OF COUNSEL" FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT SECTION 3582 (c)(1)(A) OF TITLE 18 OF THE US CODE DOC. No. 2421 FILED 07/07/22 TO THIS COURT.

6) THIS ATTORNEYS REFUSE TO SEND ME DOCUMENTS THAT I NEED, AND HAVE NO ACCESS TO, FOR FILE COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT. SEE ATTACHED COPY OF LAST TWO LETTERS THAT I SENT TO ATTORNEYS AS ATTACHMENT # 5. I NEED TO FILE THIS FIRST STEP ACT, AS SOON IT POSSIBLE BECAUSE SOME OF MY MEDICAL CONDITIONS IS RAPIDLY DETERIORATING.

7) SOME OF ATTORNEYS HAS TRAVEL TO MY HOME COUNTRY OF LITHUANIA ON SEVERAL TIMES, AND

7.

NON OF THEM NOTIFIED ME ABOUT THIS TRAVELS, NON OF THEM TOLD ME THAT SUCH A TRIP HAS BEEN PLANNED, NONE OF THEM HAS ATTEMPTED TO DISCUSS ANY THINGS, THEY ARE FLAT-OUT DENIED ME A MEANINGFUL OPPORTUNITY TO PROVIDE THEM WITH ANY INFORMATION THAT COULD HAVE HELP THEM IN LITHUANIA FOR MY APPEAL, SUCH AS WHOM TO LOOK FOR THEM AND ABOUT WHAT I DO NOT BELIVE THAT SUCH BEHAVIOR WAS NEITHER ETHICAL OR MORAL NOR WILL HELP ME WITH MY APPEALS,

## LEGAL ARGUMENT

## ENTSMINEGER v STATE OF IOWA 386 US 748

[386 US 751]

the proceedings culminating in a conviction."4   He bases his conclusions in this regard upon the holding of the Iowa Supreme <*pg. 504> Court in Weaver v Herrick, 258 Iowa 796, 140 NW2d 178 (1966), where the court specifically stated:

"To afford an indigent defendant an adequate appeal from his conviction, the furnishing of a transcript, printed record and necessary briefs is required." At 801-802, 140 NW 2d, at 181.

[2]  As we have held again and again, an indigent defendant is entitled to the appointment of counsel to assist him on his first appeal, Douglas v California, 372 US 353, 9 L ed 2d 811, 83 S Ct 814 (1963), and appointed counsel must function in the active role of an advocate, as opposed to that of amicus curiae, Ellis v United States, 356 US 674, 2 L ed 2d 1060, 78 S Ct 974 (1958). In Griffin v Illinois, 351 US 12, 100 L ed 891, 76 S Ct 585, 55 ALR2d 1055 (1956), the Court held that a State that provided transcripts on appeal only to those who could afford them was constitutionally required to provide a "means of affording adequate and effective appellate review to indigent defendants." At 20.  Again in Burns v Ohio, 360 US 252, 3 L ed 2d 1209, 79 S Ct 1164 (1959), the Court, in reaffirming the Griffin rule, held that "once the State chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty." At 257, 3 L ed 2d at 1213.  In Smith v Bennett, 365 US 708, 6 L ed 2d 39, 81 S Ct 895 (1961), the Court, once again considering the question, held that such principles are not limited to direct appeals but are also applicable to post-conviction proceedings.

---

**MICHAEL S. LEMELLE, Petitioner - Appellant, v. CHERYL PLILER, Respondent - Appellee.**
**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**
**215 Fed. Appx. 592; 2006 U.S. App. LEXIS 31821**
**No. 05-17095**
**December 6, 2006, Argued and Submitted, San Francisco, California**
**December 22, 2006, Filed**

---

Although the Sixth Amendment entitles a defendant to counsel who "function[s] in the active role of an advocate," *Entsminger v. Iowa,* **386 U.S. 748**, 751, 87 S. Ct. 1402, 18 L. Ed. 2d 501 (1967), it does not encompass the right to a "meaningful attorney-client relationship," *Morris v. Slappy,* 461 U.S. 1, 13-14, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983). "[N]ot every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights." *See Schell v. Witek,* 218 F.3d 1017, 1027 (9th Cir. 2000) (en banc). The Sixth Amendment is violated only where the conflict between counsel and client "was so great that it resulted in a total lack of communication preventing an adequate defense." *Id.* at 1024-25 (internal quotation marks omitted).

*Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel*
*Criminal Law & Procedure > Trials > Defendant's Rights > Right to Counsel > Effective Assistance*
*Legal Ethics > Client Relations > Conflicts of Interest*

The United States Supreme Court has held that a defendant is constitutionally entitled to a lawyer who is free of conflicts of interest and who can act as a loyal advocate. With respect to the first right, a conflict of interest refers to an incompatibility between the interests of two of a lawyer's clients, or between the lawyer's own private interest and those of the client; with respect to the second, the standard is whether counsel functions in the active role of an advocate.

CHAMBERLAIN v. ERICKSEN, 744 F. 2d 628
8TH CIRCUIT 1984.

A defendant's right to file a pro se brief or motions is distinguishable from a defendant's right to make oral argument before the court. *See generally Price v. Johnston,* 334 U.S. 266, 92 L. Ed. 1356, 68 S. Ct. 1049 (1948);{1984 U.S. App. LEXIS 7} Annot., 24 A.L.R. 4th 266 (1983). We have no doubt that a defendant is not required to have counsel forced upon him or her. *See Price,* 334 U.S. at 280; *Garrison v. Lacey,* 362 F.2d 798 (10th Cir. 1966), *cert. denied,* 387 U.S. 911, 18 L. Ed. 2d 630, 87 S. Ct. 1696 (1967). This rule is true not only at trial but on appeal. Recognition of this principle lends itself to the recognition that all defendants have a basic right to address the court with a pro se brief.

9.



__INTERNATIONAL LAW__

United Nations

CCPR/C/GC/36



## International Covenant on Civil and Political Rights

Distr.: General
3 September 2019

Original: English

---

**Human Rights Committee**

### General comment No. 36

### Article 6: right to life*, **

## I.   General remarks

40.   States parties that have not abolished the death penalty must respect article 7 of the Covenant, which prohibits certain methods of execution. Failure to respect article 7 would inevitably render the execution arbitrary in nature and thus also in violation of article 6. The Committee has already opined that stoning,[165] injection of untested lethal drugs,[166] gas chambers,[167] burning and burying alive[168] and public executions[169] are contrary to article 7. For similar reasons, other painful and humiliating methods of execution are also unlawful under the Covenant. Failure to provide individuals on death row with timely notification about the date of their execution constitutes, as a rule, a form of ill-treatment, which renders the subsequent execution contrary to article 7 of the Covenant.[170] Extreme delays in the implementation of a death penalty sentence that exceed any reasonable period of time necessary to exhaust all legal remedies[171] may also entail the violation of article 7 of the Covenant, especially when the long time on death row exposes sentenced persons to harsh[172] or stressful conditions, including solitary confinement,[173] and when sentenced persons are particularly vulnerable due to factors such as age, health or mental state.[174]

41.   Violation of the fair trial guarantees provided for in article 14 of the Covenant in proceedings resulting in the imposition of the death penalty would render the sentence arbitrary in nature, and in violation of article 6 of the Covenant.[175] Such violations might involve the use of forced confessions;[176] the inability of the accused to question relevant witnesses;[177] lack of effective representation involving confidential attorney-client meetings during all stages of the criminal proceedings,[178] including criminal interrogation,[179] preliminary hearings,[180] trial[181] and appeal;[182] failure to respect the presumption of innocence, which may manifest itself in the accused being placed in a cage or being handcuffed during the trial;[183] lack of an effective right of appeal;[184] lack of adequate time and facilities for the preparation of the defence, including the inability to access legal documents essential for conducting the legal defence or appeal, such as official prosecutorial applications to the court,[185] the court's judgment[186] or the trial transcript; lack of suitable interpretation;[187] failure to provide accessible documents and procedural accommodation for persons with disabilities; excessive and unjustified delays in the trial[188] or the appeal process;[189] and general lack of fairness of the criminal process,[190] or lack of independence or impartiality of the trial or appeal court.

