Timothy J. Foley
tfoley9@earthlink.net
California State Bar No. 111558
1017 L Street, #348 Sacramento, CA 95814
Tel: (916) 599-3501

Jean E. Giles
jean_giles@fd.org
Indiana State Bar No. 21643-49
F. Italia Patti
italia_patti@fd.org
Indiana State Bar No. 34725-02
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200 Indianapolis, IN 46204
Tel: (317) 383-3520
Fax: (317) 383-3525

Attorneys for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>IOURI MIKHEL AND )<br>JURIJUS KADAMOVAS, )<br><br>Defendants. )<br>_____ ) | Case No.        2:02-cr-00220-MCS<br><br>DECLARATION IN SUPPORT OF KADAMOVAS' MOTION FOR ORDER ALLOWING UNRESTRAINED CONTACT VISIT WITH VIDEOGRAPHERS AT USP TERRE HAUTE |

I, Jean E. Giles, do declare under penalty of perjury under the laws of the United States of America, the following:

1. Jurijus Kadamovas is a federal prisoner under sentence of death currently housed at the United States Penitentiary at Terre Haute, Indiana ("USP Terre Haute"). The Indiana Federal

Community Defender has been appointed to represent Mr. Kadamovas "in 28 U.S.C. § 2255 and post-conviction proceedings." Dkt. No. 2330.

2. As part of the post-conviction representation of Mr. Kadamovas, counsel is preparing to seek executive clemency. *See* 18 U.S.C. § 3599(e).

3. Clemency is in the full purview of the executive and can be granted by the President at any time for any reason, "as a matter of grace." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280-81 (1998). A compelling clemency presentation may be made through different strategies from those utilized in typical legal presentations, including through a video presentation. Video has become a common and compelling way to convey one's life story.

4. 18 U.S.C. § 3599 specifically states that counsel appointed to represent a defendant facing a death sentence "shall also represent the defendant in such . . . proceedings for executive or other clemency as may be available to the defendant." § 3599(e).

5. Section 3599 also states that "[u]pon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant." § 3599(f). Authorization of such services is not synonymous with authorization of payment for such services, because § 3599(f) also states that "if so authorized, [the court] shall order the payment of fees and expenses therefor under subsection (g)." Counsel is not seeking funding from this Court, only authorization.

6. Pursuant to § 3599(f), counsel is asking this Court to "authorize" the "reasonably necessary" "services" of an "expert" "in connection with issues relating to . . . the sentence." The reasonably necessary expert services for which counsel seeks authorization—i.e. professional videographers to create a video presentation to aid in the telling of Mr.

Kadamovas' life story, to submit as part of his application for executive clemency—require the experts to have a visit with Mr. Kadamovas.

7. USP Terre Haute has, in the recent past, allowed individuals under death sentences to have unrestrained contact visits with videographers for the purposes of creating clemency videos without a prior court order. However, USP Terre Haute's policy has recently changed and, while staff still will accommodate such visits, the prison now requires a court order.

8. Accordingly, counsel seeks this Court's authorization for expert services, in the form of an order for the videographers to visit Mr. Kadamovas. This Court has jurisdiction to issue such an order pursuant to its authority to appoint counsel for a death-sentenced defendant that encompasses "represent[ing] the defendant in such . . . proceedings for executive or other clemency as may be available to the defendant" and "authorize the defendant's attorneys to obtain such [expert] services." § 3599(e), (f).

9. Mr. Kadamovas' counselor, who directed counsel to seek the order that counsel now asks this Court to issue, has approved the visit contingent upon a court order allowing video to be filmed. The counselor also provided language that the order should contain, which is incorporated into the proposed order. The dates of July 11 and 12 have been reserved for the video visit.

10. Accordingly, defendant Jurijus Kadamovas, through his appointed counsel, submits this Motion for Unrestrained Contact Visit with Videographers at USP Terre Haute, requesting that the Court order officials at USP Terre Haute to allow videographers Elyse Frenchman and Joshua Lucas, along with counsel for Mr. Kadamovas, to have an unrestrained contact visit for the purposes of filming a clemency video and allow videographers Frenchman and Lucas to bring the necessary equipment to the visit.

Dated June 28, 2023

Respectfully Submitted,

*/s/ Jean E. Giles*
Jean E. Giles
Counsel for Defendant
Jurijus Kadamovas