UNDER SEAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 02-00220-MCS |
| Plaintiff, | **DEATH PENALTY CASE** |
| v. | **ORDER FILED** *UNDER SEAL* |
| JURIJUS KADAMOVAS, | |
| Defendant. | |

On July 10, 2023, the government filed a Motion [for Order] Restricting Circulation of Clemency Video, asking this Court to restrict Defendant Jurijus Kadamovas's dissemination of his clemency video to members of his defense team and any government officials who are involved in the clemency determination. The motion and accompanying declaration cite concerns that videos filmed at the U.S.P. Terre Haute have the potential to pose security risks to the institution, staff, and other inmates.

In his opposition to the government's motion, Defendant represents that the clemency video, filmed at Terre Haute on July 11 and 12, 2023, does not implicate any of the security concerns raised in the motion. He offers to provide the finished video to the government, for review by Bureau of Prison officials, and suggests the government be

1

given an opportunity to petition this Court for an order seeking to prevent release of the video based on any identified security concerns.

In replying to Defendant's opposition, the government slightly shifts its argument, arguing that "[a]llowing unrestricted distribution of a video of one inmate in the SCU would have a disruptive influence on the other inmates confined in the SCU as well as possibly throughout the Penitentiary." (Reply at 2.) The government's focus in the reply appears to be the public release of "a video with unknown content." (Reply at 3.) Addressing Kadamovas's suggestion that officials at U.S.P. Terre Haute be given the opportunity to review the video for security issues before any dissemination, the government argues that doing so "would create a tremendous burden for which BOP staff does not have the resources" because "caseload[s] do[] not permit staff time to vet video/photographs/audio *for the numerous SCU inmates*." (Reply at 4 (emphasis added).) The government alleges that, in the past, attorneys seeking to make clemency videos of their clients at U.S.P. Terre Haute were told by the prior Attorney-Advisor that such recordings were allowed for clemency purposes only. (Reply at 5.) Thus, the government argues, "[b]y restricting dissemination of defendant's video solely for the purpose for which it was approved, defendant will be treated like every other inmate who has previously been permitted to create a video *for the purpose of seeking clemency*." (Reply at 5 (emphasis added).)

On its face, the government's initial motion was motivated by security concerns. Defendant responded to those concerns with a compromise, offering to allow officials at the prison an opportunity to review the finished video and petition the Court for an order preventing release based on any security concerns therein. However, in its reply, the government suggests alternative motivations for its initial filing – circumscribing Defendant's access to media and worries about burdens on prison officials. The reply attempts to analogize limiting dissemination of the clemency video to prison regulations limiting inmate communications which were upheld in *Turner v. Safley*, 482 U.S. 78 (1987)

(inmate-to-inmate correspondence rule was reasonably related to legitimate security concerns).  However, the government has not sufficiently demonstrated that dissemination of the video implicates any safety and security concerns at U.S.P. Terre Haute, or that the Court's denial of the government's motion would constitute court interference with prison administration, as the government suggests.  (Reply at 7.)

After due consideration, the motion is **GRANTED IN PART**.  The Court defers final ruling on the motion pending further briefing.

It is **ORDERED** that Defendant shall not share the clemency video created on his behalf with anyone other than his defense team and any government official involved in the clemency determination unless and until this Court issues a final order on the government's motion.  Should Defendant seek wider dissemination of the video, he must first provide the government a copy of the clemency video to permit prison officials the opportunity to review it.  Within 45 days of such disclosure, the government shall file a brief including fact-based arguments addressing any security concerns identified by prison officials as well as any arguments addressing whether wider distribution of the video goes beyond the scope of a normal clemency campaign.  Within 15 days of the date on which the government files its brief, Defendant shall file a responsive brief.  The government shall not file a reply brief unless ordered to do so by the Court.

**IT IS SO ORDERED.**

DATED:  August 1, 2023

_____
HONORABLE MARK C. SCARSI
United States District Judge

3