## DECLARATION OF BENJAMIN COLEMAN

I, Benjamin Coleman, declare:

1.      I am an attorney licensed to practice in California. In 2007, I was appointed to represent Jurijus Kadamovas in his appeal to the Ninth Circuit Court of Appeals from the convictions and death sentence imposed in the Central District of California, Ninth Cir. No. 07-99009. Barbara O'Connor was appointed as co-counsel. In 2010, a third attorney, Margaret O'Donnell, was also appointed to represent Mr. Kadamovas.

2.      The Ninth Circuit affirmed the judgment and sentence of Mr. Kadamovas in an opinion issued in 2018. *United States v. Mikhel & Kadamovas*, 889 F.3d 1003 (9th Cir. 2018).

3.      The Kadamovas trial had an anonymous jury, with neither the defendants nor the attorneys being informed of the names of the jurors. There was, however, no specific objection made by trial counsel as to the anonymous jury. In the appeal, we elected to focus on the trial court's failure to give a cautionary instruction about the use of an anonymous jury and the trial court's failure to provide identifying juror information to defense counsel. I do not recall considering the public trial aspect of the challenge under *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984).

4.      With regard to a challenge based upon the failure to instruct the jury regarding duress, it is my recollection that the appellate attorneys never considered such a claim. We did not deliberately withhold such a claim.

5.      With regard to a claim based upon the shackling of the defendant Kadamovas in the courtroom, trial counsel did not object and a clear factual record was not available. A claim

1

IFCD003263

based upon the shackling would seem to be more appropriately brought in a 28 U.S.C. § 2255 proceeding where the record can be developed.

6.      We raised an issue with regard to trial counsel Sonia Chahin's late involvement in the case and her lack of adequate time to prepare. Related to this problem was the late disclosure of the Soloyveva diary because Chahin was the attorney attempting to cross-examine Soloyveva under less than ideal circumstances. With regard to raising a *Brady*-type claim with regard to the late and incomplete disclosure of the Natalya Soloyeva diary, the record was incomplete and factual development would be needed. Such a claim should be raised in a 28 U.S.C. § 2255 proceeding where the record can be developed.

7.      With regard to a challenge to the "death during the commission of another crime" aggravating factor based on the improper double-counting of an aggravating circumstance, I don't recall ever considering such a challenge. We did not deliberately withhold such a claim.

8.      At the penalty phase, three Kadamovas family witnesses were prevented from testifying because they did not secure visas to travel to the United States. The factual record underlying this event was not clear from the record, and there were allegations that trial counsel for Mr. Kadamovas were negligent in not securing the visas in time. We did not raise an appellate claim related to this issue because the factual record was incomplete. The facts regarding the failure to secure these witnesses for the trial should be developed in a 28 U.S.C. § 2255 proceeding.

9.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 25th day of September, 2023, in San Diego, California.

__/s/_____

Benjamin Coleman

2

IFCD003264