

**U. S. Department of Justice**

**United States Attorney**
**Central District of California**

Kim Meyer
Assistant United States Attorney
(213) 894-8559
(213) 894-3713 (facsimile)

1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012

December 12, 2006

VIA HAND DELIVERY

To Attached Distribution List

Re:  United States v. Iouri Mikhel, et. al., CR 02-220(B)-DT

Dear Counsel:

Enclosed is additional correspondence pertaining to Mr. Jose A▮▮▮ (bates nos. 83657 - 83663).

Very truly yours,

GEORGE S. CARDONA
Acting United States Attorney

KIM MEYER
Assistant United States Attorney

Ex. 95 pg.1 of 10

## SERVICE LIST

*Mikhel*

Richard Callahan, Esq.
230 E. Colorado Blvd., Suite 1200
Pasadena, CA 91101
(626) 202-4060
fax: 626-794-4676

Dale Rubin, Esq. (capital counsel)
2275 Huntington Drive, Suite 902
San Marino, CA 91108
(800) 695-3717
fax: 413-228-0521

*Kadamovas*

Sonia Chahin, Esq.
2222 Foothill Blvd. #E278
La Canada, CA 91011
(818) 549-0149
fax: 818-549-0990

Richard Lasting, Esq. (capital counsel)
White & Lasting
1717 Fourth Street
Third Floor
Santa Monica, CA 90401
(310) 576-6242
fax: 310-626-9677

*Krylov*

George Buehler, Esq.
350 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
(213) 625-3900, x128
fax: 213-625-1600
    213-626-5800

Ex. 95 pg.2 of 10

TF46- 01- 000226

David Evans, Esq. (capital counsel)
600 South Lake Avenue
Suite 506
Pasadena, CA 91106
(626) 432-5100
fax: 800-330-7893

*Solovyeva*

Michael M. Crain, Esq. (capital counsel)
P.O. Box 3730
Santa Monica, CA 90408
(310) 571-3324
fax: 310-626-9983

TF46- 01- 000227



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

Elizabeth M. Fishman                          *United States Courthouse*
*Assistant United States Attorney*            *312 North Spring Street*
*(213) 894-2481*                              *Los Angeles, California 90012*
*(213) 894-6269 facsimile*

Via Personal Delivery
Albert Giuliani, Esq.

October 26, 2001

Re:    United States v. Jose A████ C.D. Cal. Case No. TBA
          (formerly N.D. Oh. Case No. 1:01CR099)

Dear Mr. Giuliani:

You have advised me that your client, Jose A████, wishes to meet with me for the purpose of making a proffer in connection with the above-referenced matter. I, in my capacity as an attorney in the United States Attorney's Office for the Central District of California ("this Office"), am willing to meet with you and your client under the following terms and conditions:

(1)  You and your client understand that

(a) this agreement binds only you, your client, and this Office; it does not bind any other law enforcement or prosecuting authority;

(b) law enforcement personnel will be present at the meeting as invited by this Office;

(c) this agreement is limited to the statements made by your client at the meeting to be held on October 26, 2001, and does not apply to any statements made by your client at any other time, whether oral, written or recorded;

(d) any information provided by you on behalf of your client is covered by this agreement as if it had been provided by your client;

(e) this agreement does not provide any protections to your client not expressly set forth herein;

(2)  Your client will respond truthfully and completely to any and all questions put to your client at the meeting;

83657

TF46- 01-000228

(3)    Except as otherwise provided in paragraphs four, five, and six herein, in the above-captioned case and in any other prosecution that may be brought against your client by this Office, this Office will not offer in evidence in its case-in-chief, or offer in evidence in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by your client at the meeting;

(4)    Notwithstanding paragraph three above, this Office may use

(a) information derived directly or indirectly from the meeting for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any prosecution of your client; and

(b) statements made by you or your client at the meeting and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should your client testify, or to refute or counter at any stage of the proceedings (including this Office's case-in-chief at trial) any evidence, argument, statement or representation offered by or on behalf of your client in connection with any proceeding.

(5)    This Office reserves the right to use any statements or information provided by your client in any prosecution for false statements, obstruction of justice or perjury;

(6)  Your client's complete truthfulness and candor are express material conditions to the undertakings of this Office set forth in this letter.  Therefore, if this Office should ever conclude that your client has knowingly withheld material information from this Office or otherwise not been completely truthful and candid, this Office may use against your client for any purpose (including sentencing) any statements made or other information provided by your client during the meeting.  If this Office so concludes, it will notify you before making any use of such statements or other information.

(7)  No plea discussions or negotiations will occur during the meeting, and any statements made by your client during the meeting will not be statements "made in the course of plea discussions" within the meaning of Rule 11(e)(6)(D) of the Federal Rules of Criminal Procedure and Rule 410(4) of the Federal Rules of Evidence.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

-2-

83658

TF46-01-000229

(8)    No understandings, promises, agreements and/or conditions have been entered into with respect to the meeting or with respect to any future disposition of the charges pending against your client other than those expressly set forth in this agreement and none will be entered into unless in writing and signed by all parties.

Very truly yours,

JOHN S. GORDON
United States Attorney

RONALD L. CHENG
Assistant United States Attorney
Acting Chief, Criminal Division

ELIZABETH M. FISHMAN                          10/26/01
Assistant United States Attorney              Date

I, Jose A███, have read the agreement contained in this letter and carefully reviewed it with my attorney.  I understand it, and I voluntarily, knowingly and willfully agree to it without force, threat or coercion.  No other promises or inducements have been made to me other than those contained in this letter.  I am satisfied with the representation of my attorney in this matter.

