## <u>DECLARATION OF KEVIN McNALLY REGARDING ANONYMOUS JURIES IN FEDERAL CAPITAL CASES</u>

1.    I currently serve with the Federal Death Penalty Resource Counsel Project, assisting court-appointed and defender attorneys charged with the defense of capital cases in the federal courts.    I have served as Resource Counsel since the inception of the Resource Counsel Project (RCP) in January, 1992.    I was the Director of the Project between 2007 and 2018.    The Project is funded and administered under the Criminal Justice Act by the Defender Services Office of the Administrative Office of the United States Courts.

2.    My responsibilities as federal resource counsel include the monitoring of all federal capital prosecutions throughout the United States in order to assist in the delivery of adequate defense services to indigent capital defendants in such cases.    This effort includes the collection of data on the initiation and prosecution of federal capital cases.[1]

---

[1]The work of the Federal Death Penalty Resource Counsel Project is described in a report prepared by the Subcommittee on Federal Death Penalty Cases, Committee on Defender Services, Judicial Conference of the United States, FEDERAL DEATH PENALTY CASES: RECOMMENDATIONS CONCERNING THE COST AND QUALITY OF DEFENSE REPRESENTATION (May, 1998), at 28-30.
http://www.uscourts.gov/sites/default/files/original_spencer_report.pdf.    The Subcommittee report "urges the judiciary and counsel to maximize the benefits of the Federal Death Penalty Resource Counsel Project ..., which has become essential to the delivery of high quality, cost-effective representation in death penalty cases ...." *Id.* at 50.

1

IFCD002778

3.     In order to carry out the duties entrusted to me, I maintain a comprehensive list of federal death penalty prosecutions and information about these cases.   I accomplish this by internet news searches, by reviewing dockets and by downloading and obtaining indictments, pleadings of substance, notices of intent to seek or not seek the death penalty, instructions and by telephonic or in-person interviews with defense counsel or consultation with chambers. This information is regularly updated and is checked for accuracy by consulting with defense counsel.   The Project's information regarding federal capital prosecutions has been relied upon by the Administrative Office of the United States Courts, by the Federal Judicial Center and by various federal district courts.

4.     There have been 240 federal capital trials commenced to date. Of these, affiant is aware of an anonymous jury being utilized in 27 (or 11%) trials.[2]

---

An update to the Report states: "Many judges and defense counsel spoke with appreciation and admiration about the work of Resource Counsel. Judges emphasized their assistance in recruiting and recommending counsel for appointments and their availability to consult on matters relating to the defense, including case budgeting. Defense counsel found their knowledge, national perspective, and case-specific assistance invaluable." http://www.uscourts.gov/services-forms/defender-services/publications/update-cost-and-quality-defense-representation-federal

[2] 1) *United States v. Anthony Jones* (D. MD No. 1:96-CR-00458-GLR); 2) *United States v. Mohamed Rashed Al'Owhali and Khalfan Khamis Mohamed* (S.D. NY No. 1:98-CR-01023-LAK); 3) *United States v. Gray, et al.* (D. DC No. 1:00-CR-00157-RCL); 4) *United States v. Alan Quinones and Diego Rodriguez* (S.D. NY No. 1:00-CR-00761-JSR); 5) *United States v. Martin Aguilar* (E.D. NY No.

Ex. 108 pg.2 of 4                                                          IFCD002779

5.    In some cases jurors were referred to by number in public, ostensibly to protect individual jurors from media scrutiny. However, counsel were made aware of the jurors' name and address. These cases include *United States v. Timothy McVeigh and Terry Nichols* on change of venue to (D. CO No. 1:96-CR-00068-RPM); *United States v. Jason DelaTorree, et al.* (D. NM No. 1:95-CR-00538-MV)*; United States v. Dean Beckford, et al.* (E.D. VA No. 3:95-CR-00066-REP); *United States v. Chevy Kehoe and Daniel Louis Lee* (E.D. AR No. 4:97-CR-00243-KGB); *United States v. Gurmeet Singh Dhinsa* (E.D. NY No. 1:97-CR-00672-ERK); *United States v. Bobby*

