

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF | ) GENERAL ORDER NO. 13-13 |
| THE PLAN OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS | ) (Supersedes General Order No. 11-08) |

Pursuant to the Jury Selection and Service Act of 1968, as amended, 28 U.S.C. § 1861 *et seq.* ("Act"), the following amended Jury Selection Plan ("Plan") is hereby adopted by the United States District Court for the Central District of California ("Court"), subject to approval by the Ninth Circuit Judicial Council and to such rules and regulations as may be adopted from time to time by the Judicial Conference of the United States.

## 1.    Applicability of Plan

This Plan applies to the Central District of California ("District"), including all three of its divisions:  (1) the Western Division, which includes the counties of Los Angeles, San Luis Obispo, Santa Barbara, and Ventura; (2) the Southern Division, which includes the county of Orange;  and (3) the Eastern Division, which includes the counties of Riverside and San Bernardino.  28 U.S.C. § 84(c).  These three statutory divisions

shall constitute the divisions contemplated by the Act, as provided in 28 U.S.C. § 1869(e)(1).

## 2.    Declaration of Policy

It is the policy of the Court that all litigants in this Court entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the division wherein the Court convenes.

It is further the policy of the Court that all citizens shall have the opportunity to be considered for service on grand and petit juries of the Court and shall have an obligation to serve as jurors when summoned for that purpose.  No citizen shall be excluded from service as a grand or petit juror on the basis of race, color, religion, gender, sexual orientation, national origin, or economic status.

## 3.    Management and Supervision of Jury Selection Process

The Clerk of the Court, any authorized deputy clerk, or any other person designated to assist the clerk (collectively "Clerk"), shall manage the jury selection process under the supervision and control of the chief judge of the Court, a judge acting pursuant to 28 U.S.C. § 136(e), or such other judge of the district court as the chief judge may designate ("Chief Judge").  The Clerk is authorized to use non-Court personnel to assist in the performance of functions under this Plan.  Non-Court personnel shall be given detailed instructions regarding any work they are asked to perform, and shall be required to certify that all work performed has been completed pursuant to those instructions.  The instructions provided, and the certifications returned upon completion, will be considered "Juror Selection Records," and will be retained and made available to the public pursuant to Section 12 of this Plan.

## 4.    Sources of Prospective Jurors' Names

The names of prospective jurors shall be drawn from the names of registered voters, licensed drivers, and holders of California Identification Cards (issued by the California Department of Motor Vehicles) who reside within one of the seven counties in the District.  The Clerk shall obtain the names of all registered voters residing in the

District by requesting voter registration lists, as defined in 28 U.S.C. § 1869(c) ("Voter Lists"), from the Registrar of Voters or equivalent office in each of the seven counties in the District. The Clerk shall obtain the names of all licensed drivers and holders of California Identification Cards residing within the District by requesting from the California Department of Motor Vehicles ("DMV") information regarding individuals who hold a California driver's license or identification card and who reside in one of the seven counties in the District ("DMV Records").

The Clerk shall obtain updated Voter Lists and DMV Records (collectively, "Source Data") for the District every year, in advance of the annual emptying and re-filling of the Master Jury Wheels described in Section 5, below. The Clerk shall obtain the Source Data by requesting, in writing, that each agency provide a list of the required names, together with addresses and any other information necessary to achieve the goals of the Act. The Clerk shall also require that each agency, when providing the list, provide a declaration certifying that the requested information was forwarded to the Court in accordance with the Clerk's written request. The Source Data, the Clerk's written requests for the Source Data, and the declarations from each agency providing Source Data will be considered "Juror Selection Records," and will be retained and made available to the public pursuant to Section 12 of this Plan.

**5.    Creation and Maintenance of Master Jury Wheels**

Having obtained the Source Data for each county in the District, the Clerk shall use that information to establish and maintain one "Master Jury Wheel," in electronic form, for each of the three divisions within the District. First, using a properly programmed electronic data processing system, the Source Data for each county shall be merged into a single list, and duplicate records of the same person and the records of persons under the age of 18 years eliminated. The resulting list will be referred to as the county's "Merged Source List."

