RICHARD P. LASTING, SBN 53950
1717 Fourth Street, 3rd Floor
Santa Monica, California 90401-3319
Telephone: (310) 576-6242
Facsimile: (310) 576-6247
email: rplasting@aol.com

Attorney for Defendant
JURIJUS KADAMOVAS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 02-220 (B) -NM |
|---|---|
| Plaintiff, | NOTICE OF MOTION FOR COURT ORDER FOR DAILY USE OF COMPUTER AT METROPOLITAN DETENTION CENTER |
| v. | |
| JURIJUS KADAMOVAS, | |
| Defendant. | Hearing Date: ~~TO BE SET~~ DECEMBER 5, 2005 1:30 PM |

TO: UNITED STATES ATTORNEY DEBRA W. YANG; ASSISTANT UNITED STATES ATTORNEYS SUSAN J. DEWITT, ROBERT E. DUGDALE AND KAREN I. MEYER; AND MICHAEL BENOV, WARDEN METROPOLITAN DETENTION CENTER:

PLEASE TAKE NOTICE that as soon as counsel may be heard, in the courtroom of the Honorable Nora Manella, United States District Judge, the defendant, Jurijus Kadamovas, by and through his counsel of record, will move this Honorable Court to Order the Warden at the Metropolitan Detention Center, Los Angeles to make such arrangements as necessary to provide Mr. Kadamovas with daily access to his laptop computer for a minimum of ten hours per day to assist counsel in case preparation

Ex. 117 pg.1 of 6

Defendant's motion will be made upon the grounds that an Order of the Court is necessary to guarantee his constitutional rights to effective assistance of counsel and due process of law.

Defendant's motion will be based upon this notice of motion, declarations of defendant and counsel, memorandum of points and authorities, all files, pleadings and records in this case, and upon such other oral and documentary evidence as may be permitted at a hearing of this motion

Dated: November 15, 2005        Respectfully submitted,


Richard P. Lasting
Attorney for Defendant
Jurijus Kadamovas

Ex. 117 pg.2 of 6                                            2

EXhibiT 1

# RICHARD P. LASTING
ATTORNEY AT LAW
1717 FOURTH STREET, THIRD FLOOR
SANTA MONICA, CALIFORNIA 90401
TELEPHONE (310) 576-6242
FAX (310) 576-6247

December 28, 2004

Michael Benov
Warden
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, CA 90053-1500

Re: United States v. Jurijus Kadamovas
    No. CR 02-220(B)-NM

Dear Warden Benov:

I am capital counsel for Mr. Kadamovas who is currently confined in the segregated housing unit at the Metropolitan Detention Center. The charges filed against Mr. Kadamovas could subject him to a death sentence if convicted.

In order to competently prepare for trial, it is vital that Mr. Kadamovas assist his attorneys by knowing the evidence in the case. At this point that evidence consists, in part, of more than 50,000 printed pages of discovery. In order to thoughtfully and intelligently discuss the case with counsel, Mr. Kadamovas must first understand the content of these documents. He needs, and we need for him, to be able to continually review witness statements and have constant access to relevant materials. Additionally there are audio tapes, video tapes, photographs, and multiple computer hard drives which must be reviewed and compared with other evidence. The written discovery is of no value to Mr. Kadamovas unless it is in a language that he understands.

Although Mr. Kadamovas takes notes on the discovery during our meetings at MDC, those notes have not been a sufficient substitute for verbatim translations into Russian. Precise translations of witness statements are required for Mr. Kadamovas to assist counsel by comparing witness statements, one with another, with documentary evidence, with evidence in the Russian language and with new discovery.

The Court has authorized the translation of some discovery material into the Russian language. However, the process of translating witness statements from English into Russian has proved to be extremely time consuming and expensive.

Ex. 117 pg.4 of 6

As of this date, only a fraction of the discovery, less than 5%, has been submitted for translation. Much of the discovery being translated for Mr. Kadamovas has yet to be completed. In addition new discovery which must be translated is continually being provided by the government.

We have attempted to address these problems by providing Mr. Kadamovas with an English/Russian dictionary to enable him to translate and understand discovery. We have also provided him with a basic English course for Russian speakers on cassette tapes. While helpful to a certain extent, these efforts have not been successful in allowing Mr. Kadamovas to fully and correctly translate and understand most of the discovery. The English /Russian tapes have not enabled him to achieve a proficiency in English such that he is able to comprehend the meaning of written material we have provided to him.

I believe that this on-going problem of Mr. Kadamovas inability to have the discovery in a language that he understands can be resolved in a simple and cost effective manner. There is a battery operated, small size translator that has the capability to translate not only individual words but, most importantly, English sentences into Russian. I am attaching to this letter the product description and specifications.

My co-counsel and I request that you authorize Mr. Kadamovas to possess and use this translator for the purpose of translating discovery documents from English into Russian. We believe that this translator will provide the means for Mr. Kadamovas to translate documents so that he will completely understand them. It will also greatly reduce both time and cost of needed translations.

We understand that there is a policy of not allowing an inmate to possess an item valued over $100.00. We have attempted to locate a translator costing less, but none exists that has the capability to translate entire sentences. The cheaper models are nothing more than an electronic dictionary.

Counsel will provide the translator to Mr. Kadamovas at no cost to the Government or to the Bureau of Prisons. Although it would be a great benefit in his efforts to learn to speak English, if the voice recorder is a concern, it will be disabled prior to delivery of the translator to Mr. Kadamovas

Additionally we seek your assistance in making available to Mr. Kadamovas a VCR with a counter and a pause function for his use in viewing videotape discovery. Many of the case related videotapes have sound in the Russian language. In viewing these videos, Mr. Kadamovas has identified portions which are relevant to the defense of the case. It is necessary for defense counsel to view and discuss selected portions of these videos with Mr. Kadamovas. Portions of the videos need to be translated for use at trial. Compliance with this request will greatly reduce the time required to view these tapes with Mr. Kadamovas. It

Ex. 117 pg.5 of 6

will also facilitate the ability to translate selected and relevant portions of the videos for trial.

I appreciate your attention to these requests. If you require any additional information or would like to personally meet and discuss this matter, I will make every effort to accommodate and address any concerns that you may have.

Yours truly,


Richard P. Lasting