Lodged ORDER

RICHARD P. LASTING, (SBN 53950)
RPLasting@aol.com
1717 Fourth Street, 3rd Floor
Santa Monica, California 90401-3319
Telephone: (310) 576-6242
Facsimile: (310) 576-6247

SONIA E. CHAHIN (SBN 136604)
SEChahin@aol.com
Attorney At Law
2222 Foothill Boulevard, #E-278
La Canada, California 91011
Telephone (818) 549-0149
Facsimile (818) 549-0990

Attorneys for Defendant
JURIJUS KADAMOVAS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

              Plaintiff,

v.

JURIJUS KADAMOVAS,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CR 02-220 (B) -NM

NOTICE OF RENEWED MOTION
FOR COURT ORDER FOR DAILY
USE OF COMPUTER AT
METROPOLITAN DETENTION
CENTER

Date: May 1, 2006
Time: 1:30 p.m.
Place: Courtroom of the Honorable
      Nora M. Manella

TO: UNITED STATES ATTORNEY DEBRA W. YANG; ASSISTANT

UNITED STATES ATTORNEYS SUSAN J. DEWITT, ROBERT E. DUGDALE

AND KAREN I. MEYER; AND MICHAEL BENOV, WARDEN

METROPOLITAN DETENTION CENTER:

     PLEASE TAKE NOTICE that on May 1, 2006, at 1:30 p.m., or at such

other time as counsel may be heard, in the courtroom of the Honorable Nora M.

Manella, United States District Judge, the defendant, Jurijus Kadamovas, by and

Ex. 119 pg.1 of 4

through his counsel of record, will move this Honorable Court to Order the Warden at the Metropolitan Detention Center, Los Angeles to make such arrangements as necessary to provide Mr. Kadamovas with daily access to his laptop computer for a minimum of ten hours per day to assist counsel in case preparation.

Defendant's motion will be made upon the grounds that an Order of the Court is necessary to guarantee his constitutional rights to effective assistance of counsel and due process of law.

Defendant's motion will be based upon this notice of motion, declaration of counsel, memorandum of points and authorities, all files, pleadings and records in this case, and upon such other oral and documentary evidence as may be permitted at a hearing of this motion

Dated: March 27, 2006       Respectfully submitted,

Richard P. Lasting
Attorney for Defendant
Jurijus Kadamovas

Ex. 119 pg.2 of 4

2

RICHARD P. LASTING
ATTORNEY AT LAW
1717 FOURTH STREET, THIRD FLOOR
SANTA MONICA, CALIFORNIA 90401
TELEPHONE (310) 576-6242
FAX (310) 576-6247

January 6, 2006

Michael Benov
Warden
Metropolitan Detention Center
P.O. Box 1500
Los Angeles, CA 90053-1500

Re: United States v. Jurijus Kadamovas
    No. CR 02-220(B)-NM

Dear Warden Benov:

I am writing to thank you for your assistance in arranging greater computer access for Mr. Kadamovas and to request additional considerations which are needed to allow us to effectively prepare for trial.

I met with Mr. Kadamovas on January 4, 2006 and reviewed his log of computer use since you agreed that, if practicable, he would be allowed to work on his laptop from 7:00 a.m. to 3:15 or 3:30 p.m. each weekday. His records show computer access as follows: 12/5 – 3 hours 30 minutes, 12/7 – 4:30, 12/8 – 7:11, 12/9 – 2:42, 12/12 - 2:31, 12/13 – 2:40, 12/14 – 3:50, 12/15 – 5:11, 12/16 – 3:54, 12/19 – 2:53, 12/20 – 4:14, 12/22 – 2:30, 12/23 – 3:34, 12/26 – 4:37, 12/27 – 2:01, 12/28 – 2:30, 12/29 – 1:40, 12/30 – 2:40, 1/2 – 3:40 and 1/3 – none.

An ongoing problem continues to be lack of ready access to a toilet. It is not possible to work for long stretches of time without the ability to use a toilet. Mr. Kadamovas has been attempting to address this issue by limiting his intake of food and water in order to minimize his need for toilet use. This is neither a healthy nor workable solution. I am informed that due to the requirement for three officers and a Lieutenant to be present for Mr. Kadamovas to move from the room where he is allowed to work on the computer to a bathroom, at times it takes an hour before his request to use a toilet is granted. A small plastic bottle in the room where he works is not hygienic, noxious in odor and to a degree humiliating, considering that the one way mirrors preclude awareness of who may be observing its use.

Ex. 119 pg.3 of 4

The process of reviewing the written discovery with the Promt computer translation program, although avoiding the need for costly document translation, is slow and time consuming. It is not uncommon for Mr. Kadamovas to get through only about 60 pages in five hours of work. With over 70, 000 pages of bates stamped documents, it is clear to me that Mr. Kadamovas needs to be able to work for greater time periods than currently permitted.

I am renewing my request for Mr. Kadamovas to be granted computer use in his cell. Hopefully, upon further reflection and consideration, you will find it appropriate to grant this request. In the alternative, I am asking that you permit Mr. Kadamovas to possess a Quicktionary translating device and a portable battery operated DVD player in his cell. With these devices he will be able to continue to translate documents and view discovery during those times when he is not allowed to have computer access. A description of the Quicktionary is attached.

These requests are made for the express purpose of maximizing the time available for Mr. Kadamovas to review the voluminous discovery so that he may assist counsel in trial preparation. I am confident that, recognizing the problems that continue to exist, you will make every effort to assist us in solving them in a thoughtful and reasonable manner.

I have one additional request on behalf of Sonia Chahin, recently appointed counsel for Mr. Kadamovas in place of Marcia Brewer. Ms. Chahin seeks authorization to bring her laptop computer to 8 North when meeting with Mr. Kadamovas or in the alternative to bring with her a portable hard drive containing only case related discovery and work product.

As always, I appreciate your attentiveness and prompt response to our requests.

Yours truly,

*Richard P. Lasting*

Richard P. Lasting

cc:    Susan J. DeWitt, Assistant United States Attorney
       Eliezer Ben-Shmuel, MDC Legal Advisor

Ex. 119 pg.4 of 4