# FOIA MATERIALS

## TABLE OF CONTENTS

*FOIA requests regarding escapes from the MDC*

Complaint and Exhibits, Case No. 1:22-cv-994 ……………………………2

Joint Status Report, dated 08/28/2023, Case No. 1:22-cv-994 ………………172


*FOIA requests regarding contraband trafficking in the MDC*

Complaint and Exhibits, Case No. 1:22-cv-997 …………………………175

Joint Status Report, dated 07/07/2023, Case No. 1:22-cv-997 ………………228


*FOIA requests regarding the search for a new U.S. Attorney*

Complaint and Exhibits, Case No. 1:22-cv-1000 …………………………231

Joint Status Report, dated 08/07/2023, Case No. 1:22-cv-1000 ………………316


*FOIA requests regarding Svetlana Kadamovas' and Jurate Kadamovas' visa applications*

FOIA request to FBI …………………………………………………..318

FOIA request to U.S. Embassy in Lithuania ………………………………...323

FOIA request to U.S. Department of State …………………………...328

FOIA request to the U.S. Marshals Service ………………………………...333

Response to FOIA request from the FBI …………………………...338

Response to FOIA request from the FBI …………………………...342

Response to FOIA request from the U.S. Department of State ………………346

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 2 of 347   Page
ID #:18500
Case 1:22-cv-00994   Document 1   Filed 04/11/22   Page 1 of 16

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INDIANA FEDERAL COMMUNITY DEFENDERS<br>111 Monument Circle, Ste. 3200<br>Indianapolis, IN 46204 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530, | ) ) ) ) | |
| FEDERAL BUREAU OF PRISONS<br>320 First Street N.W.<br>Washington, D.C. 20535, | ) ) ) ) | |
| FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530, | ) ) ) ) ) | |
| U.S. MARSHALS SERVICE<br>Office of General Counsel<br>CG-3 15th Floor<br>Washington, D.C. 20530, | ) ) ) ) ) | |
| U.S. DEPARTMENT OF JUSTICE<br>OFFICE OF THE INSPECTOR GENERAL<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530 | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 3 of 347    Page
ID #:18501
Case 1:22-cv-00994    Document 1    Filed 04/11/22    Page 2 of 16

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

The Indiana Federal Community Defenders ("IFCD" or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief brought by IFCD against the United States Department of Justice ("DOJ"), Federal Bureau of Prisons ("BOP"), Federal Bureau of Investigation ("FBI"), U.S. Marshals Service ("USMS"), and U.S. Department of Justice Office of the Inspector General ("OIG") (collectively, "Defendants").

2. By this action, IFCD seeks to compel Defendants to comply with their obligations under FOIA to release records IFCD requested pertaining to any and all attempted and/or completed escapes from the Metropolitan Detention Center in Los Angeles, California ("MDC LA") reported or discovered for specified time periods. Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

## PARTIES

3. Plaintiff IFCD is a community defender organization. Pursuant to the Southern District of Indiana's Criminal Justice Act plan, IFCD serves as the federal defender organization for the Southern District of Indiana. In addition to representing individuals charged with crimes in the Southern District of Indiana, IFCD also houses a Capital § 2255 Unit, dedicated to representing individuals on federal death row in collateral attacks of their convictions and sentences pursuant to 28 U.S.C. § 2255. IFCD is incorporated under Indiana state law and organized as a nonprofit under section 501(c)(3) of the Internal Revenue Code. IFCD's office is located in Indianapolis, Indiana.

4. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. Its headquarters is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

5. Defendant BOP is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. BOP has possession, custody, and/or control of the records Plaintiff seeks. Its headquarters is located at 320 First Street, N.W., Washington, D.C. 20534.

6. Defendant FBI is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. FBI has possession, custody, and/or control of the records Plaintiff seeks. Its headquarters is located at 935 Pennsylvania Avenue N.W., Washington, D.C. 20535.

7. Defendant USMS is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. USMS has possession, custody, and/or control of records Plaintiff seeks. Its headquarters is located at CG-3 15th Floor, Washington, D.C. 20530.

8. Defendant OIG is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. OIG has possession, custody, and/or control of records Plaintiff seeks. Its headquarters is located at 950 Pennsylvania Avenue N.W., Washington, D.C. 20530.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

11. On July 18, 2019, the United States District Court for the Central District of California appointed IFCD, along with Timothy J. Foley, to represent Jurijus Kadamovas in 28 U.S.C. § 2255 and post-conviction proceedings. Ex. 1. Mr. Kadamovas is currently on federal death row, having been convicted and sentenced to death in the Central District of California in 2007.

12. One of Mr. Kadamovas's convictions was for his supposed involvement in a conspiracy to escape from the MDC LA, where he was held pre-trial, a violation of 18 U.S.C. § 371, as charged in the second superseding indictment. Ex. 2.

13. IFCD submitted several FOIA requests seeking records related to MDC LA and the conspiracy to escape.

### *Requests to DOJ*

14. On February 24, 2020, IFCD submitted two FOIA requests to the DOJ's Mail Referral Unit ("MRU"), the DOJ's general FOIA inbox that "will then forward your request to the DOJ component they determine is most likely to maintain the records you are seeking."[1] One request sought "a complete copy of any and all records maintained by your agency pertaining to any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003." Ex. 3. The other request sought "a complete copy of any and all records maintained by your agency pertaining to any and all attempted and/or completed escapes from

---

[1] *See* U.S. DEP'T OF JUSTICE, *Make a FOIA Request to DOJ*, https://www.justice.gov/oip/make-foia-request-doj (last accessed 3/30/2022).

MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007." Ex. 4.

15. On March 30, 2020, IFCD received a response from the MRU dated March 17, 2020, which referred to a single FOIA request. Ex. 5. The response informed IFCD that the MRU had forwarded its request to the BOP.

### *Requests to BOP*

16. On February 24, 2020, IFCD submitted two FOIA requests to the BOP. One request sought "a complete copy of any and all records maintained by your agency pertaining to any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003." Ex. 6. The other request sought "a complete copy of any and all records maintained by your agency pertaining to any and all attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007." Ex. 7.

17. On March 4, 2020, the BOP denied both requests. Exs. 8, 9.

18. The BOP designated the request for records about attempted or completed escapes discovered on March 7, 2003 as Request Number 2020-02563. In its denial letter, the BOP stated that it "thoroughly searched for the records you requested using the terms and search parameters referenced in your request. However, we located no records responsive to your request." Exhibit 8.

19. The BOP designated the request for records about attempted or completed escapes discovered anytime between January 1, 2001 and December 31, 2007, as Request Number 2020-02562. In its denial letter, the BOP stated that it "thoroughly searched for the records you requested using the terms and search parameters referenced in your request. However, we located no records responsive to your request." Exhibit 9.

20. On April 6, 2020, IFCD, through undersigned counsel, sent an email, referring to Request Number 2020-02563, asking what search terms and parameters the BOP used, and where, in particular, the BOP searched for records. IFCD also provided additional information to aid the BOP's search, including the Incident Report number under which an escape discovered on March 3, 2007 was investigated. Ex. 10.

21. On April 7, 2020, the BOP responded that, pursuant to the Retention and Information Disposition Schedule ("RIDS"), records are only required to be maintained for four years or until they are no longer needed for evidence or investigative purposes. Ex. 10.

22. On May 27, 2020, IFCD sent an email asking for clarification as to whether a search for records was attempted, or whether the BOP had determined that no search was necessary because of the RIDS. Ex. 10. The BOP did not respond to this email.

23. On June 1, 2020, IFCD submitted administrative appeals to the Department of Justice Office of Information Policy ("OIP") as to both requests to the BOP. Exs. 11, 12.

24. On July 1, 2020, OIP affirmed the BOP's actions on both requests. In both denial letters, OIP stated, "I am affirming BOP's action on your request. BOP informed you that it could locate no responsive records subject to the FOIA in its files. I have determined that BOP's action was correct and that it conducted an adequate, reasonable search for such records." OIP advised IFCD of its right to "file a lawsuit in federal district court in accordance with 5[ ]U.S.C. 552(a)(4)(B)." Exs. 13, 14.

25. No records have been produced in response to these FOIA requests to the BOP.

26. It is not credible that BOP has no remaining records of the escape attempt and the escape plot that was discovered on March 7, 2003 or any records of any escape or escape attempt discovered between January 1, 2001 and December 31, 2007. In addition, as discussed below,

the BOP's explanation for its denial of IFCD's FOIA requests contradicts the FBI's explanation for its denial of IFCD's FOIA requests.

### *Requests to FBI*

27. On February 24, 2020, IFCD submitted two FOIA requests to the FBI. One request sought "a complete copy of any and all records maintained by your agency pertaining to any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003." Ex. 15.  The other request sought "a complete copy of any and all records maintained by your agency pertaining to any and all attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007." Ex. 16.

28. On February 27, 2020, the FBI denied IFCD's request for records about attempted or completed escapes discovered on March 7, 2003, which it designated as Request Number 1461178-000. The FBI stated that it "conducted a search of the places reasonably expected to have records. However, we were unable to identify records responsive to your request." Ex. 17.

29. On March 3, 2020, the FBI denied IFCD's request for records about attempted or completed escapes discovered anytime between January 1, 2001 and December 31, 2007, which it designated as Request Number 1461513-000. The FBI stated that it "conducted a search of the places reasonably expected to have records. However, we were unable to identify records responsive to your request." Ex. 18.

30. On March 27, 2020, IFCD, through undersigned counsel, sent an email to the FBI about both requests. Ex. 19. The email explained that IFCD had "reason to believe that records responsive to both of these FOIA requests do exist." The email explained that IFCD was aware that an escape attempt was discovered on March 7, 2003 and thought it had been investigated under FBI File # 90C-LA-233614. As such, IFCD asked what indices FBI searched and the exact

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 9 of 347   Page
ID #:18507
Case 1:22-cv-00994   Document 1   Filed 04/11/22   Page 8 of 16

search terms used. In addition, IFCD asked if FBI could, "if [it] ha[d] not already done so,

conduct a search that includes . . . records relating to File # 90C-LA-233614?" Having not

received a response to this email, on April 28, 2020, IFCD sent a follow-up email. *Id.* IFCD did

not receive a response to its emails to FBI.

31. On May 18, 2020, IFCD submitted administrative appeals to OIP as to both requests

to the FBI. Exs. 20, 21.

32. On May 20, 2020, OIP acknowledged receiving both appeals. Exs. 22, 23.

33. On June 25, 2020, while the appeal from Request Number 1461178-000 was still

pending, FBI sent IFCD a second denial letter regarding its request for records about attempted

or completed escapes discovered on March 7, 2003. Ex. 24.  In this denial letter, the FBI referred

to Request Number 1461178-001. The denial letter stated, "The FBI has completed its search for

records responsive to your request. The material you requested is located in an investigative file

which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). . . . The records responsive

to your request are law enforcement records; there is a pending or prospective law enforcement

proceeding relevant to these responsive records, and release of the information could reasonably

be expected to interfere with enforcement proceedings."

34. The FBI's denial of Request Number 1461178-001, in which it stated that "there is a

pending or prospective law enforcement proceeding relevant to these responsive records, and

release of the information could reasonably be expected to interfere with enforcement

proceedings" contradicts the FBI's denial of Request Number 1461513-000, in which the FBI

stated that it was "unable to identify records responsive to your request."

35. Despite this inconsistency, on August 18, 2020, in Appeal Number A-2020-01031,

OIP affirmed the FBI's actions as to Request Number 1461178-000, the FBI's first denial of

IFCD's request for records about attempted or completed escapes discovered on March 7, 2003. OIP's denial letter stated, "The FBI informed you that it could locate no responsive records subject to the FOIA in its files. I have determined that the FBI's action was correct and that it conducted an adequate, reasonable search for such records. Please be advised that FBI personnel conducted another search considering the additional information you provided to the FBI and issued its response under Request No. 1461178-001." Ex. 25.

36. On September 9, 2020, IFCD submitted an administrative appeal to OIP as to the FBI's second denial regarding IFCD's request for records about attempted or completed escapes discovered on March 7, 2003, which the FBI had designated as Request Number 1461178-001. Ex. 26.

37. On October 13, 2020, in Appeal Number A-2020-01917, OIP affirmed the FBI's actions as to Request Number 1461178-001. OIP stated that, "The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. 552(b)(7)(A) and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision. This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings." The letter also stated, "As to your appeal concerning the adequacy of the FBI's search for responsive records subject to the FOIA, please be advised that by letter dated August 18, 2020, this Office determined that the FBI conducted an adequate, reasonable search for such records." OIP further advised IFCD of its right to "file a lawsuit in federal district court in accordance with 5 U.S.C. 552(a)(4)(B)." Ex. 27.

38. As of the date of this complaint, it has been 693 days since IFCD filed its administrative appeal from Request Number 1461513-000, which sought records about

attempted or completed escapes discovered anytime between January 1, 2001 and December 31, 2007 (Appeal Number A-2020-01032). IFCD has still not received a determination from OIP on this administrative appeal.

39. No records have been produced in response to these FOIA requests to FBI.

40. The FBI's denial of Request Number 1461178-001, in which it stated that "there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings," in addition to contradicting FBI's denial of Request Number 1461513-000, also contradicts BOP's denials of IFCD's FOIA requests. As discussed above, BOP stated that responsive records were destroyed pursuant to the retention schedule, which allows for the destruction of records when they are no longer needed for evidence or investigative purposes. FBI and BOP cannot both be correct. If there is a pending or prospective law enforcement proceeding, then it cannot be true that the records were properly destroyed because they are no longer needed for investigative purposes. On the other hand, if the records were properly destroyed because they are no longer needed for investigative purposes, then there cannot be a pending or prospective law enforcement proceeding.

### Requests to USMS

41. On April 28, 2020, IFCD submitted two FOIA requests to the USMS. One request sought "a complete copy of any and all records maintained by your agency pertaining to any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003." Ex. 28. The other request sought "a complete copy of any and all records maintained by your agency pertaining to any and all attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007." Ex. 29.

42. On April 28, 2020, the USMS acknowledged both requests. The USMS designated the request for records about attempted or completed escapes discovered on March 7, 2003 as Request No. 2020USMS35153. Ex. 30. The USMS designated the request for records about attempted or completed escapes discovered anytime between January 1, 2001 and December 31, 2007, as Request No. 2020USMS35154. Ex. 31.

43. On June 24, 2020, and January 25, 2021, IFCD, through undersigned counsel, emailed USMS to check on the status of these requests. Ex. 32.

44. On January 28, 2021, USMS responded, stating, "Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request." It also stated, "Due to a substantial backlog of requests, it is estimated the processing of your request may be significantly delayed. I regret the necessity of this, but assure you that your request will be processed as soon as possible." Ex. 32.

45. On July 14, 2021, IFCD asked USMS for another update on the status of these requests. Ex. 32.

46. On April 4, 2022, USMS emailed undersigned counsel about Request No. 2020USMS35154. Initially, USMS asked to confirm that IFCD was searching for records between the dates of January 1, 2001 and December 31, 2007. In subsequent emails, however, USMS asked to know "the purpose behind the request," and further stated that they wanted "to see if its something that is in litigation" because "[w]hen the USMS receives cases that are in litigation, the FOIA Unit does not process them and they are sent to an attorney for assignment to be reviewed and responded to by the attorney.  There are many misdirected requests sent to the FOIA Unit which should be sent other avenues to be processed . . . ." Undersigned counsel

explained that, "The request was not misdirected. IFCD intended to file a FOIA request for records subject to the FOIA." Ex. 33.

47. As of the date of this Complaint, IFCD has not received a response to the email explaining that its request was not misdirected. It is unclear whether USMS intends to respond to IFCD's FOIA request.

48. As of the date of this Complaint, it has been 438 days since the USMS notified Plaintiff that it would not be able to comply with the 20-day statutory limit for providing a determination of Plaintiff's request, and Plaintiff has still not received a determination with respect to the USMS Request No. 2020USMS35153.

49. No records have been produced in response to these FOIA requests to the USMS.

### *Request to OIG*

50. On October 21, 2020, IFCD submitted a FOIA request to OIG seeking "any and all records maintained by your agency that are: (1) from any date, and are records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003."[2] Ex. 34.

51. On October 23, 2020, OIG acknowledged the request. OIG designated the request as Request Number 21-OIG-014. Ex. 35.

52. On January 28, 2021, IFCD, through undersigned counsel, emailed OIG to check on the status of this request. Ex. 36.

53. On January 29, 2021, OIG responded, "OIG is continuing to process your FOIA request. We are working diligently to process each request as quickly as possible. We receive numerous requests each day which are processed in chronological order by date of receipt and

---

[2] This FOIA request also sought additional records not relevant to this lawsuit.

complexity. We will respond again once any responsive records have been located, and disclosure determinations are made." Ex. 36.

54. As of the date of this Complaint, it has been 535 days since OIG acknowledged Plaintiff's request, and Plaintiff has still not received a determination with respect to OIG Request Number 21-OIG-014.

55. No records have been produced in response to this FOIA request to the OIG.

## CAUSES OF ACTION

### Count 1: Violation of FOIA (5 USC § 552) for Wrongful Withholding of Agency Records (All Defendants)

56. IFCD repeats and realleges the foregoing paragraphs.

57. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

58. IFCD properly asked for records within the possession, custody, and control of the Defendants.

59. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

60. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests, or is deemed to have exhausted them because the Defendants failed to comply with applicable time limit provisions.

61. The Defendants have wrongfully withheld the requested records from IFCD.

62. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### Count 2: Violation of FOIA for Failure to Conduct a Reasonable Search (All Defendants)

63. IFCD repeats and realleges the foregoing paragraphs.

64. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

65. IFCD properly asked for records within the possession, custody, and control of the Defendants.

66. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

67. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests, or is deemed to have exhausted them because the Defendants failed to comply with applicable time limit provisions.

68. The Defendants have failed to conduct a search reasonably calculated to identify all records responsive to IFCD's requests for records, in violation of their obligations under FOIA. 5 U.S.C. § 552(a)(3).

69. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Count 3: Violation of FOIA for Failure to Comply with Statutory Deadlines (Defendants USMS & OIG)**

70. IFCD repeats and realleges the foregoing paragraphs.

71. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

72. IFCD properly asked for records within the possession, custody, and control of USMS and OIG.

73. IFCD's FOIA requests to USMS and OIG complied with all applicable regulations regarding the submission of FOIA requests.

74. Defendants USMS and OIG failed to make a determination regarding IFCD's requests within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A).

75. The failure of Defendants USMS and OIG to make a determination with respect to IFCD's FOIA requests with FOIA's statutory deadlines violates their obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

76. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

77. IFCD is deemed to have exhausted the applicable and available administrative remedies with respect to USMS's and OIG's processing of its FOIA requests because USMS and OIG failed to comply with applicable time limit provisions.

78. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**<u>REQUESTED RELIEF</u>**

Wherefore, Plaintiff IFCD prays for the following relief:

A. Declare Defendants' failure to comply with FOIA to be unlawful;

B. Declare that Plaintiff is entitled to disclosure of the requested records;

C. Order Defendants to conduct searches reasonably calculated to identify all records responsive to Plaintiff's records requests;

D. Order Defendants to immediately disclose, in their entirety, unredacted versions of all records responsive to Plaintiff's requests that are not specifically exempt from disclosure under FOIA, including any non-identical copies of any such records;

E. Enjoin Defendants from withholding all records or portions thereof responsive to Plaintiff's records requests that may not be withheld under FOIA;

F. Declare that the failure of Defendants USMS and OIG to provide a timely determination in response to the USMS Requests (Nos. 2020USMS35153 and

2020USMS35154) and the OIG Request (No. 21-OIG-014) violates their obligations under FOIA.

G. Award IFCD reasonable attorneys' fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(e); and

H. Provide such other further relief as the Court may deem just and proper.

Dated April 11, 2022                    Respectfully submitted,

                                        /s/ F. Italia Patti
                                        F. Italia Patti (IN Bar No. 34725-02)
                                        Joshua B. Pickar (NY Bar No. 5579768)
                                        Indiana Federal Community Defenders
                                        111 Monument Circle, Ste. 3200
                                        Indianapolis, IN 46204
                                        (317) 383-3520
                                        italia_patti@fd.org
                                        josh_pickar@fd.org
                                        Attorneys for Plaintiff

# EXHIBIT 1

BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,              )    Case No.  CR 02-00220-SJO
                                       )
              Plaintiff,               )
                                       )
v.                                     )    ORDER GRANTING
                                       )    EX PARTE APPLICATION FOR
                                       )    APPOINTMENT OF COUNSEL FOR
JURIJUS KADAMOVAS,                     )    PROCEEDINGS PURSUANT TO
                                       )    28 U.S.C. § 2255
              Defendant.               )
                                       )
_____)

     This Court, having read and considered the Ex Parte Application for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 submitted on July 16, 2019, and finding good cause, hereby grants the application and appoints the Indiana Federal Community Defenders office and attorney Timothy J. Foley to represent Jurijus Kadamovas in 28 U.S.C. § 2255 and post-conviction proceedings.

     IT IS SO ORDERED.


Dated: July 18, 2019

                                      _____
                                        HONORABLE S. JAMES OTERO
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2004 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 02-220(B)-NM |
| Plaintiff, | ) ) ) | S E C O N D S U P E R S E D I N G I N D I C T M E N T |
| v. | ) ) | |
| IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, NATALYA SOLOVYEVA, and ALEKSEJUS MARKOVSKIS, | ) ) ) ) ) | [18 U.S.C. § 1203: Conspiracy to Take Hostages Resulting in Death; 18 U.S.C. § 1203: Hostage-Taking Resulting in Death; 18 U.S.C. § 1956(h): |
| Defendants. | ) ) ) ) ) ) ) ) | Conspiracy to Launder Monetary Instruments; 18 U.S.C. § 371: Conspiracy to Escape from Custody; 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1203]

A.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about February 19, 2002, in Los Angeles County, within the Central District of California, and elsewhere, defendants IOURI MIKHEL,

RED:red

AUG - 2

JURIJUS KADAMOVAS, PETRO KRYLOV, NATALYA SOLOVYEVA, and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis, who were and are not nationals of the United States, and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly seize and detain other persons (including Meyer Muscatel, Rita Pekler, Alexander Umanksy, Nick Kharabadze, and George Safiev (hereinafter "victims")), and threaten to kill, injure, and continue to detain the victims, in order to compel third persons to do an act, specifically pay money, as an explicit and implicit condition for the release of the victims, with the death of the victims resulting, all in violation of Title 18, United States Code, Section 1203.

B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV would identify persons whom they believed were wealthy and whom could be seized and detained for the purpose of demanding ransom money.

2.   Defendants IOURI MIKHEL and JURIJUS KADAMOVAS would develop plans to lure the victims to locations where they could be abducted.

3.   Defendants PETRO KRYLOV, ALEKSEJUS MARKOVSKIS, and NATALYA SOLOVYEVA, and co-conspirator Ainar Altmanis would assist defendants IOURI MIKHEL and JURIJUS KADAMOVAS in their plans to abduct victims.

4.   Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and NATALYA SOLOVYEVA would pose as people known to the victims or interested

2

in doing business with the victims to entice the victims to go to locations where they could be abducted.

5.    Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis would seize the victims.

6.    Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis would detain the victims at a house belonging to JURIJUS KADAMOVAS at 3534 Weslin Avenue, Sherman Oaks, California (henceforth the "Weslin House").

7.    Defendants IOURI MIKHEL and JURIJUS KADAMOVAS, and co-conspirators unknown to the Grand Jury, would demand payment of ransom money from the victims, the victims' family members, and/or the victims' business associates.

8.    Defendants IOURI MIKHEL and JURIJUS KADAMOVAS and unknown co-conspirators would continue to detain and threaten to harm the victims until the ransom money was paid.

9.    Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis would guard the victims to prevent them from escaping.

10.    Defendants IOURI MIKHEL and JURIJUS KADAMOVAS would lure the victims into a false sense of security by telling them that they would be released when the ransom money was paid.

11.    Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and co-conspirator Ainar Altmanis would kill the victims by suffocating them, sometimes after all or part of the ransom money was paid.

12.    Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO

3

KRYLOV, and co-conspirator Ainar Altmanis would tie weights on the victims' bodies and throw the bodies into the New Melones Reservoir near Yosemite National Park.

13.   Defendant ALEKSEJUS MARKOVSKIS would clean the areas of the Weslin House where the victims had been held, as well as the vehicles used to transport the victims to the New Melones Reservoir.

14.   To disguise the source of the ransom money before transferring it to their bank accounts, defendants IOURI MIKHEL and JURIJUS KADAMOVAS would arrange for the paid ransom money to be sent to bank accounts around the world in the names of different persons and entities.

15.   Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis would share the proceeds of the ransom money.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, ALEKSEJUS MARKOVSKIS, and NATALYA SOLOVYEVA, and co-conspirator Ainar Altmanis and other co-conspirators known and unknown to the Grand Jury, on or about the following dates committed the following overt acts, among others, within the Central District of California and elsewhere:

Meyer Muscatel

1.   In October 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS recruited co-conspirator Ainar Altmanis to be a member of their conspiracy to take victims hostage by convincing him to participate in a plan to abduct Meyer Muscatel.

4

2. In October 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS told Altmanis that they intended to abduct Muscatel in order to collect a debt owed to one of their associates stemming from a business dispute.

3. On October 10, 2001, defendant IOURI MIKHEL, posing as a wealthy Russian who wanted to discuss a real estate purchase, scheduled an appointment to meet with Muscatel at Muscatel's office.

4. On October 11, 2001, defendant IOURI MIKHEL purchased items from a Home Depot to be utilized in the abduction and murder of Muscatel, including plastic ties, duct tape, and a box of plastic boot covers.

5. On October 11, 2001, defendant JURIJUS KADAMOVAS and co-conspirator Ainar Altmanis positioned themselves near Muscatel's office for the purpose of reporting Muscatel's arrival at his office to defendant IOURI MIKHEL.

6. On October 11, 2001, defendant IOURI MIKHEL lured Muscatel to his residence, located at 17055 Oak View Drive, Encino, California (the "Oak View House"), under the guise that MIKHEL wanted to discuss a potential real estate purchase with Muscatel.

7. On October 11, 2001, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and co-conspirator Ainar Altmanis seized Muscatel when he entered the Oak View House.

8. On October 11, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS bound Muscatel's legs with plastic ties and handcuffed his hands behind his back.

9. On October 11, 2001, defendants IOURI MIKHEL and

5

JURIJUS KADAMOVAS moved Muscatel's car to the parking lot of a Gelson's Market while co-conspirator Ainar Altmanis guarded Muscatel to prevent his escape from the Oak View House.

10. On October 12, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS, using a pre-paid cellular telephone subscribed to a fictitious name, forced Muscatel to contact a representative of People's Bank to inquire about wire transferring money from a bank account belonging to a business that Muscatel owned.

11. On October 12, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS, using a pre-paid cellular telephone subscribed to a fictitious name, forced Muscatel to contact his business partner, Shy Cohen, to request that Cohen consolidate all of their business' funds into a single bank account.

12. On October 13, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS killed Muscatel at the Oak View House by suffocating him.

13. On October 13, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS loaded Muscatel's body into KADAMOVAS' van and left to search for a location to dispose of Muscatel's body.

14. On October 13, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS transported Muscatel's body to the Parrot's Ferry Road Bridge, which spans the New Melones Reservoir, and determined that the New Melones Reservoir was a location where they could dispose of their victims' bodies.

15. On October 13, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS attached weights to Muscatel's body and threw it from the Parrot's Ferry Road Bridge into the New Melones Reservoir.

16. On October 13, 2001, co-conspirator Ainar Altmanis, acting at the direction of defendants IOURI MIKHEL and JURIJUS KADAMOVAS, cleaned the rooms of the Oak View House where victim Meyer Muscatel had been held.

Alexander Umansky

17. In December 2001, defendant PETRO KRYLOV told defendant IOURI MIKHEL that his former employer, Alexander Umansky, who owned a car electronics shop known as "Hard Wired Auto Accessories," located at 12547 Sherman Way, Suite E, in Los Angeles, California ("Hard Wired business" or "Umansky's business"), would be a good target for abduction.

18. In December 2001, defendant PETRO KRYLOV told defendant IOURI MIKHEL that Umansky made $30,000 to $50,000 per month.

19. In December 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS developed a plan to abduct Umansky.

20. In early December, prior to December 13, 2001, defendant PETRO KRYLOV, in furtherance of the plan to abduct Umansky, visited Umansky's business to access its computer system to determine the amount of the business' accounts receivable.

21. In early December, prior to December 13, 2001, defendant PETRO KRYLOV learned that the current amount of the accounts receivable for the Hard Wired business was approximately $234,000.

22. On December 12, 2001, defendant IOURI MIKHEL, posing as a potential client named "Victor," called the Hard Wired business, using a pre-paid cellular telephone subscribed to a fictitious name, to make an appointment with Umansky under the

7

guise of having Umansky install electronics on a car he planned to buy.

23.    On December 13, 2001, defendant IOURI MIKHEL, posing as "Victor," met with Umansky and brought him to the Weslin House.

24.    On December 13, 2001, defendant JURIJUS KADAMOVAS and co-conspirator Ainar Altmanis pointed loaded handguns at Umansky when he walked into the Weslin House.

25.    On December 13, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS tied Umansky to a chair.

26.    On December 14, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS forced Umansky to call Umansky's brother several times to tell Umansky's brother that he should not call the police or the FBI, and that Umansky's brother would receive a facsimile at his home with instructions where to send ransom money.

27.    On December 14, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused three copies of a facsimile, which appeared to be a note payable, to be sent from Russia to Umansky's Hard Wired business stating that $234,628 should be sent to Standard Chartered Bank in New York, for further credit to an account, which belonged to Andrei Agueev, in the name of Al Shaza Sanitary and Building Materials TRD ("Al Shaza account"), at the bank's branch in Dubai, United Arab Emirates.

28.    On December 14, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused Umansky's brother to receive a facsimile regarding the payment of ransom money that was identical to the facsimile sent to the Hard Wired business.

8

29. On December 17, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS forced Umansky to call his brother to determine whether the ransom money had been paid.

30. On December 17, 2001, defendant IOURI MIKHEL decided to kill Umansky after learning that ransom money had been paid.

31. On December 17, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS, and co-conspirator Ainar Altmanis killed Umansky at the Weslin House by suffocating him.

32. On December 17 and 18, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS, and co-conspirator Ainar Altmanis transported Umansky's body to the Parrot's Ferry Road Bridge, which spans the New Melones Reservoir, and threw the body, with weights attached, into the water.

33. Between December 18, 2001, and December 27, 2001, defendant IOURI MIKHEL arranged for an unknown co-conspirator in Russia to contact Umansky's family to demand more ransom money.

Rita Pekler

34. In November 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS developed a plan to abduct an accountant named Rita Pekler.

35. In November 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS discussed abducting Pekler in order to lure one of her wealthy clients, George Safiev, to come to defendant KADAMOVAS' Weslin House so that Safiev could be abducted and held for ransom.

36. On December 3, 2001, defendant JURIJUS KADAMOVAS, using the name "Volodia," went to Pekler's office, located at 971 North La Cienega Boulevard, Los Angeles, California, and scheduled a

9

meeting with Pekler for the afternoon of December 4, 2001.

37.   On the morning of December 4, 2001, defendant JURIJUS KADAMOVAS, posing as "Volodia" and using a pre-paid cellular telephone subscribed to a fictitious name, called Pekler's office, cancelled his appointment, and left a message for Pekler to call him.

38.   On December 5, 2001, defendant JURIJUS KADAMOVAS, posing as "Volodia," made an appointment to meet with Pekler under the guise that he wanted to buy property.

39.   On December 5, 2001, defendant JURIJUS KADAMOVAS met Pekler and took her to his Weslin House.

40.   On December 5, 2001, defendants IOURI MIKHEL and PETRO KRYLOV and co-conspirator Ainar Altmanis surrounded Pekler when she walked into the Weslin House.

41.   On December 5, 2001, defendant IOURI MIKHEL told Pekler to telephone George Safiev and arrange a meeting with him.

42.   On December 5, 2001, defendant IOURI MIKHEL assured Pekler that she would not be harmed if she contacted George Safiev.

43.   On December 5, 2001, defendant IOURI MIKHEL caused Pekler to telephone George Safiev to try to arrange a meeting, but Safiev told Pekler that he was leaving for Moscow that evening and could not meet her.

44.   Beginning on a date unknown, and continuing to February 19, 2002, defendant IOURI MIKHEL kept rope and boxes of Dimedrol ampules for injection at the Oak View Residence.

45.   On December 5, 2001, after Pekler was unable to arrange the desired meeting with Safiev, defendants IOURI MIKHEL and

10

JURIJUS KADAMOVAS told Pekler they were going to give her a shot of Dimedrol to put her to sleep.

46.   On December 5, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS told Pekler that she would be left somewhere to wake up and find her way home, so that defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and co-conspirator Ainar Altmanis would have enough time to leave the country.

47.   On December 5, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS killed Pekler by suffocating her.

48.   On December 5, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS transported Pekler's body to the Parrot's Ferry Road Bridge, which spans the New Melones Reservoir, and threw the body, with weights attached, into the water.

