Timothy J. Foley
tfoley9@earthlink.net
California State Bar No. 111558
1017 L Street, #348
Sacramento, CA 95814
Tel: (916) 599-3501

Jean E. Giles
jean_giles@fd.org
Indiana State Bar No. 21643-49
F. Italia Patti
italia_patti@fd.org
Indiana State Bar No. 34725-02
Indiana Federal Community Defenders, Inc.
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Tel: (317) 383-3520
Fax: (317) 383-3525

Attorneys for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>JURIJUS KADAMOVAS, et al. )<br><br>Defendants )<br>_____ ) | Case No.    2:02-cr-00220-MCS<br><br>NOTICE OF MOTION<br><br>MOTION TO UNSEAL<br>COURT ORDERS<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION TO UNSEAL COURT<br>ORDERS<br><br>Date:  September 8, 2025<br>Time: 3:00 pm<br>Court: Hon. Mark C. Scarsi<br>      Courtroom 7C; 350 West First St.<br>      Los Angeles, CA 90012 |

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendant Jurijus Kadamovas, through his appointed counsel, moves for an order from the Court unsealing the Orders relating to Mr. Kadamovas' clemency video, Dkt. Nos. 2468 and 2491.

In June of 2023, the Court granted a motion filed by Mr. Kadamovas and issued an order allowing a videographer to enter USP Terre Haute to film a video of Mr. Kadamovas in support of his clemency application. Dkt. Nos. 2449 (motion); 2450 (order). Subsequently, the Department of Justice sought to limit Mr. Kadamovas' ability to disseminate the video. At the government's urging, a number of the pleadings relating to the discussion of the clemency video were filed under seal. See Dkt. Nos. 2452, 2454, 2456, 2458, 2484, 2486, 2488, 2490. The Court's subsequent orders were also filed under seal. Dkt. Nos. 2468, 2491. Mr. Kadamovas, through counsel, now requests that the Court orders be unsealed.

This motion is based on the accompanying Memorandum in Support of Kadamovas' Motion to Unseal Court Orders, the pleadings and file in this matter, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 8, 2025. The government has not agreed to the request to unseal the orders.

2

Dated: August 22, 2025.

Jean E. Giles
Indiana Federal Community
Defenders, Inc.
Attorney for Jurijus Kadamovas

## MEMORANDUM IN SUPPORT OF KADAMOVAS' MOTION TO UNSEAL COURT ORDERS

Defendant seeks to unseal the Court's orders regarding the clemency video for two reasons: first, the sealing was unnecessary in the first instance because the orders do not reveal any sensitive or confidential information; second, the orders may be relevant to the current, ongoing litigation regarding the conditions and BOP actions at USP Terre Haute.

The initial sealing of these orders was unnecessary.  During the exchange of pleadings regarding the video, the government asserted security concerns as supporting the sealing of documents because the discussion referenced, in a vague way, procedures at USP Terre Haute. A review of those pleadings demonstrates that the need for confidentiality was overstated.

With regard to the sealing of pleadings, "a 'strong presumption in favor of access' is the starting point," because "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana v. Honolulu,* 447 F.3d 1172, 1179 (9th Cir.

3

2006). "[V]ague and conclusory assertions" that documents would "compromise jail and courthouse security" do not constitute the specific reasons necessary to warrant sealing; as such, vaguely articulated security interests "do not outweigh the public's interest in disclosure." *Hepner v. Cnty. of Tulare*, No. 1:18-cv-00774-NODJ-EPG-PC, 2024 WL 583685, *2 (E.D. Cal. Feb. 13, 2024); see also *Alejandre v. Cnty. of San Joaquin*, No. 2:19-cv-00233-WBS-KJN, 2021 WL 1549666, *4 (E.D. Cal. Apr. 20, 2021)

Whether the pleadings were properly sealed or not, a review of the Court's orders shows that the orders should not remain sealed. The discreet, careful language of the two orders does not reveal any security information. Rather, the orders discuss the security situation in general terms. Thus, there is no compelling reason to keep these orders under seal.

Currently, there is ongoing litigation involving the BOP's activities, the potential transfer of former death-row prisoners from USP Terre Haute to Florence ADX, the actions of staff and authorities with regard to Mr. Kadamovas, and other disputes relating to the behavior of staff assigned to the Special Confinement Unit at Terre Haute. This litigation includes: *Taylor, et.al. v. Trump, et.al.*, 25-cv-01161-TJK (D.D.C.); *Kadamovas v. Federal Bureau of Prisons*, 23-cv-00270-MPB-MJD (S.D. Ind.); *Kadamovas v. Director, Federal Bureau of Prisons*, 23-cv-00022-MPB-MKK (S.D. Ind.). The litigants in those proceedings should have access to this Court's reasoned approach to the circumstances involved in the two Court orders.

Consequently, Mr. Kadamovas, through counsel, requests that the two Court orders, Dkt. No. 2468 and Dkt. No. 2491, be unsealed.

Dated August 22, 2025                Respectfully Submitted,

                                     Jean E. Giles
                                     Indiana Federal Community Defenders, Inc.
                                     Attorney for Jurijus Kadamovas