# GOVERNMENT EXHIBIT 62

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# DRAFT COPY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: CR-02-220(B)-DT |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | Los Angeles, California |
| | ) | |
| IOURI MIKHEL, | ) | Tuesday, January 9, 2007 |
| JURIJUS KADAMOVAS, | ) | ( 9:24 a.m. to 10:07 a.m.) |
| | ) | ( 1:33 p.m. to  2:06 p.m.) |
| Defendants. | ) | |

JURY TRIAL (60th DAY)
(VOLUME LX)

BEFORE THE HONORABLE DICKRAN TEVRIZIAN,
UNITED STATES DISTRICT JUDGE

EXCEPTIONAL REPORTING SERVICES, INC
14493 SOUTH PADRE ISLAND DRIVE
SUITE A-400
CORPUS CHRISTI, TX 78418-5940
361 949-2988

16

of Mr. Kadamovas' defense and the fact that there is going to be another trial, which I understand is set for the early part of March in front of Judge Otero, in which virtually all of these issues, absent Mr. Muscatel perhaps, are going to be re-presented to a jury, that there is a remedy.

THE COURT:  Well, that's not accurate remedy that you're seeking.  Because if you read the motion that was filed by Mr. Evans and Mr. Buehler regarding Mr. Krylov, it appears that Mr. Krylov -- and this is again in the motion that was filed last week.  Mr. Krylov is going to present a duress defense, which means in order to present the duress defense he's going to have to admit that he committed the crime.  So that would be antagonistic also to Mr. Kadamovas.

MR. LASTING:  Your Honor, at least we could be prepared for it.  And I'm not familiar with anything Mr. Evans said.  I believe his motion was filed under seal.

So I think for the reasons set forth in our motion, I'd ask the Court to reconsider its tentative ruling and to grant the motion.

THE COURT:  All right.

Mr. Dugdale, you want to be heard?

MR. DUGDALE:  Very briefly, your Honor.

First of all, although I just got the papers this morning, there's absolutely nothing in there that's new.  This is all rehashed from what was discussed last week.

DRAFT COPY

before it does.

MR. DUGDALE:  Your Honor, I'm sorry.  I don't know if the Court wants us to do this now?

Or I don't know how long, Mr. Lasting, you estimate you will take?

THE COURT:  He said about an hour.

MR. DUGDALE:  Is that right?

MR. LASTING:  That's correct.

MR. DUGDALE:  Okay.  But we have to set up our computer.  We didn't do it right now, because we need to set it up where I'm sitting here and get the sound system.

Would the Court prefer that we do this now -- we'll take 10 minutes -- or after Mr. Lasting is done?

THE COURT:  You going to use their computer on your cross-examination at all?

MS. CHAHIN:  Your Honor, I'm going to do the cross-examination.

THE COURT:  Are you going to use the computer at all?

MS. CHAHIN:  I may need the Elmo, but I don't think I'll need the computer.

THE COURT:  All right.  Then at our break I think after they're finished with their cross-examination then you can set up your computer.

MR. DUGDALE:  That's fine, your Honor.  Thank you.

THE COURT:  We can take a break.

DRAFT COPY

22

Mr. Mikhel, you want to address the Court now again?

**DEFENDANT MIKHEL:**  Yes, I would like to address the Court.

Under the circumstances of such extreme prejudice coming to me from every side, I consider any further participation in this procedure as just giving myself to the further verbal abuse and while the Government will exercise in treating their theories with a certainties.  And the Court will help them by indulging itself in exercising of the creative semantics.

Therefore, I would like to step down and be excused from any further procedures of this until the end of the Court.

**THE COURT:**  All right.  Your request is denied.

All right.  Let's bring the jury out.

**(Jury enters at 9:49 a.m.)**

Good morning, ladies and gentlemen of the jury.

The record will indicate all jurors are present.  All counsel and parties are present.

You're still under oath, sir.  Please state your name for the record.

**THE WITNESS:**  Iouri Mikhel.

**THE COURT:**  Ms. Chahin?

**MS. CHAHIN:**  Thank you, your Honor.

//

//

**DRAFT COPY**

Mikhel - Cross / By Ms. Chahin                          23

**CROSS EXAMINATION**

**BY MS. CHAHIN:**

Q    Mr. Mikhel, in your direct examination you described a safe house that was located near Modesto; is that correct?

A    Ms. Chahin, I refuse to answer any questions, yours or the Government's as I am here to -- I took the stand to state the truth not to advocate it.

        **MS. CHAHIN:**  Should I continue, your Honor?

        **THE COURT:**  Please.

**BY MS. CHAHIN:**

Q    Mr. Mikhel, could you please tell us the address of the safe house?

A    I refuse to answer the question.

Q    When did you purchase the safe house?

A    I refuse to answer that question again.

Q    And did you purchase that house in your name?

A    I refuse again.

Q    Who assisted you in the purchase of the safe house?

A    I refuse to answer that question too.

Q    Mr. Mikhel, if I continue to ask you questions in other areas, are you going to continue to refuse to answer those questions?

A    Yes.  I'm going to refuse every single question.

        **MS. CHAHIN:**  Is there any point to my continuing, your Honor?

**DRAFT COPY**

24

THE COURT:  No.  You may sit down.

MR. LASTING:  May we approach the bench, your Honor?