10.

## CONCLUSION

For all reasons above I asking this court to replace incompetent and ineffective attorneys with attorneys who is competent effective and with whom I can work on my appeal.

Dated September 12, 2022

Respectfully Submited

Yuridus Kabamouas
#21050-112
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

## Declaration of Mailing

The undersigned does attest under pains of porgery that he did mail this original "Grievance that require adequate remedy and attention from this court" on September 12, 2022 to the U.S. District Court central district of California courthouse office of the clerk 255 East Temple Street, Room 180 Los Angeles, CA 90012. Via US mail sufficient first class postage attached thereto

USPS TRACKING #  9114 9022 0078 9765 4918 95
& CUSTOMER    For Tracking or inquiries go to USPS.com
RECEIPT       or call 1-800-222-1811.

Yuridus Kabamouas

11.

ATTACHMENT # 1

ATTACHMENT #1

TRULINCS 21050112 - KADAMOVAS, JURIJUS - Unit: THP-X-A

---------------------------------------------------------------------------------

FROM: USP SCU Unit
TO: 21050112
SUBJECT: RE:***Inmate to Staff Message***
DATE: 08/19/2022 12:12:02 PM

Discussed with IT staff. Directions posted on board.

From: ~^! KADAMOVAS, ~^!JURIJUS <21050112@inmatemessage.com>
Sent: Sunday, August 14, 2022 5:26 PM
To: THP-InmateToUnitSCU (BOP) >
Subject: ***Request to Staff*** KADAMOVAS, JURIJUS, Reg# 21050112, THP-X-A

To: To Unit team
Inmate Work Assignment: N/A

To whom it may concern;
  The motion to get me meaningful access to my legal documents was filed to the US district Court for Central district of California. Government appose this motion, in part argue that Kadamowas refuse to use law library computer, and other.
  Today i again try to check the computer that "available" to inmate to review there discovery materials.
  1) This computer DO NOT open any files from my Discovery materials that is in PDF. When i click on the PDF file message appears:  "IS BLOCKEDThe person who set up this computer has blocked this site. Try contacting your organization."
  2) In government apposition to motion, as well in the DECLARATION from Unit manager Tod Royer, has been mentioned that inmate can print out pages from there Discovery and tacked them to there cell.
  That statement is incorrect. No inmate can print any pages from there discovery from that computer, because it even don't have a printer.
  The other computers for inmates messages  to staff and E-mails, can be printed, like one of this.
  Resolution: stop provide false information to the court.
  Thank you for your attention.

ATTACHMENT # 2

TRULINCS  21050112 - KADAMOVAS, JURIJUS - Unit: THP-X-A          *Exhibit #2 - A*

--------------------------------------------------------------------------------------------------

J.F. Caraway, Complex Warden

>>> ~^!"KADAMOVAS, ~^!JURIJUS" <21050112@inmatemessage.com> 6/24/2014
8:24 PM >>>
To: Misconduct
Inmate Work Assignment: N/A

I have folder with documents on papers, and i would like to show you
all folder.
1) Mrs. Quinones submitted declaration to my court of appeal with fouls
information.
2) Mrs. Quinones for more then seven years that i have here disrespect
mi in providing fools information.
3) Shi have disrespectfully and unprofessionally do not responded on my
Cop-Out's , you can cheek three electronically submitted Cop-out's
without response.
4) when i try to talk to her, she refuse to talk.
5)Education department put incorrect information on mi Skills
development plan.
I have unsuccessful try to arrange meting with your associate.
Please do not deny to me this opportunity to address, and show proofs
on this issue.
Thank you for your attention for this matter.
-----USP Complex Warden on 6/23/2014 3:37 PM wrote:

>

This is in response to your Electronic Inmate Request to a Staff
Member, wherein you request a personal discussion.