JOSE A███                                      10/26/01
                                               Date

I am Jose A███s attorney.  I have carefully reviewed every part of this agreement with him.  To my knowledge, my client's decision to enter into this agreement is informed and voluntary.

ALBERT GIULIANI, ESQ.                          10/26/01
Attorney for Jose A███                         Date

-3-

8365 9

TF46-01-000230



**U. S. Department of Justice**

**United States Attorney**
**Central District of California**

*Elizabeth M. Fishman*
*Assistant United States Attorney*
*(213) 894-3779*
*(213) 894-2427 facsimile*

*United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

<u>Via Personal Delivery</u>
Albert Giuliani, Esq.

March 7, 2002

     Re: <u>United States v. Jose A███</u>,
        Case No. 01-01-923-MMM

Dear Mr. Giuliani:

You have advised me that your client, Jose A███ wishes to meet with me for the purpose of making a proffer in connection with the above-referenced matter. I, in my capacity as an attorney in the United States Attorney's Office for the Central District of California ("this Office"), am willing to meet with you and your client under the following terms and conditions:

   (1)  You and your client understand that

      (a) this agreement binds only you, your client, and this Office; it does not bind any other law enforcement or prosecuting authority;

      (b) law enforcement personnel will be present at the meeting as invited by this Office;

      (c) this agreement is limited to the statements made by your client at the meeting to be held on March 7, 2002, and does not apply to any statements made by your client at any other time, whether oral, written or recorded;

      (d) any information provided by you on behalf of your client is covered by this agreement as if it had been provided by your client;

      (e) this agreement does not provide any protections to your client not expressly set forth herein.

   (2) Your client will respond truthfully and completely to any and all questions put to your client at the meeting;

83660

(3)     Except as otherwise provided in paragraphs four, five, and six herein, in the above-captioned case and in any other prosecution that may be brought against your client by this Office, this Office will not offer in evidence in its case-in-chief or offer in evidence in connection with any sentencing proceeding for the purpose of determining an appropriate sentence as set forth in U.S.S.G. § 1B1.8, any statements made by your client at the meeting;

(4)     Notwithstanding paragraph three above, this Office may use

(a) information derived directly or indirectly from the meeting for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any prosecution of your client; and

(b) statements made by you or your client at the meeting and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should your client testify, or to refute or counter at any stage of the proceedings (including this Office's case-in-chief at trial) any evidence, argument, statement or representation offered by or on behalf of your client in connection with any proceeding.

(5)     This Office reserves the right to use any statements or information provided by your client in any prosecution for false statements, obstruction of justice or perjury;

(6)  Your client's complete truthfulness and candor are express material conditions to the undertakings of this Office set forth in this letter.  Therefore, if this Office should ever conclude that your client has knowingly withheld material information from this Office or otherwise not been completely truthful and candid, this Office may use against your client for any purpose (including sentencing) any statements made or other information provided by your client during the meeting.  If this Office so concludes, it will notify you before making any use of such statements or other information.

(7)  No plea discussions or negotiations will occur during the meeting, and any statements made by your client during the meeting will not be statements "made in the course of plea discussions" within the meaning of Rule 11(e)(6)(D) of the Federal Rules of Criminal Procedure and Rule 410(4) of the Federal Rules of Evidence.

//
//
//
//
//
//
//
//
//
//
//
//

-2-

83661

TF46- 01-000232

(8)     No understandings, promises, agreements and/or conditions have been entered into
with respect to the meeting or with respect to any future disposition of the charges pending
against your client other than those expressly set forth in this agreement and none will be entered
into unless in writing and signed by all parties.

Very truly yours,

JOHN S. GORDON
United States Attorney

RONALD L. CHENG
Assistant United States Attorney
Acting Chief, Criminal Division


_____          _____
ELIZABETH M. FISHMAN                         Date
Assistant United States Attorney


I, Jose A███ have read the agreement contained in this letter and carefully reviewed it with my
attorney. I understand it, and I voluntarily, knowingly and willfully agree to it without force,
threat or coercion. No other promises or inducements have been made to me other than those
contained in this letter. I am satisfied with the representation of my attorney in this matter.


_____          3/7/02
JOSE A███                                 Date


I am Jose A███'s attorney. I have carefully reviewed every part of this agreement with him. To
my knowledge, my client's decision to enter into this agreement is informed and voluntary.


_____          3/7/02
ALBERT GIULIANI, ESQ.                     Date
Attorney for Jose A███

-3-

83662

Ex. 95 pg.9 of 10

TF46- 01-000233



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

*Elizabeth M. Fishman*
*Assistant United States Attorney*
*(213) 894-2692*
*(213) 894-0142 facsimile*

*United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

Albert A. Giuliani
1540 Leader Building
526 Superior Avenue
Cleveland, Ohio 44114

October 9, 2002

<u>Via Facsimile</u>

<u>United States v. Jose A█</u>
CR 01-923-MMM

Dear Mr. Giuliani:

　　　　This letter is to confirm our conversation of this afternoon in which you informed me that your client wished to speak the government immediately and you gave the government permission to speak to him without your presence.  If my understanding of your authorization is incorrect, please contact me immediately as I have made arrangements to meet with Mr. A█ tomorrow morning.

Very truly yours,

DEBRA W. YANG
United States Attorney

ELIZABETH M. FISHMAN
Assistant United States Attorney

83663

Ex. 95 pg.10 of 10

TF46- 01-000234