---

1:01-CR-01367-RJD); 6) *United States v. Dustin Honken and* 7) *Angela Johnson* (N.D. IA No. 3:01-CR-03047-MWB) (separate trials); 8) *United States v. Andre Cooper and Jamain Williams* (E.D. PA No. 2:01-CR-00512-JCJ); 9) *United States v. Zacarias Moussaoui* (E.D. VA No. 1:01-CR-00455-LMB); 10) *United States v. Alfred Bourgeois* (S.D. TX No. 2:02-CR-00216); 11) *United States v. Jurijus Kadamovas and Iouri Mikhel and* 12) *Petro Krylov* (C.D. CA No. 2:02-CR-00220-SJO) (Krylov tried separately); 13) *United States v. Barry Byron Mills, Tyler Bingham,* 14) *Wayne Bridgewater, Michael Houston* (C.D. CA No. 2:02-CR-00938-RGK) (two trials); 15) *United States v. William Baskerville* (D. NJ No.3: 03-CR-00836-JAP); 16) *United States v. Kenneth McGriff* (E.D. NY No. 1:04-CR-00966-ERK); 17) & 18) *United States v. Ronell Wilson* (E.D. NY No. 1:04-CR-01016-NGG) (at trial and retrial); 19) *United States v. James McTier* (E.D. NY No. 1:05-CR-00401-ILG); 20) *United States v. Vincent Basciano* (E.D. NY No.1: 05-CR-00060-NGG); 21) *United States v. Dennis Cyrus* (N.D. CA No. 3:05-CR-00324-MMC); 22) *United States v. Kaboni Savage and Steven Northington* (E.D. PA No. 2:07-CR-00550-RBS); 23) *United States v. Maurice Phillips* (E.D. PA No. 2:07-CR-00549-JCJ); 24) *United States v. Alexis Candelario-Santana* (D. PR No. 3:09-CR-00427-JAF); 25) *United States v. Thomas Steven Sanders* (W.D. LA No. 1:10-CR-00351-DDD); 26) *United States v. Xavier Jiminez-Bencevi* (D. PR No. 3:12-CR-00221-JAF) and 27) *United States v. Dylann Storm Roof* (D. SC No. 2:15-CR-00472-RMG).

On September 30, 2014, an anonymous jury was denied in *United States v. Juan Briseno* (N.D. IN No. 2:11-CR-00077-PPS) (unpublished opinion).

3

IFCD002780

*and Elijah Williams* (S.D. NY No. 1:00-CR-01008-NRB); *United States v. Brendt Christensen* (C.D. IL No. 2:17-CR-20037-CSB-EIL); *United States v. Brandon Council* (D. SC No. 4:17-CR-00866-CRI) and *United States v. Sayfullo Saipov* (S.D. NY No. 1:17-CR-00722-VSB).[3]

6.    In *United States v. Darryl Alamont Johnson* (N.D. IL No. 1:96-CR-00379), the government suggested the use of anonymous jury and this request was quickly rebuffed by Judge Conlon during a pretrial conference. In *United States v. Cornelius Peoples* (W.D. MO No. 4:98-CR-00149-FJG), the district court denied the government's request for an anonymous jury in a prosecution involving the murder of a federal witness. In *United States v. Clarence Heatley and John Cuff* (S.D. NY No. 1:96-CR-00515-MBM), the government withdrew its request for an anonymous jury after the Court scheduled an evidentiary hearing to determine the support for the government's request.

I declare under the penalty of perjury under the laws of the United States of American, 28 U.S.C. §1746, that the foregoing is true and correct.

Executed this 26th day of January, 2023.

                                        /s/ Kevin McNally

---

[3]In *Dhinsa*, Judge Korman allowed the lawyers access to the names and addresses of jurors but not Mr. Dhinsa, the defendant.

4