Next, in accordance with 28 U.S.C. § 1863(b)(3), the Clerk shall randomly select names from the Merged Source List for each county in the District, using a purely

randomized process through a properly programmed electronic data processing system designed to ensure that the mathematical odds of any single name being picked from a Merged Source List are substantially equal.  The selected names shall be placed in the Master Jury Wheel for the division in which the county is located, in such numbers as to ensure that each county is substantially proportionally represented in that division's Master Jury Wheel.

For purposes of determining proportional representation in the Master Jury Wheel, the number of registered voters in each county shall be compared to the total number of registered voters in the division, and a percentage calculated; the number of names drawn from a county's Merged Source List for inclusion in the division's Master Jury Wheel shall be in an amount equal to the same percentage of that division's Master Jury Wheel.  For example, if, in a division with two counties, County A has 20% of the registered voters for the division, and County B has 80% of the registered voters, then 20% of the names in the division's Master Jury Wheel should be drawn from County A's Merged Source List, and 80% of the names in the division's Master Jury Wheel should be drawn from County B's Merged Source List.

The minimum number of names to be placed in each Master Jury Wheel shall be at least one-half of 1% of the total number of persons on the Merged Source Lists for the counties in that division.  The Court finds that placing names selected from the Merged Source Lists for the counties in a division using a purely randomized process into the Master Jury Wheel for that division in such amounts, with each county in the division substantially proportionally represented, will result in a Master Jury Wheel for each division that includes a fair cross section of the persons residing in that division.

Each Master Jury Wheel shall be emptied and refilled annually prior to January 1. If necessary to assure an adequate supply of qualified jurors, the Chief Judge may order that any Master Jury Wheel be supplemented from time to time with additional names selected from the Merged Source Lists on a random basis, in substantially proportional amounts from each county in the relevant division.  Jurors selected from previous Master

Jury Wheels may serve at the same time as jurors selected from later Master Jury Wheels.

The Merged Source Lists, the list of names placed in the Master Jury Wheels, and any Orders of the Chief Judge directing that a Master Jury Wheel be supplemented with additional names shall be considered "Juror Selection Records," and will be retained and made available to the public pursuant to Section 12 of this Plan.

**6.      Random Selection of Names from the Master Jury Wheels:  One-Step Summoning and Qualification of Prospective Jurors**

Pursuant to 28 U.S.C. § 1878, the Court adopts a one-step process to summon and qualify prospective petit and grand jurors.  The Clerk shall use this one-step approach in lieu of the two separate procedures (a qualification process, followed by a separately issued summons) otherwise provided for by the Act.

Accordingly, throughout the term of the Master Jury Wheels, the Clerk shall regularly select names at random from the Master Jury Wheel for each division as required for assignment to grand and petit juries in that division, in such numbers as are estimated to meet the Court's projected needs.  Names of prospective jurors shall be selected from the Master Jury Wheels using a purely randomized process through a properly programmed electronic data processing system designed to ensure that the mathematical odds of any single name being picked from a Master Jury Wheel are substantially equal.  Once a name has been selected from a Master Jury Wheel, that name shall not be eligible to be drawn again until after the Master Jury Wheel has been emptied and re-filled.  The Clerk shall post a general notice in the Clerk's Office and on the Court's website that explains the process by which names are randomly and periodically drawn from the Master Jury Wheels.

Every person whose name is so drawn shall be mailed a summons for jury service ("Summons").  Pursuant to 28 U.S.C. § 1864(a), each person summoned for jury service shall be instructed to complete and return a juror qualification form ("Questionnaire") within ten days.  Questionnaires may be completed and submitted online through the

General Order No. 13-13

Court's website, or completed and returned to the Clerk by mail, e-mail, or fax.  The Questionnaire shall be in a form prescribed by the Administrative Office of the United States Courts and approved by the Judicial Conference of the United States.  Any person who mails Summonses to prospective jurors shall make the affidavit of service required by 28 U.S.C. § 1866(b).