Nick Kharabadze and George Safiev

49.   Beginning sometime in the summer of 2001, defendant JURIJUS KADAMOVAS' girlfriend, defendant NATALYA SOLOVYEVA, gathered information about George Safiev, including that Safiev had an assistant named Nick Kharabadze, who served as Safiev's driver and translator.

50.   Between July 2001 and January 2002, defendant NATALYA SOLOVYEVA provided information she learned about Safiev to defendant JURIJUS KADAMOVAS.

51.   Beginning on a date unknown, and continuing to February 19, 2002, defendant IOURI MIKHEL kept at his Oak View Residence personal information about Kharabadze and Safiev, their places of business, and their business associates.

52.   In approximately December 2001 and January 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS developed a plan to

11

use Kharabadze to lure Safiev to a place where Safiev could be abducted.

53.    Beginning on a date unknown, and continuing to February 19, 2002, defendant PETRO KRYLOV kept at his residence, located at 1441 North Vista Street, Apartment 18, Los Angeles, California, a map with an "X" identifying the area where Kharabadze lived, as well as a list of the types of cars driven by Kharabadze's family.

54.    In January 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS asked defendant NATALYA SOLOVYEVA to pose as a woman who Kharabadze had met previously in Moscow and telephone Kharabadze to arrange to meet him.

55.    On January 18, 2002, defendant NATALYA SOLOVYEVA, using a pre-paid cellular telephone subscribed to a fictitious name, telephoned Kharabadze's cellular telephone and left a message for Kharabadze to call "Natalya from Moscow."

56.    On January 20, 2002, defendant NATALYA SOLOVYEVA met Kharabadze at Designed Water World, which defendant NATALYA SOLOVYEVA told Kharabadze was a private social club, but which, in fact, was an aquarium business owned by defendants IOURI MIKHEL and JURIJUS KADAMOVAS in Sherman Oaks, California.

57.    On January 20, 2002, defendant NATALYA SOLOVYEVA brought Kharabadze into Designed Water World.

58.    On January 20, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis seized Kharabadze and detained him by handcuffing his leg to a chair.

59.    On January 20, 2002, defendants IOURI MIKHEL and

12

JURIJUS KADAMOVAS forced Kharabadze to telephone Safiev and ask him to come to Designed Water World.

60.  On January 20, 2002, defendant PETRO KRYLOV waited outside Designed Water World and reported to the others that Safiev arrived alone.

61.  On January 20, 2002, when Safiev walked into Designed Water World, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis seized Safiev and handcuffed him to a chair.

62.  On January 20, 2002, defendants JURIJUS KADAMOVAS and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis took Kharabadze to the Weslin House.

63.  On January 20, 2002, defendant JURIJUS KADAMOVAS returned to Designed Water World and picked up Safiev and defendants IOURI MIKHEL and PETRO KRYLOV and returned with them to the Weslin House.

64.  Beginning on January 20, 2002, defendant ALEKSEJUS MARKOVSKIS and co-conspirator Ainar Altmanis guarded Kharabadze and Safiev at the Weslin House to prevent their escape.

65.  On January 21 or 22, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS forced Safiev to telephone his business associate in London to ask him to transfer $969,000 from his business account in Singapore to an account in Miami.

66.  On January 22, 2002, defendant IOURI MIKHEL, posing as "Raul," called Safiev's business associate to tell him that Safiev was in Mexico, but if money was paid Safiev would be released unharmed.

67.  On January 24, 2002, in Studio City, California,

13

defendant PETRO KRYLOV purchased a 45-pound "Olympic" brand weight to be used to weigh down the body of Kharabadze after Kharabadze was killed.

68. On January 24, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS put Safiev in defendant JURIJUS KADAMOVAS' van and drove north toward the New Melones Reservoir.

69. On January 24, 2002, defendant PETRO KRYLOV and co-conspirator Ainar Altmanis put Kharabadze in co-conspirator Ainar Altmanis' Lincoln Navigator and drove north, following defendant JURIJUS KADAMOVAS' van to the New Melones Reservoir.

70. On January 25, 2002, when they reached the New Melones Reservoir, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV took Safiev to a separate area and killed him.

71. On January 25, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV transported Safiev's body to the Stevenot Bridge, which spans the New Melones Reservoir, and threw the body, with weights attached, into the water.

72. On January 25, 2002, co-conspirator Ainar Altmanis guarded Kharabadze while defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV killed Safiev and disposed of his body.

73. On January 25, 2002, when defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV returned from killing Safiev and disposing of his body, they transferred Kharabadze into the van.

74. On January 25, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and co-conspirator Ainar Altmanis took Kharabadze to a secluded area in Tuolumne County,

14

California.

75. On January 25, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and co-conspirator Ainar Altmanis restrained Kharabadze while they suffocated him.

76. On January 25, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and co-conspirator Ainar Altmanis transported Kharabadze's body to the Stevenot Bridge, which spans the New Melones Reservoir, and threw the body, with weights attached, into the water.

77. On January 25, 2002, after defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and co-conspirator Ainar Altmanis returned from the New Melones Reservoir, defendant ALEKSEJUS MARKOVSKIS cleaned defendant JURIJUS KADAMOVAS' van, co-conspirator Ainar Altmanis' Lincoln Navigator, and the rooms of the Weslin House where victims Kharabadze and Safiev had been held.

78. On January 31, 2002, defendant IOURI MIKHEL and/or defendant JURIJUS KADAMOVAS, posing as "Raul," telephoned Safiev's business associate in London, telling the business associate to read a letter that would be sent to the business associate by facsimile, which letter demanded payment of approximately $4,000,000 in ransom money.

79. On February 12 or 13, 2002, defendant IOURI MIKHEL directed an unknown co-conspirator to send electronic mail messages to Safiev's business associate informing Safiev's business associate that Safiev and Kharabadze were alive, and directing the payment of the ransom money within three days.

80. On February 14, 2002, defendants IOURI MIKHEL and

15

JURIJUS KADAMOVAS spoke over the telephone regarding how to ensure that Safiev's business associate paid the outstanding ransom money.

81.  On February 15, 2002, defendant IOURI MIKHEL directed an unknown co-conspirator to re-send electronic mail messages to Safiev's business associate about the payment of the outstanding ransom money.

82.  On February 15, 2002, defendant IOURI MIKHEL, posing as "Raul," called Safiev's business associate to determine whether he had received the electronic mail messages sent to him regarding the payment of the ransom money, and to tell the business associate that Safiev remained well, but that Kharabadze was depressed and on drugs.

83.  On a date between January 20, 2002 and February 19, 2002, defendant IOURI MIKHEL prepared a list detailing the allocation of ransom money to be distributed to himself, and to defendants JURIJUS KADAMOVAS, PETRO KRYLOV, and ALEKSEJUS MARKOVSKIS, and co-conspirator Ainar Altmanis.

16

Ex. 124 pg.36 of 347

COUNT TWO

[18 U.S.C. § 1203]

On or about December 13, 2001, in Los Angeles County, within the Central District of California, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, who were and are not nationals of the United States, seized and detained Alexander Umansky and threatened to kill, injure, and continue to detain him, in order to compel members of the Umansky family to pay ransom money as a condition for the release of Alexander Umansky. The act of seizing and detaining Alexander Umansky by defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV resulted in Umansky's death.

17

COUNT THREE

[18 U.S.C. § 1203]

On or about January 20, 2002, in Los Angeles County, within the Central District of California, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, ALEKSEJUS MARKOVSKIS, and NATALYA SOLOVYEVA, who were and are not nationals of the United States, seized and detained Nick Kharabadze, and threatened to kill, injure, and continue to detain him, with the purpose of compelling George Safiev to meet Kharabadze at a particular location where Safiev could be abducted in order to compel Safiev's business associate to pay ransom money as a condition for the release of Kharabadze.  The act of seizing and detaining Nick Kharabadze by defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, ALEKSEJUS MARKOVSKIS, and NATALYA SOLOVYEVA resulted in Kharabadze's death.

18

COUNT FOUR

[18 U.S.C. § 1203]

On or about January 20, 2002, in Los Angeles County, within the Central District of California, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, ALEKSEJUS MARKOVSKIS, and NATALYA SOLOVYEVA, who were and are not nationals of the United States, seized and detained George Safiev, and threatened to kill, injure, and continue to detain him, in order to compel Safiev's business associate to pay ransom money as a condition for the release of Safiev.  The act of seizing and detaining George Safiev by defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, ALEKSEJUS MARKOVSKIS, and NATALYA SOLOVYEVA resulted in Safiev's death.

19

COUNT FIVE

[18 U.S.C. § 1956(h)]

The Grand Jury hereby repeats and realleges the allegations in Counts One, Two, Three, and Four as if fully set forth herein.

I.   OBJECT OF THE CONSPIRACY

1.   Beginning on or before October 12, 2001, and continuing until on or about May 27, 2002, in Los Angeles County, within the Central District of California and elsewhere, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and others known and unknown to the Grand Jury, knowingly and willfully conspired and agreed with each other to commit offenses against the United States, namely:

2.   Knowing that property involved in financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of a specified unlawful activity, that is hostage taking, in violation of 18 U.S.C. § 1203, to conduct and attempt to conduct financial transactions knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of said proceeds, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

II.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished in substance as follows:

1.   Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and co-conspirators Ainar Altmanis and Aleksejus Markovskis, aided and abetted by Natalya Solovyeva, would seize

20

and detain persons, and threaten to kill, injure, and continue to detain those victims, in order to compel the victims, their families, and their business associates to pay ransom money.

2.   Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and co-conspirators known and unknown to the Grand Jury, would demand payment of ransom money from the victims, the victims' family members, and the victims' business associates.

3.   Defendant IOURI MIKHEL would open bank accounts throughout the world in the names of shell corporate entities, including Glenstream Ventures Inc., Sierra Technologies Corporation, Stenmark Ventures Limited, and Wilsoni Financiers Corporation.

4.   Defendant IOURI MIKHEL would create false identities using stolen and altered passports, including the aliases Alexandre Pavlov, Thomas Noms, Yves Claude Thonnerieux, Bontcho Guentchev, George Cont, and Joseph Jameson, and would open bank accounts throughout the world using these aliases.

5.   Defendant PETRO KRYLOV would obtain the use of bank accounts in other peoples' names, including a Washington Mutual Bank account in the name of Garri Akopnik and a Bank of America account in the name of Alexander Tsesas, so that ransom proceeds could be transferred though those accounts.

6.   In order to hide and disguise the source of the ransom money, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and co-conspirators known and unknown to the Grand Jury, would cause the ransom money to be transferred through various bank accounts that they controlled around the world that had been opened using aliases and in the names of shell corporations.

21

7. Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and co-conspirators known and unknown to the Grand Jury, would cause the ransom money to be transferred from the shell corporation accounts and accounts in the name of aliases to additional bank accounts under their control or of their choosing.

III. <u>OVERT ACTS</u>

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, PETRO KRYLOV, and others known and unknown to the Grand Jury, on or about the following dates, committed the following overt acts, among others, within the Central District of California and elsewhere:

<u>Umansky Ransom Money</u>

1. Following the planning and execution of the hostage taking of Alexander Umansky, and after making a $234,628 ransom demand for the release of Alexander Umansky, on December 17, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused the Umansky family to send three wire transfers totaling $89,628 to Standard Chartered Bank in New York, with further credit to an account that belonged to Andrei Agueev in the name of Al Shaza Sanitary and Building Materials TRD ("Al Shaza account"), at the bank's branch in Dubai, United Arab Emirates (UAE), account number 01-5732905-01.

2. Beginning on December 20, 2001, and continuing to January 7, 2002, after the Umansky ransom was received in Dubai, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused Andrei Agueev to withdraw a portion of the Umansky ransom that had been

22

sent to his Al Shaza account.

3. On December 27, 2001, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused the Umansky family to wire transfer the remaining ransom amount, approximately $145,000, to Standard Chartered Bank in New York, for further credit to Andrei Agueev's Al Shaza account.

4. On December 27, 2001 and January 8, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused Andrei Liapine to withdraw a portion of the Umansky ransom from Andrei Agueev's Al Shaza account.

5. Between December 27, 2001 and continuing to January 13, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused Andrei Liapine to send four separate wire transfers totaling $174,000 of the Umansky ransom to the Glenstream Ventures account at Aizkraukles Banka in Latvia, account number 1-469-0010392-0001.

6. On January 3, 2002 and January 15, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused two separate wire transfers totaling $38,280 of the Umansky ransom to be sent from Latvia to the "Designed Water World" corporate bank account at the Bank of America, Sherman Oaks, California, account number 02473-006613.

7. On January 3, 2002 and January 17, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused two separate wire transfers totaling $33,120 of the Umansky ransom to be sent from Latvia to the Bank of America, Encino, California, account number 03928-07782, in the name of defendant IOURI MIKHEL and Marina Karogodina.

8. Between January 3, 2002 and continuing to January 22,

23

2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused four separate wire transfers totaling $36,430 of the Umansky ransom to be sent from Latvia to Washington Mutual Bank, Tarzana, California, account number 386-160374-0, in the name of defendant JURIJUS KADAMOVAS and Natalya Solovyeva.

9.    On January 8, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS, and Ainar Altmanis caused $15,000 of the Umansky ransom to be wire transferred by Andrei Liapine from Dubai to the Anita Eidaka-Kazusa account at Hansa Banka in Latvia, account number 552001758977.

10.    On January 11, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $9,850 of the Umansky ransom to be wire transferred from Latvia to Citibank, Woodland Hills, California, account number 040010027684, in the name of defendant IOURI MIKHEL.

11.    On January 15, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $18,719 of the Umansky ransom that had been wire transferred into the Designed Water World account to be used as payment toward the American Express card issued to Designed Water World in the name of defendant JURIJUS KADAMOVAS, account number 3727-140763-11006.

12.    On January 17, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $14,380 of the Umansky ransom to be wire transferred from Latvia to California Federal Bank, Woodland Hills, California, account number 7384055351, in the name of defendant IOURI MIKHEL.

13.    On January 22, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV caused $10,000 of the Umansky ransom

24

to be wire transferred from Latvia to Bank of America, Wilmington, California, account number 06365-07879, in the name of Alexander Tsesas.

14.   On January 29, 2002, defendant PETRO KRYLOV received approximately $9,800 of the Umansky ransom in cash from the Bank of America, Wilmington, California, account number 06365-07879, in the name of Alexander Tsesas.

Safiev and Kharabadze Ransom Money

15.   Following the planning and execution of the hostage taking of George Safiev and Nick Kharabadze, on January 22, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and co-conspirators Ainar Altmanis and Aleksejus Markovskis caused a business associate of Safiev to wire transfer approximately $969,000 in ransom money to a Bank of America correspondent account in Miami, Florida, for further credit to an account in the name of Thomas Noms, an alias for IOURI MIKHEL, at Capital Solutions, Ltd., an investment company in Kingston, Jamaica, account number 010111501-45.

16.   On January 28, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $234,837 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred from Jamaica to an account at Bayshore Bank & Trust, Barbados, account number 2000248, in the name of Wilsoni Financier Corporation, which was a corporate entity that defendant IOURI MIKHEL, using the alias "Alexandre Pavlov," controlled.

17.   On January 30, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $176,320 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred from Jamaica to

25

an account at Credit Agricole Indosuez (Suisee) Bank, Switzerland, account number 024971, in the name of Glenstream Ventures Inc., a corporate entity that defendant IOURI MIKHEL controlled.

18. On January 30, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $73,673 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred from Switzerland to Calabasas Motor Cars as payment for a Mercedes Benz that defendant JURIJUS KADAMOVAS purchased.

19. On January 31, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $265,163 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred from Jamaica to the Bayshore Bank & Trust account in Barbados in the name of Wilsoni Financier Corporation, account number 2000248, that defendant IOURI MIKHEL, using the alias "Alexandre Pavlov," controlled.

20. On February 2, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and co-conspirator Ainar Altmanis caused $48,730 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred from Jamaica to the Anita Eidaka-Kazusa account at Hansa Banka in Latvia, account number 552001758977.

21. On February 6, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $173,680 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred from Jamaica to an account at Aizkraukles Banka, Latvia, account number 01-469-0010392-001, in the name of Glenstream Ventures Inc., a corporate entity that defendant IOURI MIKHEL controlled.

22. On February 7, 2002, defendants IOURI MIKHEL, JURIJUS

26

KADAMOVAS, and PETRO KRYLOV caused $31,500 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to an account at Bank of America, Wilmington, California, in the name of Alexander Tsesas, account number 06365-07879.

23.  After February 19, 2002, PETRO KRYLOV received approximately $30,600 of the Safiev/Kharabadze ransom that had been withdrawn by checks payable to cash from the account at Bank of America, Wilmington, California, in the name of Alexander Tsesas, account number 06365-07879.

24.  On February 7, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $10,000 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to an account at California Federal Bank, Woodland Hills, California, in the name of defendant IOURI MIKHEL, account number 7384055351.

25.  On February 7, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $10,000 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to an account at Bank of America, Encino, California, in the names of defendant IOURI MIKHEL and Marina Karagodina, account number 03928-07782.

26.  On February 7, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $9,850 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to an account at Washington Mutual, Tarzana, California, in the names of defendant JURIJUS KADAMOVAS and Natalya Solovyeva, account number 383-160374-0.

27.  On February 7, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS, and Aleksejus Markovskis caused $14,968 in funds traceable to the Safiev/Kharabadze ransom to be wire

27

transferred to the Mrs. Aleksejus Markovskis account at Landesbank Hessen-Thueringen Girozentrale in Germany, account number 1705015596.

28. On February 12, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $312,541 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to account number 180004475 at Northwest International Bank, Seattle, Washington, in the name of Sierra Technologies, a corporate entity that defendant IOURI MIKHEL, using the alias "Bontcho Guentchev," controlled

29. On February 12, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $24,870 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to their "Designed Water World" corporate bank account at Bank of America, Sherman Oaks, California, account number 02473-006613.

30. On February 14, 2002, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV caused $40,000 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to an account at Washington Mutual Bank, Northridge, California, in the name of Garri Akopnik, account number 871-081353-1.

31. On February 14, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $9,890 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to an account at Citibank, Encino, California, in the name of defendant JURIJUS KADAMOVAS, account number 040014650978.

32. On February 19, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS, and co-conspirator Ainar Altmanis caused $51,270 in funds traceable to the Safiev/Kharabadze ransom to be

28

wire transferred to the Anton Eidaks-Kazusa account at Hansa Banka in Latvia, account number 55200 182 8195.

33.  On February 19, 2002, defendants IOURI MIKHEL and JURIJUS KADAMOVAS caused $161,638 in funds traceable to the Safiev/Kharabadze ransom to be wire transferred to account number 1007010182 at Asia Europe Americas Bank, Seattle, Washington, in the name of Stenmark Ventures Inc., a corporate entity that defendant IOURI MIKHEL, using the alias "Yves Claude Thonnerieux," controlled.

34.  On February 24, 2002, defendant PETRO KRYLOV received $40,000 of the Safiev/Kharabadze ransom in cash from the account at Washington Mutual Bank, Northridge, California, in the name of Garri Akopnik, account number 871-081353-1.

29

COUNT SIX

[18 U.S.C. § 371]

A.    OBJECTS OF THE CONSPIRACY

Beginning after February 19, 2002, and continuing to on or about March 7, 2003, in Los Angeles County, within the Central District of California, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and voluntarily escape from the custody of the Metropolitan Detention Center ("MDC") in Los Angeles, California, an institution in which they were confined by direction of the Attorney General, and such custody was by virtue of an arrest on a charge of felony, in violation of Title 18, United States Code, Section 751(a).

B.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
      ACCOMPLISHED

The object of the conspiracy was to be accomplished in substance as follows:

1.    Defendants IOURI MIKHEL and JURIJUS KADAMOVAS would pass notes to each other and communicate through the vents at the MDC to coordinate the escape.

2.    Defendant IOURI MIKHEL and PETRO KRYLOV would pass notes to each other to coordinate the escape.

3.    Defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV would cause themselves to be moved to cells that were positioned above and below each other and that abutted a common stairwell that they could use to escape.

4.    Defendant IOURI MIKHEL would recruit co-conspirators

30

outside of the MDC to purchase tools needed to facilitate the escape and to help smuggle them into the MDC.

5.   Defendant IOURI MIKHEL would recruit other inmates inside the MDC to help smuggle through cell windows at the MDC tools that would be used to facilitate the escape.

6.   Defendants IOURI MIKHEL and PETRO KRYLOV would use some of the tools smuggled into the MDC to dig holes in the walls of their respective cells.

7.   Defendant IOURI MIKHEL would cause money to be paid to individuals outside of the MDC and to other inmates inside the MDC who would assist with the escape.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants IOURI MIKHEL, JURIJUS KADAMOVAS, and PETRO KRYLOV, and others known and unknown to the Grand Jury, on or about the following dates committed the following overt acts, among others, within the Central District of California:

1.   In May 2002, defendant JURIJUS KADAMOVAS caused himself to be moved to cell 913 in the MDC, which abutted a stairwell.

2.   On November 4, 2002, defendant IOURI MIKHEL caused himself to be moved to cell 518, next to the same stairwell that defendant JURIJUS KADAMOVAS' cell abutted.

3.   On March 3, 2003, defendant PETRO KRYLOV caused himself to be moved to cell 616, next to the same stairwell that abutted defendant JURIJUS KADAMOVAS' and defendant IOURI MIKHEL'S cells.

4.   In March 2003, defendant IOURI MIKHEL caused monies to be paid to other inmates at the MDC to secure their assistance

31

with the escape attempt.

5. In February 2003, in order to facilitate the escape, defendant IOURI MIKHEL arranged to have two pre-paid cellular telephones, along with a telephone charger and pre-paid telephone calling cards, brought into the MDC through a cell window so that he could communicate with persons outside of the MDC who could assist with the escape.

6. On February 13, 2003, IOURI MIKHEL caused $19,322 to be wire transferred from his girlfriend in England to co-conspirator Sabrina Tynan ("Tynan") in Los Angeles to pay Tynan for assisting with the escape.

7. In January or February 2003, in order to facilitate the escape, defendant IOURI MIKHEL arranged to have tools brought into the MDC that could be used for the escape.

8. Sometime after January or February 2003, defendant IOURI MIKHEL caused some of these tools to be passed to defendant PETRO KRYLOV.

9. Sometime after January or February 2003, defendant IOURI MIKHEL began digging a hole behind the mirror in his cell.

10. Sometime after March 3, 2003, defendant PETRO KRYLOV began digging a hole behind the mirror in his cell.

11. Beginning after January 2003 and continuing to March 7, 2003, defendant IOURI MIKHEL kept the following items hidden in his cell to facilitate his escape: a Cingular wireless brand cellular telephone; a JVC brand digital video camcorder; a camcorder charger; various electrical cords used with the camera system; tin snip pliers; four 9/16 "Craftsman" brand ratchet wrenches; a 12-inch mini hand saw; six different screwdrivers,

32

one with various different tips; three pairs of black "Craftsman" brand mechanics gloves; a bottle of black "Gorilla" brand glue; a 24-inch bolt cutter; a hand hack saw; a 12-inch crescent wrench; two 10-inch crescent wrenches; two sets of adjustable pliers with blue handles; a pair of sheet metal scissors; "Craftsman" brand wire snippers; two rolls of black electrical tape; a 12-inch knife with black handle; a "Craftsman" brand box cutter; a 10½ - inch sharpened metal rod; a Sony Ericsson brand cellular telephone; a cellular telephone battery; a cellular telephone charger; three 6-inch black replacement blades used on the 12-inch mini hand saw; a hacksaw blade cut in two pieces; two packs of heavy duty replacement blades for the box cutter; two "L-shaped" pieces of metal 3 inches in length; two sticks of "crazy glue"; an 8-inch standard screwdriver; and a pencil with a roll of string attached.

12. Beginning after January 2003 and continuing to March 7, 2003, defendant PETRO KRYLOV kept hidden in his cell the following items to facilitate his escape: two 5¾-inch pieces of a hack saw blade; wiring cut from various portable stereo headphones; and a screwdriver.

33

COUNT SEVEN

[18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853,

and 28 U.S.C. § 2461(c)]

1.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), each defendant who is convicted of the offenses set forth in Counts One through Four of this Indictment shall forfeit to the United States the following property:

a.    All right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1203 (an offense constituting "specified unlawful activity" as defined in Title 18, United States Code, Section 1956(c)(7)(D)). Specific property subject to forfeiture for the reasons set out above includes, but is not limited to, a sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a

34

third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

35

Ex. 124 pg.55 of 347

## NOTICE OF SPECIAL FINDINGS

The allegations of Counts One, Two, Three, and Four of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

DEFENDANT IOURI MIKHEL

As to Counts One, Two, Three, and Four, defendant IOURI MIKHEL:

1. Was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

2. Intentionally killed the victims (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victims (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victims died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

6. In committing the offenses, the death and injury resulting in death occurred during the commission and attempted commission of an offense under 18 U.S.C. § 1203 (conspiracy to commit hostage taking and hostage taking) (18 U.S.C.

36

§ 3592(c)(1));

7.   Procured the commission of the homicide offenses by payment, and promise of payment, of something of pecuniary value, namely a share of ransom proceeds (18 U.S.C. § 3592(c)(7));

8.   Committed the offenses after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

9.   Killed and attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

DEFENDANT JURIJUS KADAMOVAS

As to Counts One, Two, Three, and Four, defendant KADAMOVAS:

1.   Was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

2.   Intentionally killed the victims (18 U.S.C. § 3591(a)(2)(A));

3.   Intentionally inflicted serious bodily injury that resulted in the death of the victims (18 U.S.C. § 3591(a)(2)(B));

4.   Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victims died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5.   Intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard

37

for human life and the victims died as a result of the act. (18 U.S.C. § 3591(a)(2)(D));

6.    In committing the offenses, the death and injury resulting in death occurred during the commission and attempted commission of an offense under 18 U.S.C. § 1203 (conspiracy to commit hostage taking and hostage taking) (18 U.S.C. § 3592(c)(1));

7.    Procured the commission of the homicide offenses by payment, and promise of payment, of something of pecuniary value, namely a share of ransom proceeds (18 U.S.C. § 3592(c)(7));

8.    Committed the offenses after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

9.    Killed and attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

DEFENDANT PETRO KRYLOV

As to Counts One, Two, Three, and Four, defendant KRYLOV:

1.    Was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

2.    Intentionally killed the victims (18 U.S.C. § 3591(a)(2)(A));

3.    Intentionally inflicted serious bodily injury that resulted in the death of the victims (18 U.S.C. § 3591(a)(2)(B));

4.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a

38

participant in the offense, and the victims died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5.   Intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a result of the act.   (18 U.S.C. § 3591(a)(2)(D));

6.   In committing the offenses, the death and injury resulting in death occurred during the commission and attempted commission of an offense under 18 U.S.C. § 1203 (conspiracy to commit hostage taking and hostage taking) (18 U.S.C. § 3592(c)(1));

7.   Committed the homicide offenses as consideration for the receipt, and the expectation of the receipt, of something of pecuniary value, namely ransom proceeds (18 U.S.C. § 3592(c));

8.   Committed the offenses after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

9.   Killed or attempted to kill more than one person in a

//

//

39

single criminal episode (18 U.S.C. § 3592(c)(16)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

A TRUE BILL

Foreperson

DEBRA W. YANG
United States Attorney

STEVEN D. CLYMER
Special Assistant United States Attorney
Chief, Criminal Division

SUSAN J. DEWITT
ROBERT E. DUGDALE
KAREN I. MEYER
Assistant United States Attorneys
Organized Crime and Terrorism Section

40

# EXHIBIT 3



**Indiana Federal Community Defenders**

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001
E-mail: MRUFOIA.Requests@usdoj.gov
*Sent by U.S. Mail and email*

February 24, 2020

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

1

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

Monica Foster, Executive Director
Indiana Federal Community Defenders

2

# EXHIBIT 4



## Indiana Federal Community Defenders

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001
E-mail: MRUFOIA.Requests@usdoj.gov
*Sent by U.S. Mail and email*

February 24, 2020

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any and all attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

1

Ex. 124 pg.65 of 347

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

Monica Foster, Executive Director
Indiana Federal Community Defenders

2

# EXHIBIT 5

**U.S. Department of Justice**



*Washington, D.C. 20530*

RECEIVED

MAR 3 0 2020

INDIANA FEDERAL COMMUNITY
DEFENDERS

March 17, 2020

Monica Foster
111 Monument Circle
Suite 3200
Indianapolis, IN   46204

Dear Sir/Madam:

This is in response to your request for records, Tracking Number, MRU-FOIA-68-242.   Your
Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office
which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department
of Justice (DOJ).   Federal agencies are required to respond to a FOIA request within 20 business
days.   This period does not begin until the request is actually received by the component within
the DOJ that maintains the records sought, or ten business days after the request is received in
this office, whichever is earlier.

We have referred your request to the DOJ component(s) you have designated or, based on
descriptive information you have provided, to the component(s) most likely to have the records.
All future inquiries concerning the status of your request should be addressed to the office(s)
listed below:

> FOIA/PA
> Federal Bureau of Prisons
> Department of Justice
> HOLC Building, Suite 924
> Washington, DC   20534
> (202) 514-6655

Sincerely,

MRUFOIA
Logistics Management
Facilities and Administrative Services Staff
Justice Management Division

# EXHIBIT 6



**Indiana Federal Community Defenders**

Federal Bureau of Prisons
FOIA/PA Section
Office of General Counsel, Room 924
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534
Email: OGC_EFOIA@BOP.GOV
*Sent by U.S. Mail and email*

February 24, 2020

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

1

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

Monica Foster, Executive Director
Indiana Federal Community Defenders

2

# EXHIBIT 7



**Indiana Federal Community Defenders**

Federal Bureau of Prisons
FOIA/PA Section
Office of General Counsel, Room 924
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534
Email: OGC_EFOIA@BOP.GOV
*Sent by U.S. Mail and email*

February 24, 2020

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any and all attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

1

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

Monica Foster, Executive Director
Indiana Federal Community Defenders

2

# EXHIBIT 8



**U.S. Department of Justice**
**Federal Bureau of Prisons**

_Western Regional Office_
_7338 Shoreline Drive_
_Stockton, CA  95219_

March 4, 2020

Monica Foster
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN  46204          Request Number: 2020-02563

Dear  Requester:

This is in response to the above referenced Freedom of Information Act (FOIA) request.  You requested any and all attempted or completed escapes from MDC LOS on March 7, 2003.

Bureau of Prisons staff thoroughly searched for the records you requested using the terms and search parameters referenced in your request.  However, we located no records responsive to your request. We are not using any exemptions to withhold any information from you.

If you have questions about this response please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or ogc_efoia@bop.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Dennis M. Wong
Regional Counsel

Ex. 124 pg.76 of 347

# EXHIBIT 9



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Western Regional Office*
*7338 Shoreline Drive*
*Stockton, CA  95219*

March 4, 2020

Monica Foster
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN  46204          Request Number: 2020-02562

Dear  Requester:

This is in response to the above referenced Freedom of Information Act (FOIA) request.  You requested any and all attempted or completed escapes from MDC LOS between January 1, 2001 thru December 31, 2007.

Bureau of Prisons staff thoroughly searched for the records you requested using the terms and search parameters referenced in your request.  However, we located no records responsive to your request. We are not using any exemptions to withhold any information from you.

If you have questions about this response please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or ogc_efoia@bop.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Dennis M. Wong
Regional Counsel

Ex. 124 pg.78 of 347

# EXHIBIT 10

**Italia Patti**

| | |
|---|---|
| **From:** | Italia Patti |
| **Sent:** | Wednesday, May 27, 2020 12:07 PM |
| **To:** | 'WXRO/FOIA' |
| **Subject:** | RE: FOIA Request Number 2020-02563 |

Hello,

I hope you are well! Can you please clarify whether a search for the requested records was attempted? I can't tell from your email whether you all attempted a search and found no responsive records, or whether you all determined that no search was necessary. Addit onally, could you please send me a copy of the BOP Retention and Information Disposition Schedule (RIDS)?

Thanks very much for your assistance!

Sincerely,
Italia Patti


**Italia Patti**
Assistant Federal Defender

---

**From:** WXRO/FOIA <WXRO/FOIA@bop.gov>
**Sent:** Tuesday, April 7, 2020 11:52 AM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** RE: FOIA Request Number 2020-02563

Good Morning,

You are correct that records likely existed regarding this incident.  However this incident occurred in 2003, and pursuant to the BOP Retention and Information Disposition Schedule (RIDS), these records are only required to be maintained for a period of four years or when no longer needed for legal evidence or investigative purpose, whichever is later.  I have been advised that these records were destroyed pursuant to this schedule as they are from a period much greater than four years ago. I trust that this explanation has satisfied your concern.

Freedom of Information Act
Regional Counsel's Office - WXR
7338 Shoreline Drive
Stockton, CA  95219
(209) 956-9739


>>> Italia Patti <Italia_Patti@fd.org> 4/7/2020 6:23 AM >>>
Hello,

I hope you are well! The letter sent to my office dated March 4 (which you attached to the below email) instructed that if I had any questions about the request, I could contact the FOIA Public Liaison at OGC_EFOIA@BOP.GOV. I sent an email with questions about the response to OGC_EFOIA@BOP.GOV.