THE COURT:  Let me see you at the sidebar.

(Begin sidebar discussion at 9:51 a.m.)

I told you this was going to happen.

MR. LASTING:  Your Honor, this is becoming even more of a farce.  I move to strike his entire testimony.

THE COURT:  I'm prepared to strike his entire testimony, admonish the jury to disregard his entire testimony.

MR. DUGDALE:  Well, the damage has been done to a certain extent already, your Honor.  And he has opened the door to certain things the Government should be able to present evidence about.

THE COURT:  Well, I think that you should -- and I think on rebuttal you may.  But I'm going to strike his entire testimony.  I think what I would suggest is that you ask some questions to see if he's going to do the same thing with you that he did with Ms. Chahin.  And then I'll excuse the jury.  And we'll discuss this further.

But I would strike his entire testimony and admonish the jury to disregard it.

MR. LASTING:  Your Honor, we'd like to make our motion to strike his testimony so that the jury can see what's going on here.

THE COURT:  Well, let's --

**DRAFT COPY**

Mikhel - Cross / By Mr. Dugdale                          25

MR. LASTING:  I approached the sidebar to do it here first, but I'd like to do it --

THE COURT:  All right.  Let's do this.  Let the Government ask some questions too.  I think that the record has to be complete.  And then you can make a motion.  And I'm going to strike his testimony.

MR. DUGDALE:  Okay.

(End sidebar discussion at 9:53 a.m.)

THE COURT:  Mr. Dugdale?

MR. DUGDALE:  Thank you, your Honor.

CROSS EXAMINATION

BY MR. DUGDALE:

Q   Mr. Mikhel, last week when you testified, you told jury that you wanted to set the story straight and tell the whole truth; is that right?

A   I refuse to even talk to you.

Q   But now that anybody else other than your lawyer wants to ask you any questions, you don't want to have that truth tested in any way; do you?

MR. RUBIN:  Objection.  It's argumentative.

THE COURT:  It is argumentative the way it's framed.

BY MR. DUGDALE:

Q   You're not going to answer anybody's questions today; are you?

A   I'll answer that question if I'll not be interrupted.

DRAFT COPY

Mikhel - Cross / By Mr. Dugdale                     26

Q    You're going to answer one question?

A    No.  This -- this one, yes.

Q    Okay.  Well, let me ask a different question.

When your own attorney Mr. Callahan called you a master of deception during the opening statement, did you agree with that characterization?

A    No.

Q    So you're not a master of deception?

A    No.

Q    Is it true, Mr. Mikhel, that you've utilized a number of different ways over your life to deceive people?

A    I refuse to answer any of the questions of yours.

Q    Let me ask the other one then.

Isn't it true that you can't even represent who you are to people correctly, that you use a number of different aliases?

A    (No response).

Q    Are you going to answer that question?

A    I refuse to answer any questions.

Q    You've told people you're Alexandre Pavlov.  You've represented yourself as Thomas Noms, George Cont, George Cone, Thomas Thompson, Thomas Dickson, Joseph Dameron, Bontcho Guentchev, Yves Claude Thonnerieux, James Jameson, Ian Polack, Victor Polackie, John Miller, and Reynaldo Leona.

Haven't you represented yourself to be all those

**DRAFT COPY**

Mikhel - Cross / By Mr. Dugdale                    27

different people before?

A    I refuse to answer that question.

Q    And another thing that you've lied about to people you've tried to get people to try and tell stories that would help out your defense in this case; haven't you?

A    I refuse to answer that question either.

Q    For instance your own girlfriend, Marina Karogodina, at the time that -- you lived with her at the time of your arrest, correct?

A    I refuse to answer that question too.

Q    And after you're arrested, you called her from jail and told her to put together an affidavit; didn't you?

A    I refuse to answer that question either.

Q    And the affidavit that you wanted her to put together was an affidavit that you wanted her to get notarized saying you'd always been in Los Angeles the entire time of all these events in this case, except for when you went to Colorado with the Defendant; isn't that true?  You wanted her to put together an affidavit like that.

          MR. LASTING:  Excuse me, your Honor.  I'm going to object to the continuing line of questions.  The witness isn't going to answer them, and the questions of the lawyer are on evidence.

          THE COURT:  I'll sustain an objection at this point.

          MR. DUGDALE:  Your Honor, at this point are we going

DRAFT COPY

to get any questions answered by the Defendant?

THE COURT:  He indicated he's not going to answer any questions.

Is that your statement to this Court?

THE WITNESS:  Correct.

THE COURT:  Is that correct?

THE WITNESS:  That's correct.

BY MR. DUGDALE:

Q    And, Mr. Mikhel, you think that you're somebody who's going to -- who's worthy of belief while you don't want to have --

THE COURT:  Wait.  Wait.  That's an argumentative statement now.

MR. DUGDALE:  Well, your Honor, at this point there may be no point in going on.

Should we do this at sidebar, your Honor?

THE COURT:  I'm going to excuse the jury.

I believe you have a motion?

MR. LASTING:  I do, your Honor.

I move to strike his entire testimony.

THE COURT:  All right.

Ladies and gentlemen, I'm going to grant the motion to strike all of the testimony of Mr. Mikhel.  You are not to consider it in any matter against Mr. Mikhel or against Mr. Kadamovas in this case.  The entire testimony will be struck.

**DRAFT COPY**