Please document and submit your concerns through the electronic cop-out
and I will gladly address the issues.

J. F. Caraway
Complex Warden

>>> ~^!"KADAMOVAS, ~^!JURIJUS" <21050112@inmatemessage.com> 6/19/2014
7:56 PM >>>
To: Misconduct
Inmate Work Assignment: N/A

I am requesting a personal discussion with you concerning,
1) Education department supervisor Mrs. Quinones's unprofessionalism
and misconduct .
2) inaccurate information on my Inmate Skills Development Plan
submitted by Education department.
Thank you for your attention for this matter.

*Exhibit #2 - B*

TRULINCS 21050112 - KADAMOVAS, JURIJUS - Unit: THP-X-A

------------------------------------------------------------------------

FROM: USP Complex Warden
TO: 21050112
SUBJECT: RE:***Inmate to Staff Message***
DATE: 07/29/2014 01:27:02 PM

This is in response to your Inmate Request to Staff sent via e-mail dated June 24, 2014, in which you allege the Supervisor of Education was unprofessional and displayed misconduct. You allege for the past seven years she has placed inaccurate information in your Inmate Skills Development Plan, she does not respond to your Inmate Request to Staff e-mails or talk to you and she submitted a declaration to the Court of Appeals that contained false information.

A review of your Inmate Education Data Program Review and Inmate Skills Development Plan revealed the only information during the past seven years entered concerning your education progress was entered by the teacher's assigned to teach you English as a Second Language (ESL). Each teacher assessed, planned, monitored and evaluated your progress in the program to ensure they were meeting your individual education needs. There is no record of the Supervisor of Education having submitted any entries pertaining to your education progress.

You state you have written numerous e-mails to the Supervisor of Education and she has not responded to them and refuses to talk to you. According to the Supervisor of Education she makes rounds in the Special Housing Unit each Wednesday, and addresses inmates concerns dealing with education and library issues. She states she has only received three e-mails from you and has spoken to you in person concerning each of these issues during her rounds in the unit. According to her, the Education Specialist and your Teacher both addressed these same issues with you. On February 6, 2014, you submitted an e-mail requesting to know what education courses were available to help you learn English as a Second Language. You were informed by your teacher on February 7, 2014, what courses you needed to complete in order to achieve your ESL Certification. Your were informed by the Supervisor of Education during rounds the following week that she had received your e-mail request and asked if your teacher had met with you to discuss your individual education plan and you had stated he had. On April 23, 2014, you submitted an e-mail requesting part 2, 3, and 4 of the ACE DVD program on The History of European Art. That same day, the Education Specialist issued you part 2, of The History of European Art. You were informed that once you completed part 2, you would receive part 3. On June 13, 2014, you requested the typewriters in the Special Confinement Unit be replaced because you state they were not operational. That afternoon education staff went to the Special Confinement Unit and found only one of the typewriters was not working properly and replaced it. The other typewriter was found to be fully operational.

You allege the Supervisor of Education submitted a declaration to the Court of Appeals that contained false information. According to the Supervisor of Education, she does not recall ever submitting a declaration to the Court of Appeals.

You have not provided any documentation or stated how the Supervisor of Education was unprofessional and displayed misconduct towards you.

I trust this addresses your concerns.

August 4, 2014

*EXHIBIT # 2-C*

Warden Caraway:

This is in response to your reply to my Inmate Request to Staff sent via email dated July 29, 2014.