Each Questionnaire submitted by a prospective juror shall be reviewed upon receipt to determine:  (1) whether the Questionnaire has been completed; and (2) whether, based on the information provided in or with the Questionnaire, the prospective juror should be disqualified from jury service (see Section 9 of this Plan), exempted from jury service (see Section 10 of this Plan), or excused from jury service for some period of time (see Section 11 of this Plan).  A prospective juror may ask to be temporarily excused from jury service by requesting a postponement of jury service to a later date; prospective jurors whose service is postponed will be re-summoned in advance of the new reporting date.

A person shall be deemed qualified and available to serve as summoned unless postponed, disqualified, exempted, or excused by the Court, or by the Clerk, acting under supervision of the Court.  For any juror postponed, disqualified, exempted, or excused on the basis of information provided in or with the Questionnaire, the Clerk shall note this determination in the records of the Court, and make the results regarding each potential juror available to that juror in advance of the juror's Summons date.

The Clerk shall record the names of prospective jurors who fail to return the Questionnaire.  If any Questionnaires are returned as undeliverable, the Clerk shall note that fact.  Prospective jurors who fail to return the Questionnaire or who submit Questionnaires requiring further investigation may be summoned for a personal interview before the Clerk should other means of communication fail to elicit a satisfactory response.  Except for extraordinary cause shown, such appearance shall be without attendance fees or travel allowance.

Each Summons shall include the date on which the prospective juror's two-week on-call period begins.  All prospective jurors must call in as directed in the Summons, and report if directed to do so.  Prospective jurors not directed to report on the first call-in date must continue to call in as directed throughout the on-call period.

Each week, the Clerk shall determine the number of prospective jurors estimated to be necessary to meet the Court's projected needs for petit jurors, and direct that number of prospective jurors to report for service.  Prospective jurors will be directed to report in the order in which their names were randomly drawn from the Master Jury Wheel prior to the mailing of the Summons.

The Clerk shall maintain a record of the following:  the names of persons sent a Summons; whether the Summons was returned as undeliverable; whether each prospective juror submitted or returned a Questionnaire; whether each Questionnaire submitted was completed; whether any Questionnaires were returned to prospective jurors for additional information; whether each prospective juror was postponed, disqualified, exempted, or excused; whether each prospective juror was directed to report during the on-call period; and whether each prospective juror reported as directed.  This record, and the following documents, will be considered Juror Selection Records:  the affidavits of service completed pursuant to 28 U.S.C. § 1866(b); any Summons returned as undeliverable, with its original envelope; and all submitted or returned Questionnaires.  All Juror Selection Records will be retained and made available to the public pursuant to Section 12 of this Plan.

**7.    Selection of Petit Jurors**

Prospective jurors summoned for petit jury service and not postponed, disqualified, exempted, or excused in advance of the call-in date shall report as directed to the appropriate divisional Jury Assembly Room.  The Clerk shall record the names of any prospective jurors who fail to appear as directed.

Prospective jurors who report as directed may raise at that time additional grounds for postponement, disqualification, exemption, or excuse.  All prospective jurors who

report as directed will be deemed qualified and available to serve as summoned unless determined not to be for one of these reasons (as defined in Sections 9-11 of this Plan), by the Clerk, acting under supervision of the Court, or by a district or magistrate judge of the Court. Except for extraordinary cause shown, any appearance by a prospective juror reporting for service and then postponed, disqualified, exempted, or excused shall be without attendance fees or travel allowance. Prospective jurors who report as directed, and who are not postponed, disqualified, exempted, or excused shall be considered "Present and Available" for jury service. The Clerk shall maintain records, which will be considered Juror Selection Records, noting whether each person directed to appear on a particular day is Present and Available to serve as directed, and if not, why: non-deliverable Summons, failure to respond to the Summons, postponement, disqualification, exemption, or excuse. Any orders to show cause issued to persons who fail to respond to a Summons will also be considered Juror Selection Records. All Juror Selection Records will be retained and made available to the public pursuant to Section 12 of this Plan.

When those persons who are Present and Available to begin petit jury service on a particular day are gathered in the Jury Assembly Room, the Clerk shall administer to them the appropriate oath. The Clerk shall then draw from such persons the number required for immediate assignment to petit jury panels, using a purely randomized process through a properly programmed electronic data processing system designed to ensure that the mathematical odds of any single name being picked from among all prospective jurors then present are substantially equal. Jurors selected for petit jury panels shall then be sent to the appropriate courtroom.

Pursuant to 28 U.S.C. § 1863(b)(7), the list of juror names for a particular petit jury panel may be released to the parties and the public at any time with the approval of the judge presiding at trial, or by the Chief Judge if the judge presiding at trial is unavailable. The names of such jurors and associated juror information may be kept confidential in any case where the interests of justice so require. Unless the Court orders

that the list be kept confidential, the petit jury panel list shall also be considered a Juror Selection Record, to be maintained and disclosed pursuant to Section 12 of this Plan.

The judge (whether a district, magistrate, or bankruptcy judge) presiding over the trial for which the petit jury panel is called ("Presiding Judge") may excuse jurors upon a showing of undue hardship or extreme inconvenience, for such period as the Presiding Judge deems necessary. The Presiding Judge may also find that a juror is exempt from, or not qualified for, jury service. Jurors postponed by the Presiding Judge to a future date shall be re-summoned in advance of that date. Jurors excused but not postponed to a future date, and jurors found to be exempt or disqualified, shall be released from jury service.

The Presiding Judge may exclude a juror:

(a)    on the ground that such person may be unable to render impartial jury service or that his service as a juror would be likely to disrupt the proceedings;

(b)    upon peremptory challenge as provided by law;

(c)    pursuant to the procedure specified by law upon a challenge by any party for good cause shown; or

(d)    upon determination by the court that his service as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of jury deliberations.

Any person excluded from a particular jury under (a), (b), or (c) shall be eligible to sit on another jury if the basis for the initial exclusion would not be relevant to the juror's ability to serve on a different jury. The Presiding Judge may therefore direct that jurors excluded from a jury under (a), (b), or (c) return to the Jury Assembly Room for possible random selection to another petit jury panel. No person shall be excluded under (d) unless the Presiding Judge, in open court, determines that such is warranted and that exclusion of the person will not be inconsistent with 28 U.S.C. §§1861-1862. The number of persons excluded under (d) shall not exceed 1% of the number of persons who

return executed Questionnaires during the year between two consecutive fillings of the Master Jury Wheel.  The names of persons excluded under (d), together with detailed explanations for the exclusions, shall be forwarded immediately to the Ninth Circuit Judicial Council.  Jurors excluded under this paragraph and not directed by the presiding judge to return to the Jury Assembly Room for possible random selection to another petit jury panel shall be released from jury service.

The Clerk shall maintain a record of whether each juror selected for a petit jury panel was excused, disqualified, exempted, excluded, or selected to serve as a juror or alternate juror.  This record, as well as any findings made in excluding jurors under subsection (d), above, will be considered Juror Selection Records.

At the end of each day, all prospective jurors who were present and available to serve that day who have not been assigned to a petit jury panel shall be dismissed, and shall be deemed to have completed jury service.  Prospective jurors summoned for jury service and not postponed, disqualified, exempted, or excused, and who have not been assigned to a petit jury panel by the end of the on-call period or initial appearance, will be deemed to have completed jury service.  The Clerk will maintain records, which will be considered Juror Selection Records, of all prospective jurors who are deemed to have completed service pursuant to this paragraph.  All Juror Selection Records will be retained and made available to the public pursuant to Section 12 of this Plan.

**8.    Selection of Grand Jurors**

Prospective jurors summoned for grand jury service and who are not, in advance of the call-in date, postponed, disqualified, exempted, excused, or directed to report instead for potential service as a petit juror shall report as directed to the location where grand jury impanelment is to be held.  The Clerk shall record the names of any prospective jurors who fail to report as directed.

Prospective jurors who report as directed may raise at that time additional grounds for postponement, disqualification, exemption, or excuse.  All prospective jurors who report as directed will be deemed qualified and available to serve as summoned unless

General Order No. 13-13

determined to be otherwise for one of these reasons (as defined in Sections 9-11 of this Plan), by the Clerk, acting under supervision of the Court, or by a district or magistrate judge of the Court.

Except for extraordinary cause shown, any appearance by a prospective juror reporting for service and then postponed, disqualified, exempted, or excused shall be without attendance fees or travel allowance.  Prospective jurors who report as directed, and who are not then postponed, disqualified, exempted, or excused shall be considered "Present and Available" for jury service.  For each person directed to appear on a particular day, the Clerk shall record whether the person is Present and Available to serve as directed, and if not, shall record the reason why:  non-deliverable Summons, failure to respond to the Summons, postponement, disqualification, exemption, or excuse.

When those persons who are Present and Available to begin grand jury service on a particular day are gathered, the Clerk shall then draw from such persons the number required for immediate assignment to a grand jury, using a purely randomized process through a properly programmed electronic data processing system designed to ensure that the mathematical odds of any single name being picked from among all prospective jurors then present are substantially equal.  The Clerk shall administer the appropriate oath to those chosen for grand jury service, and the Chief Judge shall give them necessary instructions.

The names of grand jurors chosen and sworn shall not be disclosed except on order of the Court.  At the end of each day, all prospective jurors who were Present and Available to serve that day who have not been assigned to a grand jury panel shall be dismissed, and shall be deemed to have completed jury service.

**9.**     **Qualifications for Jury Service**

In accordance with the provisions of 28 U.S.C. § 1865(b), any person whose name is drawn from a Master Source List shall be deemed qualified to serve on grand or petit juries in this Court unless it is determined that the person:

a.  is not a citizen of the United States who has reached the age of 18 years and has resided for a period of one year within the District;

b.  is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;

c.  is unable to speak the English language;

d.  is incapable, by reason of mental or physical infirmity, to render satisfactory jury service; or

e.  has a charge pending against him or her for the commission of, or has been convicted in a state or federal court of record of, a crime punishable by imprisonment for more than one year and his or her civil rights have not been restored.

Persons summoned for jury duty who are determined to be disqualified from jury service shall be released from jury service.

**10.   Exemption from Jury Service**

The following persons are barred from jury service on the ground that they are exempt:

a.  members in active service in the Armed Forces of the United States;

b.  members of the fire or police departments of any State, the District of Columbia, any territory or possession of the United States, or any subdivision of a State, the District of Columbia, or such territory or possession; and

c.  public officers in the executive, legislative, or judicial branches of the Government of the United States, or of any State, the District of Columbia, any territory or possession of the United States, or any subdivision of a State, the District of Columbia, or such territory or possession, who are actively engaged in the performance of official duties.

Persons summoned for jury duty who are determined to be exempt from jury service shall be released from jury service.

**11.    Individual Requests for Postponement or Excuse**

   **(a)    Postponement**

Persons summoned for jury duty may request that service be postponed to a future date.  If a request for postponement is granted, a juror will be re-summoned in advance of the requested date.

   **(b)    Groups Whose Members May Request Excuse**

Persons summoned for jury duty may request that service be excused on the following grounds:

   (i)    Volunteer Safety Personnel.

Upon individual request, individuals serving a public agency in an official capacity, without compensation, as firefighters or members of a rescue squad or ambulance crew, shall be excused from jury service.

   (ii)    Prior Jury Service.

The Court finds that jury service by persons who have been selected and seated as a grand or petit juror or an alternate juror in the past year in either a United States District Court or a state trial court would entail undue hardship or extreme inconvenience to them and that excusing such persons would not be inconsistent with the Act. Accordingly, such persons shall be excused from jury service upon individual request.

   (iii)    Care Givers.

The Court finds that jury service by a person who has the obligation to care for children, the elderly, or other dependants, when the obligation of such care prevents the person from engaging in employment outside the home, would entail undue hardship or extreme inconvenience to that person, and that excusing such a person would not be inconsistent with the Act.  Accordingly, such persons shall be excused from jury service upon individual request.

   (iv)    Permanent Excuse.

The Court finds that any person who provides documentation from a state or federal court showing that he or she has received a permanent excuse from serving as a

juror should be excused from jury service in this Court.

**(c)     Individual Showing of Undue Hardship or Extreme Inconvenience**

A prospective juror may make an individual request to be excused from jury service on the grounds that the following would create undue harm or extreme inconvenience:

(i)     great distance, either in miles or travel time, from the place of holding court;

(ii)    grave illness of the prospective juror or a family member for whom the prospective juror must care that prevents the juror from serving now or in the foreseeable future;

(iii)   any other emergency which outweighs in immediacy and urgency the obligation to serve as a juror when summoned;

(iv)    business, employment, or financial hardship to the juror;

(v)     any other factor that the court determines to constitute an undue hardship or to create an extreme inconvenience to the juror;

(vi)    in situations where it is anticipated that a trial or grand jury proceeding may require more than thirty days of service, severe economic hardship to an employer which would result from the absence of a key employee during the period of such service.

Persons summoned for jury duty who are excused from jury service but not postponed to a future date certain shall be released from jury service.

**12.     Juror Statistics and Records**

A Report on Operation of the Jury Selection Plan ("Form AO-12") shall be completed each time a Master Jury Wheel is refilled and any time there is a change in this Plan.  All completed AO-12s will be considered "Juror Selection Records."

All records identified in this Plan as "Juror Selection Records" and that are created during the life of a Master Jury Wheel shall be retained by the Clerk until four years after the later of the following two events (the "Release Date"):  (1) the date that that Master

Jury Wheel is emptied and refilled; or (2) the date the last of the jurors selected to serve on a jury during the life of that Wheel completes his or her service.  Prior to the Release Date, Juror Selection Records shall not be disclosed, except as necessary in the preparation or presentation of a motion under 28 U.S.C. § 1867(a), (b), or (c); a party preparing such a motion, or any party in a case in which such a motion has been filed, may inspect, reproduce, and copy Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected, at all reasonable times, and at the party's expense, during the preparation or pendency of such a motion. During the four years after the Release Date, all Juror Selection Records shall be available for public inspection for the purpose of determining the validity of the selection of any jury; these records will not be available for reproduction or copying without an order of the Court.  Except as otherwise provided in this Plan, the contents of records or papers not identified in this Plan as Juror Selection Records shall be disclosed only upon an order of the Court.  Parties seeking the disclosure of anything not identified as Juror Selection Records must apply to the Court for an order of disclosure; if such an application is made, it shall be referred to the Chief Judge.

## 13.    Sanctions for Late Settlement in Civil Cases

In any civil case in which a settlement is reached and the Court is notified of settlement later than the close of business on the last business day before jurors are scheduled to appear for jury selection, the Court may assess reasonable charges reflecting the costs to the government of compensating said jurors for their unnecessary appearance.  Said charges may be assessed against one or more of the parties, or against one or more counsel, as the Court deems proper, and the amount collected shall be deposited by the Clerk into the Treasury of the United States.

## 14.    Effective Date

This Plan shall become effective upon filing by the Clerk of this Court after approval by the Judicial Council of the Ninth Circuit.  Copies of the approved Plan will

General Order No. 13-13

be sent to the Administrative Office of the United States Courts and the United States Attorney General.

IT IS SO ORDERED.

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

*Date of Approval by the Court:*                    July 30, 2013

*Date of Approval by the Judicial Council:*    October 23, 2013

*Date of Filing by the Clerk*                         October 25, 2013