1

Ex. 124 pg.80 of 347

I believe that I was following the instructions in the March 4 letter. However, if there is something that I need to do to get answers to my questions about the response, other than what Regional Counsel Dennis Wong explained in the March 4 letter (i.e. sending an email to OGC_EFOIA@BOP.GOV), please just let me know.

I am hoping to get some additional information about how you conducted the search for records. Additionally, as I said, I would be very happy to provide you with additional information to help you locate responsive records, which I have reason to believe exist.

Thanks in advance for your assistance!

Sincerely,
Italia Patti


**Italia Patti**
Assistant Federal Defender

---

**From:** WXRO/FOIA <WXRO/FOIA@bop.gov>
**Sent:** Monday, April 6, 2020 1:14 PM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** Re: FOIA Request Number 2020-02563

Please refer to the attached letter if you are not satisfied with the response.

Freedom of Information Act
Regional Counsel's Office - WXR
7338 Shoreline Drive
Stockton, CA  95219
(209) 956-9739


>>> Italia Patti <Italia_Patti@fd.org> 4/6/2020 6:06 AM >>>
Dear FOIA Officer,

I hope you are well! I am writing in response to a letter Regional Counsel Dennis Wong sent on March 4, 2020 to Monica Foster, Executive Director of Indiana Federal Community Defenders, in response to a FOIA request from Indiana Federal Community Defenders, Request Number 2020-02563. The request sought records pertaining to any attempted and/or completed escapes from MDC Los Angeles reported or discovered on March 7, 2003. The March 4 letter explained that your office searched for records using the terms and search parameters referenced in the request, but did not find any responsive records.

Could you tell me what search terms you used? Can you tell me what other parameters you used? Can you tell me where, in particular, you searched for records?

I would be happy to provide you with additional information if that would help you locate records. For example, I am aware that an attempted escape was investigated with the Incident Report Number 1109924, with an incident date of March 7, 2003, and that on July 18, 2003, a hearing officer found that an attempted escape was committed. This information leads me to believe that you would have records responsive to my request. And as I said, I would be happy to provide you with any additional information I can that might help you locate records.

Please do not hesitate to be in touch with me at this email address. Thanks very much for your assistance!

2

Ex. 124 pg.81 of 347

Sincerely,
Italia Patti


**Italia Patti**
Assistant Federal Defender
Indiana Federal Community Defenders
§ 2255 Capital Habeas Unit
317 383 3520

pronouns: she/her/hers

3

Ex. 124 pg.82 of 347

# EXHIBIT 11



June 1, 2020

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G St. NW, 6th Floor
Washington, DC 20530
*Submitted through OIP FOIA STAR portal*

Dear Director Talebian:

This is an appeal of the denial of a FOIA request submitted to the Bureau of Prisons by the Indiana Federal Community Defenders (IFCD), Request No. 2020-02563.

Request No. 2020-02563 seeks records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003. In a letter dated March 4, 2020, Regional Counsel Dennis Wong indicated that the BOP was unable to identify records responsive to this request.

However, IFCD is aware that an escape attempt was reported or discovered on March 7, 2003; that it was investigated under Incident Report Number 1109924; and that on July 18, 2003, a hearing officer found that an attempted escape was committed. Moreover, individuals were federally prosecuted for this escape attempt. Two individuals prosecuted for this escape attempt, Juri Kadamovas and Iouri Mikhel, received the death penalty for crimes tried as part of the same federal trial as the escape attempt. The convictions did not become final until October 7, 2019. Consequently, IFCD believes there are potentially still records in the BOP's possession related to this escape attempt, which would be responsive to its request.

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Ex. 124 pg.84 of 347

June 1, 2020

Page 2

And because there are potentially records in the BOP's possession related to that particular escape attempt, IFCD believes there may be other records responsive to its request, and that the BOP's search for records was inadequate.

On April 6, 2020, I sent an email to OGC_EFOIA@BOP.GOV explaining that I believed there were records responsive to the IFCD's request because an escape attempt reported or discovered on March 7, 2003, was investigated under Incident Report Number 1109924. On April 7, 2020, WXRO/FOIA@bop.gov sent me an email stating that the records were destroyed pursuant to the BOP Retention and Information Disposition Schedule (RIDS). On May 27, 2020, I responded by email to WXRO/FOIA@bop.gov seeking to clarify whether BOP conducted a search and did not find responsive records, or determined that the RIDS obviated the need to conduct a search. I have not received a response to that email.

Sincerely,

s/ F. Italia Patti
Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders

Attachments:
FOIA Request from IFCD
Denial Letter from BOP
Emails

Ex. 124 pg.85 of 347

# EXHIBIT 12



**IFCD**

Indiana Federal Community Defenders

June 1, 2020

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G St. NW, 6th Floor
Washington, DC 20530
*Submitted through OIP FOIA STAR portal*

Dear Director Talebian:

This is an appeal of the denial of a FOIA request submitted to the Bureau of Prisons by the Indiana Federal Community Defenders (IFCD), Request No. 2020-02562.

Request No. 2020-02562 seeks records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007. In a letter dated March 4, 2020, Regional Counsel Dennis Wong indicated that the BOP was unable to identify records responsive to this request.

However, IFCD is aware that an escape attempt was reported or discovered on March 7, 2003; that it was investigated under Incident Report Number 1109924; and that on July 18, 2003, a hearing officer found that an attempted escape was committed. Moreover, individuals were federally prosecuted for this escape attempt. Two individuals prosecuted for this escape attempt, Juri Kadamovas and Iouri Mikhel, received the death penalty for crimes tried as part of the same federal trial as the escape attempt. The convictions did not become final until October 7, 2019. Consequently, IFCD believes there are potentially still records in the BOP's possession related to this escape attempt, which would be responsive to its request.

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Ex. 124 pg.87 of 347

June 1, 2020

Page 2

And because there are potentially records in the BOP's possession related to that particular escape attempt, IFCD believes there may be other records responsive to its request, and that the BOP's search for records was inadequate.

Moreover, even if some records that would have been responsive to this request may have been destroyed pursuant to the BOP Retention and Information Disposition Schedule (RIDS), it seems likely that some records responsive to this request would have been needed for investigative purposes or legal evidence more recently, and would not have been destroyed. This further leads the IFCD to believe that the BOP's search was inadequate.

Sincerely,

s/ F. Italia Patti
Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders

Attachments:
FOIA Request from IFCD
FOIA Denial Letter from BOP

---

# EXHIBIT 13

Ex. 124 pg.89 of 347



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Florence Patti                                                July 1, 2020
Indiana Federal
  Community Defenders
Suite 3200
111 Monument Circle                    Re:    Appeal No. A-2020-01100
Indianapolis, IN  46204                         Request No. 2020-02563
                                                        MWH:EMY

italia_patti@fd.org

**VIA: Email**

Dear Florence Patti:

        You appealed from the action of the Federal Bureau of Prisons (BOP) on your Freedom of Information Act request for access to records concerning any attempted and or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003. I note that your appeal concerns the adequacy of BOP's search for records responsive to your request.

        After carefully considering your appeal, I am affirming BOP's action on your request. BOP informed you that it could locate no responsive records subject to the FOIA in its files.  I have determined that BOP's action was correct and that it conducted an adequate, reasonable search for such records.

        I note that on appeal you seek various additional records that you did not originally request.  You may not on appeal expand the scope of your initial request, which was limited to records concerning any attempted and or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003.  Accordingly, to the extent that you now seek records concerning BOP's record retention and information disposition schedules, you may wish to submit a new FOIA request directly to BOP.

        Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of BOP in response to your request.

        If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5U.S.C. 552(a)(4)(B).

Ex. 124 pg.90 of 347

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X _____

Matthew Hurd
Acting Chief, Administrative Appeals Staff

Ex. 124 pg.91 of 347

# EXHIBIT 14



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*

*441 G Street, NW*

*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Florence Patti                                                    July 1, 2020
Indiana Federal
  Community Defenders
Suite 3200
111 Monument Circle                           Re:   Appeal No. A-2020-01101
Indianapolis, IN  46204                                Request No. 2020-02562
                                                                      MWH:EMY

italia_patti@fd.org

**VIA: Email**

Dear Florence Patti:

You appealed from the action of the Federal Bureau of Prisons (BOP) on your Freedom of Information Act request for access to records concerning "any and all attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007." I note that your appeal concerns the adequacy of BOP's search for records responsive to your request.

After carefully considering your appeal, I am affirming BOP's action on your request. BOP informed you that it could locate no responsive records subject to the FOIA in its files. I have determined that BOP's action was correct and that it conducted an adequate, reasonable search for such records.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of BOP in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5U.S.C. 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

College Park, Maryland20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X _____

Matthew Hurd
Acting Chief, Administrative Appeals Staff

Ex. 124 pg.94 of 347

# EXHIBIT 15



**Indiana Federal Community Defenders**

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997
*Sent by U.S. Mail and fax*

February 24, 2020

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

1

Ex. 124 pg.96 of 347

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

Monica Foster, Executive Director
Indiana Federal Community Defenders

2

# EXHIBIT 16



**Indiana Federal Community Defenders**

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997
*Sent by U.S. Mail and fax*

February 24, 2020

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any and all attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

1

Ex. 124 pg.99 of 347

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

Monica Foster, Executive Director
Indiana Federal Community Defenders

2

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 101 of 347
Page ID #:18599
Case 1:22-cv-00994   Document 1-17   Filed 04/11/22   Page 1 of 5

# EXHIBIT 17



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 27, 2020

MS. ITALIA PATTI
INDIANA FEDERAL COMMUNITY DEFENDERS
SUITE 3200
111 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

Request No.: 1461178-000
Subject: Attempted or Completed Escape
from MDC Los Angeles
(March 7, 2003)

Dear Ms. Patti:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Based on the information you provided, we conducted a search of the places reasonably expected to have records. However, we were unable to identify records responsive to your request. Therefore, your request is being closed. If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search.

Please see the paragraphs below for relevant information that may be specific to your request. If one or more of the below boxes are checked, the information in the corresponding paragraph applies to your request. If one or more of the below boxes are not checked, the corresponding paragraph does not apply to your request. Please note, if all of the below boxes are unchecked, none of the corresponding paragraphs apply to your request.

☐ Please be advised that your request was reopened based on the additional information you provided. A new search was conducted, and we were unable to identify responsive records.

☐ Records potentially responsive to your request were destroyed. Since this material could not be reviewed, it is not known if it was responsive to your request. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10. Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐ Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA). If you wish to review these records, file a FOIPA request with NARA at the following address:

National Archives and Records Administration
Special Access and FOIA
8601 Adelphi Road, Room 5500
College Park, MD 20740-6001

☐ Potentially responsive records were identified during the search. However, we were advised that they were not in their expected locations. An additional search for the missing records also met with unsuccessful results. Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐ The portion of your request concerning an FBI identification record – commonly referred to as a criminal history record or "rap sheet" – has been forwarded to the Criminal Justice Information Services (CJIS) Division for processing. For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☐ Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

Ex. 124 pg.102 of 347

☐    Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS). Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

☐    Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR). In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

> National Archives and Records Administration
> ATTN: Archival Programs
> P.O. Box 38757
> St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.    Part 1 of the Addendum includes standard responses that apply to all requests.    Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.    Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**    Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].    FBI responses are limited to those records subject to the requirements of the FOIPA.    Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.    To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].    The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].    This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**    The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].    This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**    The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].    This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**    The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**    The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.    A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.    The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.    Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.    For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**    Founded in 1908, the FBI carries out a dual law enforcement and national security mission.    As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**    The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.    These criminal history records are not the same as material in an investigative "FBI file."    An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.    For a fee, individuals can request a copy of their Identity History Summary Check.    Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.    Additionally, requests can be submitted electronically at www.edo.cjis.gov.    For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**    The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.    Please be advised that this is a service provided to other federal agencies.    Private Citizens cannot request a name check.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 106 of 347
Page ID #:18604
Case 1:22-cv-00994   Document 1-18   Filed 04/11/22   Page 1 of 5

# EXHIBIT 18



**U.S. Department of Justice**

_____

**Federal Bureau of Investigation**
_Washington, D.C. 20535_

March 3, 2020

MS. ITALIA PATTI
INDIANA FEDERAL COMMUNITY DEFENDERS
SUITE 3200
111 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

Request No.: 1461513-000
Subject: Attempted or Completed Escapes
from MDC Los Angeles
(January 1, 2001 to December 31, 2007)

Dear Ms. Patti:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.   Based on the information you provided, we conducted a search of the places reasonably expected to have records.  However, we were unable to identify records responsive to your request.   Therefore, your request is being closed.   If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search.

Please see the paragraphs below for relevant information that may be specific to your request.  Only checked boxes contain corresponding paragraphs relevant to your request.   If no boxes are checked, the corresponding information does not apply.

☐    Please be advised that your request was reopened based on the additional information you provided.   A new search was conducted, and we were unable to identify responsive records.

☐    Records potentially responsive to your request were destroyed.   Since this material could not be reviewed, it is not known if it was responsive to your request.   Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10.   Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐    Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA).   If you wish to review these records, file a FOIPA request with NARA at the following address:

National Archives and Records Administration
Special Access and FOIA
8601 Adelphi Road, Room 5500
College Park, MD 20740-6001

☐    Potentially responsive records were identified during the search.   However, we were advised that they were not in their expected locations.   An additional search for the missing records also met with unsuccessful results.   Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐    The portion of your request concerning an FBI identification record – commonly referred to as a criminal history record or "rap sheet" – has been forwarded to the Criminal Justice Information Services (CJIS) Division for processing.   For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☐    Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

☐ Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS). Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

☐ Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR). In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

> National Archives and Records Administration
> ATTN: Archival Programs
> P.O. Box 38757
> St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)      **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)     **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 111 of 347
Page ID #:18609
Case 1:22-cv-00994   Document 1-19   Filed 04/11/22   Page 1 of 3

# EXHIBIT 19

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 112 of 347
Page ID #:18610
Case 1:22-cv-00994   Document 1-19   Filed 04/11/22   Page 2 of 3

**Italia Patti**

| | |
|---|---|
| **From:** | Italia Patti |
| **Sent:** | Tuesday, April 28, 2020 10:41 AM |
| **To:** | 'foipaquestions@fbi.gov' |
| **Subject:** | RE: Follow-up re Request Nos. 1461513-000 and 1461178-000 |

Dear FOIA Officer,

I hope you are well!

As I have not received a response to the below email that I sent on March 27 following up about two FOIA requests, I just wanted to check in and see if there is any information you can provide? And, as I said in the March 27 email, I would be more than happy to continue to suggest search terms and strategies, if that would be helpful.

Thanks very much for your assistance! I hope you are staying well.

Sincerely,
Italia Patti

**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti
**Sent:** Friday, March 27, 2020 6:08 PM
**To:** 'foipaquestions@fbi.gov' <foipaquestions@fbi.gov>
**Subject:** Follow-up re Request Nos. 1461513-000 and 1461178-000

Dear FOIA Officer,

I hope you are well! I am writing to follow up about two letters I received from David Hardy regarding two FOIA requests submitted by the Indiana Federal Community Defenders.

In a letter dated March 3, 2020, Mr. Hardy told me you were unable to identify records responsive to Request No. 1461513-000, and in a letter dated February 27, 2020, Mr. Hardy told me you were unable to identify records responsive to Request No. 1461178-000. I am writing to follow up with you about those two requests, because I have reason to believe that records responsive to both of these FOIA requests do exist.

As to Request No. 1461178-000 (seeking records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003), I am aware that an escape attempt was reported or discovered on March 7, 2003. I believe that this escape attempt was investigated under your File # 90C-LA-233614. Could you provide me with additional information as to where you searched for records and what search terms you used? I'd specifically like to know what indexes you searched and the exact search terms you used. In addition to providing me with information about how you conduced the search, could you also, if you have not already done so, conduct a search that includes searching for records relating to File # 90C-LA-233614?

As to Request No. 1461513-000 (seeking records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007), because I am aware that an escape attempt was reported or discovered on March 7, 2003, I believe that your search for records pertaining to escapes between 2001 and 2007 may have missed records that do in fact exist. Could you provide me with additional

1

Ex. 124 pg.112 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 113 of 347
Page ID #:18611
Case 1:22-cv-00994   Document 1-19   Filed 04/11/22   Page 3 of 3

information as to where you searched for records and what search terms you used? I'd specifically like to know what indexes you searched and the exact search terms you used.

I really appreciate your assistance. I would be more than happy to continue to follow up with you to suggest additional search terms and strategies, if that would be useful. Again, thanks so much.


Sincerely,
Italia Patti


**Italia Patti**
Assistant Federal Defender
Indiana Federal Community Defenders
§ 2255 Capital Habeas Unit
317 383 3520

pronouns: she/her/hers

Ex. 124 pg.113 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 114 of 347
Page ID #:18612
Case 1:22-cv-00994   Document 1-20   Filed 04/11/22   Page 1 of 3

# EXHIBIT 20

Ex. 124 pg.114 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 115 of 347
Page ID #:18613
Case 1:22-cv-00994   Document 1-20   Filed 04/11/22   Page 2 of 3



**Indiana Federal Community Defenders**

May 18, 2020

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G St. NW, 6th Floor
Washington, DC 20530
*Submitted through OIP FOIA STAR portal*

Dear Director Talebian:

This is an appeal of the denial of a FOIA request submitted to the FBI by the
Indiana Federal Community Defenders (IFCD), Request No. 1461178-000.

Request No. 1461178-000 seeks records pertaining to any attempted or completed
escape(s) from MDC Los Angeles reported or discovered on March 7, 2003. In a letter
dated February 27, 2020, Section Chief David Hardy indicated that the FBI was
unable to identify records responsive to this request. However, IFCD is aware that
an escape attempt was reported or discovered on March 7, 2003, and investigated
under FBI File # 90C-LA-233614. Consequently, IFCD believes there are records
responsive to Request No. 1461178-000 and that this request was wrongly denied.

On March 27, 2020, I sent an email to foipaquestions@fbi.gov explaining that I was
aware that an escape attempt was reported or discovered on March 7, 2003, and
investigated under FBI File # 90C-LA-233614; asking for information about how the
FBI conducted its search; and requesting that the FBI conduct a search that includes
searching for records relating to File # 90C-LA-233614. I also indicated that I would
be happy to suggest additional search terms and strategies to help the FBI locate

Ex. 124 pg.115 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 116 of 347
Page ID #:18614
Case 1:22-cv-00994   Document 1-20   Filed 04/11/22   Page 3 of 3

May 18, 2020
Page 2 of 2

responsive records. On April 28, 2020, I sent a follow up email to foipaquestions@fbi.gov. I have not received a response to either email.

Sincerely,

s/ F. Italia Patti
Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders

Attachments:
FOIA Request from IFCD
February 27 Letter from Section Chief David Hardy
Emails from Italia Patti to foipaquestions@fbi.gov

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Ex. 124 pg.116 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 117 of 347
Page ID #:18615
Case 1:22-cv-00994   Document 1-21   Filed 04/11/22   Page 1 of 3

# EXHIBIT 21

Ex. 124 pg.117 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 118 of 347
Page ID #:18616
Case 1:22-cv-00994    Document 1-21    Filed 04/11/22    Page 2 of 3



Indiana Federal Community Defenders

May 18, 2020

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G St. NW, 6th Floor
Washington, DC 20530
*Submitted through OIP FOIA STAR portal*

Dear Director Talebian:

This is an appeal of the denial of a FOIA request submitted to the FBI by the
Indiana Federal Community Defenders (IFCD), Request No. 1461513-000.

Request No. 1461513-000 seeks records pertaining to any attempted or completed
escape(s) from MDC Los Angeles reported or discovered between January 1, 2001
and December 31, 2007. In a letter dated March 3, 2020, Section Chief David Hardy
indicated that the FBI was unable to identify records responsive to this request.
However, IFCD is aware that an escape attempt was reported or discovered on
March 7, 2003 (i.e. during the relevant time-period) and investigated under FBI File
# 90C-LA-233614. Consequently, IFCD believes there are records responsive to
Request No. 1461513-000 and that this request was wrongly denied.

On March 27, 2020, I sent an email to foipaquestions@fbi.gov explaining that I was
aware that an escape attempt was reported or discovered on March 7, 2003, and
investigated under FBI File # 90C-LA-233614, which suggests that records
pertaining to attempted and/or completed escapes between January 1, 2001 and
December 31, 2007 do exist. I asked for information about how the FBI conducted its
search. I also indicated that I would be happy to suggest additional search terms and

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 119 of 347
Page ID #:18617
Case 1:22-cv-00994   Document 1-21   Filed 04/11/22   Page 3 of 3

May 18, 2020
Page 2 of 2

strategies to help the FBI locate responsive records. On April 28, 2020, I sent a follow up email to foipaquestions@fbi.gov. I have not received a response to either email.

Sincerely,

s/ F. Italia Patti
Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders

Attachments:
FOIA Request from IFCD
March 3 Letter from Section Chief David Hardy
Emails from Italia Patti to foipaquestions@fbi.gov

Ex. 124 pg.119 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 120 of 347
Page ID #:18618
Case 1:22-cv-00994   Document 1-22   Filed 04/11/22   Page 1 of 2

# EXHIBIT 22

Ex. 124 pg.120 of 347



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

_____

*Telephone: (202) 514-3642*

May 20, 2020

Florence Patti
Ste 3200
111 Monument Circle
Indianapolis, IN  46204
United States
italia_patti@fd.org

Dear Florence Patti:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. 1461178-000 on 05/18/2020.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2020-01031 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

Ex. 124 pg.121 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 122 of 347
Page ID #:18620
Case 1:22-cv-00994   Document 1-23   Filed 04/11/22   Page 1 of 2

# EXHIBIT 23



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

---

*Telephone: (202) 514-3642*

May 20, 2020

Florence Patti
Ste 3200
111 Monument Circle
Indianapolis, IN  46204
United States
italia_patti@fd.org

Dear Florence Patti:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. 1461513-000 on 05/18/2020.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2020-01032 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 124 of 347
Page ID #:18622
Case 1:22-cv-00994   Document 1-24   Filed 04/11/22   Page 1 of 5

# EXHIBIT 24

**U.S. Department of Justice**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 25, 2020

MS. ITALIA PATTI
INDIANA FEDERAL COMMUNITY DEFENDERS
SUITE 3200
111 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

FOIPA Request No.: 1461178-001
Subject: Attempted or Completed Escape from MDC
Los Angeles
(March 7, 2003)

Dear Ms. Patti:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records responsive to your request. The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A). 5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings. Therefore, your request is being administratively closed. For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Acting Section Chief,
Record/Information
 Dissemination Section
Information Management Division

Enclosure(s)

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)     **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)     **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)     **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 129 of 347
Page ID #:18627
Case 1:22-cv-00994   Document 1-25   Filed 04/11/22   Page 1 of 3

# EXHIBIT 25

Ex. 124 pg.129 of 347



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

---

*Telephone: (202) 514-3642*

Florence Patti
Suite 3200
111 Monument Circle
Indianapolis, IN  46204
italia_patti@fd.org

August 18, 2020

Re:   Appeal No. A-2020-01031
      Request No. 1461178-000
      MWH:EMY

**VIA: Email**

Dear Florence Patti:

        You appealed from the action of the Federal Bureau of Investigation on your Freedom of
Information Act request for access to records concerning an attempted or completed escape
from MDC Los Angeles on March 7, 2003. I note that your appeal concerns the adequacy of the
FBI's search.

        After carefully considering your appeal, I am affirming the FBI's action on your
request. The FBI informed you that it could locate no responsive records subject to the FOIA in
its files.  I have determined that the FBI's action was correct and that it conducted an adequate,
reasonable search for such records.  Please be advised that FBI personnel conducted another
search considering the additional information you provided to the FBI and issued its response
under Request No. 1461178-001.

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of the FBI in response to your
request.

        If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C.  552(a)(4)(B).

        For your information, the Office of Government Information Services (OGIS) offers
mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-
exclusive alternative to litigation. Using OGIS services does not affect your right to pursue
litigation. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,
College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll
free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the

action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X_____
Matthew Hurd,
Acting Chief, Administrative Appeals Staff

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 132 of 347
Page ID #:18630
Case 1:22-cv-00994   Document 1-26   Filed 04/11/22   Page 1 of 7

# EXHIBIT 26

Ex. 124 pg.132 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 133 of 347
Page ID #:18631
Case 1:22-cv-00994   Document 1-26   Filed 04/11/22   Page 2 of 7



Indiana Federal Community Defenders

September 9, 2020

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G St. NW, 6th Floor
Washington, DC 20530
*Submitted through OIP FOIA STAR portal*

Dear Director Talebian:

This is an appeal of the denial of a FOIA request submitted to the FBI by the Indiana Federal Community Defenders (IFCD), Request No. 1461178-001.

As explained in more detail below, IFCD requested records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003. On June 25, 2020, the FBI denied IFCD's request on the ground that these records are "located in an investigative file which is exempt from disclosure . . . but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings. . . ." 06/25/2020 Denial Letter (second and third alterations in original) (quoting 5 U.S.C. § 552(b)(7)(A)).

The FBI wrongfully withheld the requested records. As a threshold matter, the FBI provided no factual support for its assertion that producing the requested records would interfere with law enforcement proceedings. *See Citizens for Responsibility and Ethics in Washington (CREW) v. DOJ*, 746 F.3d 1082, 1088 (D.C. Cir. 2014). Additionally, Exemption 7(A) covers only records that would interfere with "future" law enforcement proceedings. *Juarez v. DOJ*, 518 F.3d 54, 59 (D.C. Cir. 2008). The statute of limitations for prosecuting a 2003 escape attempt has long since expired. *See* 18 U.S.C. § 3282(a). Therefore, Exemption 7(A) is inapplicable.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 134 of 347
Page ID #:18632
Case 1:22-cv-00994   Document 1-26   Filed 04/11/22   Page 3 of 7

September 9, 2020
Page 2

## I. Background Information and Request for Your Office to Revisit August 18, 2020 Appeal Determination

### A. Background

On February 24, 2020, IFCD submitted a FOIA request for records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003. This request was assigned number 1461178-000. On February 27, 2020, the FBI denied the request, stating that it was unable to locate responsive records. On March 27, 2020, on behalf of IFCD, I sent an email to foipaquestions@fbi.gov explaining that I was aware that an escape attempt was reported or discovered on March 7, 2003, and investigated under FBI File # 90C-LA-233614; asking for information about how the FBI conducted its search; and requesting that the FBI conduct a search that included searching for records relating to File # 90C-LA-233614. I also indicated that I would be happy to suggest additional search terms and strategies to help the FBI locate responsive records. On April 28, 2020, I sent a follow up email to foipaquestions@fbi.gov.

On May 18, 2020, having received no response to those emails, IFCD submitted a FOIA appeal to your office, explaining that the FBI had not conducted an adequate search because it failed to locate responsive records even though IFCD was aware that an attempted escape from MDC Los Angeles had been reported or discovered on March 7, 2003. The appeal was assigned Appeal No. A-2020-01031. A few days later, on May 21, 2020, I received an email from the FBI stating that the FBI received the additional correspondence (i.e. the March and April emails) and forwarded it to the assigned analyst for review and determination.

On June 25, 2020, IFCD received a second denial letter from the FBI. This denial letter referred to Request No. 1461178-001, with the subject "Attempted or Completed Escapes from MDC Los Angeles (March 7, 2003)." The June 25, 2020, denial letter said that the material IFCD requested "is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A)."

On August 18, 2020, your office affirmed the earlier, February 27, 2020, denial of IFCD's FOIA request, determining that the FBI conducted an adequate and reasonable search.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 135 of 347
Page ID #:18633
Case 1:22-cv-00994   Document 1-26   Filed 04/11/22   Page 4 of 7

### B. Request for Your Office to Revisit August 18 Appeal Determination

This background information raises two related points. First, the FBI appears to have construed my follow-up emails as a separate, though related, FOIA request. I want to be clear that, whether the FBI classified them as one request or multiple requests, the emails sent on behalf of IFCD sought the same information as IFCD's initial request: records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003. The purpose of the emails was simply to provide additional detail, with the hope of assisting the FBI in its search for responsive records. Apparently, the emails did assist the FBI in locating records, because in the June 25, 2020, denial letter, the FBI acknowledged that records (which the FBI could not find in February 2020) do exist.

This leads to the second point: the FBI's June 25, 2020, denial letter acknowledging that responsive records exist undermines the FBI's February 27, 2020, statement that it was unable to locate responsive records. In turn, this statement also undermines your office's August 18, 2020, determination that, in February, the FBI "conducted an adequate, reasonable search for such records." 08/18/2020 Appeal Denial Letter. Given that the FBI subsequently acknowledged that responsive records exist, the FBI cannot have conducted an adequate, reasonable search in the three days between receiving IFCD's request, on February 24, and stating that it could not find records responsive to IFCD's request, on February 27.

Because the June 25, 2020, denial letter, on its face, establishes that the February 27, 2020, denial stemmed from an inadequate search, IFCD again asks that your office instruct the FBI to conduct an adequate search for records responsive to IFCD's request.

### II. The FBI's June 25, 2020 Denial is Baseless

Turning to the immediate subject of this appeal, the FBI has offered a baseless justification for denying IFCD records that, the FBI now acknowledges, it has in its possession. The FBI's June 25, 2020 denial letter says, "[t]he material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A)." 06/25/2020 Denial Letter.

---

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 136 of 347
Page ID #:18634
Case 1:22-cv-00994   Document 1-26   Filed 04/11/22   Page 5 of 7

Exemption (7)(A) shields records "compiled for law enforcement purposes" but "*only to the extent that* the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings . . . ." § 552(b)(7)(A) (emphasis added).

Two legal principles are particularly important here: First, as the "agenc[y] resisting public disclosure" the FBI has "'the burden of proving the applicability of an exemption.'" *Gordon v. FBI*, 388 F. Supp. 2d 1028, 1034 (N.D. Cal. 2005) (quoting *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996)); *see also CREW*, 746 F.3d at 1088. Second, FOIA exemptions "must be 'narrowly construed.'" *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011) (quoting *FBI v. Abramson*, 456 U.S. 615, 630 (1982)).[1]

The FBI cannot meet its burden to establish that it is entitled to withhold the requested records under Exemption 7(A). First of all, the FBI has done nothing to lay any factual foundation to support its assertion that disclosure of the requested records would interfere with any law enforcement proceeding. *See CREW*, 746 F.3d at 1088 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)) (agency may carry it burden to show records are exempt from disclosure "by submitting affidavits that 'describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"); *see also id.* at 1098 (quoting *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1114 (D.C. Cir. 2007)) (to categorically withhold

---

[1] In light of these principles, it is noteworthy that the June 25, 2020, denial letter appears to suggest that the records being located in an investigative file is, standing alone, a reason to deny the request. This suggestion defies logic—and the law. Presumably the majority of records in possession of the Federal Bureau of Investigation are located within "investigative" files. Yet the FBI is an entity subject to FOIA, and to FOIA's requirement that exemptions be construed narrowly. *See, e.g.*, *Abramson*, 456 U.S. at 632; *Gordon*, 388 F. Supp. 2d at 1034. The fact that the FBI keeps records in investigative files, not as piles of loose paper, does not exempt FBI records from disclosure. FBI records are presumed to be public records, and FBI law enforcement records are exempt from disclosure under (7)(A) "only to the extent" that disclosing them would "interfere" with future law enforcement proceedings. § 552(b)(7)(A); *see CREW*, 746 F.3d at 1097.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 137 of 347
Page ID #:18635
Case 1:22-cv-00994    Document 1-26    Filed 04/11/22    Page 6 of 7

September 9, 2020
Page 5

documents under 7(A), "it is not sufficient for the agency to simply assert that disclosure will interfere with enforcement proceedings; 'it must rather demonstrate *how* disclosure' will do so.").

Second, disclosing the requested records actually would not interfere with law enforcement proceedings because the statute of limitations has long since run. To properly invoke Exemption 7(A), the FBI must "'show that the material withheld "relates to a concrete *prospective* law enforcement proceeding."'" *CREW*, 746 F.3d at 1097 (emphasis added) (quoting *Juarez*, 518 F.3d at 58); *see also Juarez*, 518 F.3d at 59 ("[S]o long as the investigation continues to gather evidence for a possible future criminal case, and that case would be jeopardized by the premature release of that evidence, Exemption 7(A) applies."). The statute of limitations for escape or attempted escape is five years. *See* 18 U.S.C. § 3282(a). It has been well over five years since March 7, 2003. Because the statute of limitations has expired, the FBI cannot point to a "prospective" law enforcement proceeding that disclosure would interfere with. *CREW*, 746 F.3d at 1097.

Finally, FOIA requires that, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." § 552(b); *see also Union Leader Corp. v. U.S. Dep't of Homeland Sec.*, 749 F.3d 45, 50 (1st Cir. 2014) (quoting *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991)) (agency has burden to establish that a specific exemption justifies redactions). Accordingly, even if the FBI could somehow satisfy its burden to establish that disclosing some responsive records would interfere with law enforcement proceedings, the portions of the records that can be disclosed without interfering with law enforcement proceedings must be disclosed. Again, for the reasons discussed above, the FBI cannot satisfy its burden to establish that disclosing any portion of the responsive records would interfere with law enforcement proceedings. However, if the FBI can establish that some portions of the responsive records are exempt, at the absolute minimum, the FBI must disclose the portions of responsive records that would not interfere with law enforcement proceedings, including partial records or redacted records.

Therefore, because Exemption 7(A) is inapplicable, your office should instruct the FBI to disclose the request records.

---

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 138 of 347
Page ID #:18636
Case 1:22-cv-00994   Document 1-26   Filed 04/11/22   Page 7 of 7

September 9, 2020
Page 6

Sincerely,

s/ F. Italia Patti
Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders

Attachments:
February 24, 2020 IFCD FOIA Request to FBI
February 27, 2020 FBI Denial Letter
June 25, 2020 FBI Denial Letter
August 18, 2020 OIP Appeal Denial Letter
Emails between Italia Patti and foipaquestions@fbi.gov

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Ex. 124 pg.138 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 139 of 347
Page ID #:18637
Case 1:22-cv-00994   Document 1-27   Filed 04/11/22   Page 1 of 3

# EXHIBIT 27

Ex. 124 pg.139 of 347



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

_____

*Telephone: (202) 514-3642*

October 13, 2020

Florence Patti
111 Monument Circle Ste. 3200          Re:   Appeal No. A-2020-01917
Indianapolis, IN  46204                      Request No. 1461178-001
italia_patti@fd.org                          DRC:EMY

**VIA: Email**
Dear Florence Patti:

    You appealed from the action of the FBI on your Freedom of Information Act request for access to all records concerning any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003.  I note that your appeal concerns both the adequacy of the FBI's search and the (b)(7)(A) withholding made by the FBI.

    After carefully considering your appeal, I am affirming the FBI's action on your request.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C.  552(b)(7)(A) and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision.  This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

    As to your appeal concerning the adequacy of the FBI's search for responsive records subject to the FOIA, please be advised that by letter dated August 18, 2020, this Office determined that the FBI conducted an adequate, reasonable search for such records.

    Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

    If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C.  552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X_____

Daniel Castellano,
Acting Associate Chief, for Matthew Hurd, Acting
Chief, Administrative Appeals Staff

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 142 of 347
Page ID #:18640
Case 1:22-cv-00994   Document 1-28   Filed 04/11/22   Page 1 of 3

# EXHIBIT 28

Ex. 124 pg.142 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 143 of 347
Page ID #:18641
Case 1:22-cv-00994   Document 1-28   Filed 04/11/22   Page 2 of 3



Charlotte M. Luckstone
FOIA Officer
U.S. Marshals Service
Office of General Counsel
CG-3 15th Floor
Washington, DC 20530-0001
Email: usms.foia@usdoj.gov
*Sent by email*

April 28, 2020

Dear Ms. Luckstone:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552.  Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any attempted and/or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 144 of 347
Page ID #:18642
Case 1:22-cv-00994   Document 1-28   Filed 04/11/22   Page 3 of 3

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

s/ Monica Foster

Monica Foster, Executive Director
Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 145 of 347
Page ID #:18643
Case 1:22-cv-00994   Document 1-29   Filed 04/11/22   Page 1 of 3

# EXHIBIT 29

Ex. 124 pg.145 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 146 of 347
Page ID #:18644
Case 1:22-cv-00994    Document 1-29    Filed 04/11/22    Page 2 of 3



Charlotte M. Luckstone
FOIA Officer
U.S. Marshals Service
Office of General Counsel
CG-3 15th Floor
Washington, DC 20530-0001
Email: usms.foia@usdoj.gov
*Sent by email*

April 28, 2020

Dear Ms. Luckstone:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552.  Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any and all attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

---

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 147 of 347
Page ID #:18645
Case 1:22-cv-00994   Document 1-29   Filed 04/11/22   Page 3 of 3

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

s/ Monica Foster

Monica Foster, Executive Director
Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 148 of 347
Page ID #:18646
Case 1:22-cv-00994   Document 1-30   Filed 04/11/22   Page 1 of 3

# EXHIBIT 30

Ex. 124 pg.148 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 149 of 347
Page ID #:18647
Case 1:22-cv-00994   Document 1-30   Filed 04/11/22   Page 2 of 3



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*CG-3, 15th Floor*
*Washington, DC  20530-0001*

April 28, 2020

Italia Patti
111 Monument Circle Suite 3200
Indianapolis, IN 46204

> RE:  Freedom of Information/Privacy Act Request No. 2020USMS35153
> Subject:  All records on escape from MDC Los Angeles on March 7, 2003

Dear Ms. Patti,

The United States Marshals Service (USMS) is in receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request for records on attempted or completed escapes from MDC Los Angeles reported on March 7, 2003.

The USMS adopted a "first in/first out" practice for processing all incoming FOIA/PA requests. Your request was placed in chronological order based on following the date of receipt and will be handled as quickly as possible when assigned for processing.  If you have any questions regarding the status of your request you may contact the Government Information Specialist assigned to your request at the following address:

> United States Marshals Service
> CG-3, 15th Floor
> Washington, DC 20530-001
> Usms.Foia@usdoj.gov

Due to a substantial backlog of requests, it is estimated the processing of your request may be significantly delayed. I regret the necessity of this, but assure you that your request will be processed as soon as possible.

At this time, the USMS is unable to determine the amount of fees to be charged to you (if any).  The filing of your request constitutes your agreement to pay all applicable fees that may be charged under the Department of Justice FOIA/PA regulations in excess of $25.00.  You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 150 of 347
Page ID #:18648
Case 1:22-cv-00994   Document 1-30   Filed 04/11/22   Page 3 of 3

Lastly, you may contact the USMS FOIA Public Liaison at 703-740-3972 or at the address listed above if you would like to discuss any aspect of your FOIA/PA request.

Sincerely,

Charlotte Luckstone
Associate General Counsel
Freedom of Information/Privacy Act Officer
Office of General Counsel

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 151 of 347
Page ID #:18649
Case 1:22-cv-00994   Document 1-31   Filed 04/11/22   Page 1 of 3

# EXHIBIT 31

Ex. 124 pg.151 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 152 of 347
Page ID #:18650
Case 1:22-cv-00994   Document 1-31   Filed 04/11/22   Page 2 of 3



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*CG-3, 15th Floor*
*Washington, DC 20530-0001*

April 28, 2020

Italia Patti
111 Monument Circle Suite 3200
Indianapolis, IN 46204

RE:  Freedom of Information/Privacy Act Request No. 2020USMS35154
Subject:  All records on escapes from MDC Los Angeles from January 1, 2003-December 31, 2007

Dear Ms. Patti,

The United States Marshals Service (USMS) is in receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request for all records on attempted or completed escapes from the MDC Los Angeles. The dates you inquired about are from January 1, 2003-December 31, 2007.

The USMS adopted a "first in/first out" practice for processing all incoming FOIA/PA requests. Your request was placed in chronological order based on following the date of receipt and will be handled as quickly as possible when assigned for processing.  If you have any questions regarding the status of your request you may contact the Government Information Specialist assigned to your request at the following address:

United States Marshals Service
CG-3, 15th Floor
Washington, DC 20530-001
Usms.Foia@usdoj.gov

Due to a substantial backlog of requests, it is estimated the processing of your request may be significantly delayed. I regret the necessity of this, but assure you that your request will be processed as soon as possible.

At this time, the USMS is unable to determine the amount of fees to be charged to you (if any).  The filing of your request constitutes your agreement to pay all applicable fees that may be charged under the Department of Justice FOIA/PA regulations in excess of $25.00.  You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 153 of 347
Page ID #:18651
Case 1:22-cv-00994   Document 1-31   Filed 04/11/22   Page 3 of 3

Lastly, you may contact the USMS FOIA Public Liaison at 703-740-3972 or at the address listed above if you would like to discuss any aspect of your FOIA/PA request.

Sincerely,

Charlotte Luckstone
Associate General Counsel
Freedom of Information/Privacy Act Officer
Office of General Counsel

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 154 of 347
Page ID #:18652
Case 1:22-cv-00994   Document 1-32   Filed 04/11/22   Page 1 of 5

# EXHIBIT 32

Ex. 124 pg.154 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 155 of 347
Page ID #:18653
Case 1:22-cv-00994   Document 1-32   Filed 04/11/22   Page 2 of 5

| | |
|---|---|
| **From:** | Italia Patti |
| **To:** | "USMS FOIA" |
| **Subject:** | RE: Two FOIA requests (attached) |
| **Date:** | Wednesday, July 14, 2021 1:41:00 PM |

Hello,

I hope you are doing well. I am writing to see if the specialist processing these two FOIA requests (2020USMS35153 and 2020USMS35154) can provide me with any update on their status. I would be happy to discuss by phone, if that is easier than email. Please do not hesitate to call me at 317 713 6129.

Thank you very much for your assistance!

Sincerely,
Italia


**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti
**Sent:** Thursday, January 28, 2021 5:14 PM
**To:** 'USMS FOIA' <USMS.FOIA@usdoj.gov>
**Subject:** RE: Two FOIA requests (attached)

Thank you very much. I'd appreciate any information the specialist can provide about when we might be able to expect a response.


**From:** USMS FOIA <USMS.FOIA@usdoj.gov>
**Sent:** Thursday, January 28, 2021 12:18 PM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** RE: Two FOIA requests (attached)

Good Day,

Your inquiry has been forwarded to the specialist processing your request.

Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.

Due to a substantial backlog of requests, it is estimated the processing of your request may be significantly delayed. I regret the necessity of this, but assure you that your request will be processed as soon as possible.

Ex. 124 pg.155 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 156 of 347
Page ID #:18654
Case 1:22-cv-00994   Document 1-32   Filed 04/11/22   Page 3 of 5

Regards,

USMS FOIA ADMIN

NOTICE:  This email (including any attachments) is intended for the use of the individual or entity to which it is addressed.  It may contain information that is privileged, confidential, or otherwise protected by applicable law.  If you are not the intended recipient (or the recipient's agent), you are hereby notified that unauthorized dissemination, distribution, copying, or use of this email or its contents is prohibited and may violate applicable law. If you received this email in error, please notify the sender immediately and destroy all copies.

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Monday, January 25, 2021 3:43 PM
**To:** USMS FOIA <UFOIA@usms.doj.gov>
**Subject:** RE: Two FOIA requests (attached)

Hello,

I hope you are doing well and staying safe. I am writing to check on the status of these two FOIA requests (2020USMS35153 and 2020USMS35154), submitted in April 2020. Both acknowledgement letters mentioned that the processing may be delayed. I was wondering if, at this point, you might be able to provide me with a more specific estimate of when you will be able to respond to these requests? I'd really appreciate any information you can provide.

I would be happy to discuss by phone, if that is easier than email. Please do not hesitate to call me at 317 713 6129.

Thank you very much for your assistance!

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti
**Sent:** Wednesday, June 24, 2020 12:27 PM
**To:** USMS FOIA <USMS.FOIA@usdoj.gov>
**Subject:** RE: Two FOIA requests (attached)

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 157 of 347
Page ID #:18655
Case 1:22-cv-00994   Document 1-32   Filed 04/11/22   Page 4 of 5

Hello,

I hope you are doing well and staying safe. I am writing to check on the status of these two FOIA requests (2020USMS35153 and 2020USMS35154). Both acknowledgement letters mentioned that the processing may be delayed. I was wondering if, at this point, you might be able to provide me with a more specific estimate of when you will be able to respond to these requests? I'd really appreciate any information you can provide.

I would be happy to discuss by phone, if that is easier than email. Please do not hesitate to call me at 317 713 6129.

Thank you very much for your assistance!

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** USMS FOIA <USMS.FOIA@usdoj.gov>
**Sent:** Tuesday, April 28, 2020 12:11 PM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** RE: Two FOIA requests (attached)

Good Afternoon Ms. Patti,

I hope this email finds you safe and in good health. Attached is an acknowledgement letter pertaining to USMS FOIA Request number 2020USMS35153 and 2020USMS35154.

Should you have any questions you can email usms.foia@usdoj.gov.

Thank you,

USMS FOIA Administrative Team

**From:** Italia Patti [mailto:Italia_Patti@fd.org]
**Sent:** Tuesday, April 28, 2020 10:07 AM
**To:** USMS FOIA <UFIOA@usms.doj.gov>
**Subject:** Two FOIA requests (attached)

Dear Ms. Luckstone,

I hope you are well. Attached please find two FOIA requests from the Indiana Federal Community

Ex. 124 pg.157 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 158 of 347
Page ID #:18656
Case 1:22-cv-00994   Document 1-32   Filed 04/11/22   Page 5 of 5

Defenders. Thank you for your assistance.

Sincerely,

Italia Patti


**Italia Patti**
Assistant Federal Defender
Indiana Federal Community Defenders
§ 2255 Capital Habeas Unit
317 383 3520

pronouns: she/her/hers

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 159 of 347
Page ID #:18657
Case 1:22-cv-00994   Document 1-33   Filed 04/11/22   Page 1 of 6

# EXHIBIT 33

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 160 of 347
Page ID #:18658
Case 1:22-cv-00994   Document 1-33   Filed 04/11/22   Page 2 of 6

| | |
|---|---|
| **From:** | Italia Patti |
| **To:** | "Rivera, Elaine (USMS)" |
| **Subject:** | RE: FOIA Request 2021-USMS-362904 |
| **Date:** | Wednesday, April 6, 2022 11:42:00 AM |

Hi Elaine,

The request was not misdirected. IFCD intended to file a FOIA request for records subject to the FOIA.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Rivera, Elaine (USMS) <Elaine.Rivera@usdoj.gov>
**Sent:** Wednesday, April 6, 2022 6:26 AM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** RE: FOIA Request 2021-USMS-362904

Good morning,

When the USMS receives cases that are in litigation, the FOIA Unit does not process them and they are sent to an attorney for assignment to be reviewed and responded to by the attorney. There are many misdirected requests sent to the FOIA Unit which should be sent other avenues to be processed since they do not fall within the guidelines of being a FOIA such as a *Touhy* Request. That is why it's important to know if this information is requested for litigation purposes or not. I hope this explanation helps.

Elaine M. Rivera
Government Information Specialist
Office of General Counsel
United States Marshals Service

NOTICE: This email (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If you are not the intended recipient (or the recipient's agent), you are hereby notified that unauthorized dissemination, distribution, copying, or use of this email or its contents is prohibited and may violate applicable law. If you received this email in error, please notify the sender immediately and destroy all copies.

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Tuesday, April 5, 2022 3:39 PM

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 161 of 347
Page ID #:18659
Case 1:22-cv-00994   Document 1-33   Filed 04/11/22   Page 3 of 6

**To:** Rivera, Elaine (USMS) <ERivera@usms.doj.gov>
**Subject:** [EXTERNAL] RE: FOIA Request 2021-USMS-362904

Hi Elaine,

I'm not sure I understand what you're asking. And can you tell me what authority you (or I suppose the attorney) is relying on for this position?

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

---

**From:** Rivera, Elaine (USMS) <Elaine.Rivera@usdoj.gov>
**Sent:** Tuesday, April 5, 2022 2:15 PM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** RE: FOIA Request 2021-USMS-362904

Good afternoon,

I think she was asking to see if its something that is in litigation.  If it is in litigation, the FOIA unit would not process the request.

Elaine M. Rivera
Government Information Specialist
Office of General Counsel
United States Marshals Service

NOTICE:  This email (including any attachments) is intended for the use of the individual or entity to which it is addressed.  It may contain information that is privileged, confidential, or otherwise protected by applicable law.  If you are not the intended recipient (or the recipient's agent), you are hereby notified that unauthorized dissemination, distribution, copying, or use of this email or its contents is prohibited and may violate applicable law. If you received this email in error, please notify the sender immediately and destroy all copies.

---

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Tuesday, April 5, 2022 12:50 PM
**To:** Rivera, Elaine (USMS) <ERivera@usms.doj.gov>
**Subject:** [EXTERNAL] RE: FOIA Request 2021-USMS-362904

Hi Elaine,

Thanks again for reaching out about this. In response to your questions:

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 162 of 347
Page ID #:18660
Case 1:22-cv-00994   Document 1-33   Filed 04/11/22   Page 4 of 6

1. IFCD is seeking records between the dates of January 1, 2001 and December 31, 2007—i.e. the dates you asked about are the correct dates. Even if you think there is a possibility that records from that timeframe may have been destroyed, please search to see if you do have any records related to attempted and/or completed escapes from MDC Los Angeles reported or discovered between January 1, 2001 and December 31, 2007.

2. The purpose behind the request is not relevant. To the extent that the records IFCD has requested are public records, not shielded from disclosure by any of the narrowly constructed FOIA exemptions, IFCD is entitled to receive these records in response to a FOIA request. Of course, whether there is a public interest in the information contained in the records could be relevant to balancing personal privacy interests against the public interest in disclosure under some FOIA exemptions. Certainly there is a public interest in information about safety and security at a federal jail and how investigations into escapes or escape attempts are conducted.

Please let me know if you have any additional questions.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Rivera, Elaine (USMS) <Elaine.Rivera@usdoj.gov>
**Sent:** Monday, April 4, 2022 11:21 AM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** RE: FOIA Request 2021-USMS-362904

Good morning,

I have just heard back from my attorney and she is wondering "the purpose behind the request (so we can make sure FOIA is correct avenue for it)". Should you have any questions, please feel free to email me.

Thank you,

Elaine M. Rivera
Government Information Specialist
Office of General Counsel
United States Marshals Service

NOTICE:  This email (including any attachments) is intended for the use of the individual or entity to which it is addressed.  It may contain information that is privileged, confidential, or otherwise protected by applicable law.  If you are not the intended recipient (or the recipient's agent), you are hereby notified that unauthorized

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 163 of 347
Page ID #:18661
Case 1:22-cv-00994   Document 1-33   Filed 04/11/22   Page 5 of 6

dissemination, distribution, copying, or use of this email or its contents is prohibited and may violate applicable law. If you received this email in error, please notify the sender immediately and destroy all copies.

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Monday, April 4, 2022 10:55 AM
**To:** Rivera, Elaine (USMS) <ERivera@usms.doj.gov>
**Subject:** [EXTERNAL] RE: FOIA Request 2021-USMS-362904

Good morning Elaine,

I hope you're well. I would be happy to respond to specific questions by email or set up a time to speak by phone. Please let me know which would be more convenient for you.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Elaine.Rivera@usdoj.gov <Elaine.Rivera@usdoj.gov>
**Sent:** Monday, April 4, 2022 10:47 AM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** FOIA Request 2021-USMS-362904

EXTERNAL SENDER

Good morning,

Attached is your original request submitted.  USMS has questions regarding the dates you requested documents on.  Please contact me regarding the attached FOIA request so that we know how to move forward with your request.  If you are no longer interested, a response is not necessary.  We will administratively close this request if we do not hear from you within 30 days.

Thank you,

Elaine Rivera

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 164 of 347
Page ID #:18662
Case 1:22-cv-00994    Document 1-33    Filed 04/11/22    Page 6 of 6

| From: | Rivera, Elaine (USMS) |
| To: | Italia Patti |
| Subject: | RE: FOIA Request 2021-USMS-362904 |
| Date: | Monday, April 4, 2022 11:06:03 AM |

Good morning,

I wanted to confirm that you were searching for records between the dates of "January 1, 2001 and December 31, 2007". It is not typical for agencies to have records dating that far back since we destroy most records after 7 years so I wanted to confirm. Please let me know if these are your dates and I will do all I can to provide you the records you are seeking.

Elaine M. Rivera
Government Information Specialist
Office of General Counsel
United States Marshals Service

NOTICE: This email (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If you are not the intended recipient (or the recipient's agent), you are hereby notified that unauthorized dissemination, distribution, copying, or use of this email or its contents is prohibited and may violate applicable law. If you received this email in error, please notify the sender immediately and destroy all copies.

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Monday, April 4, 2022 10:55 AM
**To:** Rivera, Elaine (USMS) <ERivera@usms.doj.gov>
**Subject:** [EXTERNAL] RE: FOIA Request 2021-USMS-362904

Good morning Elaine,

I hope you're well. I would be happy to respond to specific questions by email or set up a time to speak by phone. Please let me know which would be more convenient for you.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Elaine.Rivera@usdoj.gov <Elaine.Rivera@usdoj.gov>
**Sent:** Monday, April 4, 2022 10:47 AM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** FOIA Request 2021-USMS-362904

EXTERNAL SENDER

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 165 of 347
Page ID #:18663
Case 1:22-cv-00994   Document 1-34   Filed 04/11/22   Page 1 of 3

# EXHIBIT 34

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 166 of 347
Page ID #:18664
Case 1:22-cv-00994   Document 1-34   Filed 04/11/22   Page 2 of 3

1



Deborah M. Waller

Supervisory Government Information Specialist

Office of the Inspector General, Office of General Counsel

950 Pennsylvania Ave., NW, Room 4726

Washington, DC 20530

oigfoia@usdoj.gov

*Sent by email*

October 21, 2020

Dear Ms. Waller:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of any and all records maintained by your agency that are:

(1) from any date, and are records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003;

(2) dated from 2002-2003, and are records pertaining to trafficking contraband (including but not limited to illegal drugs) at MDC Los Angeles; and

(3) dated from 2002-2003, and are records pertaining to investigations into MDC Los Angeles staff members for trafficking contraband (including but not limited to illegal drugs) at MDC Los Angeles.

IFCD believes that your office would have such records in your possession because on April 11, 2003, U.S. Department of Justice Office of Inspector General Special Agent Paul J. Leonard was present for an interview of a witness that discussed trafficking contraband at MDC LA. The interview may have been precipitated by the March 7, 2003, discovery of an escape attempt. Agent Leonard was present for this interview along with an FBI Special Agent and a BOP Special Investigative Agent. The FBI 302 memorializing this interview refers to File # 58A-LA-233773 and 90C-LA-233614.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 167 of 347
Page ID #:18665
Case 1:22-cv-00994   Document 1-34   Filed 04/11/22   Page 3 of 3

2

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the IFCD to the attention of Assistant Federal Defender Italia Patti, at the following address or email address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
italia_patti@fd.org

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia_patti@fd.org.

Sincerely,

s/ Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 168 of 347
Page ID #:18666
Case 1:22-cv-00994   Document 1-35   Filed 04/11/22   Page 1 of 2

# EXHIBIT 35

Ex. 124 pg.168 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 169 of 347
Page ID #:18667
Case 1:22-cv-00994   Document 1-35   Filed 04/11/22   Page 2 of 2

October 23, 2020

Italia Patti
Italia_Patti@fd.org

Subject:       Freedom of Information/Privacy Act Request [21-OIG-014]

Dear Ms. Patti:

Your request for information relating to the above-cited subject was received in this office on October 21, 2020.

Your request will be handled under the provisions of the Freedom of Information Act (5 U.S.C. §552) and the Privacy Act (5 U.S.C. §552a).  It has been assigned the following control number: 21-OIG-014.  Please cite this number in any further inquiry about this request.

I must advise you that fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy.  The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees.  Most requests do not require any fees; however, if fees are required we will notify you beforehand.

We will answer your request as quickly as possible.  If you have further questions, please address your inquiry to U.S. Department of Justice, Office of the Inspector General, 950 Pennsylvania Avenue, N.W., Suite 4726, Washington, D.C. 20530 or to check the status of your request contact us at (202) 616-0646.

Sincerely,

*Kim Kochurka*

Government Information Specialist
Office of the General Counsel

Ex. 124 pg.169 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 170 of 347
Page ID #:18668
Case 1:22-cv-00994   Document 1-36   Filed 04/11/22   Page 1 of 2

# EXHIBIT 36

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 171 of 347
Page ID #:18669
Case 1:22-cv-00994   Document 1-36   Filed 04/11/22   Page 2 of 2

| | |
|---|---|
| **From:** | OIGFOIA (OIG) |
| **To:** | Italia Patti |
| **Subject:** | RE: Status of FOIA Req. No. 21-OIG-014? |
| **Date:** | Friday, January 29, 2021 11:02:16 AM |

Good morning Ms. Patti,

Please be advised that the OIG is continuing to process your FOIA request.  We are working diligently to process each request as quickly as possible.  We receive numerous requests each day which are processed in chronological order by date of receipt and complexity.  We will respond again once any responsive records have been located, and disclosure determinations are made.

Thank you.

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Thursday, January 28, 2021 5:51 PM
**To:** OIGFOIA (OIG) <OIGFOIA@OIG.USDOJ.GOV>
**Subject:** Status of FOIA Req. No. 21-OIG-014?

Hello,

I hope you are well. I am writing to see if you can tell me when the Indiana Federal Community Defenders should expect to receive a response to FOIA Req No. 21-OIG-014. On January 25, I left a voicemail at (202) 616-0646, which is the phone number that your acknowledgement letter says to call to check the status of a request. However, I have not received a call back.

I would appreciate any information you can provide.

Sincerely,
Italia Patti

**Italia Patti**
Assistant Federal Defender
Indiana Federal Community Defenders
§ 2255 Capital Habeas Unit
317 383 3520

pronouns: she/her/hers

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 172 of 347
Page ID #:18670
Case 1:22-cv-00994-MAU   Document 20   Filed 08/28/23   Page 1 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| INDIANA FEDERAL COMMUNITY DEFENDERS, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-0994 (MAU) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated July 6, 2023, the parties have conferred and provide the following joint status report. This Freedom of Information Act ("FOIA") action concerns Plaintiff's requests for information related to attempted and/or completed escapes from the Metropolitan Detention Center in Los Angeles, California reported or discovered in certain time periods. Defendants report that all final determinations have been made in response to Plaintiff's request. Defendants present the following information below:

**Bureau of Prisons ("BOP")**

As previously reported, BOP issued its final determination in response to Plaintiff's request on September 8, 2022. Furthermore, as to certain consultation pages BOP received from OIG, BOP issued a determination as to these records on March 20, 2023. The parties are continuing to meet and confer whether any other issues remain with respect to BOP's final determination.

**Federal Bureau of Investigation ("FBI")**

Since the parties' last Joint Status Report, FBI has determined that it can now process the records that were previously determined to be exempt under Exemption 7(a). FBI expects to make

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 173 of 347
Page ID #:18671
Case 1:22-cv-00994-MAU   Document 20   Filed 08/28/23   Page 2 of 3

its first release of any nonexempt portions of responsive records on or before August 31, 2023.

FBI expects to process records at a rate of 500 pages per month thereafter.

### United States Marshals Service ("USMS")

As previously reported, on July 7, 2022, USMS made its final release of non-exempt responsive records to Plaintiff. The parties are continuing to meet and confer whether any other issues remain with respect to USMS's final determination.

### Department of Justice Office of the Inspector General ("OIG")

As previously reported, OIG issued its final response to Plaintiff's requests on September 30, 2022. As noted above, the records that OIG referred to BOP for processing were released by BOP, not OIG. The parties are continuing to meet and confer whether any other issues remain with respect to OIG's final determination.

### Parties' Schedule

Given these developments, the parties believe that summary judgment briefing and filing of a *Vaughn* index is premature at this time. The parties propose filing another status report in approximately ninety days, or on or before November 29, 2023, that updates the Court on the progress of the parties' discussions. If summary judgment briefing should be necessary, the parties expect to propose a briefing schedule in this joint status report.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 174 of 347
Page ID #:18672
Case 1:22-cv-00994-MAU    Document 20    Filed 08/28/23    Page 3 of 3

Dated: August 28, 2023                     Respectfully submitted,

___/s/_____                      MATTHEW M. GRAVES, D.C. Bar #481052
F. Italia Patti (IN Bar No. 34725-02)      United States Attorney
Joshua B. Pickar (NY Bar No. 5579768)
Indiana Federal Community Defenders        BRIAN P. HUDAK
111 Monument Circle, Ste. 3200             Chief, Civil Division
Indianapolis, IN 46204
(317) 383-3520
Italia_patti@fd.org                        By:  _____/s/_____
Josh_pickar@fd.org                              ERIKA OBLEA, D.C. Bar # 1034393
                                                Assistant United States Attorney
*Counsel for Plaintiffs*                        601 D Street, NW
                                                Washington, DC 20530
                                                (202) 252-2567
                                                erika.oblea@usdoj.gov

                                           *Counsel for Defendants*

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 175 of 347
Page ID #:18673
Case 1:22-cv-00997   Document 1   Filed 04/11/22   Page 1 of 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INDIANA FEDERAL COMMUNITY DEFENDERS<br>111 Monument Circle, Ste. 3200<br>Indianapolis, IN 46204<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530,<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530,<br><br>U.S. MARSHALS SERVICE<br>Office of General Counsel<br>CG-3 15th Floor<br>Washington, D.C. 20530,<br><br>U.S. DEPARTMENT OF JUSTICE OFFICE OF THE INSPECTOR GENERAL<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 176 of 347
Page ID #:18674
Case 1:22-cv-00997    Document 1    Filed 04/11/22    Page 2 of 10

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

The Indiana Federal Community Defenders ("IFCD" or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief brought by IFCD against the United States Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), U.S. Marshals Service ("USMS"), and Department of Justice Office of the Inspector General ("OIG") (collectively, "Defendants").

2. By this action, IFCD seeks to compel Defendants to comply with their obligations under FOIA to release records IFCD requested pertaining to any investigations conducted into staff members at the Metropolitan Detention Center in Los Angeles, California ("MDC LA") for involvement in drug trafficking. Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

**PARTIES**

3. Plaintiff IFCD is a community defender organization. Pursuant to the Southern District of Indiana's Criminal Justice Act plan, IFCD serves as the federal defender organization for the Southern District of Indiana. In addition to representing individuals charged with crimes in the Southern District of Indiana, IFCD also houses a Capital § 2255 Unit, dedicated to representing individuals on federal death row in collateral attacks of their convictions and sentences pursuant to 28 U.S.C. § 2255. IFCD is incorporated under Indiana state law and organized as a nonprofit under section 501(c)(3) of the Internal Revenue Code. IFCD's office is located in Indianapolis, Indiana.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 177 of 347
Page ID #:18675
Case 1:22-cv-00997    Document 1    Filed 04/11/22    Page 3 of 10

4. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. Its headquarters is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530

5. Defendant FBI is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of the Defendant DOJ. FBI has possession, custody, and/or control of the records Plaintiff seeks. Its headquarters is located at 935 Pennsylvania Avenue N.W., Washington, D.C. 20535.

6. Defendant USMS is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of the Defendant DOJ. USMS has possession, custody, and/or control of the records Plaintiff seeks. Its headquarters is located at CG-3 15th Floor, Washington, DC 20530.

7. Defendant OIG is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of the Defendant DOJ. OIG has possession, custody, and/or control of the records Plaintiff seeks. Its headquarters is located at 950 Pennsylvania Avenue N.W., Washington, D.C. 20530.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

10. On July 18, 2019, the United States District Court for the Central District of California appointed IFCD, along with Timothy J. Foley, to represent Jurijus Kadamovas in

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 178 of 347
Page ID #:18676
Case 1:22-cv-00997    Document 1    Filed 04/11/22    Page 4 of 10

28 U.S.C. § 2255 and post-conviction proceedings. Ex. 1. Mr. Kadamovas is currently on federal death row, having been convicted of a number of counts and sentenced to death in the Central District of California in 2007.

11. From 2002 through 2007, Mr. Kadamovas was held in the Metropolitan Detention Center Los Angeles ("MDC LA"). During the time Mr. Kadamovas was incarcerated at the MDC LA and after, there were investigations into employees of BOP, including employees of MDC LA, for having trafficked contraband into facilities such as MDC LA.

12. IFCD submitted several FOIA requests seeking records related to investigations of MDC LA employees for trafficking contraband.

### *Request to FBI*

13. On April 30, 2020, IFCD submitted a FOIA request to FBI seeking "any and all records maintained by your agency pertaining to any investigations conducted after January 1, 2003 into MDC Los Angeles staff members for involvement in drug trafficking at MDC Los Angeles. This request[] includes records pertaining to investigations that did not result in a finding that staff members were involved in drug trafficking, and includes records of investigations commenced before January 1, 2003 that were still in progress after January 1, 2003." Ex. 2.

14. On June 5, 2020, FBI acknowledged the request and assigned it Request Number 1465231-000. Ex. 3.

15. On July 1, 2020, FBI sent a letter indicating that "'unusual circumstances' apply to the processing of your request" and "[t]hese 'unusual circumstances' will delay [FBI's] ability to make a determination on your request within 20 days (excluding weekend and legal public holidays)." Ex. 4.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 179 of 347
Page ID #:18677
Case 1:22-cv-00997   Document 1   Filed 04/11/22   Page 5 of 10

16. On August 19, 2020, FBI sent a letter denying IFCD's request for a fee waiver. Ex. 5.

15. As of the date of this Complaint, it has been 649 days since FBI notified Plaintiff that it would not be able to comply with the 20-day statutory time limit for providing a determination on Plaintiff's request, and Plaintiff has still not received a determination with respect to FBI Request No. 1465231-000.

17. No records have been produced in response to this FOIA request to the FBI.

### *Request to USMS*

18. On July 2, 2020, IFCD submitted a FOIA request to the USMS seeking "any and all records maintained by your agency pertaining to any investigations conducted after January 1, 2003 into MDC Los Angeles staff members for involvement in drug trafficking at MDC Los Angeles. This request includes records pertaining to investigations that did not result in a finding that staff members were involved in drug trafficking, and includes records of investigations commenced before January 1, 2003 that were still in progress after January 1, 2003." Ex. 6.

19. On August 27, 2020, USMS denied IFCD's FOIA request, which it designated 2020USMS35431. The denial stated, "Based on the information provided in your letter, the USMS Office of Professional Responsibility (OPR) conducted a search. OPR did not locate any responsive documents pertaining to USMS investigations into staff members accused of drug trafficking at MDC Los Angeles." Ex. 7.

20. On November 24, 2020, IFCD submitted an administrative appeal to the Department of Justice Office of Information Policy ("OIP"). Ex. 8.

21. On February 18, 2021, OIP affirmed USMS's action on the FOIA request. OIP stated, "USMS informed you that it could locate no responsive records subject to the FOIA in its files. I

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 180 of 347
Page ID #:18678
Case 1:22-cv-00997   Document 1   Filed 04/11/22   Page 6 of 10

have determined that USMS's action was correct and that it conducted an adequate, reasonable search for such records." Ex. 9.

22. It is not credible that USMS has no records of investigations into drug trafficking at MCD LA, which houses pre-trial detainees in the custody of USMS.

23. No records have been produced in response to this FOIA request to USMS.

### *Requests to OIG*

24. On October 21, 2020, IFCD submitted a FOIA request to OIG seeking "any and all records maintained by your agency that are . . . dated from 2002-2003, and are records pertaining to trafficking contraband (including but not limited to illegal drugs) at MDC Los Angeles" and "dated from 2002-2003, and are records pertaining to investigations into MDC Los Angeles staff members for trafficking contraband (including but not limited to illegal drugs) at MDC Los Angeles."[1] Ex. 10.

25. On October 23, 2020, OIG acknowledged the request as assigned it Request Number 21-OIG-014. Ex. 11.

26. On January 28, 2021, IFCD, through undersigned counsel, emailed OIG to check on the status of this request. Ex. 12.

27. On January 29, 2021, OIG responded, "OIG is continuing to process your FOIA request. We are working diligently to process each request as quickly as possible. We receive numerous requests each day which are processed in chronological order by date of receipt and complexity. We will respond again once any responsive records have been located, and disclosure determinations are made." Ex. 12.

---

[1] This FOIA request also sought additional records not relevant to this lawsuit.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 181 of 347
Page ID #:18679
Case 1:22-cv-00997   Document 1   Filed 04/11/22   Page 7 of 10

28. As of the date of this Complaint, it has been 535 days since OIG acknowledged Plaintiff's request, and Plaintiff has still not received a determination with respect to OIG Request Number 21-OIG-014.

29. On September 24, 2021, IFCD submitted a second FOIA request to the OIG. Ex. 13. This request sought "all records maintained by your agency dated 2002 to present that pertain to trafficking contraband at MDC Los Angeles and/or investigations into MDC Los Angeles staff members for trafficking contraband at MDC Los Angeles." This request clarified that "the IFCD submitted a FOIA request to you on October 21, 2020, seeking records dated 2002-2003 pertaining to trafficking contraband at MDC Los Angeles and records dated 2002-2003 pertaining to investigations into MDC Los Angeles staff members for trafficking contraband at MDC Los Angeles. Your office acknowledged that request, but IFCD has not yet received a response to it. *IFCD is sending this request in addition to—not as a replacement for—the request submitted on October 21, 2020.*" The request also added, "I would be happy to discuss consolidating these requests, if that would facilitate a faster response."

30. As of December 8, 2021, IFCD had not received acknowledgment of its September 24, 2021 FOIA request. IFCD, through undersigned counsel, emailed OIG asking for the tracking number. Ex. 14. After initially providing information relevant to IFCD's earlier FOIA request, on December 9, 2021, OIG informed IFCD, "We went back and reviewed our inbox – it appears as if we never received that September 24, 2021 email. Can you please re-attach your request in this email and we will open a new request for you and assign a tracking number?" *Id.* The same day, IFCD responded and sent the September 24, 2021 FOIA request to OIG. *Id.*

31. On December 13, 2021, OIG acknowledged the request as assigned it Request Number 22-OIG-050. Ex. 15.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 182 of 347
Page ID #:18680
Case 1:22-cv-00997   Document 1   Filed 04/11/22   Page 8 of 10

32. As of the date of this Complaint, it has been 199 days since IFCD initially submitted the second FOIA request to OIG and 119 days since OIG acknowledged Request Number 22-OIG-050. IFCD has still not received a determination with respect to that request.

33. No records have been produced in response to these FOIA requests to OIG.

## CAUSES OF ACTION

### Count 1: Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records (All Defendants)

34. IFCD repeats and realleges the foregoing paragraphs.

35. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

36. IFCD properly asked for records within the possession, custody, and control of the Defendants.

37. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

38. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests or is deemed to have exhausted its administrative remedies with respect to Defendants' processing of its FOIA requests because Defendants failed to comply with applicable time limit provisions.

39. Defendants have wrongfully withheld the requested records from IFCD.

40. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### Count 2: Violation of FOIA for Failure to Conduct a Reasonable Search (USMS)

41. IFCD repeats and realleges the foregoing paragraphs.

42. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 183 of 347
Page ID #:18681
Case 1:22-cv-00997   Document 1   Filed 04/11/22   Page 9 of 10

43. IFCD properly asked for records within the possession, custody, and control of USMS.

44. IFCD has exhausted the applicable and available administrative remedies with respect to USMS's processing of its FOIA requests.

45. USMS has failed to conduct a search reasonably calculated to identify all records responsive to IFCD's request for records, in violation of its obligations under FOIA. 5 U.S.C. § 552(a)(3).

46. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Count 3: Violation of FOIA for Failure to Comply with Statutory Deadlines (FBI and OIG)**

47. IFCD repeats and realleges the foregoing paragraphs.

48. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

49. IFCD properly asked for records within the possession, custody, and control of FBI and OIG.

50. IFCD's FOIA requests to FBI and OIG complied with all applicable regulations regarding the submission of FOIA requests.

51. Defendants FBI and OIG failed to make a determination regarding IFCD's requests within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A).

52. The failure of Defendants FBI and OIG to make a determination with respect to IFCD's FOIA requests within FOIA's statutory deadlines violates their obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

53. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 184 of 347
Page ID #:18682
Case 1:22-cv-00997    Document 1    Filed 04/11/22    Page 10 of 10

54. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests or is deemed to have exhausted its administrative remedies with respect to Defendants' processing of IFCD's FOIA requests because Defendants failed to comply with applicable time limit provisions.

55. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### REQUESTED RELIEF

Wherefore, Plaintiff IFCD prays for the following relief:

A. Declare Defendants' failure to comply with FOIA to be unlawful;

B. Declare that Plaintiff is entitled to disclosure of the requested records;

C. Order Defendants to conduct searches reasonably calculated to identify all records responsive to Plaintiff's requests;

D. Issue an injunction enjoining Defendants from withholding the records requested by Plaintiffs;

E. Award IFCD its costs and reasonable attorneys' fees in this action; and

F. Provide such other further relief as the Court may deem just and proper.


Dated April 11, 2022                    Respectfully submitted,

                                        /s/ F. Italia Patti
                                        F. Italia Patti (IN Bar No. 34725-02)
                                        Joshua B. Pickar (NY Bar No. 5579768)
                                        Indiana Federal Community Defenders
                                        111 Monument Circle, Ste. 3200
                                        Indianapolis, IN 46204
                                        (317) 383-3520
                                        italia_patti@fd.org
                                        josh_pickar@fd.org
                                        Attorneys for Plaintiff


Ex. 124 pg.184 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 185 of 347
Page ID #:18683
Case 1:22-cv-00997   Document 1-1   Filed 04/11/22   Page 1 of 2

# EXHIBIT 1

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 186 of 347
Page ID #:18684
Case 2:02-cr-00220-MCS-document 2380-Filed 07/18/19 Page 2 Page ID #:13290

BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 02-00220-SJO |
| Plaintiff, | |
| v. | ORDER GRANTING EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255 |
| JURIJUS KADAMOVAS, | |
| Defendant. | |

This Court, having read and considered the Ex Parte Application for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 submitted on July 16, 2019, and finding good cause, hereby grants the application and appoints the Indiana Federal Community Defenders office and attorney Timothy J. Foley to represent Jurijus Kadamovas in 28 U.S.C. § 2255 and post-conviction proceedings.

IT IS SO ORDERED.

Dated: July 18, 2019

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 187 of 347
Page ID #:18685
Case 1:22-cv-00997   Document 1-2   Filed 04/11/22   Page 1 of 3

# EXHIBIT 2

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 188 of 347
Page ID #:18686
Case 1:22-cv-00997   Document 1-2   Filed 04/11/22   Page 2 of 3

1



Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4391/4997
*Uploaded as an attachment on FBI's eFOIPA website*

April 30, 2020

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any investigations conducted after January 1, 2003 into MDC Los Angeles staff members for involvement in drug trafficking at MDC Los Angeles. This requests includes records pertaining to investigations that did not result in a finding that staff members were involved in drug trafficking, and includes records of investigations commenced before January 1, 2003 that were still in progress after January 1, 2003.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This

Ex. 124 pg.188 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 189 of 347
Page ID #:18687
Case 1:22-cv-00997   Document 1-2   Filed 04/11/22   Page 3 of 3

2

office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

> Sincerely,
>
> s/ Monica Foster
>
> Monica Foster, Executive Director
> Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 190 of 347
Page ID #:18688
Case 1:22-cv-00997   Document 1-3   Filed 04/11/22   Page 1 of 3

# EXHIBIT 3

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 191 of 347
Page ID #:18689
Case 1:22-cv-00997   Document 1-3   Filed 04/11/22   Page 2 of 3



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 5, 2020

MS. ITALIA PATTI
INDIANA FEDERAL COMMUNITY DEFENDERS
SUITE 3200
111 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

FOIPA Request No.: 1465231-000
Subject: Metropolitan Detention Center Los Angeles
(Investigations into Staff Member Drug Trafficking)

Dear Ms. Patti:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.  Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑    Your request has been received at FBI Headquarters for processing.

☑    You submitted your request via the FBI's eFOIPA system.

    ☑    We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service.  Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

    ☐    We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service.   Future correspondence about your FOIPA request will be sent through standard mail.

☐    The subject of your request is currently being processed and documents will be released to you upon completion.

☐    Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑    Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑    For the purpose of assessing any fees, we have determined:

    ☐    As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐    As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑    As a general (all others) requester, you will be charged applicable search and

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 192 of 347
Page ID #:18690
Case 1:22-cv-00997   Document 1-3   Filed 04/11/22   Page 3 of 3

duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Acting Section Chief
Record/Information
   Dissemination Section
Information Management Division

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 193 of 347
Page ID #:18691
Case 1:22-cv-00997   Document 1-4   Filed 04/11/22   Page 1 of 3

# EXHIBIT 4

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 194 of 347
Page ID #:18692
Case 1:22-cv-00997   Document 1-4   Filed 04/11/22   Page 2 of 3



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 1, 2020

MS. ITALIA PATTI
INDIANA FEDERAL COMMUNITY DEFENDERS
SUITE 3200
111 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

> FOIPA Request No.: 1465231-000
> Subject: Metropolitan Detention Center Los Angeles
> (Investigations into Staff Member Drug Trafficking)

Dear Ms. Patti:

Please be advised that "unusual circumstances" apply to the processing of your request.   See 5 U.S.C. § 552 (a)(6)(B)(iii). "Unusual circumstances" include one or more of the following scenarios:

There is a need to search for and collect records from field offices and/or other offices that are separate from the FBI Record/Information Dissemination Section (RIDS).

There is a need to search for, collect, and examine a voluminous amount of separate and distinct records.

There is a need for consultation with another agency or two or more DOJ components.

These "unusual circumstances" will delay our ability to make a determination on your request within 20 days (excluding weekend and legal public holidays).   Additionally, the payment of pertinent fees may apply to your request.   See 5 U.S.C. § 552 (a)(4)(A)(viii).

The application of "unusual circumstances" is not a determination of how the FBI will respond to your substantive request, this letter provides notice that these "unusual circumstances" apply to processing and delay the determination of your request.   See 5 U.S.C. §§ 552 (a)(6)(A)(viii); (a)(6)(B).

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

Please advise in writing if you would like to discuss reducing the scope of your request.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Work Process Unit; Record/Information Dissemination Section; Information Management Division; Federal Bureau of Investigation; 170 Marcel Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Work Process Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

Ex. 124 pg.194 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 195 of 347
Page ID #:18693
Case 1:22-cv-00997   Document 1-4   Filed 04/11/22   Page 3 of 3

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Acting Section Chief
Record/Information
   Dissemination Section
Information Management Division

Ex. 124 pg.195 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 196 of 347
Page ID #:18694
Case 1:22-cv-00997   Document 1-5   Filed 04/11/22   Page 1 of 5

# EXHIBIT 5

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 197 of 347
Page ID #:18695
Case 1:22-cv-00997   Document 1-5   Filed 04/11/22   Page 2 of 5



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 19, 2020

MS. ITALIA PATTI
INDIANA FEDERAL COMMUNITY DEFENDERS
SUITE 3200
111 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

FOIPA Request No.: 1465231-000
Subject: Metropolitan Detention Center Los Angeles
(Investigations Into Staff Member Drug Trafficking)

Dear Ms. Patti:

This is in response to your request for a fee waiver for the above referenced Freedom of Information/Privacy Acts (FOIPA) request. Fee waivers are reviewed on a case by case basis, and your request was denied for the reason(s) selected below. See 5 U.S.C. § 552 (a)(4)(A)(iii) and 28 C.F.R. § 16.10(k).

☑ You failed to demonstrate that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government.

☐ Disclosure of the information is primarily in the commercial interest of the requester.

You have the opportunity to reduce the scope of your request. If records are located, reducing the scope could potentially place your request in a quicker processing queue. In addition to allowing for timelier processing, it may also reduce applicable costs associated with your request.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

Ex. 124 pg.197 of 347

Case 2:02-cr-00220-MCS     Document 2471-124     Filed 10/03/23     Page 198 of 347
Page ID #:18696
Case 1:22-cv-00997   Document 1-5   Filed 04/11/22   Page 3 of 5

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

Ex. 124 pg.198 of 347

Case 2:02-cr-00220-MCS     Document 2471-124     Filed 10/03/23     Page 199 of 347
Page ID #:18697
Case 1:22-cv-00997   Document 1-5   Filed 04/11/22   Page 4 of 5

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies. Private Citizens cannot request a name check.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 200 of 347
Page ID #:18698
Case 1:22-cv-00997   Document 1-5   Filed 04/11/22   Page 5 of 5

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 201 of 347
Page ID #:18699
Case 1:22-cv-00997   Document 1-6   Filed 04/11/22   Page 1 of 3

# EXHIBIT 6

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 202 of 347
Page ID #:18700
Case 1:22-cv-00997   Document 1-6   Filed 04/11/22   Page 2 of 3

1



**IFCD**
Indiana Federal Community Defenders

Charlotte M. Luckstone
FOIA Officer
U.S. Marshals Service
Office of General Counsel
CG-3 15th Floor
Washington, DC 20530-0001
Email: usms.foia@usdoj.gov
*Sent by email*

July 2, 2020

Dear Ms. Luckstone:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders a complete copy of any and all records maintained by your agency pertaining to any investigations conducted after January 1, 2003 into MDC Los Angeles staff members for involvement in drug trafficking at MDC Los Angeles. This request includes records pertaining to investigations that did not result in a finding that staff members were involved in drug trafficking, and includes records of investigations commenced before January 1, 2003 that were still in progress after January 1, 2003.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 203 of 347
Page ID #:18701
Case 1:22-cv-00997    Document 1-6    Filed 04/11/22    Page 3 of 3

2

office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address or email address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
italia_patti@fd.org

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia_patti@fd.org.

Sincerely,

s/ Italia Patti

Assistant Federal Defender
Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 204 of 347
Page ID #:18702
Case 1:22-cv-00997   Document 1-7   Filed 04/11/22   Page 1 of 3

# EXHIBIT 7

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 205 of 347
Page ID #:18703
Case 1:22-cv-00997   Document 1-7   Filed 04/11/22   Page 2 of 3



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*CG-3, 15th Floor*
*Washington, DC  20530-0001*

August 27, 2020

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
italia_patti@fd.org

**Re:  Freedom of Information Act Request No. 2020USMS35431**

Dear Ms. Patti;

The United States Marshals Service (USMS) is responding to your request, received by USMS FOIA office on Thursday, July 2, 2020, for copies of any records that pertain to USMS investigation into staff member involvement in drug trafficking at the Los Angeles Metropolitan Detention Center (MDC Los Angeles), from January 1, 2003 to the present.

Based on the information provided in your letter, the USMS Office of Professional Responsibility (OPR) conducted a search. OPR did not locate any responsive documents pertaining to USMS investigations into staff members accused of drug trafficking at MDC Los Angeles.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Office of Information Policy, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may also contact Charlotte Luckstone or our FOIA Public Liaison at (703) 740-3943 for any further assistance and to discuss any aspect of your request.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 206 of 347
Page ID #:18704
Case 1:22-cv-00997    Document 1-7    Filed 04/11/22    Page 3 of 3

Sincerely,

*Freda Farley-Blake for*

Charlotte Luckstone
Associate General Counsel
FOIA/PA Officer
Office of General Counsel

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 207 of 347
Page ID #:18705
Case 1:22-cv-00997   Document 1-8   Filed 04/11/22   Page 1 of 3

# EXHIBIT 8

Ex. 124 pg.207 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 208 of 347
Page ID #:18706
Case 1:22-cv-00997   Document 1-8   Filed 04/11/22   Page 2 of 3



**Indiana Federal Community Defenders**

November 24, 2020

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G St. NW, 6th Floor
Washington, DC 20530
*Submitted through OIP FOIA STAR portal*

Dear Director Talebian:

This is an appeal of the denial of a FOIA request submitted to the United States
Marshals Service (USMS) by the Indiana Federal Community Defenders (IFCD),
Request No. 2020USMS35431.

Request No. 2020USMS35431 seeks records pertaining to investigations into staff
members for involvement in drug trafficking at MDC Los Angeles. On August 27,
2020, USMS denied the request, stating that it conducted a search but did not locate
responsive records. IFCD has a good faith belief that USMS has responsive records,
and did not find records because it conducted an inadequate search.

IFCD submitted FOIA requests to the FBI and BOP, also seeking records pertaining
to investigations into staff members for involvement in drug trafficking at MDC Los
Angeles. The FBI online FOIA status update (last updated November 18, 2020)
indicates that the FBI has identified potential responsive records. (As to the BOP,
your office remanded the request to the BOP to search for responsive records, and it
is unclear what the status of that search is.)

Many if not most inmates at MDC Los Angeles are in the custody of the USMS. *See,
e.g.*, U.S. Marshals Service Fact Sheet 2020,
https://www.usmarshals.gov/duties/factsheets/overview.pdf (USMS responsible for

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 209 of 347
Page ID #:18707
Case 1:22-cv-00997   Document 1-8   Filed 04/11/22   Page 3 of 3

November 24, 2020
Page 2

"overseeing all detention management matters for individuals remanded to U.S. Marshals custody"); BOP Program Statement 7331.04, https://www.bop.gov/policy/progstat/7331_004.pdf ("pretrial inmates are U.S. Marshals Service (USMS) prisoners"). Consequently, records pertaining to investigations into staff members for trafficking drugs at MDC Los Angeles would be records of investigations into staff who are responsible for individuals in USMS custody.

It stands to reason, then, that if the FBI has responsive records, the USMS would also have records pertaining to these investigations. Therefore, USMS likely has records responsive to IFCD's request, and your office should remand to the USMS to conduct an adequate search.

Sincerely,

s/ F. Italia Patti
Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders

---

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 210 of 347
Page ID #:18708
Case 1:22-cv-00997   Document 1-9   Filed 04/11/22   Page 1 of 3

# EXHIBIT 9

Ex. 124 pg.210 of 347



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Florence Patti, Esq.                              February 18, 2021
Indiana Federal Community Defenders
Suite 3200
111 Monument Circle                   Re:   Appeal No. A-2021-00422
Indianapolis, IN  46204                     Request No. 2020USMS35431
italia_patti@fd.org                               CDT:AMF

**VIA: Email**

Dear Florence Patti:

        You appealed from the action of the United States Marshals Service (USMS) on your
Freedom of Information Act request for access to records concerning  records on any
investigations conducted after January 1, 2003, of MDC Los Angeles staff members allegedly
engaged in drug trafficking.  I note that your appeal concerns the adequacy of USMS's search.

        After carefully considering your appeal, I am affirming USMS's action on your request.
USMS informed you that it could locate no responsive records subject to the FOIA in its files.
I have determined that USMS's action was correct and that it conducted an adequate, reasonable
search for such records.

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of USMS in response to your
request.

        If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

        For your information, the Office of Government Information Services (OGIS) offers
mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-
exclusive alternative to litigation. Using OGIS services does not affect your right to pursue
litigation. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,
College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll
free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the
action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison

for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X _____

Matthew Hurd, Acting Chief, Administrative Appeals Staff

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 213 of 347
Page ID #:18711
Case 1:22-cv-00997   Document 1-10   Filed 04/11/22   Page 1 of 3

# EXHIBIT 10

Ex. 124 pg.213 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 214 of 347
Page ID #:18712
Case 1:22-cv-00997   Document 1-10   Filed 04/11/22   Page 2 of 3

1



Deborah M. Waller
Supervisory Government Information Specialist
Office of the Inspector General, Office of General Counsel
950 Pennsylvania Ave., NW, Room 4726
Washington, DC 20530
oigfoia@usdoj.gov
*Sent by email*

October 21, 2020

Dear Ms. Waller:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of any and all records maintained by your agency that are:

(1) from any date, and are records pertaining to any attempted or completed escape(s) from MDC Los Angeles reported or discovered on March 7, 2003;

(2) dated from 2002-2003, and are records pertaining to trafficking contraband (including but not limited to illegal drugs) at MDC Los Angeles; and

(3) dated from 2002-2003, and are records pertaining to investigations into MDC Los Angeles staff members for trafficking contraband (including but not limited to illegal drugs) at MDC Los Angeles.

IFCD believes that your office would have such records in your possession because on April 11, 2003, U.S. Department of Justice Office of Inspector General Special Agent Paul J. Leonard was present for an interview of a witness that discussed trafficking contraband at MDC LA. The interview may have been precipitated by the March 7, 2003, discovery of an escape attempt. Agent Leonard was present for this interview along with an FBI Special Agent and a BOP Special Investigative Agent. The FBI 302 memorializing this interview refers to File # 58A-LA-233773 and 90C-LA-233614.

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 215 of 347
Page ID #:18713
Case 1:22-cv-00997   Document 1-10   Filed 04/11/22   Page 3 of 3

2

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the IFCD to the attention of Assistant Federal Defender Italia Patti, at the following address or email address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204
> italia_patti@fd.org

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia_patti@fd.org.

> Sincerely,
>
> s/ Italia Patti
> Assistant Federal Defender
> Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 216 of 347
Page ID #:18714
Case 1:22-cv-00997   Document 1-11   Filed 04/11/22   Page 1 of 2

# EXHIBIT 11

Ex. 124 pg.216 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 217 of 347
Page ID #:18715
Case 1:22-cv-00997   Document 1-11   Filed 04/11/22   Page 2 of 2

October 23, 2020

Italia Patti
Italia_Patti@fd.org

Subject:        Freedom of Information/Privacy Act Request [21-OIG-014]

Dear Ms. Patti:

Your request for information relating to the above-cited subject was received in this office on October 21, 2020.

Your request will be handled under the provisions of the Freedom of Information Act (5 U.S.C. §552) and the Privacy Act (5 U.S.C. §552a).  It has been assigned the following control number: 21-OIG-014.  Please cite this number in any further inquiry about this request.

I must advise you that fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy.  The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees.  Most requests do not require any fees; however, if fees are required we will notify you beforehand.

We will answer your request as quickly as possible.  If you have further questions, please address your inquiry to U.S. Department of Justice, Office of the Inspector General, 950 Pennsylvania Avenue, N.W., Suite 4726, Washington, D.C. 20530 or to check the status of your request contact us at (202) 616-0646.

Sincerely,

*Kim Kochurka*

Government Information Specialist
Office of the General Counsel

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 218 of 347
Page ID #:18716
Case 1:22-cv-00997   Document 1-12   Filed 04/11/22   Page 1 of 2

# EXHIBIT 12

Ex. 124 pg.218 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 219 of 347
Page ID #:18717
Case 1:22-cv-00997    Document 1-12    Filed 04/11/22    Page 2 of 2

| | |
|---|---|
| **From:** | OIGFOIA (OIG) |
| **To:** | Italia Patti |
| **Subject:** | RE: Status of FOIA Req. No. 21-OIG-014? |
| **Date:** | Friday, January 29, 2021 11:02:16 AM |

Good morning Ms. Patti,

Please be advised that the OIG is continuing to process your FOIA request.  We are working diligently to process each request as quickly as possible.  We receive numerous requests each day which are processed in chronological order by date of receipt and complexity.  We will respond again once any responsive records have been located, and disclosure determinations are made.

Thank you.

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Thursday, January 28, 2021 5:51 PM
**To:** OIGFOIA (OIG) <OIGFOIA@OIG.USDOJ.GOV>
**Subject:** Status of FOIA Req. No. 21-OIG-014?

Hello,

I hope you are well. I am writing to see if you can tell me when the Indiana Federal Community Defenders should expect to receive a response to FOIA Req No. 21-OIG-014. On January 25, I left a voicemail at (202) 616-0646, which is the phone number that your acknowledgement letter says to call to check the status of a request. However, I have not received a call back.

I would appreciate any information you can provide.

Sincerely,
Italia Patti

**Italia Patti**
Assistant Federal Defender
Indiana Federal Community Defenders
§ 2255 Capital Habeas Unit
317 383 3520

pronouns: she/her/hers

Ex. 124 pg.219 of 347

Case 2:02-cr-00220-MCS     Document 2471-124     Filed 10/03/23     Page 220 of 347
Page ID #:18718
Case 1:22-cv-00997   Document 1-13   Filed 04/11/22   Page 1 of 3

# EXHIBIT 13

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 221 of 347
Page ID #:18719
Case 1:22-cv-00997    Document 1-13    Filed 04/11/22    Page 2 of 3



Deborah M. Waller
Supervisory Government Information Specialist
Office of the Inspector General, Office of General Counsel
950 Pennsylvania Ave., NW, Room 4726
Washington, DC 20530
oigfoia@usdoj.gov
*Sent by email*

September 24, 2021

Dear Ms. Waller:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of all records maintained by your agency dated 2002 to present that pertain to trafficking contraband at MDC Los Angeles and/or investigations into MDC Los Angeles staff members for trafficking contraband at MDC Los Angeles.

IFCD believes that your office would have such records in your possession because, among other reasons, the Bureau of Prisons has provided summaries of investigations of MDC staff members for trafficking contraband, and these BOP records reference investigations by the OIG. IFCD is also aware that the BOP has been in touch with your office regarding IFCD's request for records, but is not aware of any response, and has not received any records from your office.

Please also note that the IFCD submitted a FOIA request to you on October 21, 2020, seeking records dated 2002-2003 pertaining to trafficking contraband at MDC Los Angeles and records dated 2002-2003 pertaining to investigations into MDC Los Angeles staff members for trafficking contraband at MDC Los Angeles. Your office acknowledged that request, but IFCD has not yet received a response to it. *IFCD is sending this request in addition to—not as a replacement for—the request submitted on October 21, 2020.* I would be happy to discuss consolidating these requests, if that would facilitate a faster response.

By way of illustration only and not limitation, please furnish: files, transcripts, documents, notes, worksheets, applications, reviews, chain of custody

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 222 of 347
Page ID #:18720
Case 1:22-cv-00997   Document 1-13   Filed 04/11/22   Page 3 of 3

forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests, test results, and any and all information pertaining to the above-referenced incident(s).

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of security at MDC Los Angeles. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the IFCD to the attention of Assistant Federal Defender Italia Patti, at the following address or email address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204
> italia_patti@fd.org

If you have any questions regarding this request, please contact me, Assistant Federal Defender Italia Patti, at 317.383.3520 or italia_patti@fd.org. I would be more than happy to correspond by email or speak by phone and provide any information I can to help you send these records as expeditiously as possible.

> Sincerely,
>
> s/ Italia Patti
> Assistant Federal Defender
> Indiana Federal Community Defenders

Ex. 124 pg.222 of 347

# EXHIBIT 14

**Subject:** [EXTERNAL] RE: FOIA request

Hello,

I received your email. However, that is not the FOIA request I was asking about. The FOIA request I was asking about was submitted on September 24, 2021. Does that request have a tracking number?

Thanks,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** OIGFOIA (OIG) <OIGFOIA@usdoj.gov>
**Sent:** Wednesday, December 8, 2021 5:17 PM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** RE: FOIA request

Good afternoon,

The OIG acknowledged your request on October 23, 2020 and assigned it tracking number 21-OIG-014. We have just forwarded the email with the acknowledgment letter attached, for your reference.  Thank you.

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Wednesday, December 8, 2021 4:19 PM
**To:** OIGFOIA (OIG) <OIGFOIA@OIG.USDOJ.GOV>
**Subject:** [EXTERNAL] RE: FOIA request

Dear Ms. Waller,

I hope you are well. I don't believe IFCD has received acknowledgement of the FOIA request sent to you by email on September 24, 2021 (in the email below). Could you please tell me the reference number for this request? And, if possible, could you please give me an update on the status of this request? Thanks very much.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti

**Sent:** Friday, September 24, 2021 3:26 PM
**To:** 'OIGFOIA (OIG)' <OIGFOIA@usdoj.gov>
**Subject:** FOIA request

Dear Ms. Waller,

Attached please find a FOIA request from the Indiana Federal Community Defenders.

Sincerely,
Italia Patti

**Italia Patti**
Assistant Federal Defender
Indiana Federal Community Defenders
§ 2255 Capital Habeas Unit
317 383 3520

pronouns: she/her/hers

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 226 of 347
Page ID #:18724
Case 1:22-cv-00997   Document 1-15   Filed 04/11/22   Page 1 of 2

# EXHIBIT 15

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 227 of 347
Page ID #:18725
Case 1:22-cv-00997   Document 1-15   Filed 04/11/22   Page 2 of 2

December 13, 2021

Italia Patti
Italia_Patti@fd.org

Subject:        Freedom of Information/Privacy Act Request [22-OIG-050]

Dear Ms. Patti:

Your request for information relating to the above-cited subject was received in this office on December 9, 2021.

Your request will be handled under the provisions of the Freedom of Information Act (5 U.S.C. §552) and the Privacy Act (5 U.S.C. §552a).  It has been assigned the following control number: 22-OIG-50.  Please cite this number in any further inquiry about this request.

I must advise you that fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy.  The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees.  Most requests do not require any fees; however, if fees are required we will notify you beforehand.

We will answer your request as quickly as possible.  If you have further questions, please address your inquiry to U.S. Department of Justice, Office of the Inspector General, 950 Pennsylvania Avenue, N.W., Suite 4726, Washington, D.C. 20530 or to check the status of your request contact us at (202) 616-0646.

Sincerely,

*Kim Kochwrka*

Government Information Specialist
Office of the General Counsel

Ex. 124 pg.227 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 228 of 347
Page ID #:18726
Case 1:22-cv-00997-RC    Document 18    Filed 07/07/23    Page 1 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| INDIANA FEDERAL COMMUNITY DEFENDERS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-0997 (RC) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated April 5, 2023, the parties have conferred and provide the following joint status report. This Freedom of Information Act ("FOIA") action concerns Plaintiff's requests for information related to investigations of employees at the Metropolitan Detention Center Los Angeles in connection with drug trafficking. The U.S. Marshals Service has been dismissed from this suit. ECF No. 16. Thus, Defendants Federal Bureau of Investigation and Department of Justice Office of the Inspector General present the following information below:

### Federal Bureau of Investigation ("FBI")

The remaining records that the FBI has identified have been sent out for consultation to other federal agencies. Because the timing of the consultation response processing depends on the pace that the records are received from other federal agencies, it is difficult for the FBI to provide a date certain by which remaining records will be processed; however, the FBI will continue to follow-up regarding outstanding consultations in order to complete processing in this matter as soon as practicable, and anticipates providing any updates it receives before the parties' next Joint

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 229 of 347
Page ID #:18727
Case 1:22-cv-00997-RC    Document 18    Filed 07/07/23    Page 2 of 3

Status Report.

### **Department of Justice Office of the Inspector General ("OIG")**

Since the last Joint Status Report, OIG made its final release of nonexempt portions of responsive records on May 11, 2023. The remaining records that OIG has identified have been referred to the Bureau of Prisons for this agency's separate processing and production to Plaintiff.

### **Parties' Schedule**

Given these developments, the parties believe that summary judgment briefing and filing of a *Vaughn* index is premature at this time. The parties propose filing another status report in approximately ninety days, or on or before October 5, 2023, to update the Court on the progress of Defendants' processing  and production. The parties expect to meet and confer regarding any final determinations made by Defendants and attempt to eliminate or narrow those issues.

\* \* \* \*

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 230 of 347
Page ID #:18728
Case 1:22-cv-00997-RC    Document 18    Filed 07/07/23    Page 3 of 3

Dated: July 7, 2023

_/s/_____
F. Italia Patti (IN Bar No. 34725-02)
Joshua B. Pickar (NY Bar No. 5579768)
Indiana Federal Community Defenders
111 Monument Circle, Ste. 3200
Indianapolis, IN 46204
(317) 383-3520
Italia_patti@fd.org
Josh_pickar@fd.org

*Counsel for Plaintiffs*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/_____
ERIKA OBLEA, D.C. Bar # 1034393
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2567
erika.oblea@usdoj.gov

*Counsel for Defendant*

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 231 of 347
Page ID #:18729
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 1 of 13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDIANA FEDERAL ) | |
| COMMUNITY DEFENDERS ) | |
| 111 Monument Circle, Ste. 3200 ) | |
| Indianapolis, IN 46204 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| 950 Pennsylvania Avenue N.W. ) | |
| Washington, D.C. 20530, ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| EXECUTIVE OFFICE FOR UNITED ) | |
| STATES ATTORNEYS ) | |
| 175 N Street, N.E. ) | |
| Suite 5.400 ) | |
| Washington, D.C. 20530, ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| OFFICE OF INFORMATION POLICY ) | |
| 6th Floor ) | |
| 441 G St. N.W. ) | |
| Washington, D.C. 20530 ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

The Indiana Federal Community Defenders ("IFCD" or "Plaintiff"), by and through its

undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for

declaratory, injunctive, and other appropriate relief brought by IFCD against the United States

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 232 of 347
Page ID #:18730
Case 1:22-cv-01000    Document 1    Filed 04/11/22    Page 2 of 13

Department of Justice ("DOJ"), the Executive Office of the United States Attorneys ("EOUSA"), and the Office of Information Policy ("OIP") (collectively, "Defendants").

2. By this action, the IFCD seeks to compel Defendants to comply with their obligations under FOIA to release records IFCD requested pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006. Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

## PARTIES

3. Plaintiff IFCD is a community defender organization. Pursuant to the Southern District of Indiana's Criminal Justice Act plan, IFCD serves as the federal defender organization for the Southern District of Indiana. In addition to representing individuals charged with crimes in the Southern District of Indiana, IFCD also houses a Capital § 2255 Unit, dedicated to representing individuals on federal death row in collateral attacks of their convictions and sentences pursuant to 28 U.S.C. § 2255. IFCD is incorporated under Indiana state law and organized as a nonprofit under section 501(c)(3) of the Internal Revenue Code. IFCD's office is located in Indianapolis, Indiana.

4. Defendant DOJ is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. Its headquarters is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

5. Defendant EOUSA is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. EOUSA has possession,

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 233 of 347
Page ID #:18731
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 3 of 13

custody, and/or control of the records Plaintiff seeks. Its headquarters is located at 175 N Street, N.E., Suite 5.400, Washington, D.C. 20530.

6. Defendant OIP is an agency of the United States Government within the meaning of 5 U.S.C. §§ 551 and 552(f) and a component of Defendant DOJ. OIP has possession, custody, and/or control of the records Plaintiff seeks. Its headquarters is located at 441 G St. N.W., 6th Floor, Washington, D.C. 20530.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

9. On July 18, 2019, the United States District Court for the Central District of California appointed IFCD, along with Timothy J. Foley, to represent Jurijus Kadamovas in 28 U.S.C. § 2255 and post-conviction proceedings. Ex. 1. Mr. Kadamovas is currently on federal death row, having been convicted of a number of counts and sentenced to death in the Central District of California in 2007.

10. During Mr. Kadamovas's trial, it came to light that, while his case was pending, the presiding judge had submitted his name to be considered for the position of U.S. Attorney for the Central District of California, the office prosecuting Mr. Kadamovas. Ex  2.

11. IFCD has submitted FOIA requests to DOJ and its components seeking records related to the search to fill the open U.S. Attorney position in 2006 and 2007.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 234 of 347
Page ID #:18732
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 4 of 13

**Request to DOJ's Mail Referral Unit**

12. On February 24, 2020, IFCD submitted a FOIA request to the Department of Justice Mail Referral Unit ("MRU"), DOJ's general FOIA inbox that "will then forward your request to the DOJ component they determine is most likely to maintain the records you are seeking."[1] The FOIA request sought "a complete copy of any and all records maintained by your agency pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006. Please include any records related to this search that predate Yang's resignation, as well as any records related to this search that postdate the position being filled." Ex. 3.

**MRU's Referral to EOUSA**

13. On March 30, 2020, IFCD received a letter from MRU indicating that it forwarded the FOIA request to EOUSA. Ex. 4.

**EOUSA's Referral to OIP and OIP's Denial**

14. On June 9, 2020, EOUSA sent IFCD a letter stating that it forwarded the FOIA request to OIP, and that this was their final action on the request. Ex. 5.

15. On June 16, 2020, OIP acknowledged receipt of IFCD's FOIA request. Ex. 6.

16. On February 18, 2021, OIP sent IFCD a letter stating that OIP could not locate any records in response to the FOIA request. Ex. 7.

---

[1] *See* U.S. DEP'T OF JUSTICE, *Make a FOIA Request to DOJ*, https://www.justice.gov/oip/make-foia-request-doj (last accessed 3/30/2022).

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 235 of 347
Page ID #:18733
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 5 of 13

**IFCD's Administrative Appeal of EOUSA's Actions**

17. On July 17, 2020, IFCD administratively appealed EOUSA's action on the request, indicating that IFCD believed that EOUSA did not conduct an adequate search for responsive records before referring the request to OIP. Ex. 8.

18. On August 6, 2020, OIP affirmed EOUSA's action on your FOIA request. OIP's letter stated, "I am affirming EOUSA's action on your request. EOUSA informed you that it could locate no responsive records subject to the FOIA in its files. I have determined that EOUSA's action was correct and that it conducted an adequate, reasonable search for such records. EOUSA also forwarded a copy of your request to OIP for processing because the records you seek are likely to be maintained by the Office of the Attorney General. I have determined that EOUSA's action was correct." Ex. 9.

**IFCD's Administrative Appeal of OIP's Actions**

19. On March 1, 2021, IFCD administratively appealed OIP's action on the FOIA request, indicating that IFCD believed that OIP did not conduct an adequate search for responsive records. Ex. 10.

20. On April 13, 2021, OIP affirmed the action of its Initial Request staff on the FOIA request. OIP's letter stated, "The IR Staff informed you that it could locate no responsive records subject to the FOIA in its files. I have determined that the IR Staff's action was correct and that it conducted an adequate, reasonable search for such records." Ex. 11.

**Internal EOUSA Emails State That EOUSA Did Not Conduct a Search**

21. IFCD submitted a FOIA request to EOUSA for their records related to processing IFCD's initial FOIA request on September 3, 2020. Ex. 12. EOUSA responded to this request and disclosed emails between EOUSA staff and OIP staff. Ex. 13.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 236 of 347
Page ID #:18734
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 6 of 13

22. In the disclosed emails, EOUSA staff state, "*EOUSA will not be performing a search*." Ex. 13.

**OIP's Case Notes Suggest that OIP Searched for Information About Debra Wong Yang, Rather Than Information About the Search to Replace Her**

23. IFCD submitted a FOIA seeking OIP's records related to processing IFCD's initial FOIA request. Ex. 14. OIP responded to this request and disclosed Case Notes on July 21, 2021. Ex. 15.

24. These notes suggest that OIP staff looked for information related to Debra Wong Yang, the outgoing US Attorney, instead of records about the "*search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang*,"—as per IFCD's request. For example, the Case Notes state that OIP, "Conducted a RITT search by name (Debra Wong Yang) –no hits; searched Wong Yang- no hits" and "IQ search Wong Yang (WF)- 15 hits -1 hit responsive {Wong Yang} (contact) {Debra Wong Yang} no records." Ex. 15.

**In Telephone Conversations, One OIP Staff Member Indicated that OIP Would Have Responsive Records, But Another Indicated that EOUSA Would Have Responsive Records**

25. Daniel Castellano, who signed OIP's appeal determination affirming EOUSA's decision to refer the request to OIP and determining that EOUSA conducted an adequate and reasonable search, stated during a December 14, 2020, telephone conversation that EOUSA did not have any records because hiring U.S. Attorneys happens through the Office of Legal Policy and Attorney General's Office, not at the district level. He indicated that OIP would be responsible for records from those offices (suggesting that OIP, not EOUSA, was the correct component from which to request records). Ex. 16 at ¶ 12.

26. On the other hand, during a February 24, 2021, telephone conversation, OIP's FOIA Public Liaison Valeree Villanueva, expressed that, in her opinion, the records IFCD requested

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 237 of 347
Page ID #:18735
Case 1:22-cv-01000    Document 1    Filed 04/11/22    Page 7 of 13

should be records that EOUSA would know of (suggesting that EOUSA, not OIP, was the correct component from which to request records). She indicated that if IFCD was not satisfied with EOUSA's response, IFCD could appeal. When informed that IFCD had already appealed EOUSA's determination and OIP had affirmed, she responded that it was up to IFCD whether it was satisfied with that response. Ex. 16 at ¶ 18.

### IFCD's Second Request to OIP

27. On March 1, 2021, IFCD submitted a new request to OIP, which was broader than IFCD's earlier request and included additional background information to assist with the search. Whereas the earlier request had asked for records pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006, the new request stated:

Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of any and all records maintained by your agency related to filling any vacancy in the position of United States Attorney for the Central District of California that occurred in the years 2005-2007.

*By way of background only, and not in any way to limit the search*, it is IFCD's understanding that the position of United States Attorney for the Central District of California became vacant in 2006 upon the resignation of Debra Wong Yang. It is also IFCD's understanding that a local screening committee assisted in some way with the process of seeking a replacement for Ms. Yang.

Again, IFCD is not asking for a search limited to records related to Ms. Yang or the local screening committee. Please furnish any and all records related to filling any vacancy in the position of United States Attorney for the Central District of California at any time in

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 238 of 347
Page ID #:18736
Case 1:22-cv-01000    Document 1    Filed 04/11/22    Page 8 of 13

the years 2005-2007. Please include records generated before 2005 or after 2007, so long as they relate to a vacancy that existed sometime between 2005 and 2007. Please include records, from any and all stages of the process, related to applications of individuals who did not ultimately assume the position of United States Attorney for the Central District of California. And please include records sent from, sent to, or generated by the local screening committee.

Ex. 17.

28. On March 22, 2021, OIP acknowledged IFCD's March 1, 2021 FOIA request. OIP's acknowledgement letter stated, "The records you seek require a search in and/or consultation with another Office, and so your request falls within unusual circumstances. See 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) (2018). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute." Ex. 18.

29. As of the date of this Complaint, it has been 406 days since IFCD submitted its March 1, 2021 FOIA request, and Plaintiff has still not received a determination from OIP with respect to this request.

**IFCD's Second Request to EOUSA**

30. On March 1, 2021, IFCD submitted a new request to EOUSA, which was broader than IFCD's earlier request and included additional background information to assist with the search. Whereas the earlier request had asked for records pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006, the new request stated:

Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of any and all records maintained by your agency related to filling any vacancy in

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 239 of 347
Page ID #:18737
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 9 of 13

the position of United States Attorney for the Central District of California that occurred in the years 2005-2007.

*By way of background only, and not in any way to limit the search*, it is IFCD's understanding that the position of United States Attorney for the Central District of California became vacant in 2006 upon the resignation of Debra Wong Yang. It is also IFCD's understanding that a local screening committee assisted in some way with the process of seeking a replacement for Ms. Yang.

Again, IFCD is not asking for a search limited to records related to Ms. Yang or the local screening committee. Please furnish any and all records related to filling any vacancy in the position of United States Attorney for the Central District of California at any time in the years 2005-2007. Please include records generated before 2005 or after 2007, so long as they relate to a vacancy that existed sometime between 2005 and 2007. Please include records, from any and all stages of the process, related to applications of individuals who did not ultimately assume the position of United States Attorney for the Central District of California. And please include records sent from, sent to, or generated by the local screening committee.

Ex. 19.

31. On March 2, 20201, EOUSA sent an email referring to IFCD's previous FOIA request and indicating that OIP would have the records. Ex. 20. The same day, IFCD responded to EOUSA's email, explaining that EOUSA's email referred to a previous request, but that IFCD had submitted a new FOIA request. *Id.* EOUSA never responded to that email.

32. On March 4, 2021, and again on June 10, 2021, IFCD sent follow up emails to EOUSA. Ex. 20.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 240 of 347
Page ID #:18738
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 10 of 13

33. To date, EOUSA has not responded to IFCD's March 4, 2021 or June 10, 2021 emails.

34. As of the date of this Complaint, it has been 406 days since IFCD submitted its March 1, 2021 FOIA request, and Plaintiff has still not received a determination from EOUSA with respect to this request.

**No Records Have Been Produced in Response to IFCD's Requests for Information About the Search to Fill the US Attorney Position**

35. As of the date of this Complaint, DOJ and its components have not produced any records in response to IFCD's FOIA requests seeking information about the search to fill the US Attorney position.

## CAUSES OF ACTION

**Count 1: Violation of FOIA (5 U.S.C. § 552) for Wrongful Withholding of Agency Records (All Defendants)**

36. IFCD repeats and realleges the foregoing paragraphs.

37. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

38. IFCD properly asked for records within the possession, custody, and control of the Defendants.

39. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

40. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests or is deemed to have exhausted its administrative remedies with respect to Defendants' processing of IFCD's FOIA requests because Defendants failed to comply with applicable time limit provisions.

41. Defendants have wrongfully withheld the requested records from IFCD.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 241 of 347
Page ID #:18739
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 11 of 13

42. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Count 2: Violation of FOIA for Failure to Conduct a Reasonable Search (All Defendants)**

43. IFCD repeats and realleges the foregoing paragraphs.

44. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

45. IFCD properly asked for records within the possession, custody, and control of the Defendants.

46. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests or is deemed to have exhausted its administrative remedies with respect to Defendants' processing of IFCD's FOIA requests because Defendants failed to comply with applicable time limit provisions.

47. Defendants have failed to conduct a search reasonably calculated to identify all records responsive to IFCD's request for records, in violation of their obligations under FOIA. 5 U.S.C. § 552(a)(3).

48. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Count 3: Violation of FOIA for Failure to Comply with Statutory Deadlines (All Defendants)**

49. IFCD repeats and realleges the foregoing paragraphs.

50. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

51. IFCD properly asked for records within the possession, custody, and control of the Defendants.

52. IFCD's FOIA requests complied with all applicable regulations regarding the submission of FOIA requests.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 242 of 347
Page ID #:18740
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 12 of 13

53. Defendants failed to make a determination regarding IFCD's requests within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A).

54. The failure of Defendants to make a determination with respect to IFCD's FOIA requests within FOIA's statutory deadlines violates their obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

55. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

56. IFCD has exhausted the applicable and available administrative remedies with respect to Defendants' processing of IFCD's FOIA requests or is deemed to have exhausted its administrative remedies with respect to Defendants' processing of IFCD's FOIA requests because Defendants failed to comply with applicable time limit provisions.

57. IFCD is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

## **REQUESTED RELIEF**

Wherefore, Plaintiff IFCD prays for the following relief:

A. Declare Defendants' failure to comply with FOIA to be unlawful;

B. Declare that Plaintiff is entitled to disclosure of the requested records;

C. Order Defendants to conduct searches reasonably calculated to identify all records responsive to Plaintiff's requests;

D. Issue an injunction enjoining Defendants from withholding the records requested by Plaintiffs;

E. Award IFCD its costs and reasonable attorneys' fees in this action; and

F. Provide such other further relief as the Court may deem just and proper.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 243 of 347
Page ID #:18741
Case 1:22-cv-01000   Document 1   Filed 04/11/22   Page 13 of 13

Dated April 11, 2022                    Respectfully submitted,

                                        /s/ F. Italia Patti
                                        F. Italia Patti (IN Bar No. 34725-02)
                                        Joshua B. Pickar (NY Bar No. 5579768)
                                        Indiana Federal Community Defenders
                                        111 Monument Circle, Ste. 3200
                                        Indianapolis, IN 46204
                                        (317) 383-3520
                                        italia_patti@fd.org
                                        josh_pickar@fd.org
                                        Attorneys for Plaintiff

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 244 of 347
Page ID #:18742
Case 1:22-cv-01000   Document 1-1   Filed 04/11/22   Page 1 of 2

# EXHIBIT 1

Ex. 124 pg.244 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 245 of 347
Page ID #:18743
Case 2:02-cr-00220-MCS   Document 1000   Filed 07/18/19   Page 2 of 2   Page ID #:13290

BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Attorneys for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No.  CR 02-00220-SJO |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER GRANTING EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255 |
| JURIJUS KADAMOVAS, | ) | |
| Defendant. | ) | |

This Court, having read and considered the Ex Parte Application for Appointment of Counsel for Proceedings Pursuant to 28 U.S.C. § 2255 submitted on July 16, 2019, and finding good cause, hereby grants the application and appoints the Indiana Federal Community Defenders office and attorney Timothy J. Foley to represent Jurijus Kadamovas in 28 U.S.C. § 2255 and post-conviction proceedings.

IT IS SO ORDERED.

Dated: July 18, 2019

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 247 of 347
Page ID #:18745
Case 1:22-cv-01000   Document 1-2   Filed 04/11/22   Page 2 of 2

Newspapers
by ancestry
https://www.newspapers.com/image/193328021

The Los Angeles Times (Los Angeles, California) · Thu, Jan 18, 2007 · Page 21

Printed on Apr 5, 2022



Copyright © 2022 Newspapers.com. All Rights Reserved.



Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 248 of 347
Page ID #:18746
Case 1:22-cv-01000   Document 1-3   Filed 04/11/22   Page 1 of 3

# EXHIBIT 3



**Indiana Federal Community Defenders**

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001
E-mail: MRUFOIA.Requests@usdoj.gov
*Sent by U.S. Mail and email*

February 24, 2020

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the
Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana
Federal Community Defenders a complete copy of any and all records maintained
by your agency pertaining to the search to fill the position of United States Attorney
for the Central District of California that became vacant upon the resignation of
Debra Wong Yang on November 11, 2006. Please include any records related to this
search that predate Yang's resignation, as well as any records related to this search
that postdate the position being filled.

By way of illustration only and not limitation, please furnish: files,
transcripts, documents, notes, worksheets, applications, reviews, chain of custody
forms, memoranda, reports, interviews, correspondence, pictures, drawings, tests,
test results, and any and all information pertaining to the above-referenced event.

If documents are denied in part or in whole, please specify the exemption(s)
claimed for each partial or complete denial. If you excise any material, please "black
out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit
organization, and because the content of the records would be of public interest and
contribute to understanding and oversight of the United States Attorney selection
process. If a fee waiver is not granted, please send an estimate prior to copying the
materials. This office reserves all rights to appeal any denial of a fee waiver, as well
as any redaction or decision not to release information.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

1

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia.patti@fd.org.

Sincerely,

Monica Foster, Executive Director
Indiana Federal Community Defenders

2

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 251 of 347
Page ID #:18749
Case 1:22-cv-01000   Document 1-4   Filed 04/11/22   Page 1 of 2

# EXHIBIT 4

**U.S. Department of Justice**



*Washington, D.C. 20530*



March 17, 2020

Monica Foster
111 Monument Circle
Suite 3200
Indianapolis, IN   46204

Dear Sir/Madam:

This is in response to your request for records, Tracking Number, MRU-FOIA-68-243.   Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ).   Federal agencies are required to respond to a FOIA request within 20 business days.   This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought, or ten business days after the request is received in this office, whichever is earlier.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

> FOIA/PA
> Executive Office for U.S. Attorneys
> Department of Justice
> Suite 5.400
> 175 N. Street N.E.
> Washington, DC   20530-0001
> (202) 252-6020

Sincerely,

MRUFOIA
Logistics Management
Facilities and Administrative Services Staff
Justice Management Division

Ex. 124 pg.252 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 253 of 347
Page ID #:18751
Case 1:22-cv-01000   Document 1-5   Filed 04/11/22   Page 1 of 3

# EXHIBIT 5

Case 2:02-cr-00220-MCS     Document 2471-124     Filed 10/03/23     Page 254 of 347
Page ID #:18752
Case 1:22-cv-01000   Document 1-5   Filed 04/11/22   Page 2 of 3



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*          *(202) 252-6020*
*175 N Street, NE*                     *FAX (202) 252-6048*
*Washington, DC  20530*

June 9, 2020

Monica Foster
Indiana Federal Community Defenders
111 Monument Circle, Ste. 3200
Indianapolis, IN 46204
Sent VIA FOIAONLINE: italia.patti@fd.org

Subject: Records pertaining to the search to fill the position of United States Attorney for the central district of California that became vacant in 2006.

Dear Monica Foster,

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act and/or Privacy Act request.  The EOUSA is the official record keeper for all records located in this office and the various United States Attorney's offices.

You requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is maintained by the Office of Information Policy.  We have sent your request to the following Department of Justice Component.   Please contact them directly at the following address:

**Office of Information Policy**
**Department of Justice**
**6th Floor**
**441 G St NW**
**Washington, DC NW 20530**
**Phone: (202) 514-3642**

This is the final action on this above-numbered request. If you are not satisfied with the Executive Office for U.S. Attorneys' determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 255 of 347
Page ID #:18753
Case 1:22-cv-01000   Document 1-5   Filed 04/11/22   Page 3 of 3

response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request. The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020; or facsimile 202-252-6048. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 256 of 347
Page ID #:18754
Case 1:22-cv-01000   Document 1-6   Filed 04/11/22   Page 1 of 3

# EXHIBIT 6

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 257 of 347
Page ID #:18755
Case 1:22-cv-01000   Document 1-6   Filed 04/11/22   Page 2 of 3

June 16, 2020

Italia Patti
Indiana Federal Community Defenders
111 Monument Circle
Suite 3200
Indianapolis, IN  46204
italia.patti@fd.org                                     Re:      FOIA-2020-01353

Dear Italia Patti:

        This is to acknowledge receipt of your Freedom of Information Act (FOIA) request
dated February 24, 2020, and received in this Office on June 9, 2020, in which you requested
records regarding the search for the United States Attorney for the Central District of
California that began with the resignation of Debra Wong Yang on November 11, 2006[1].

        The records you seek require a search in and/or consultation with another Office, and
so your request falls within "unusual circumstances."  See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii)
(2018).  Because of these unusual circumstances, we need to extend the time limit to respond
to your request beyond the ten additional days provided by the statute.  For your information,
we use multiple tracks to process requests, but within those tracks we work in an agile manner,
and the time needed to complete our work on your request will necessarily depend on a variety
of factors, including the complexity of our records search, the volume and complexity of any
material located, and the order of receipt of your request.  At this time we have assigned your
request to the complex track.  In an effort to speed up our process, you may wish to narrow the
scope of your request to limit the number of potentially responsive records so that it can be
placed in a different processing track.  You can also agree to an alternative time frame for
processing, should records be located, or you may wish to await the completion of our records
search to discuss either of these options.  Any decision with regard to the application of fees
will be made only after we determine whether fees will be implicated for this request.

        We regret the necessity of this delay, but we assure you that your request will be
processed as soon as possible.  If you have any questions or wish to discuss reformulation or an
alternative time frame for the processing of your request, you may contact this Office by
telephone at the above number or you may write to the Office of Information Policy, United
States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001.
Lastly, you may contact our FOIA Public Liaison, Valeree Villanueva, at the telephone number
listed above to discuss any aspect of your request.

---

[1] You directed your request to the Executive Office for United States Attorneys (EOUSA), who forwarded it to
this Office for handling.  The EOUSA tracking number associated with this request is EOUSA-2020-002077.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 258 of 347
Page ID #:18756
Case 1:22-cv-01000   Document 1-7   Filed 04/11/22   Page 1 of 3

# EXHIBIT 7

Ex. 124 pg.258 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 259 of 347
Page ID #:18757
Case 1:22-cv-01000   Document 1-7   Filed 04/11/22   Page 2 of 3



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

February 18, 2021

Italia Patti
Indiana Federal Community Defenders
111 Monument Circle
Suite 3200
Indianapolis, IN  46204                        Re:    FOIA-2020-01353
italia.patti@fd.org                                   DRH:NAD

Dear Italia Patti:

    This responds to your Freedom of Information Act (FOIA) request dated
February 24, 2020, and received in this Office on June 9, 2020, in which you requested
records related to filling the position of Debra Wong Yang, former United States Attorney
for the Central District of California before or after her resignation on November 11, 2006[1].

    Please be advised that a search has been conducted of the Departmental Executive
Secretariat, which is the official records repository for the Offices of the Attorney General,
Deputy Attorney General, and Associate Attorney General, and no records responsive to
your request were located.  We have also searched the subject matter files of former officials
of those offices for any references that might be responsive to your request.  Again, no
records responsive to your request were located.

    For your information, Congress excluded three discrete categories of law
enforcement and national security records from the requirements of the FOIA.  See 5 U.S.C.
§ 552 (2018).  This response is limited to those records that are subject to the requirements
of the FOIA.  This is a standard notification that is given to all our requesters and should not
be taken as an indication that excluded records do, or do not, exist.

    You may contact our FOIA Public Liaison, Valeree Villanueva, for any further
assistance and to discuss any aspect of your request at: Office of Information Policy, United
States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001;
telephone at 202-514-3642.

    Additionally, you may contact the Office of Government Information Services
(OGIS) at the National Archives and Records Administration to inquire about the FOIA
mediation services they offer.  The contact information for OGIS is as follows:  Office of
Government Information Services, National Archives and Records Administration, Room

---

[1] You directed your request to the Executive Office for United States Attorneys (EOUSA), who forwarded it to
this Office for handling.  The EOUSA tracking number associated with this request is EOUSA-2020-002077.

Ex. 124 pg.259 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 260 of 347
Page ID #:18758
Case 1:22-cv-01000   Document 1-7   Filed 04/11/22   Page 3 of 3

-2-

2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

       If you are not satisfied with this Office's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff

Ex. 124 pg.260 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 261 of 347
Page ID #:18759
Case 1:22-cv-01000   Document 1-6   Filed 04/11/22   Page 3 of 3

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,
Initial Request Staff
Office of Information Policy
U.S. Department of Justice

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 262 of 347
Page ID #:18760
Case 1:22-cv-01000   Document 1-8   Filed 04/11/22   Page 1 of 5

# EXHIBIT 8

Ex. 124 pg.262 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 263 of 347
Page ID #:18761
Case 1:22-cv-01000   Document 1-8   Filed 04/11/22   Page 2 of 5



July 17, 2020

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G St. NW, 6th Floor
Washington, DC 20530
*Submitted through OIP FOIA STAR portal*

**Re: Appeal of Denial of EOUSA-2020-002077 (related tracking numbers: MRU-FOIA-68-243; FOIA-2020-01353 (OIP))**

Dear Director Talebian:

This is an administrative appeal of the denial, by the Executive Office of United States Attorneys (EOUSA), of a FOIA request from the Indiana Federal Community Defenders (IFCD) seeking records related to the search for a new United States Attorney for the Central District of California (CD CA). EOUSA determined that it does not have responsive records, and forwarded the request to the Office of Information Policy (OIP).

As explained more fully below, IFCD has a good-faith belief that EOUSA conducted an inadequate search for records. IFCD also understands that it may be more efficient to adjudicate this administrative appeal after OIP conducts its search, but IFCD is submitting this administrative appeal now to preserve its right to appeal and, if necessary, to eventually sue. As stated below, IFCD is willing to agree to defer adjudication of this appeal until after OIP completes its search for records.

### Background

On February 24, 2020, IFCD submitted a FOIA request to the Department of Justice Mail Referral Unit (MRU) seeking any and all records pertaining to the

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 264 of 347
Page ID #:18762
Case 1:22-cv-01000   Document 1-8   Filed 04/11/22   Page 3 of 5

2

search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006, including any records related to this search that predate Yang's resignation, as well as any records related to this search that postdate the position being filled.

According to the DOJ OIP[1] website, requesters who are unsure which DOJ component has the records they are seeking should submit the request to MRU, which "will then forward your request to the DOJ component they determine is most likely to maintain the records you are seeking."

On March 17, 2020, MRU sent IFCD a letter saying it had referred the request to the component it deemed "most likely to have the records": EOUSA. The MRU assigned Tracking Number MRU-FOIA-68-243 to the request.

By May 7, 2020—past the deadline to respond to the FOIA request—IFCD had not received any additional information about the status of this FOIA request. I called the EOUSA seeking an update. Although EOUSA was able to provide me with a tracking number for the request (EOUSA-2020-002077), EOUSA could not provide any information about the status of the request. On May 18, 2020, I called again, and EOUSA informed me that the person who had been assigned to this request had been out of the office and not working remotely. On June 5, 2020, I called again, and EOUSA informed me again that the person assigned to this request was out of the office and not working remotely, and this time informed me that the request would be reassigned. On June 9, 2020, IFCD received a letter from EOUSA explaining that neither EOUSA nor the CD CA US Attorney's Office had any responsive records, and that EOUSA was referring IFCD's request to OIP.

IFCD received an acknowledgement letter from OIP on June 16, 2020. The OIP assigned tracking number FOIA-2020-01353 to the request. On June 18, 2020, I

---

[1] Your office, the Office of Information Policy, plays at least three different roles in this administrative appeal. First, OIP adjudicates administrative appeals, and consequently is adjudicating this administrative appeal. Second, OIP is the office to which EOUSA forwarded IFCD's FOIA request, and is now handling the FOIA request at issue in this appeal. Third, OIP provides information to the public about how to submit FOIA requests to the DOJ, and it was information on OIP's website that caused IFCD to initially send the FOIA request to MRU.

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 265 of 347
Page ID #:18763
Case 1:22-cv-01000    Document 1-8    Filed 04/11/22    Page 4 of 5

3

spoke by phone with the OIP FOIA Public Liaison Valeree Villanueva. Ms. Villanueva explained to me that at this point OIP did not know where responsive records would be, and was in the process of determining which of OIP's client offices was most likely to have these records. She told me that she estimated that OIP would have a response to IFCD's FOIA request in four to six months, but emphasized that it was hard to make a precise estimate and that this estimate was probably on the higher end. She also indicated that I might be able to get a more precise estimate in about a month. On July 16, 2020, I left a voicemail explaining that, per Ms. Villanueva's suggestion, I was seeking a more precise estimate about how long it would take OIP to respond to IFCD's FOIA request.

### Basis of the appeal

IFCD believes EOUSA conducted an inadequate search. First, just as a matter of common sense, it is implausible that neither the Executive Office for United States Attorneys nor the United States Attorney's Office for the Central District of California has *single record* related to the search for a new United States Attorney for the Central District of California. It may well be that most of the records are with a different office, but the EOUSA's failure to locate even a single record makes it difficult to believe that EOUSA conducted an adequate search.

Second, supporting the IFCD's common-sense-based belief that EOUSA would have responsive records, the DOJ MRU initially determined that this request should go to the EOUSA. The purpose of the MRU is to refer FOIA requests to the office most likely to have responsive records. Accordingly, MRU's determination that this request should go to EOUSA is reason to believe that EOUSA would have at least some responsive records.

Third, the OIP does not currently know where responsive records would be kept, which leaves open the possibility that the records are in fact with EOUSA or the CD CA US Attorney's Office.

Finally, IFCD received the letter stating that EOUSA had no responsive records only four days after the request was reassigned. Although at this point IFCD cannot know exactly what EOUSA was doing between March 17, 2020, and June 5, 2020, it appears that not very much was done on the request prior to the June 5, 2020, reassignment. The possibility of conducting an adequate search within four days seems remote.

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 266 of 347
Page ID #:18764
Case 1:22-cv-01000   Document 1-8   Filed 04/11/22   Page 5 of 5

4

### Deferring adjudication of the appeal

IFCD understands that OIP is currently searching for records. IFCD also understands that it may be more appropriate to adjudicate this appeal after finding out whether OIP is able to locate records, as OIP's findings could shed light on IFCD's current good-faith belief that EOUSA did not conduct an adequate search. However, based on the estimate OIP gave the IFCD for how long the search will take, IFCD likely will not find out whether OIP is able to locate records prior to the deadline to file this administrative appeal of EOUSA's determination that it has no responsive records. Consequently, IFCD is filing this administrative appeal now, based on its good-faith belief that EOUSA conducted an inadequate search. IFCD is taking this step to ensure that it preserves its right to administratively appeal EOUSA's determination, and ultimately to file a lawsuit, should that become necessary.

IFCD is willing to agree to defer adjudication of this appeal until OIP is able to conduct its search for records. To discuss this possibility, please contact me at italia_patti@fd.org or 317 713 6129. I would be more than happy to talk with you about any aspect of this appeal, the best way to efficiently adjudicate this appeal, and especially the best way for DOJ to efficiently search for records responsive to IFCD's FOIA request.

Sincerely,

s/ F. Italia Patti
Italia Patti
Assistant Federal Defender, IFCD

Attachments:
FOIA Request
Letters from MRU, EOUSA, and OIP

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 267 of 347
Page ID #:18765
Case 1:22-cv-01000   Document 1-9   Filed 04/11/22   Page 1 of 3

# EXHIBIT 9



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

August 6, 2020

Florence Patti
Suite 3200
111 Monument Circle
Indianapolis, IN  46204
italia_patti@fd.org

Re:   Appeal No. A-2020-01398

Request No. 2020-002077

DRC:PJA:AJS

**VIA: Email**

Dear Florence Patti:

     You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your Freedom of Information Act request for access to records located in the United States Attorney's Office for the Central District of California concerning the search to fill the position of U.S. Attorney for the Central District of California that became vacant upon the registration of Debra Wong Yang on November 11, 2006. I have construed your appeal as challenging the adequacy of EOUSA's search for responsive records and EOUSA's decision to also refer your FOIA request to the Office of Information Policy (OIP).

     After carefully considering your appeal, I am affirming EOUSA's action on your request. EOUSA informed you that it could locate no responsive records subject to the FOIA in its files. I have determined that EOUSA's action was correct and that it conducted an adequate, reasonable search for such records. EOUSA also forwarded a copy of your reqeust to OIP for processing because the records you seek are likely to be maintained by the Office of the Attorney General. I have determined that EOUSA's action was correct.

     Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of EOUSA in response to your request.

     If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. 552(a)(4)(B).

     For your information, the Office of Government Information Services (OGIS) offers

mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X _____

Daniel Castellano,
Associate Chief, for Matthew Hurd, Acting Chief,
Administrative Appeals Staff

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 270 of 347
Page ID #:18768
Case 1:22-cv-01000   Document 1-10   Filed 04/11/22   Page 1 of 3

# EXHIBIT 10

Ex. 124 pg.270 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 271 of 347
Page ID #:18769
Case 1:22-cv-01000    Document 1-10    Filed 04/11/22    Page 2 of 3



March 1, 2020

Bobak Talebian
Director, Office of Information Policy
U.S. Department of Justice
441 G St. NW, 6th Floor
Washington, DC 20530
*Submitted through OIP FOIA STAR portal*

### *Re: Appeal of Denial of FOIA-2020-01353*

Dear Director Talebian:

This is an administrative appeal of the denial, by your office's initial request staff, of a FOIA request from the Indiana Federal Community Defenders (IFCD) seeking records related to the search for a new United States Attorney for the Central District of California. IFCD has a good-faith belief that OIP conducted an inadequate search for records.

On February 24, 2020, IFCD submitted a FOIA request to the Department of Justice Mail Referral Unit (MRU) seeking any and all records pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang in 2006, including any records related to this search that predate Yang's resignation, as well as any records related to this search that postdate the position being filled.

On March 17, 2020, MRU sent IFCD a letter saying it had referred the request to EOUSA, the component it deemed most likely to have the records (tracking number MRU-FOIA-68-243).

On June 9, 2020, IFCD received a letter from EOUSA explaining that neither EOUSA nor the Central District of California US Attorney's Office had any responsive records, and that EOUSA was referring IFCD's request to OIP (tracking number 2020-002077). IFCD submitted an appeal of EUOSA's action (Appeal Number A-2020-01398). OIP affirmed EOUSA's action on the request, determining that EOUSA conducted an adequate and reasonable search.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 272 of 347
Page ID #:18770
Case 1:22-cv-01000   Document 1-11   Filed 04/11/22   Page 1 of 3

# EXHIBIT 11



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

_____

*Telephone: (202) 514-3642*

April 13, 2021

Florence Patti, Esq.
Indiana Federal Community Defenders
111 Monument Circle
Ste. 3200                                          Re:   Appeal No. A-2021-01168
Indianapolis, IN  46204
italia_patti@fd.org                                      Request No. 2020-01353
                                                         DRC:AMF

**VIA:Email**

Dear Florence Patti:

        You appealed from the action of the Initial Request Staff (IR Staff) on your Freedom of
Information Act request for access to records concerning the search to fill the vacancy for the
United States Attorney position of the Central District of California in 2006. I note that your
appeal concerns the adequacy of the search.

        After carefully considering your appeal, I am affirming the IR Staff's action on your
request. The IR Staff informed you that it could locate no responsive records subject to the
FOIA in its files.  I have determined that the IR Staff's action was correct and that it conducted
an adequate, reasonable search for such records.

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of the IR Staff in response to
your request.

        If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C. §552(a)(4)(B).

        For your information, the Office of Government Information Services (OGIS) offers
mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-
exclusive alternative to litigation. Using OGIS services does not affect your right to pursue
litigation. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,
College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll

free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X_____

Matthew Hurd,
Acting Chief, Administrative Appeals Staff

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 275 of 347
Page ID #:18773
Case 1:22-cv-01000   Document 1-10   Filed 04/11/22   Page 3 of 3

2

On June 16, 2020, IFCD received an acknowledgement letter from OIP (tracking number FOIA-2020-01353).

On February 18, 2021, OIP denied the request, explaining that it conducted a search of the Departmental Executive Secretariat, which is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, and of the subject matter files of officials from those offices, but located no records responsive to IFCD's request.

IFCD believes that OIP conducted an inadequate search. It is implausible that within the entire Department of Justice there exists *not a single record* related to the search for a new United States Attorney for the Central District of California. Yet the OIP affirmed in a prior appeal that EUOSA was correct in determining that neither the EOUSA nor the United States Attorney's Office for the Central District of California had any records, and is now saying that OIP could not locate any records in the Offices of the Attorney General, Deputy Attorney General, or Associate Attorney General.

Therefore, your office's Administrative Appeals Staff should remand the case to your office's Initial Request Staff to conduct an adequate search. Alternatively, if your search revealed that EOUSA is likely to have responsive records, your office should resume communications about this request with EOUSA, which initially referred this request to your office.


Sincerely,

s/ F. Italia Patti
Italia Patti
Assistant Federal Defender, IFCD


Attachments:
OIP Acknowledgement Letter
OIP Denial Letter

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 276 of 347
Page ID #:18774
Case 1:22-cv-01000   Document 1-12   Filed 04/11/22   Page 1 of 3

# EXHIBIT 12

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 277 of 347
Page ID #:18775
Case 1:22-cv-01000   Document 1-12   Filed 04/11/22   Page 2 of 3



Kevin Krebs, Assistant Director, FOIA/Privacy Staff
Executive Office for United States Attorneys
Department of Justice
175 N Street, NE
Suite 5.400
*Submitted via FOIAonline*

September 3, 2020

Dear FOIA Officer:

   This is a Freedom of Information Act (FOIA) request pursuant to the
Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana
Federal Community Defenders all processing notes, internal communications, and
communications with other DOJ components or offices for FOIA request # EOUSA-
2020-002077 (also designated as MRU Tracking # MRU-FOIA-68-243; OIP Tracking
# FOIA-2020-01353).

   If documents are denied in part or in whole, please specify the exemption(s)
claimed for each partial or complete denial. If you excise any material, please "black
out" the material rather than "white out" or "cut out."

   This office also requests a fee waiver in light of the fact that it is a non-profit
organization, and because the content of the records would be of public interest and
contribute to understanding and oversight of the EOUSA and DOJ's handling of
FOIA requests. If a fee waiver is not granted, please send an estimate prior to
copying the materials. This office reserves all rights to appeal any denial of a fee
waiver, as well as any redaction or decision not to release information.

   Please send a memo (copying this office) to the appropriate units to ensure
that no records related to this request are destroyed. Please advise of any
destructions of records and include the date and authority of such destruction.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 278 of 347
Page ID #:18776
Case 1:22-cv-01000   Document 1-12   Filed 04/11/22   Page 3 of 3

2

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address or email address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204
> italia_patti@fd.org

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia_patti@fd.org.


> Sincerely,
>
> s/ Italia Patti
> Assistant Federal Defender
> Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 279 of 347
Page ID #:18777
Case 1:22-cv-01000   Document 1-13   Filed 04/11/22   Page 1 of 2

# EXHIBIT 13

Ex. 124 pg.279 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 280 of 347
Page ID #:18778
Case 1:22-cv-01000   Document 1-13   Filed 04/11/22   Page 2 of 2

| | |
|---|---|
| **From:** | Finney, Auborn (USAEO) |
| **To:** | b5 |
| **Cc:** | OIP.Consult.Referrals |
| **Subject:** | RE: Referral EOUSA-2020-002077 |
| **Date:** | Tuesday, June 9, 2020 3:06:00 PM |
| **Attachments:** | Foster, Monica (MRU-FOIA-68-243) FOIA REQUEST.pdf |
| | EOUSA-2020-002077 Response Letter.pdf |

Hello,

EOUSA is referring the attached request to OIP for processing. The requester has been notified of this referral. Please let me know if you have any questions. Thank you.

Best regards,

Auborn Finney

**From:** Finney, Auborn (USAEO)
**Sent:** Friday, June 5, 2020 2:31 PM
**To:** Villanueva, Valeree A (OIP) < b6 >
**Cc:** OIP.Consult.Referrals < b6 >
**Subject:** RE: Referral EOUSA-2020-002077

EOUSA will not be performing a search. I will let the requester know this request has been referred to OIP.

Best regards,

Auborn Finney

**From:** Villanueva, Valeree A (OIP) < b6 >
**Sent:** Friday, June 5, 2020 2:08 PM
**To:** Finney, Auborn (USAEO) < b6 >
**Cc:** OIP.Consult.Referrals < b5 >
**Subject:** RE: Referral EOUSA-2020-002077

Auborn Finney,

OIP has received your email below and I wanted to ask, is EOUSA also searching for responsive records corresponding to this request?

EOUSA may forward a copy of this request to OIP. Feel free to forward this request to OIP via the b5 email box.

Thank you,
Valeree Villanueva

Ex. 124 pg.280 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 281 of 347
Page ID #:18779
Case 1:22-cv-01000   Document 1-14   Filed 04/11/22   Page 1 of 3

# EXHIBIT 14

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 282 of 347
Page ID #:18780
Case 1:22-cv-01000   Document 1-14   Filed 04/11/22   Page 2 of 3



Office of Information Policy
Department of Justice
Douglas Hibbard
Chief, Initial Request Staff
6th Floor
441 G St NW
Washington, DC 20530
*Submitted via FOIA STAR Portal*

March 1, 2021

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Please timely furnish to the Indiana Federal Community Defenders all records related to the processing of FOIA request # FOIA-2020-01353 (also designated as EOUSA-2020-002077 and MRU-FOIA-68-243), including notes, processing notes, memoranda, checklists, FOIA checklists, internal communications, and communications with other DOJ components or offices.

If documents are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of the DOJ's handling of FOIA requests. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 283 of 347
Page ID #:18781
Case 1:22-cv-01000   Document 1-14   Filed 04/11/22   Page 3 of 3

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, at the following address or email address:

Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
italia_patti@fd.org

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia_patti@fd.org.

Sincerely,

s/ Italia Patti
Assistant Federal Defender
Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 284 of 347
Page ID #:18782
Case 1:22-cv-01000   Document 1-15   Filed 04/11/22   Page 1 of 5

# EXHIBIT 15

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 285 of 347
Page ID #:18783
Case 1:22-cv-01000   Document 1-15   Filed 04/11/22   Page 2 of 5

July 21, 2021

Florence Patti
111 Monument Circle
Suite 3200
Indianapolis, IN  46204                    Re:    FOIA-2021-00839
Italia_patti@fd.org                                DRH:NAD

Dear Florence Patti:

This responds to your Freedom of Information Act request dated and received in this Office on March 1, 2021, in which you requested records concerning the processing of FOIA-2020-01353.

Please be advised that a search has been conducted in this Office, and two pages have been located that contain records responsive to your request.  I have determined that this material can be released without withholdings, and copies are enclosed.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552 (2018).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison, Valeree Villanueva, for any further assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001; telephone at 202-514-3642.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

If you are not satisfied with this Office's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 286 of 347
Page ID #:18784
Case 1:22-cv-01000   Document 1-15   Filed 04/11/22   Page 3 of 5

account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Douglas R. Hibbard
Chief, Initial Request Staff

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 287 of 347
Page ID #:18785
Case 1:22-cv-01000   Document 1-15   Filed 04/11/22   Page 4 of 5

## Case Notes

Reviewer (if assigned):  **VAV/DRH**
Name of Requester:  **Italia Patti**
Date of Request:  **2/24/20**
Date of Receipt:  **6/9/20**
Date Received by
Analyst:  **6/10/20**
**SLE – To Be Transferred**
Case:  **FOIA-2020-01353**
Component(s):  **OIP**

**Subject of Request:** records regarding the search for the United States Attorney for the Central District of California that began with the resignation of Debra Wong Yang on November 11, 2006

### *Background Notes*

Needs to be acknowledged. No need for search notifications. Search limited to Exec Sec and RITT.

### *Processing Notes*

6/10/20 (SLE) – tasked ack ltr

6/16/20 (SLE) – ack ltr sent and transferred to Mandy

6/17/20  (VAV) – spoke with the requester and estimated 4-6 months on this case since I did not know the ins and outs for this one. I also recommended they contact us within a month to get a stronger estimation since by then we might have our search complete. R was interested in why the case had been moved around DOJ and that the 20 day working deadline is well past.

7/16/2020 (AKT)-R called and left a message asking if we had a better time estimate regarding this request

7/29/2020 (AKT)-R called and left an additional voicemail message seeking a status update

8/3/2020 (AKT)-emailed R and estimated that we will have a response to their FOIA request in 4-5 months.

ND search of RITT on 9/7/20
R mentioned the name of Debra Wong Yang  -resignation started in Nov 2006-
Conducted a RITT search by name (Debra Wong Yang) –no hits; searched Wong Yang- no hits

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 288 of 347
Page ID #:18786
Case 1:22-cv-01000   Document 1-15   Filed 04/11/22   Page 5 of 5

Google searched the administration at that time (Alberto Gonzales- Searched his deputies files James Comey, Paul McNulty, Craig S. Morford

Searched by Office under Conzales adm- located McNulty's files (11/1/2005 to 3/17/2006 - nothing about the filing position of EOUSA for Central District of CA- but files on EOUSA firings, personnel- nothing about Debra Wong Yang

3/17/2006-8/6/2007- results-identical to the above- nothing about Debra Wong Yang.

1/10/2021

R emailed seeking status of her request.

2/3/2021

R left a voice message re: status of request.

Called her back and advised that we are still searching for records and provided 3 months to complete her request.

IQ search

Wong Yang  (WF)- 15 hits -1 hit responsive

{Wong Yang} (contact) {Debra Wong Yang} no records


2/4/2021

Processed material and sent an event to DRH to review.

2/18/2021

DRH reviewed the processed material and they are NR

Drafted no records final response and sent an event to DRH for review

DRH reviewed and signed final.

Sent out final and closed it FOIASTAR.

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 289 of 347
Page ID #:18787
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 1 of 14

# EXHIBIT 16

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 290 of 347
Page ID #:18788
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 2 of 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INDIANA FEDERAL COMMUNITY DEFENDERS 111 Monument Circle, Ste. 3200 Indianapolis, IN 46204<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE 950 Pennsylvania Avenue N.W. Washington, D.C. 20530,<br><br>U.S. DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS 175 N Street, N.E. Suite 5.400 Washington, D.C. 20530,<br><br>U.S. DEPARTMENT OF JUSTICE OFFICE OF INFORMATION POLICY 6th Floor 441 G St. NW Washington, D.C. 20530<br><br>Defendants. | Civil Action No. _____ |

**DECLARATION OF F. ITALIA PATTI**

I, Florence Italia Patti, declare and state the following:

1. I am an Assistant Federal Defender in the Capital § 2255 Unit of the Indiana Federal Community Defender ("IFCD").

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 291 of 347
Page ID #:18789
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 3 of 14

2. On February 24, 2020, IFCD submitted a FOIA request to the Department of Justice Mail Referral Unit ("MRU") seeking records related to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang in November 2006.

3. I am submitting this Declaration to inform the Court about telephone conversations I had in the course of following up on this FOIA request. I wrote memoranda shortly after each telephone conversation, and the information below summarizing those conversations is derived from those memoranda. Some of the following paragraphs also reference written correspondence; the written correspondence is attached as exhibits to the Complaint to which this Declaration is also attached or, where not referenced in the Complaint, attached to this Declaration.

**Conversations about EOUSA's Handling of IFCD's Request**

4. On March 17, 2020, in response to IFCD's FOIA request, MRU sent IFCD a letter indicating that it forwarded the request to the Executive Office for United States Attorneys ("EOUSA").

5. As of May 1, 2020, IFCD had not received an acknowledgement letter from EOUSA. On that date, I left a voicemail for EOUSA inquiring about the request.

6. On May 7, 2020, I again called EOUSA, and spoke with Regina Preston.[1] Ms. Preston gave me the tracking number for the request (2020-002077) and the office's email address

---

[1] Ms. Preston told me her first name when we spoke by phone. While at the time of our phone conversations and when I memorialized our phone conversations I did not know her last name, I later learned her last name when I reviewed EOUSA's case processing notes. IFCD received EOUSA's case processing notes as a result of a separate FOIA request.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 292 of 347
Page ID #:18790
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 4 of 14

(usaeo.foia.requests@usdoj.gov). She also updated me on the status of the request: EOUSA was waiting for a response from the Central District of California.

7. On May 18, 2020, I again called EOUSA and spoke to Ms. Preston. She informed me that the person responsible for IFCD's request was not working, and she was not sure whether the request had been reassigned. She said she would send an email about the request.

8. On June 5, 2020, I again called EOUSA and spoke to Ms. Preston. She informed me that IFCD's request had not yet been reassigned. She said she would reassign it that day to Auborn Finney.

9. On June 9, 2020, IFCD received a letter from EOUSA explaining that it forwarded the FOIA request to the Office of Information Policy ("OIP").

10. On July 17, 2020, IFCD administratively appealed EOUSA's denial, arguing that EOUSA conducted an inadequate search before referring the request to OIP.

11. On August 6, 2020, OIP affirmed EOUSA's actions on the request, determining that EOUSA conducted an adequate, reasonable search for records.

12. On December 14, 2020, I spoke with Daniel Castellano, who signed OIP's appeal determination. I wanted to understand how he determined that EOUSA had conducted an adequate and reasonable search. Mr. Castellano told me that EOUSA had not conducted a traditional search but had reached out to high-level people at the Central District of California to see if the district would have records. Mr. Castellano stated that the reason EOUSA did not have any records is that hiring U.S. Attorneys happens through the Office of Legal Policy and Attorney General's Office, not at the district level. I confirmed that OIP (where EOUSA had referred the request) would collect records from both the Office of Legal Policy and Attorney General. He indicated that OIP would be responsible for records from those offices. I then asked

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 293 of 347
Page ID #:18791
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 5 of 14

him why MRU initially sent the request to EOUSA, given the information he had just provided me. He responded that MRU does the best it can, that hiring of personnel other than the U.S. Attorney happens at the district level, and that MRU probably just did not understand.

**Conversations about OIP's Handling of IFCD's FOIA Request**

13. On June 18, 2020, I spoke with OIP's FOIA Public Liaison Valeree Villanueva, because, at that time, the request was pending with OIP (having been referred to them by EOUSA, as noted above). Ms. Villanueva informed me that Amanda Toner was the analyst assigned to the request. She also estimated that the request would be completed in four to six months, noting that she thought this was a high estimate. She suggested I call back in a month for a more precise estimate. When I asked her why she thought the MRU had initially referred the request to EOUSA, she responded that, because it was a request that mentioned a U.S. Attorney's office, it made sense that the MRU initially thought to send it to EOUSA.

14. After I left voicemails for Valeree Villanueva and/or Amanda Toner and exchanged a few emails with Ms. Toner, on September 15, 2020, Ms. Toner informed me that IFCD's request was reassigned to a different analyst, Nadege Delake. On the same day, Ms. Delake informed me that they were searching for records and would provide me with an update when the search was complete.

15. Between December 22, 2020, and February 3, 2021, I sent Ms. Delake several emails and left two voicemails inquiring about the status of the request. I did not receive any response to these emails or voicemails until February 3, 2021.[2]

16. On February 3, 2021, Ms. Delake called me in response to a voicemail I left earlier that day. At first, Ms. Delake insisted that the request I was calling about was an administrative

---

[2] My emails with Amanda Toner and Nadege Delake are attached to this Declaration.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 294 of 347
Page ID #:18792
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 6 of 14

appeal and informed me that she was not working on it. Once we were able to establish that the request about which I was calling was indeed an initial request, Ms. Delake informed me that it was a 2020 request, and they were currently working on 2016 requests, and "there are people in front of you." When I informed her that in June 2020 Ms. Villanueva had estimated that the request would be completed in four to six months, Ms. Delake said that she is working on IFCD's request but is also working on requests from 2016. When I asked Ms. Delake for an estimate of when the request would be completed, her response was that the requests are processed on a first-come-first-served basis. When I asked again for an estimate, she said she thought the search would take two to three months, and that there was potentially more work to do after the search was completed.

17. On February 18, 2021, OIP denied IFCD's request, stating that it did not locate any responsive records.

18. On February 24, 2021, I again spoke with Ms. Villanueva. I explained to her that I was calling because I was surprised that DOJ would not have any records related to a search for a U.S. Attorney, yet both EOUSA and OIP failed to locate any responsive records. She responded by noting that IFCD had first sent the request to MRU, which had directed the request to the EOUSA, which is also where she would have started. She said that, in her opinion, these should be records that EOUSA would know of, and also mentioned that if we were not satisfied with EOUSA's response, we could appeal. I informed her that we'd already appealed EOUSA's determination, and OIP had affirmed EOUSA's actions. She responded that it was up to my organization whether we were satisfied with that response.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 295 of 347
Page ID #:18793
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 7 of 14

19. On March 1, 2021, IFCD administratively appealed OIP's denial, arguing that OIP conducted an inadequate search for records. On April 13, 2021, OIP affirmed its own office's actions on the request.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 11, 2022.

*/s Florence Italia Patti*
Florence Italia Patti

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 296 of 347
Page ID #:18794
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 8 of 14

# EXHIBIT 16-A

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 297 of 347
Page ID #:18795
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 9 of 14

| | |
|---|---|
| **From:** | Delake, Nadege (OIP) |
| **To:** | Italia Patti; Toner, Amanda K. (OIP) |
| **Subject:** | RE: Your FOIA Request FOIA-2020-01353 |
| **Date:** | Tuesday, September 15, 2020 4:04:47 PM |

Good afternoon Dear Italia Patti-
We are currently searching for records in response to your FOIA request and will provide you an update once our search is complete.

Best Regards!
Initial Request Staff
Office of Information Policy

---

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Tuesday, September 15, 2020 12:41 PM
**To:** Toner, Amanda K. (OIP) <aktoner@jmd.usdoj.gov>
**Cc:** Delake, Nadege (OIP) <NDelake@jmd.usdoj.gov>
**Subject:** RE: Your FOIA Request FOIA-2020-01353

Thank you very much, Amanda. I appreciate your assistance.

Nadege, if you have a sense of when you'll be able to respond to IFCD's request, I'd really appreciate an update. You can reach me by email at this address. If it's easier to talk by phone, you can also give me a call at 317 713 6129. Thanks very much for any information you can provide!

**Italia Patti**
Assistant Federal Defender

---

**From:** Toner, Amanda K. (OIP) <Amanda.K.Toner@usdoj.gov>
**Sent:** Tuesday, September 15, 2020 12:37 PM
**To:** Italia Patti <Italia_Patti@fd.org>
**Cc:** Delake, Nadege (OIP) <Nadege.Delake@usdoj.gov>
**Subject:** RE: Your FOIA Request FOIA-2020-01353

Hello Italia,
Your request has been reassigned to a different analyst in our Office, Nadege Delake. I have CCed her on this email chain. Since this request is no longer assigned to me I do not have any further information on the status of it, however Nadege will be able to help you.

Thank you,
**Amanda Toner**
Government Information Specialist
U.S. Department of Justice
Office of Information Policy

Ex. 124 pg.297 of 347

Case 2:02-cr-00220-MCS     Document 2471-124     Filed 10/03/23     Page 298 of 347
Page ID #:18796
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 10 of 14

Amanda.k.toner@usdoj.gov | (202)616-5473

---

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Friday, September 11, 2020 9:21 AM
**To:** Toner, Amanda K. (OIP) <aktoner@jmd.usdoj.gov>
**Subject:** RE: Your FOIA Request FOIA-2020-01353

Good morning Amanda,

I hope you're well. I wanted to see whether, at this point, you have a more precise estimate as to when you'll be able to respond to IFCD's FOIA request (FOIA-2020-01353). I'd really appreciate any information you can provide.

Thanks very much! I hope you have a nice day and a nice weekend.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

---

**From:** Toner, Amanda K. (OIP) <Amanda.K.Toner@usdoj.gov>
**Sent:** Monday, August 3, 2020 9:34 AM
**To:** Italia Patti <Italia_Patti@fd.org>
**Subject:** Your FOIA Request FOIA-2020-01353

Good morning Italia,

I received your voicemail message from last week requesting a status update on your FOIA Request FOIA-2020-01353. At this time, I estimate that we will have a response in roughly 4-5 months. This estimate is a rough estimate as the search for records is ongoing and is subject to change, however I assure you that we are working hard to respond to your request for records.
If you have any questions or concerns I can be reached by email.

Thank you,

**Amanda Toner**
Government Information Specialist
U.S. Department of Justice
Office of Information Policy
Amanda.k.toner@usdoj.gov | (202)616-5473

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 299 of 347
Page ID #:18797
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 11 of 14

# EXHIBIT 16-B

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 300 of 347
Page ID #:18798
Case 1:22-cv-01000    Document 1-16    Filed 04/11/22    Page 12 of 14

| | |
|---|---|
| **From:** | Italia Patti |
| **To:** | Nadege.Delake@usdoj.gov |
| **Subject:** | RE: Status update for FOIA-2020-01353 |
| **Date:** | Thursday, February 4, 2021 12:49:00 PM |

Dear Nadege,

I hope you are well. I am writing to quickly follow up on our telephone conversation yesterday. First, since there was initially some confusion about whether I was checking on the status of a request for records or an appeal, I just want to confirm that I was calling about a search for records that your office, the Office of Information Policy, is conducting. I was not calling about an appeal. The reference number (which I also mentioned in my earlier correspondence) is FOIA-2020-01353. IFCD received an acknowledgement letter from your office about this request on June 16, 2020 (after the Executive Office of United States Attorneys forwarded the request to your office). I thought it might be helpful for you to have that information handy to avoid any similar confusion in the future.

Second, although I am not entirely clear on whether you have started searching for records or not, you did estimate that you will complete the search in 2-3 months, and you further indicated that you would keep me up-to-date on the status of the request. Please do get in touch with me whenever you have completed the search. I wanted to let you know that email is the best way to reach me. If you'd prefer to call, though, you can reach me on my direct line at 317 713 6129.

Thanks again for returning my call yesterday. I look forward to hearing from you again soon.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti
**Sent:** Wednesday, February 3, 2021 11:15 AM
**To:** 'Nadege.Delake@usdoj.gov' <Nadege.Delake@usdoj.gov>
**Subject:** RE: Status update for FOIA-2020-01353

Dear Nadege,

I hope you are well. I am writing to see if you have an estimate as to when you'll have a response to the Indiana Federal Community Defenders' FOIA request seeking records related to the search for a new US Attorney for the Central District of California that commenced in 2006 (FOIA-2020-01353). I was under the impression that your office would likely have a response in December 2020 or January 2021. As it is now February, I wanted to see if IFCD can expect to receive a response soon.

I just left a voicemail at the OIP main line, but since email is the best way to reach me, I thought I'd follow up with this email as well.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 301 of 347
Page ID #:18799
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 13 of 14

Thank you very much for any information you can provide. As I said, email is the best way to reach me. However, if you'd like to call me, you can reach me at my direct line, 317 713 6129. I'd be more than happy to discuss by phone, if that is easiest for you.

Thanks for your assistance!

Sincerely,
Italia


**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti
**Sent:** Monday, January 25, 2021 3:32 PM
**To:** Nadege.Delake@usdoj.gov
**Subject:** RE: Status update for FOIA-2020-01353

Dear Nadege,

I hope you are well. I am writing to see if you have an estimate as to when you'll have a response to the Indiana Federal Community Defenders' FOIA request seeking records related to the search for a new US Attorney for the Central District of California that commenced in 2006 (FOIA-2020-01353). I was under the impression that your office would likely have a response in December 2020 or January 2021. I wanted to see if you are on track to send IFCD a response within that timeframe.

In addition to the emails below checking on the status of this request, I also left a voicemail. I haven't received any response. If there is someone else I should contact, please let me know, and I'd be happy to reach out to that person.

Thank you very much for any information you can provide. If you'd like to call me, you can reach me at my direct line, 317 713 6129. I'd be more than happy to discuss by phone.

Thanks for your assistance!

Sincerely,
Italia


**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti
**Sent:** Monday, January 11, 2021 12:04 PM
**To:** 'Nadege.Delake@usdoj.gov' <Nadege.Delake@usdoj.gov>

Ex. 124 pg.301 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 302 of 347
Page ID #:18800
Case 1:22-cv-01000   Document 1-16   Filed 04/11/22   Page 14 of 14

**Subject:** RE: Status update for FOIA-2020-01353

Dear Nadege,

I hope you are well. I am writing to see if you have an estimate as to when you'll have a response to the Indiana Federal Community Defenders' FOIA request seeking records related to the search for a new US Attorney for the Central District of California that commenced in 2006 (FOIA-2020-01353). I was under the impression that your office would likely have a response in December 2020 or January 2021. I wanted to see if you are on track to send IFCD a response within that timeframe.

Thank you very much for any information you can provide. If you'd like to call me, you can reach me at my direct line, 317 713 6129. I'd be more than happy to discuss by phone.

Sincerely,
Italia


**Italia Patti**
Assistant Federal Defender

---

**From:** Italia Patti
**Sent:** Tuesday, December 22, 2020 11:43 AM
**To:** 'Nadege.Delake@usdoj.gov' <Nadege.Delake@usdoj.gov>
**Subject:** Status update for FOIA-2020-01353

Dear Nadege,

I hope you are well. I am writing to see if you have an estimate as to when you'll have a response to the Indiana Federal Community Defenders' FOIA request seeking records related to the search for a new US Attorney for the Central District of California that commenced in 2006 (FOIA-2020-01353). I was under the impression that your office would likely have a response in December 2020 or January 2021. I wanted to see if you are on track to send IFCD a response within the next month.

Thank you very much for any information you can provide. If you'd like to call me, you can reach me at my direct line, 317 713 6129. I'd be more than happy to discuss by phone.

Sincerely,
Italia


**Italia Patti**
Assistant Federal Defender
Indiana Federal Community Defenders
§ 2255 Capital Habeas Unit
317 383 3520

pronouns: she/her/hers

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 303 of 347
Page ID #:18801
Case 1:22-cv-01000   Document 1-17   Filed 04/11/22   Page 1 of 3

# EXHIBIT 17

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 304 of 347
Page ID #:18802
Case 1:22-cv-01000    Document 1-17    Filed 04/11/22    Page 2 of 3



Office of Information Policy
Department of Justice
Douglas Hibbard
Chief, Initial Request Staff
6th Floor
441 G St NW
Washington, DC 20530
*Submitted via FOIA STAR Portal*

March 1, 2021

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of any and all records maintained by your agency related to filling any vacancy in the position of United States Attorney for the Central District of California that occurred in the years 2005-2007.

*By way of background only, and not in any way to limit the search*, it is IFCD's understanding that the position of United States Attorney for the Central District of California became vacant in 2006 upon the resignation of Debra Wong Yang. It is also IFCD's understanding that a local screening committee assisted in some way with the process of seeking a replacement for Ms. Yang.

Again, IFCD is not asking for a search limited to records related to Ms. Yang or the local screening committee. Please furnish any and all records related to filling any vacancy in the position of United States Attorney for the Central District of California at any time in the years 2005-2007. Please include records generated before 2005 or after 2007, so long as they relate to a vacancy that existed sometime between 2005 and 2007. Please include records, from any and all stages of the process, related to applications of individuals who did not ultimately assume the position of United States Attorney for the Central District of California. And please include records sent from, sent to, or generated by the local screening committee.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 305 of 347
Page ID #:18803
Case 1:22-cv-01000   Document 1-17   Filed 04/11/22   Page 3 of 3

By way of illustration only and not limitation, please furnish: files; documents; notes; transcripts; applications; interviews; worksheets; reviews, memoranda; reports; correspondence, including emails; pictures; drawings; tests; test results; and any and all information pertaining to the above-referenced event.

If records are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of the United States Attorney selection process. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, either via email at italia_patti@fd.org or at the following address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia_patti@fd.org.

Sincerely,

s/ Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 306 of 347
Page ID #:18804
Case 1:22-cv-01000   Document 1-18   Filed 04/11/22   Page 1 of 3

# EXHIBIT 18

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 307 of 347
Page ID #:18805
Case 1:22-cv-01000   Document 1-18   Filed 04/11/22   Page 2 of 3



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

---

*Telephone: (202) 514-3642*

March 22, 2021

Florence Patti
111 Monument Circle
Suite 3200
Indianapolis, IN  46204
italia_patti@fd.org

Re:    FOIA-2021-00838

DRH:GMG

Dear Florence Patti:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on March 1, 2021, in which you requested records concerning any vacancy for the position of U.S. Attorney for the Central District of California from 2005 to 2007.

The records you seek require a search in and/or consultation with another Office, and so your request falls within unusual circumstances.  See 5 U.S.C. 552  (a)(6)(B)(i)-(iii) (2018). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute.  For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request.  At this time we have assigned your request to the complex track.  In an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records so that it can be placed in a different processing track.  You can also agree to an alternative time frame for processing, should records be located, or you may wish to await the completion of our records search to discuss either of these options.  Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request.

We regret the necessity of this delay, but we assure you that your request will be processed as soon as possible.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact this Office by telephone at the above number or you may write to the Office of Information Policy, United States Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC 20530-0001.  Lastly, you may contact our FOIA Public Liaison, Valeree Villanueva, at the telephone number listed above to

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 308 of 347
Page ID #:18806
Case 1:22-cv-01000   Document 1-18   Filed 04/11/22   Page 3 of 3

discuss any aspect of your request.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,
Initial Request Staff
Office of Information Policy
U.S. Department of Justice

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 309 of 347
Page ID #:18807
Case 1:22-cv-01000   Document 1-19   Filed 04/11/22   Page 1 of 3

# EXHIBIT 19

Ex. 124 pg.309 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 310 of 347
Page ID #:18808
Case 1:22-cv-01000   Document 1-19   Filed 04/11/22   Page 2 of 3



Executive Office for United States Attorneys
Kevin Krebs, Assistant Director, FOIA/Privacy Staff
Department of Justice
175 N Street, NE
Suite 5.400
Washington, DC 20530-0001
*Sent via email to usaeo.foia.requests@usdoj.gov*

March 1, 2021

Dear FOIA Officer:

This is a Freedom of Information Act (FOIA) request pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

Please timely furnish to the Indiana Federal Community Defenders (IFCD) a complete copy of any and all records maintained by your agency related to filling any vacancy in the position of United States Attorney for the Central District of California that occurred in the years 2005-2007.

*By way of background only, and not in any way to limit the search*, it is IFCD's understanding that the position of United States Attorney for the Central District of California became vacant in 2006 upon the resignation of Debra Wong Yang. It is also IFCD's understanding that a local screening committee assisted in some way with the process of seeking a replacement for Ms. Yang.

Again, IFCD is not asking for a search limited to records related to Ms. Yang or the local screening committee. Please furnish any and all records related to filling any vacancy in the position of United States Attorney for the Central District of California at any time in the years 2005-2007. Please include records generated before 2005 or after 2007, so long as they relate to a vacancy that existed sometime between 2005 and 2007. Please include records, from any and all stages of the process, related to applications of individuals who did not ultimately assume the position of United States Attorney for the Central District of California. And please include records sent from, sent to, or generated by the local screening committee.

By way of illustration only and not limitation, please furnish: files; documents; notes; transcripts; applications; interviews; worksheets; reviews, memoranda; reports; correspondence, including emails; pictures; drawings; tests; test results; and any and all information pertaining to the above-referenced event.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 311 of 347
Page ID #:18809
Case 1:22-cv-01000   Document 1-19   Filed 04/11/22   Page 3 of 3

If records are denied in part or in whole, please specify the exemption(s) claimed for each partial or complete denial. If you excise any material, please "black out" the material rather than "white out" or "cut out."

This office also requests a fee waiver in light of the fact that it is a non-profit organization, and because the content of the records would be of public interest and contribute to understanding and oversight of the United States Attorney selection process. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Assistant Federal Defender Italia Patti, either via email at italia_patti@fd.org or at the following address:

> Italia Patti, Assistant Federal Defender
> Indiana Federal Community Defenders
> 111 Monument Circle, Suite 3200
> Indianapolis, IN 46204

If you have any questions regarding this request, please contact Italia Patti at 317.383.3520 or italia_patti@fd.org.

Sincerely,

s/ Italia Patti, Assistant Federal Defender
Indiana Federal Community Defenders

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 312 of 347
Page ID #:18810
Case 1:22-cv-01000   Document 1-20   Filed 04/11/22   Page 1 of 4

# EXHIBIT 20

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 313 of 347
Page ID #:18811
Case 1:22-cv-01000   Document 1-20   Filed 04/11/22   Page 2 of 4

| | |
|---|---|
| **From:** | Italia Patti |
| **To:** | "USAEO-FOIA Requests" |
| **Subject:** | RE: FOIA Request |
| **Date:** | Thursday, June 10, 2021 3:02:00 PM |

Hello again,

I am writing to follow up, as I never received a response explaining that the request submitted on March 1, 2021 was a new request, not the one you'd previously (in June 2020) referred to OIP. Could you please give me an update on the status of the request submitted on March 1, 2021? Thanks very much.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti
**Sent:** Thursday, March 4, 2021 1:35 PM
**To:** 'USAEO-FOIA Requests' <USAEO.FOIA.Requests@usdoj.gov>
**Subject:** RE: FOIA Request

Hello again,

I wanted to let you know that IFCD also submitted a FOIA request for these records to the National Archives and Records Administration, and in an email earlier today, NARA indicated that EOUSA would likely have these records.

As I said, I would be very happy to speak with your FOIA Public Liaison, and left her a voicemail on February 24, but have not heard back. Additionally, when I tried to copy OIP's FOIA Public Liaison, Ms. Villanueva, on the March 2 email I sent you, the email bounced back. So I am not copying her on this email. But as I mentioned, I would be very happy to talk to someone at OIP as well as your office.

Thanks very much for your time and attention to this matter.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

**From:** Italia Patti
**Sent:** Tuesday, March 2, 2021 3:42 PM

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 314 of 347
Page ID #:18812
Case 1:22-cv-01000   Document 1-20   Filed 04/11/22   Page 3 of 4

**To:** 'USAEO-FOIA Requests' <USAEO.FOIA.Requests@usdoj.gov>
**Cc:** 'vvillanueva@jmd.usdoj.gov' <vvillanueva@jmd.usdoj.gov>
**Subject:** RE: FOIA Request

Hello,

Thanks for your email. I hope you are well. This is a new FOIA request, not the one you already responded to (in the correspondence you attached). This request is framed more broadly than the request the IFCD initially submitted, and it aims to provide some additional detail in case that helps your office locate records. Specifically, IFCD included in the new request that it believes a local screening committee assisted in the search/hiring process. That fact (among others) leads IFCD to believe that the local office or EOUSA would have some records. Please search for records responsive to this request.

I understand that your office already referred a similar request (the one referenced in the correspondence you attached) to OIP. OIP recently informed IFCD that it could not locate any responsive records. On February 24, I spoke by phone with the OIP FOIA Public Liaison, Valeree Villanueva, and she indicated that she thought EOUSA was probably the right starting point in locating these records. She gave me the contact information for your office's FOIA Public Liaison, Arla Witte-Simpson. On February 24, I left Ms. Witte-Simpson a voicemail, but have not received a call or email back.

Basically, IFCD is in a situation where EOUSA is saying that OIP would have these kinds of records, and OIP seems to think that EOUSA would have these kinds of records. Neither office located any records, and I am not entirely clear on whether your office ever conducted a search. Can you confirm for me whether your office conducted a search in response to the IFCD's previous request? It is hard to believe that DOJ does not have a single record related to the hiring of a new United States Attorney for the Central District of California. If your office doesn't have them, could you tell me who does? According to OIP, it is not them.

I would be more than happy to discuss this matter by phone. In fact, I would love to speak with someone from your office and someone from OIP together, so we can figure out where records related to hiring a United States Attorney for the Central District of California might be. If there is a different office IFCD needs to request records from, of course IFCD will do that. But so far IFCD has just been ping-ponged back and forth between your office and OIP, and no one has located any records.

I am copying Ms. Villanueva on this email. Thank you very much for your attention to this matter.

Sincerely,
Italia

**Italia Patti**
Assistant Federal Defender

Ex. 124 pg.314 of 347

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 315 of 347
Page ID #:18813
Case 1:22-cv-01000   Document 1-20   Filed 04/11/22   Page 4 of 4

**From:** USAEO-FOIA Requests <USAEO.FOIA.Requests@usdoj.gov>
**Sent:** Tuesday, March 2, 2021 2:08 PM
**To:** Italia Patti <Italia_Patti@fd.org>; USAEO-FOIA Requests <USAEO.FOIA.Requests@usdoj.gov>
**Subject:** RE: FOIA Request

Good afternoon Ms. Patti,

This request was referred to OIP since it was seeking information regarding the appointment of a USA.  That information is typically handled by OIP or JMD.  I have attached a copy of the response letter to requester, the original request, and the referral email.

Please let me know if you have any additional questions.  Thank you!

EOUSA FOIA

---

**From:** Italia Patti <Italia_Patti@fd.org>
**Sent:** Monday, March 1, 2021 5:06 PM
**To:** USAEO-FOIA Requests <USAEO.FOIA.Requests@usa.doj.gov>
**Subject:** FOIA Request

Hello,

Attached please find a FOIA request from the Indiana Federal Community Defenders.

Thank you,
Italia Patti

**Italia Patti**
Assistant Federal Defender
Indiana Federal Community Defenders
§ 2255 Capital Habeas Unit
317 383 3520

pronouns: she/her/hers

Ex. 124 pg.315 of 347

Case 2:02-cr-00220-MCS   Document 2471-124   Filed 10/03/23   Page 316 of 347
Page ID #:18814
Case 1:22-cv-01000-ZMF   Document 21   Filed 08/07/23   Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INDIANA FEDERAL COMMUNITY DEFENDERS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 22-1000 (ZMF)

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated May 9, 2023, the parties have conferred and provide the following joint status report. This Freedom of Information Act ("FOIA") action concerns Plaintiff's requests for information related to records pertaining to the search to fill the position of United States Attorney for the Central District of California that became vacant upon the resignation of Debra Wong Yang on November 11, 2006. Defendant Department of Justice ("DOJ") presents the following information below:

1.     As previously reported, on May 4, 2023, the Executive Office for the United States Attorneys ("EOUSA") made its final release in response to Plaintiff's FOIA request.  On April 28, 2023, DOJ's Office of Information Policy ("OIP") issued its final response to Plaintiff.

2.     The parties continue to meet and confer regarding Defendant's responses to determine whether any issues remain with this litigation. Given these developments, the parties believe that summary judgment briefing and filing of a *Vaughn* index are premature at this time. The parties propose filing another status report in approximately ninety days, or on or before November 6, 2023, to update the Court on the progress of the parties' discussions.

Case 2:02-cr-00220-MCS    Document 2471-124    Filed 10/03/23    Page 317 of 347
Page ID #:18815
Case 1:22-cv-01000-ZMF   Document 21   Filed 08/07/23   Page 2 of 2

Dated: August 7, 2023

/s/_____
F. Italia Patti (IN Bar No. 34725-02)
Joshua B. Pickar (NY Bar No. 5579768)
Indiana Federal Community Defenders
111 Monument Circle, Ste. 3200
Indianapolis, IN 46204
(317) 383-3520
Italia_patti@fd.org
Josh_pickar@fd.org

*Counsel for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:          /s/
           ERIKA OBLEA, D.C. Bar # 1034393
           Assistant United States Attorney
           601 D Street, NW
           Washington, DC 20530
           (202) 252-2567
           erika.oblea@usdoj.gov

*Counsel for Defendant*



Indiana Federal Community Defenders

August 12th, 2022

Michael G. Seidel, Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
200 Constitution Drive Winchester, VA 22602
**_Submitted Via: EFOIPA Portal_**

To whom it may concern:

This is a request under the Freedom of Information Act and Privacy Act. Please timely furnish to the Indiana Federal Community Defenders all documents related to Lithuanian citizens Svetlana Kadamovas and Jurate Kadamovas (alternative spellings: Kadamov, Kadamova and Kadamoviene), including but not limited to:

    All documents related to visa applications of Svetlana Kadamovas and Jurate Kadamovas (possible alternative spellings: Kadamov, Kadamova and Kadamoviene) in January-February 2007.

    All documents, correspondence (including e-mails) or other communications exchanged between any of the following parties (1) FBI Special Agent Louis Perez, (2) the FBI Legal Attaché covering Lithuania, and (3) the State Department, including the United States Embassy (or Consulate) in Vilnius, Lithuania, regarding the visa applications of Svetlana Kadamovas and Jurate Kadamovas (alternative spellings: Kadamov, Kadamovas and Kadamoviene) in January-February 2007 or regarding the visa application process in general.

    Enclosed with this request, you will find releases authorizing you to disclose the requested information about Svetlana Kadamovas and Jurate Kadamovas to the Indiana Federal Community Defenders.

Ex. 124 pg.318 of 347

This office also requests a fee waiver in light of the fact that it is a non-profit organization. If a fee waiver is not granted, please send an estimate prior to copying the materials. This office reserves all rights to appeal any denial of a fee waiver, as well as any redaction or decision not to release information.

Please send a memo (copying this office) to the appropriate units to ensure that no records related to this request are destroyed. Please advise of any destructions of records and include the date and authority of such destruction.

Please send your response to the Indiana Federal Community Defenders to the attention of Charlotte Davis, at the following address or email address:

Charlotte Davis
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Charlotte_Davis@fd.org

If you have any questions regarding this request, please contact Charlotte Davis at 317.383.3520 or Charlotte_Davis@fd.org.

Sincerely,

Charlotte Davis
Indiana Federal Community Defenders

Ex. 124 pg.319 of 347

**U.S Department of Justice**

## Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _Svetlana Kadamova_

Citizenship Status [2] _Lietuva_     Social Security Number [3] _____

Current Address _Lietuva, Vilius. ████████████████_

Date of Birth _197█ ████_     Place of Birth _Lietuva, Vilnius._

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_Svetlana Kadamova_     In Care of: Indiana Federal Community Defenders

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4] _[signature]_     Date _2022. 07. 28._

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

Ex. 124 pg.320 of 347



# AUTHORIZATION & RELEASE

**Indiana Federal Community Defenders**

TO:

**Michael G. Seidel, Section Chief**
~~**Record/Information Dissemination Section**~~
**Records Management Division**
**Federal Bureau of Investigation**
~~**Department of Justice**~~
**200 Constitution Drive Winchester, VA 22602**

RE:

I, *Jūrate Kadamoviene* do hereby authorize the above-named agency or individual to release to the Indiana Federal Community Defenders, Inc., the following:

*documents related to visa applications of Svetlana Kadamovas and Jurate Kadamovas (alternative spellings: Kadamov and Kadamoviene); documents, correspondence (including emails), and other other communications exchanged between any of the following parties (1) FBI Special Agent Louis Perez, (2) the FBI Legal Attaché covering Lithuania, and (3) the State Department, including the United States Embassy (or Consulate) in Vilnius, Lithuania, regarding the visa applications of Svetlana Kadamovas and Jurate Kadamovas (possible alternative spellings: Kadamov and Kadamoviene) in January-February 2007 or regarding the visa application process in general.*

and any other records maintained pertaining to myself. I further authorize the above-named agency or individual to discuss any of the legal representation, treatment, counseling, or other programming provided by them to me including discussion of any statements I made during my treatment, counseling, or other programming.

I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct.

_____     28 July 2022
Signature                          Date

JŪRATĖ KADAMOVIENE
Printed Name

_____

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Ex. 124 pg.321 of 347

**U.S Department of Justice**

## Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103 0016), Washington, DC 20503.

**Full Name of Requester** [1]   *Jurate Kadamoviene*

**Citizenship Status** [2]   Lithuanian Citizen       **Social Security Number** [3]

**Current Address** ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

**Date of Birth** 04 / 08 / 1966       **Place of Birth** *Vilnius, Lithuania*

### OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Indiana Federal Community Defenders

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4]   *[signature]*       **Date** 28/07/2022
                                          7/28/2022

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

Ex. 124 pg.322 of 347



**Indiana Federal Community Defenders**

August 15th, 2022

United States Embassy in Lithuania
Records Division
Akmenų g. 6
Vilnius, Lithuania
LT-03106
Tel: +370 5 266 5500
Fax: +370 5 266 5510

***Submitted Via Email: consec@state.gov***

To whom it may concern:

This is a request under the Freedom of Information Act and Privacy Act. Please timely furnish to the Indiana Federal Community Defenders all documents related to Lithuanian citizens Svetlana Kadamova and Jurate Kadamoviene (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene),  including but not limited to:

> All documents related to visa applications of Svetlana Kadamova and Jurate Kadamoviene (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene) in January-February 2007.

> All documents, correspondence (including e-mails) or other communications exchanged between any of the following parties (1) FBI Special Agent Louis Perez, (2) the FBI Legal Attaché covering Lithuania, and (3) the State Department, including the United States Embassy (or Consulate) in Vilnius, Lithuania, regarding the visa applications of Svetlana Kadamova and Jurate Kadamoviene (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene) in January-February 2007 or regarding the visa application process in general.

Enclosed with this request, you will find releases authorizing you to disclose the requested information about Svetlana Kadamova and Jurate Kadamoviene to the Indiana Federal Community Defenders.

Ex. 124 pg.323 of 347

Please send your response to the Indiana Federal Community Defenders to the attention of Charlotte Davis, at the following address or email address:

Charlotte Davis
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Charlotte_Davis@fd.org

Should you have any questions regarding this request, please contact Charlotte Davis at 317.383.3520 or Charlotte_Davis@fd.org.

Sincerely,

Charlotte Davis
Indiana Federal Community Defenders



# AUTHORIZATION & RELEASE

**Indiana Federal Community Defenders**

TO:

United States Embassy

Akmenų g. 6

Vilnius, Lithuania

LT-03106

RE:

I, *Jūrate Kadamoviene* do hereby authorize the above-named agency or individual to release to the Indiana Federal Community Defenders, Inc., the following:

Any and all documents the US State Department or the US Embassy in Lithuania holds in their possession related to me, including documents related to visa applications I submitted to the US Embassy to Lithuania in January-February 2007. This includes any and all correspondence (such as emails) between US government agencies related to my visa application processes.

and any other records maintained pertaining to myself. I further authorize the above-named agency or individual to discuss any of the legal representation, treatment, counseling, or other programming provided by them to me including discussion of any statements I made during my treatment, counseling, or other programming.

I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct.

Signature

Date  28 July 2022

JŪRATE KADAMOVIENE
Printed Name

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Ex. 124 pg.325 of 347

U.S Department of Justice

## Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103 0016), Washington, DC 20503.

Full Name of Requester [1]   _Jurate  Kadamoviene_

Citizenship Status [2]   Lithuanian Citizen      Social Security Number [3] ____

Current Address   ████████████████████

Date of Birth __04_/__02_/_1966_      Place of Birth _Vilnius, Lithuania_

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Indiana Federal Community Defenders

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _____      Date _28/07/2022_
_7/28/2022_

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

Ex. 124 pg.326 of 347

**U.S Department of Justice**

## Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    *Svetlana    Kadamova*

Citizenship Status [2]    *Lietuva*    Social Security Number [3] _____

Current Address    *Lietuva. Vilius.* ██████████████████████

Date of Birth    *1971.* ██████    Place of Birth    *Lietuva. Vilnius.*

### OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

*Svetlana Kadamova*    In Care of: Indiana Federal Community Defenders

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____    Date   *2022. 07. 28.*

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

Ex. 124 pg.327 of 347



**Indiana Federal Community Defenders**

August 17th, 2022

United States Department of State

Office of Information Programs and Services

A/GIS/IPS/RL

2201 C Street N.W., Suite B266

Washington, D.C. 20520-0000

***Submitted Via Facsimile: (202) 485-1669***

To whom it may concern:

This is a request under the Freedom of Information Act and Privacy Act. Please timely furnish to the Indiana Federal Community Defenders all documents related to Lithuanian citizens Svetlana Kadamova and Jurate Kadamoviene (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene),  including but not limited to:

All documents related to visa applications of Svetlana Kadamova (DOB: 6/3/1971) and Jurate Kadamoviene (DOB: 9/4/66)  (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene) in January-February 2007. Both individuals applied for visas at the US Embassy in Vilnius, Lithuania and were denied non-immigrant visas in February, 2007.

All documents, correspondence (including e-mails) or other communications exchanged between any of the following parties (1) FBI Special Agent Louis Perez, (2) the FBI Legal Attaché covering Lithuania, and (3) the State Department, including the United States Embassy (or Consulate) in Vilnius, Lithuania, regarding the visa applications of Svetlana Kadamova and Jurate Kadamoviene (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene) in January-February 2007 or regarding the visa application process in general.

Enclosed with this request, you will find releases authorizing you to disclose the requested information about Svetlana Kadamova and Jurate Kadamoviene to the Indiana Federal Community Defenders.

Ex. 124 pg.328 of 347

Please send your response to the Indiana Federal Community Defenders to the attention of Charlotte Davis, at the following address or email address:

Charlotte Davis
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Charlotte_Davis@fd.org

Should you have any questions regarding this request, please contact Charlotte Davis at 317.383.3520 or Charlotte_Davis@fd.org.

Sincerely,

Charlotte Davis
Indiana Federal Community Defenders



**Indiana Federal Community Defenders**

# AUTHORIZATION & RELEASE

TO:

U.S. Department of State

Office of Information Programs and Services

A/GIS/IPS/RL

2201 C Street N.W., Suite B266

Washington, D.C. 20520-0000

RE:

I, *Jūrate Kadamoviene* do hereby authorize the above-named agency or individual to release to the Indiana Federal Community Defenders, Inc., the following:

Any and all documents the US Department of State or the US Embassy in Lithuania holds in their possession related to me, including documents related to visa applications I submitted to the US Embassy to Lithuania in January-February 2007. This includes any and all correspondence (such as emails) between US government agencies related to my visa application processes.

and any other records maintained pertaining to myself. I further authorize the above-named agency or individual to discuss any of the legal representation, treatment, counseling, or other programming provided by them to me including discussion of any statements I made during my treatment, counseling, or other programming.

I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct.

_____        28 July 2022
Signature                                Date

JŪRATE KADAMOVIENE
Printed Name

---

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Ex. 124 pg.330 of 347

**U.S Department of Justice**

# Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103 0016), Washington, DC 20503.

Full Name of Requester [1]   *Jurate Kadamoriene*

Citizenship Status [2]   Lithuanian Citizen   ___ Social Security Number [3] ____   _____

Current Address   ██████████████████████████████████████

Date of Birth  _04/00/1966_   ___ Place of Birth  *Vilnius, Lithuania*   *Lithuania*

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Indiana Federal Community Defenders

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _____   Date  _28/07/2022_
                                              _7/28/2022_

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

Ex. 124 pg.331 of 347

**U.S Department of Justice**

# Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. **Requests will not be** processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _Svetlana Kadamova_

Citizenship Status [2] _Lietuva_    Social Security Number [3] _____

Current Address _Lietuva, Vilius. ▇▇▇▇▇▇_

Date of Birth _1971.▇▇▇_    Place of Birth _Lietuva. Vilnius._

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_Svetlana Kadamova_    In Care of: Indiana Federal Community Defenders

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4] _[signature]_    Date _2022, 07, 28_

[1] Name of individual who is the subject of the **record(s)** sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361



**Indiana Federal Community Defenders**

August 18th, 2022

U.S. Marshals Service

Charlotte M. Luckstone

FOIA Officer

U.S. Marshals Service

Office of General Counsel

CG-3 15th Floor, Washington, DC 20530-0001

*Sent via email: usms.foia@usdoj.gov*

To whom it may concern:

This is a request under the Freedom of Information Act and Privacy Act. Please timely furnish to the Indiana Federal Community Defenders all documents related to Lithuanian citizens Svetlana Kadamova, DOB: 6/3/71, and Jurate Kadamoviene, DOB: 9/4/66, (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene),  including but not limited to:

<u>All documents</u>, correspondence (including emails) or other communications held by the US Marshal Service regarding the process of obtaining or funding visas to assist Lithuanian citizens Svetlana Kadamova and Jurate Kadamoviene in traveling from Lithuania to the US to testify in the criminal trial of USA vs. Jurijus Kadamovas, Case No. CR-02-220, out of the US District Court for the Central District of California.

<u>All documents</u> related to visa applications of Svetlana Kadamova and Jurate Kadamoviene (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene) applied for in January-February 2007. Both individuals applied for visas at the US Embassy in Vilnius, Lithuania and were denied non-immigrant visas in February, 2007.

<u>All documents, correspondence (including e-mails) or other communications</u> exchanged between any of the following parties (1) FBI Special Agent Louis Perez, (2) the FBI Legal Attaché covering Lithuania, (3) The US Marshals Service,  and (4) the State Department, including the United States Embassy (or Consulate) in Vilnius, Lithuania, regarding the visa applications of Svetlana Kadamova and Jurate Kadamoviene (alternative spellings for both: Kadamovas, Kadamova, Kadamov and Kadamoviene) in January-February 2007 or regarding the visa application process in general.

Enclosed with this request, you will find releases authorizing you to disclose the requested information about Svetlana Kadamova and Jurate Kadamoviene to the Indiana Federal Community Defenders.

Ex. 124 pg.333 of 347

Please send your response to the Indiana Federal Community Defenders to the attention of Charlotte Davis, at the following address or email address:

Charlotte Davis
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Charlotte_Davis@fd.org

Should you have any questions regarding this request, please contact Charlotte Davis at 317.383.3520 or Charlotte_Davis@fd.org.

Sincerely,

Charlotte Davis
Indiana Federal Community Defenders

Ex. 124 pg.334 of 347



**Indiana Federal Community Defenders**

# AUTHORIZATION & RELEASE

TO:   U.S. Marshals Service

Office of General Counsel

CG-3 15th Floor

Washington, DC 20530-0001

RE:

I, *Jurate Kadamoviene* do hereby authorize the above-named agency or individual to release to the Indiana Federal Community Defenders, Inc., the following:

Any and all documents the US Marshals Service holds in their possession related to me, including documentation related to my visa applications.

and any other records maintained pertaining to myself. I further authorize the above-named agency or individual to discuss any of the legal representation, treatment, counseling, or other programming provided by them to me including discussion of any statements I made during my treatment, counseling, or other programming.

I declare, certify, verify or state that, under penalty of perjury under the laws of the United States of America, the foregoing is true and correct.

_____        28 July 2022
Signature                       Date

JŪRATE KADAMOVIENE
Printed Name

_____

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

Ex. 124 pg.335 of 347

**U.S Department of Justice**

# Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103 0016), Washington, DC 20503.

Full Name of Requester [1]   *Jurate Kadamoviene*

Citizenship Status [2]   Lithuanian Citizen        Social Security Number [3]

Current Address   ▮▮▮▮▮▮▮▮▮▮▮▮

Date of Birth   ▮▮/▮▮/1966        Place of Birth   *Vilnius, Lithuania*

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Indiana Federal Community Defenders

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   _____        Date   *28/07/2022*
                                              *7/28/2022*

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

Ex. 124 pg.336 of 347

**U.S Department of Justice**

### Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/2023

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    *Svetlana    Kadamova*

Citizenship Status [2]   *Lietuva*          Social Security Number [3] _____

Current Address   *Lietuva. Vilius* ███████████████

Date of Birth  *1971.* ████████    Place of Birth  *Lietuva. Vilnius.*

### OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

*Svetlana Kadamova*     In Care of: Indiana Federal Community Defenders

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4] _____        **Date**  *2022. 07. 28*

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

Ex. 124 pg.337 of 347



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 17, 2022

CHARLOTTE DAVIS
INDIANA FEDERAL COMMUNITY DEFENDERS
NUMBER 3200
111 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

Request No.: 1556693-000
Subject: KADAMOVAS, JURATE
(Documents and Correspondence Related to
Visa Application)

Dear Charlotte Davis:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Based on the information you provided, we conducted a main entity record search of the Central Records System (CRS) per our standard search policy. However, we were unable to identify records subject to the FOIPA that are responsive to your request. Therefore, your request is being closed. If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

Please see the paragraphs below for relevant information that may be specific to your request. Only checked boxes contain corresponding paragraphs relevant to your request. If no boxes are checked, the corresponding information does not apply.

☐ Please be advised that your request was reopened based on the additional information you provided. A new search was conducted, and we were unable to identify records subject to the FOIPA that are responsive to your request.

☐ Records potentially responsive to your request were destroyed. Since this material could not be reviewed, it is not known if it was responsive to your request. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10. Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐ Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA). If you wish to review these records, file a FOIPA request with NARA at the following address:

National Archives and Records Administration
Special Access and FOIA
8601 Adelphi Road, Room 5500
College Park, MD 20740-6001

☐ Potentially responsive records were identified during the search. However, we were advised that they were not in their expected locations. An additional search for the missing records also met with unsuccessful results. Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐ The identification records requested are maintained by the FBI's Criminal Justice Information Services (CJIS) Division; therefore, we have forwarded a portion of your request to CJIS for processing. To check the status of this request, please contact CJIS directly at (304) 625-5590. For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☑ Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

Ex. 124 pg.338 of 347

⌐ Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS). Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

⌐ Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR). In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

> National Archives and Records Administration
> ATTN: Archival Programs
> P.O. Box 38757
> St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

Ex. 124 pg.339 of 347

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

   a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Ex. 124 pg.341 of 347



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 18, 2022

CHARLOTTE DAVIS
INDIANA FEDERAL COMMUNITY DEFENDERS
NUMBER 3200
111 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

Request No.: 1556701-000
Subject: KADAMOVAS, SVETLANA
(Documents and Correspondence Related to
Visa Application)

Dear Charlotte Davis:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.   Based on the information you provided, we conducted a main entity record search of the Central Records System (CRS) per our standard search policy.   However, we were unable to identify records subject to the FOIPA that are responsive to your request.   Therefore, your request is being closed.   If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

Please see the paragraphs below for relevant information that may be specific to your request. Only checked boxes contain corresponding paragraphs relevant to your request.   If no boxes are checked, the corresponding information does not apply.

☐    Please be advised that your request was reopened based on the additional information you provided.   A new search was conducted, and we were unable to identify records subject to the FOIPA that are responsive to your request.

☐    Records potentially responsive to your request were destroyed.   Since this material could not be reviewed, it is not known if it was responsive to your request.   Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10.   Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐    Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA).   If you wish to review these records, file a FOIPA request with NARA at the following address:

National Archives and Records Administration
Special Access and FOIA
8601 Adelphi Road, Room 5500
College Park, MD 20740-6001

☐    Potentially responsive records were identified during the search.   However, we were advised that they were not in their expected locations.   An additional search for the missing records also met with unsuccessful results.   Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐    The identification records requested are maintained by the FBI's Criminal Justice Information Services (CJIS) Division; therefore, we have forwarded a portion of your request to CJIS for processing.   To check the status of this request, please contact CJIS directly at (304) 625-5590. For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☑    Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

⌐    Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS).  Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

⌐    Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR).  In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

> National Archives and Records Administration
> ATTN: Archival Programs
> P.O. Box 38757
> St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.  **"Part 1"** of the Addendum includes standard responses that apply to all requests.  **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.  **"Part 3"** includes general information about FBI records that you may find useful.  Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.  The subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.  You may also contact the Office of Government Information Services (OGIS).  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

## FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

Part 1: The standard responses below apply to all requests:

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

Part 2: The standard responses below apply to all requests for records on individuals:

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

Part 3: General Information:

(i)     **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

    a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation

    b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Foreseeable Harm Standard.**   As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



**United States Department of State**

*Washington, D.C. 20520*

January 18, 2023

Charlotte Davis
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204

Email: charlotte_davis@fd.org

Case Control Number: F-2022-11920
Subject of Request: Svetlana Kadamova and
Jurate Kadamoviene

Dear Ms. Davis:

This is in response to your request under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, dated August 17, 2022, in which you requested visa records.

We are unable to provide any information in response to your request. Visa records are confidential under section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f). Consequently, disclosing the existence or absence of such records in response to your request would reveal information exempt from disclosure under Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3). In addition, disclosing the existence or absence of such records would reveal information in which the individual's privacy interest outweighs any public interest in disclosure, making that information exempt from disclosure under Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6).

Consistent with section 222(f) certain limited information may be provided to the subject of the visa records. You may submit another request with one of the following valid forms of authorization from the subject of the request: (1) a completed and signed DS-4240, Certification of Identity (available at the following web address: https://foia.state.gov/_docs/DS-4240.pdf), (2) a request that includes a notarized signature of the subject of the request, or (3) a valid signed and dated penalty of perjury statement that declares the following verbatim: "I declare, certify, state, or affirm under the laws of the United States of America, that the following is true and correct." For additional information concerning requests for visa records, please refer to the following web address: https://foia.state.gov/Request/Visa.aspx. Please note, however, that even if you provide such authorization, the Department would still be required by section 222(f) of the Immigration and Nationality Act (8 U.S.C. § 1202(f)) to keep confidential any visa records that were not previously received from or sent to the subject of the request.

You may contact our FOIA Requester Service Center or our FOIA Public Liaison for any further assistance and to discuss any aspect of your request via email at Foiastatus@state.gov or telephone at (202) 261-8484. Please be sure to refer to the case control number shown above in all correspondence about this case.

Ex. 124 pg.346 of 347

If you are not satisfied with the Department's determination in response to your FOIA request, you may administratively appeal by writing to: U.S. Department of State, Appeals Officer, HST Room B266, 2201 C Street, NW, Washington, D.C. 20520, or faxed to (202) 485-1718.  Appeals must be postmarked within 90 calendar days of the date of this initial agency decision letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

Additionally, if you are not satisfied with the Department's determination in response to your request, you may contact the Office of Government Information Services ("OGIS") at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email address: ogis@nara.gov; telephone: (202) 741-5770; toll free number: 1-877-684-6448; facsimile: (202) 741-5769.

Sincerely,

*Laura Stein*

Laura Stein, Deputy Director
Office of Domestic Operations
Directorate for Visa Services

LS:cb

Ex. 124 pg.347 of 347