Although you state that I "have not provided any documentation" supporting my allegation, you did not give me the oppurtunity to address such with you in person--as I requested in my email to you. As you know, it isn't possible for me to include documents in my emails. But had you been straightforward in responding to my Request for a personal discussion with you, by explicitly stating that you would not meet with me, I would have had someone with English writing skills to assist me with stating my issues.

And for the record, I never said that the "Supervisor of Education" had submitted inaccurate information in my Inmate Skills Development Plan. So, of course, no record exists of that. Rather, I wrote that "Education department" submitted such information.

And since you say that I "allege the Supervisor of Education submitted a declaration to the Court of Appeals that contains false information," I'm including Ms. Quinones's declaratation. As you can see across the top of her declaration, it was submitted on February, 18, 2011, regarding Case number 07-99009, which is my case on appeals in the Ninth Circuit.

Sincerly,

J. Kadamovas
#21050-112

ATTACHMENT # 3



**ART AGAINST DEATH**

UNITED STATES FEDERAL DEATH ROW INMATE

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

ANGELA S. ELLEMAN
TIMOTHY J. FOLEY
IFCA
MONUMENT CIRCLE
SUITE 3200
INDIANAPOLIS, IN 46204

26 MAY, 2022

DEAR ATTORNEY,

I FILED ADMINISTRATIVE REMEDY TO WARDEN KALLIS FOR COMPASSIONATE RELEASE UNDER 18 USC 3582 (c)(1)(A) ON MAY 29, 2022, PRO SE. IN ABOUT 28 DAYS I WILL BE IN SCOP TO FILE MOTION TO THE DISTRICT COURT IN CALIFORNIA.

IN 1/13/21 YOU SENT ME CLIENT VERSION OF PRELIMINARY ISSUES LIST CALLED "OMNIBUS ISSUE LIST" I ASKING YOU TO SEND ME ALL ARGUMENTS WITH ALL ATTACHMENTS FROM THIS LIST. PLEASE, PUT ALL WHAT YOU HAVE IN ORDER FROM THE LIST ON CD OR DVD, AND MAKE 3 COPY OF THAT CD OR DVD. I NEED THIS ARGUMENTS WITH ATTACHMANTS TO COMPLIT MY MOTION FOR COMPASSIONATE RELEASE TO THE DISTRICT COURT IN CALIFORNIA, PLEASE DO IT AS SOON IT POSSIBLE IWEN IF YOU HAVE ONLY A DRAFT, I STILL NEEDED.

THANK YOU FOR YOUR ASSISTANT IF I MAY CALL IT SO.

SINCIRELY,

JURIJUS KADAMOVAS

C.C. EMBASSY OF LITHUANIA
COURTS

Jurijus Kadamovas
#21050-112
USP Terre Haute
PO Box 33
Terre Haute, IN 47808

IFCD
6 September, 2022
III Monument Circle
Suite 3200
Indianapolis, IN 46204

Dear Attorney Timothy J. Foley, Angela S. Elleman, Jean Giles and others,

For now is more then three years as you was appointed to assist me in my death penalty case. On 1/13/2021 I have received "Omnibus issues list" from Mr. Foley when you define issues that you are ready to file in my case.

I would like review all your arguments on all issues on "Omnibus issues list". Please send it to me on paper and on CD or DVD.

I also renew my request, and asking you to file motion to the court in California and inform the court that our attorney-client relationship is broken beyond repair and that I asking the court to relieve you from my case and appoint new counsels for 2255 motion.

Thank you for your attention to my request.

Sincerely,

Jurijus Kadamovas

C.C. to Courts, Embassy of Lithuania.

Julious Karamouras
#21050-112
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Legal Special Mail

United States District Co[urt]
Central District of Californi[a]
Office of the Clerk
255 East Temple Street
Room 180
Los Angeles, CA 90012



USPS TRACKING #
9114 9022 0078 9765 4918 95

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 16 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEP

